UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re  R. SUSAN WOODS  Debtor | Chapter 7, No.  18-30549-EDK |
| R. SUSAN WOODS  Plaintiff  v.  JOSEPH B. COLLINS, TRUSTEE IN BANKRUPTCY OF R. SUSAN WOODS  Defendant | Adversary Proceeding No.  19-3010 |

## MOTION TO DISMISS ADVERSARY PROCEEDING

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes Joseph B. Collins, Trustee in Bankruptcy of R. Susan Woods ("Trustee") and he does hereby move to dismiss the Complaint, now pending in the United States Bankruptcy Court as Adversary Proceeding No. 19-3010, that was originally commenced as a Civil Action by R. Susan Woods ("Debtor") in the Hampshire Superior Court on February 27, 2019 ("Complaint"). In support of this Motion, the Trustee represents as follows:

1.     On February 27, 2019, the Debtor filed the Complaint in the Hampshire Superior Court for the Trial Court of Massachusetts ("Superior Court") naming the Trustee as the Defendant. The Complaint was docketed by the Superior Court as Docket No.1980CV00040.

2.      On March 4, 2019, the Trustee filed a Notice of Removal with the United States District Court (the "District Court"); and further, on that date the Trustee also filed a copy of the Notice of Removal with the Superior Court.

3.      The Trustee's Notice of Removal had the effect of removing the Complaint from the Superior Court to the Federal Courts.  <u>See</u> 28 U.S.C. § 1441(a); Fed. R. Bankr. P. 9027(c).

4.      On March 5, 2019, a hearing on a previously scheduled Motion seeking a Preliminary Injunction was held before the Honorable Richard J. Carey in the Superior Court at which hearing the Debtor and the Trustee attended and participated; and further, at the conclusion of the hearing, Judge Carey acknowledged that the Complaint had been removed to the Federal Courts.

5.      On March 7, 2019, the District Court referred the Complaint to the United States Bankruptcy Court (the "Bankruptcy Court"); and further, the Complaint is now pending before the Bankruptcy Court as Adversary Proceeding No. 19-3010.

6.      The relief that the Debtor seeks in the Complaint is a State Court injunction prohibiting the enforcement of certain Orders of the Bankruptcy Court entered in the Debtor's Chapter 7 bankruptcy case.  The Orders that the Debtor seeks to enjoin include the February 14, 2019 Order that authorized the Sale of 70 Russell Street, Hadley, Massachusetts ("70 Russell Street") and restrained the Debtor from claiming an interest in that property (the "Sale Order"); a February 15, 2019 Order that directed the Debtor to vacate 70 Russell Street (the "Surrender Order"); and a February 26, 2019 Order that also directed the Debtor to vacate 70 Russell Street (the "Second Surrender Order").

7.      The Sale Order has been appealed by the Debtor to the District Court and is pending before the Honorable Denise J. Casper as Case No. 19-10321 ("Appeal No. 1").

8.      The Debtor has filed three separate Motions in connection with Appeal No. 1, each seeking a stay pending appeal; and further, these Motions remain pending.

9. The Trustee has filed a Motion to Dismiss Appeal No. 1 with the District Court. That Motion is pending.

10. The Surrender Order was appealed by the Debtor to the District Court and was pending before the Honorable F. Dennis Saylor, IV as Case No. 19-30023 ("Appeal No. 2").

11. In response to the Debtor's Motion seeking to withdraw Appeal No. 2, Judge Saylor dismissed Appeal No. 2.

12. The Second Surrender Order was appealed by the Debtor to the District Court and is pending before the Honorable Richard G. Stearns as Case No. 19-30028 ("Appeal No. 3").

13. The Debtor has filed a Motion in connection with Appeal No. 3, seeking a stay pending appeal; and further, that Motion is pending.

14. The Trustee anticipates that he will be filing a Motion seeking to dismiss Appeal No. 3 in the days ahead.

15. The Trustee says that the Adversary Proceeding should be dismissed for a multitude of reasons including the following:

   a. An Adversary Proceeding may not be commenced against a Chapter 7 Trustee without the prior approval of the Bankruptcy Court See Barton v. Barbour, 104 U.S. 126 (1818); Muratore v. Darr, 375 F.3rd 140, 143 (1st Cir. 2004);  See also: Hutchins v. Shatz, Schwartz & Fentin, P.C., 494 B.R. 108 (D. Mass. 2013).

   b. Although the Adversary Proceeding is currently pending in federal Bankruptcy Court, the relief sought is a State Court injunction.  The Federal District Court has original and exclusive jurisdiction of all Bankruptcy cases. See 28 U.S.C. § 1334(a).  The relief sought in the Debtor's Complaint is not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law.

c. If the Complaint is construed as an attempt to stay the Bankruptcy Court Orders pending the appeals, the Complaint is procedurally defective in that it fails to comply with Rule 8007 of the Federal Rules of Bankruptcy Procedure; specifically, the Complaint was not filed with the Bankruptcy Court.

d. On March 4, 2019, pursuant to an Order of the Bankruptcy Court dated February 28, 2019 and with the assistance of the United States Marshal Service, the Trustee took possession of 70 Russell Street. On March 5, 2019, and pursuant to the Sale Order, the Trustee sold 70 Russell Street. As a result of these actions, the Complaint is, in the opinion of the Trustee, moot.

e. The relief sought in the Complaint is duplicative of the relief that the Debtor is simultaneously pursuing in connection with her several Appeals. The Complaint was filed by the Debtor for an improper purpose in that the Complaint sought to unnecessarily delay the administration of her bankruptcy case. Also, the Complaint, as well as the many other pleadings filed by the Debtor in both State and Federal Courts, have radically increased the administrative priority expense that is being incurred in the case.

WHEREFORE, the moves for the entry of an Order dismissing the Adversary Proceeding, and for such other and further relief as is just and proper.

JOSEPH B. COLLINS, TRUSTEE

Dated: March 11, 2019

By: /s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL, COLLINS & O'CONNOR, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734 6411
jcollins@hendelcollins.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re<br><br>R. SUSAN WOODS<br><br>                Debtor | Chapter 7, No.   18-30549-EDK |
| R. SUSAN WOODS<br><br>                Plaintiff<br><br>v.<br><br>JOSEPH B. COLLINS, TRUSTEE IN<br>BANKRUPTCY OF R. SUSAN WOODS<br><br>                Defendant | Adversary Proceeding No.  19-3010 |

## **CERTIFICATE OF SERVICE**

      I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C., do hereby certify that, on March 11, 2019, upon receipt of the Notice of Electronic Service, a copy of the attached pleading was served upon the parties below:

By First Class Mail:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

R. SUSAN WOODS
P.O. Box 160
Hadley, MA 01035

Dated: March 11, 2019

/s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.