On May 4, 2016, the court entered judgment for the Plaintiff against the Astleys, awarding possession and damages, and directed that the judgment be entered nunc pro tunc back to April 8, 2016. Plaintiff applied for execution and it issued May 17, 2016. Motions filed on behalf of the Astleys seeking to vacate the judgment were heard and denied by the Housing Court. Although a notice of appeal was filed on July 5, 2016, the court directed that the claimed appeal was untimely, and that the Astleys could not file further motions without judicial approval. Additional motions were filed on behalf of the Astleys over that summer, including motions directed to their efforts to proceed with appellate review. On August 2, 2016, Plaintiff requested a new execution be issued, a request the court denied on August 3, 2016 after hearing. The docket in the Housing Court reflects a return of execution on August 10, 2016, and an application the following day for a new execution.

At all times relevant until April 6, 2016, the Astleys represented to the Worcester Housing Court and the Plaintiff that they resided at the Property, but were in Florida for health reasons. At some point (the time is not clear), Cairns submitted a copy of a "MASSACHUSETTS LIMITED POWER OF ATTORNEY FORM," dated April 6, 2016, purporting to be the Power of Attorney under which Cairns was acting in her dealings with the Property and the Housing Court proceedings ("Power of Attorney form"). On the Power of Attorney form, Cairns indicated that the Astleys resided at "1110 8th Place, City of Vero, Florida" and that Cairns resided at "16 Chalmers Rd., City of Worcester, State of Massachusetts."

Before this time, the Astleys never had disclosed that any other person was living at the Property. When on August 3, 2016, the Worcester Housing Court heard argument on the Plaintiff's request for new execution to issue, Cairns disclosed that she was the only person

4

residing at the Property. According to Cairns, the Astleys placed her in possession of the Property in September, 2015—after the Astleys' default in June 2008, after the foreclosure sale, and after the execution of the foreclosure deed, but before the recording of the foreclosure deed and related papers in November, 2015 and before the summary process action began on January 27, 2016.

On August 4, 2016, Plaintiff brought an action against Cairns in the Worcester Housing Court to recover possession of the Property. Bank of New York Mellon v. Cairns, 16H85-CV-00735. In that case, Cairns acknowledged her occupancy at the Property and provided her lease agreement with the Astleys.[3] The Worcester Housing Court, after holding a hearing, entered judgment and granted an injunction on August 16, 2016, which Defendant Cairns brought before a single justice of the Appeals Court for relief. On September 21, 2016, the single justice stayed the execution, but left the injunction in place. On April 24, 2017, the Worcester Housing Court allowed Plaintiff's motion, filed April 7, 2017, to vacate the judgment against the Defendant, as well as Plaintiff's notice of voluntary dismissal of the action there; this was after Plaintiff had filed its action in this court.

Plaintiff filed its complaint in this court on January 25, 2017, seeking a writ of entry under G.L. c. 237 to recover the Property. The summons was returned to the court on February 6, 2017 showing service on the sole Defendant, Lori G. Cairns. On March 13, 2017, Plaintiff filed a request for default pursuant to Mass. R. Civ. P. 55(a), and, on March 15, 2017, Plaintiff followed with a request for default judgment under Mass. R. Civ. P 55(b)(1). An initial Case Management Conference was held on March 27, 2017. Defendant appeared at the hearing, and the court

---

[3] Defendant maintains that at the time her lease was executed in September, 2015, the right of possession of Astleys was superior to Plaintiff's, as the foreclosure deed was not recorded with the Worcester Registry of Deeds until November 13, 2015 and Plaintiff did not file a complaint for summary process until January 27, 2016.

allowed her to avoid default at the time. Defendant's motion for postponement of the conference

to seek counsel was denied (Piper, J.) and Defendant indicated her intent to obtain counsel

promptly.

On June 15, 2017, counsel for Defendant did appear, and the Defendant filed a motion to

answer late and a proposed answer. Plaintiff on July 10, 2017 filed an opposition to Defendant's

motion to file answer late. The court (Piper, J.) held a hearing on July 12, 2017 on the motion to

file late answer and allowed the motion.[4] The court did not schedule a hearing on Plaintiff's

motion for summary judgment, filed June 30, 2017, because Defendant's counsel recently had

appeared in the case. At the hearing, the court also directed the parties to meet and submit to the

court a joint, written schedule for discovery, to close on September 29, 2017.[5]

On November 20, 2017, a stipulation to extend the dispositive motion deadline was filed

and the court (Piper, J.) allowed the request on December 1, 2017. The Plaintiff and Defendant

both filed summary judgment motions on December 4, 2017. Both Plaintiff and Defendant

---

[4] The court's July 12, 2017 rulings on motion to file late answer were reflected on the docket as follows:
Hearing held on Defendant's Motion to File Late Answer. Attorneys Weinrich, Russell, and Creed appeared.
Following hearing, acknowledging the policy favoring courts reaching the merits of a case, and in light of counsel
for defendant's recent arrival in the case, the court ALLOWED defendant's motion to file a late answer over the
objection of plaintiff. Defendant's answer accepted for filing this day as previously submitted. Plaintiff's counsel
accepts service as of this day. No hearing will be scheduled for the summary judgment motion filed by plaintiff.
While counsel for plaintiff reported willingness to recast this summary judgment motion as one which rests only
on defendant's standing and would not require resolution by the court of the state of the title coming out of
foreclosure, the court concludes that, should such a motion fail, the case would then require the court to
adjudicate the state of the post-foreclosure title, a matter about which defendant seeks discovery. Parties to
caucus and submit to the court a joint, written schedule for discovery, specifying carefully limited discovery truly
needed to take place, and with discovery to close on or before Sept. 29, 2017. By close of discovery, parties to
submit joint report stating that discovery is complete, detailing what discovery has been taken, and which either
(1) reports intent to file dispositive motion(s), indicates who first will file, and as to what issue(s); the first such
motion to be filed thirty (30) days after the close of discovery and no later than Oct. 30, 2017, Land Court Rule 4
to govern content of that filing and timing and content of subsequent filings; or (2) if no party intends to file
dispositive motion, parties in their joint report to request pretrial conference. (Piper, J.)

[5]

proceeded to file oppositions to the other's motion for summary judgment, as well as reply briefs

to the oppositions they received. On February 20, 2018, Plaintiff filed a notice of intent to

proceed in light of the Defendant's cross-motion for summary judgment. On February 27, 2018,

the Defendant filed an affidavit of Jean Mitchell ("Mitchell affidavit"), purportedly a handwriting

expert, regarding the Astley Note Plaintiff produced during discovery. Plaintiff filed a motion to

strike the Mitchell affidavit, and, in the alternative, a motion for leave to present rebutting

affidavits.

 The court (Piper, J.) held a hearing on February 27, 2018 on the cross-motions for

summary judgment and the motion to strike the Mitchell affidavit. After argument, the court

deferred ruling on the motions for summary judgment and invited the parties to submit

supplemental memoranda to address issues which arose during the hearing but were not

adequately addressed in the parties previous filings: (1) whether in this action, brought post-

foreclosure and subsequent to summary process and related proceedings in the Housing Court an

action, such as this one, for writ of entry under G.L. c. 237, is an available remedy in the Land

Court; (2) whether the holding of Attorney General v. Dime Savings Bank of New York, FSB,

413 Mass. 284 (1992) and Federal National Mortgage Ass'n v. Gordon, 91 Mass. App. Ct. 527

(2017) precludes or limits the court from hearing or granting the requested relief in this case; (3)

whether the line of cases detailing certain exceptions to the holding in Treglia v. MacDonald, 430

Mass. 237 (1999) (that a default judgment does not have preclusive effect in subsequent

litigation between the same parties or those with whom they are in privity) apply to the earlier

Housing Court summary process default judgment. The court (Piper, J.) did not rule on the

motion to strike, but instead allowed Plaintiff, when filing its supplemental memorandum, to

7

include an affidavit to respond to the Mitchell affidavit.[6]

On April 2, 2018, Plaintiff filed an emergency motion to enlarge time to file opposing affidavit and the court (Piper, J.) granted the motion. On the same day, the Plaintiff also filed its supplemental brief in response to the questions from the court, with a supplemental appendix. On April 5, 2018, Plaintiff filed a rebuttal affidavit of attorney Michael R. Maloney, who was asked to review the promissory note at issue and give his opinion as to whether it was the original note or not. Defendant filed a reply to Plaintiff's supplemental brief, with a supplemental appendix, on May 8, 2018.

\* \* \*

Summary judgment is appropriate under Mass R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002), when there are no genuine issues of material fact and the party bringing the motion is entitled to judgment as a matter of law. LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 325-326 (2012). Each party moving for summary judgment must show that there are no genuine issues of material fact in dispute, and that the moving party is as a legal matter entitled to have judgment enter in its favor. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002).

---

[6] The court's February 27, 2018 rulings on summary judgment were reflected on the docket as follows:

Hearing held on Motions for Summary Judgment and Motion to Strike Defendant's Affidavit. Attorneys Creed, Weinrich, and Russell appeared. After argument, the court deferred ruling on the motions for summary judgment and invited parties to submit supplemental memoranda which counsel undertook to do. The supplemental briefs are to address: (1) whether in this action, brought post-foreclosure and subsequent to summary process and related proceedings in the Housing Court Department an action, such as this one, for writ of entry under G.L. c. 237, is an available remedy in the Land Court; (2) whether the holding of Attorney General v. Dime Sav. Bank of New York, FSB, 413 Mass. 284 (1992) and Federal Nat'l Mortgage Ass'n v. Gordon, 91 Mass. App. Ct. 527 (2017) precludes or limits the court for hearing of granting relief in this case; and (2) whether the line of cases detailing certain exceptions to the holding in Treglia v. MacDonald, 430 Mass. 237 (1999) (that a default judgment does not have preclusive effect in subsequent litigation between the same parties or their privities) apply to the earlier Housing Court summary process default judgment entered on May 17, 2016. Plaintiff to serve and file by April 2, 2018; defendant to serve and file a response by May 8, 2018. Upon receipt, court to determine if further hearing required prior to ruling on the pending summary judgment motions. No ruling made on the motion to strike; rather, plaintiff may, in the supplemental memorandum, include a rebuttal affidavit to Ms. Mitchell's affidavit. (Piper, J.)

The pivotal issue in this case requires the court to determine the proper cause or causes of action which must or may be brought to recover possession from a holdover tenant occupying premises following a mortgage foreclosure, in a case in which there has been brought already a summary process action in the Housing Court Department of the Trial Court. It is helpful to review the competing possible causes of action concerning recovery of possession of property, and their statutory underpinnings.

A writ of entry action, brought pursuant to G.L. c. 237, is an action to recover estates of freehold in fee simple, fee tail or for life. Writ of entry actions involve not just proving superior possession, but superior title. Buttrick v. Tilton, 141 Mass. 93, 96 (1886). To do so, the plaintiff must show that he or she is entitled to the land and has a right of entry onto that land. Olson v. Carpenter, 296 Mass. 120, 124 (1936). The plaintiff need not prove actual entry, but the plaintiff can only maintain the action if he or she possessed a right of entry at the time the action began. G.L. c. 237, § 4; see e.g., Austin v. Cambridgeport Parish, 38 Mass. 215, 224 (1838) (finding that even though plaintiff did not prove actual entry, plaintiff was still able to maintain writ of entry action because plaintiff established legal title to the premises in her writ). The plaintiff must allege disseisin by the defendant, and prove that he is entitled to the property and that he or she had a right of entry on the day when the action was commenced. G.L. c. 237, § 4. If the plaintiff is successful, he or she will prevail in the writ of entry action, unless the defendant is able to prove a superior title. Olson, 296 Mass. at 124. If the plaintiff does prevail, he or she receives an execution for possession, which then is recorded in the registry of deeds for the county or district where the property lies, followed by the return on the execution to the Recorder's office. G.L. c. 237, § 42.

9

Massachusetts General Laws Chapter 184, §18 forbids forcible entry and sets out the

proper method for a person attempting to recover possession of land or tenements. The statute

states that the only appropriate procedures for recovering possession are summary process

actions, brought pursuant to G.L. c. 239, and "such other proceedings authorized by law." G.L. c.

184, § 18. The statute does not elaborate on the type of actions that fall into the category of "such

other proceedings authorized by law."

A summary process action, brought pursuant to G.L. c. 239, is an action to recover

possession of real estate. Summary process actions usually are brought to recover possession in

the context of a landlord-tenant relationship, but under the statute there are other scenarios where

summary process is appropriate; the purchaser of premises following a mortgage foreclosure

under the power of sale also is entitled to bring an action for summary process. G.L. c. 239, § 1.

Summary process actions are intended to operate on an accelerated track, because the

legislature realized the importance of expediting questions of possessory rights. See generally

Commentary to Rule 1 of the Uniform Summary Process Rules (2018) (dating to 1980); Qureshi

v. Fiske Capital Mgt., Inc., 59 Mass. App. Ct. 463, 469 (2003). The plaintiff in a summary

process action is not required to prove superior title to the property, but only that he or she has a

superior right to possess the premises. King v. Dickerman, 77 Mass. 480, 480-481 (1858); see

also Bank of New York v. Bailey, 460 Mass. 327, 333 (2011) (explaining that demandants in

summary process cases must establish right of possession). Before eviction can occur, the

defendants must have an opportunity to appear in court, where they are able to assert defenses

and counterclaims. Kargman v. Dustin, 5 Mass. App. Ct. 101, 105 (1977). If the plaintiff prevails

in a summary process case, he or she obtains an execution for possession. G.L. c. 239, § 3. The

10

Supreme Judicial Court in <u>Bank of New York</u> v. <u>Bailey</u>, 460 Mass. at 328, held that the Housing Court could hear title challenges as a defense in summary process actions.

Massachusetts General Laws chapter 185, § 1 lists most, but not all, of the actions over which the Land Court has jurisdiction. Because the Land Court is a court of limited jurisdiction, it only may hear cases over which it either has exclusive or concurrent jurisdiction. Those include within the Land Court's exclusive original jurisdiction writ of entry actions: "Actions to recover freehold estates under chapter two hundred and thirty-seven." G.L. c. 185, § 1(c). The Land Court, however, does not possess jurisdiction over summary process actions. Those cases only may be heard in the Superior Court, District Court, Boston Municipal Court, and Housing Court Departments of the Trial Court. Rule 1 of the Uniform Summary Process Rules (2018).

The issue for the court to decide is whether Plaintiff properly may bring a writ of entry action pursuant to G.L. c. 237 in this court, post-foreclosure and subsequent to summary process proceedings in the Housing Court. Plaintiff argues that writ of entry actions are included among the "such other proceedings authorized by law" referenced in G.L. c. 184, § 18, which reads "[n]o person shall attempt to recover possession of land or tenements in any manner other than through an action brought pursuant to chapter two hundred and thirty-nine or such other proceedings authorized by law." Defendant urges the court the court to conclude that a writ of entry does not lie on the facts of this case, that summary process is the route Plaintiff must follow, and so to dismiss this case for lack of subject matter jurisdiction, relying on the holdings of both <u>Attorney General</u> v. <u>Dime Savings Bank of New York, FSB</u>, 413 Mass. 284 (1992) and <u>Federal National Mortgage Ass'n</u> v. <u>Gordon</u>, 91 Mass. App. Ct. 527 (2017).

In <u>Attorney General</u> v. <u>Dime Savings Bank of New York, FSB</u>, 413 Mass. 284 (1992), the

11

Attorney General of Massachusetts brought an action for declaratory and injunctive relief against The Dime Savings Bank of New York, FSB ("Dime Savings"). Dime Savings had brought trespass actions against foreclosed mortgagors and tenants in an attempt to eject them from the mortgaged properties. Dime Savings, 413 Mass. at 284. Dime Savings was the mortgagee for each of the premises and after default, Dime Savings recorded memoranda of entry, conducted foreclosure sales, and purchased the properties at the foreclosure sales, thereby gaining title free of the mortgagors' rights of redemption. Id. at 286. In every case, either the mortgagor or a tenant of the mortgagor was in actual possession and occupied the premises prior to and at the time of foreclosure. Id. Post-foreclosure, Dime Savings sent notices to the occupants of the premises to demand possession. Id. When the occupants refused to vacate the premises, Dime Savings brought actions for trespass in the Superior Court Department against the occupants. Id. The Attorney General sought a declaration from the court that Dime Savings' method of ejectment violated G.L. c. 184, § 18, as what Dime Savings had commenced was not a summary process action under G.L. c. 239 nor "such other proceedings authorized by law." Id. at 284-285. The Attorney General additionally requested that the court enjoin Dime Savings from engaging in such actions in the future. Id.

Holding that trespass actions did not fall into the category of other proceedings authorized by law and therefore were not an appropriate method to obtain possession of the foreclosed premises from a holdover tenant or a mortgagor, the SJC ruled that Dime Savings' practice violated G.L. c. 184, § 18. Id. at 287-288 ("[A] mortgagee who forecloses on real property by sale may not bring a trespass action against a holdover tenant or mortgagor in actual possession of the foreclosed premises"). The Dime Savings court opined that summary process was the

12

appropriate action for immediate possession of foreclosed property. Id. at 290-291 ("Dime

[Savings] . . . asks the courts to 'fashion a remedy' to fit [Dime Saving's] right to immediate

possession of the properties on which it has foreclosed. There is no need. The Legislature already

has fashioned a remedy; it is the summary process statute.").

The Appeals Court significantly extended the holding of Dime Savings in Federal

National Mortgage Ass'n v. Gordon, 91 Mass. App. Ct. 527 (2017). In Gordon, Wells Fargo

Bank, N.A. ("Wells Fargo") was the original mortgagee, and after the mortgagors defaulted,

Wells Fargo conducted a foreclosure auction. 91 Mass. App. Ct. at 528. Wells Fargo submitted

the highest bid at the auction, and then proceeded to execute an assignment of the bid to the

Federal National Mortgage Association ("FNMA"). Wells Fargo delivered as well to FNMA a

foreclosure deed of the property, which then was recorded. Id. Not long after, FNMA brought a

summary process action against the mortgagors in the Boston Housing Court to obtain possession

of the foreclosed property. Id. at 528-529. About two years later, one of the foreclosed

mortgagors entered into a lease agreement with two tenants for a three year period. Id. at 529.

This situation was distinct from that in Dime Savings because the tenants in Gordon did not enter

into a lease agreement with the mortgagor until after both the date of foreclosure and the date on

which FMNA began a summary process action against the mortgagors. Dime Savings, 413 Mass.

at 286; Gordon, 91 Mass. App. Ct. at 528-529. FNMA eventually learned of the lease

relationship and that the tenants had moved into the property. Gordon, 91 Mass. App. Ct. at 530.

FMNA proceeded to file a complaint against the tenants which included both a trespass action

and a request for injunctive relief. Id. This action was separate from the summary process case

that still was pending in the Boston Housing Court. Id.

13

In <u>Gordon</u>, the Appeals Court ruled that the holding of <u>Dime Savings</u> applied. <u>Id.</u> at 534. The court reasoned that it was illogical to expect that lessees would check the status of their landlord's title before entering into a lease relationship, and therefore the tenants here should be treated like the holdover tenants in <u>Dime Savings</u>. <u>Id.</u> at 534-535 ("To treat a purported tenant such as Gordon differently from the bona fide tenants in <u>Dime Savings</u> could only be justified by applying some expectation that residential renters will take steps to determine the validity of their landlord's title prior to entering a lease. We know of no basis for any such expectation.") The Appeals Court also noted that at the time the landlord-tenant relationship began, the mortgagor in this case was defending actively against FNMA's summary process action and lawfully occupying the premises. <u>Id.</u> at 535.

Here, the Plaintiff would have this court read narrowly the holdings of both <u>Dime Savings</u> and <u>Gordon,</u> to have them stand for the proposition that the SJC in <u>Dime Savings</u> only barred trespass actions against post-foreclosure mortgagors. Plaintiff contends that those decisions read together mean that trespass actions are improper only against holdover tenants, and nothing more. Plaintiff provides no case law that would require or in any principled way support such a strict reading of these two cases. (It is noteworthy that the court in <u>Gordon</u> expanded upon, rather than read narrowly, <u>Dime Savings</u>.)

The court sees no compelling reason to understand the holdings of <u>Dime Savings</u> and <u>Gordon</u> to be as narrow as Plaintiff urges. For the writ of entry cause of action to lie in this case, Plaintiff would need to show that the writ of entry action is different in some material way from the trespass actions barred in <u>Dime Savings</u> and <u>Gordon</u>. Plaintiff is unable, however, to direct the court to any case law that distinguishes a writ of entry from a trespass action in a meaningful

14

way when the two causes of action are compared, based on the proof required or the remedies to
be secured.

Plaintiff also argues that because title purportedly is at issue in this case, a writ of entry is
the proper action. Plaintiff cites to several writ of entry cases where title was at issue, but again,
none make a meaningful distinction between a writ of entry and a trespass. See, e.g., Woodside v.
Ridgeway, 126 Mass. 292 (1879) (holding that a mortgagee or purchaser that has never had
possession of the premises may not maintain a summary process action); Boyle v. Boyle, 121
Mass. 85 (1876) (holding that summary process may only be used when plaintiff has had actual
possession, as opposed to a right of possession).

In fact, Bailey, which Plaintiff cites in a footnote, directly addresses Plaintiff's concern
about trying title in a summary process case. Bank of New York v. Bailey, 460 Mass. 327 (2011).
In Bank of New York v. Bailey, the plaintiff Bank of New York ("BNY") gained title to the
defendant's home through a mortgage foreclosure sale. Id. at 328. BNY filed a summary process
action against the defendant to recover possession after the defendant refused to vacate the
property subsequent to receiving a notice of BNY's intention to terminate the defendant's
occupancy. Id. at 329. The defendant wished to raise a title challenge in the summary process
action, arguing that BNY's title was defective because there was not adequate notice of the
mortgage foreclosure sale. Id. at 328. The judge in the Housing Court held that the Housing
Court did not have jurisdiction over title challenges, and the defendant appealed. Id. The SJC
held that the Housing Court did have jurisdiction over title challenges brought as defenses during
summary process eviction actions post-foreclosure. Id. at 333. The SJC stated that requiring title
challenges to be tried in a separate court would run counter to the goal of resolving summary

15

process cases in an expedited fashion. Id. at 334 ("Our conclusion that the Housing Court may

consider the defense promotes the legislative goal of "just, speedy, and inexpensive" resolution

of summary process cases . . . [avoiding] the type of unnecessary delay and inefficiency that the

Legislature intended to eliminate when it reorganized the trial courts in the Commonwealth").

     Bailey is instructive here. Plaintiff argues that because it foresaw title challenges

occurring in the litigation to eject the Defendant from the foreclosed property, a writ of entry was

and is the proper cause of action. Yet in Bailey, BNY, the plaintiff seeking to recover possession,

also obtained title through a foreclosure sale. Id. at 328. The defendant in Bailey was the party

seeking to raise title as an issue during the litigation, whereas Plaintiff is the one doing so in our

case, but such a distinction is immaterial. What is not immaterial though, is that the court was

clear when it held that the Housing Court had subject matter jurisdiction over title challenges,

particularly within the post-foreclosure summary process context. Id. at 333.

     Plaintiff also is unable to cite to any case law post-Dime Savings and Gordon which

holds that a case for writ of entry is an appropriate action to use to obtain possession post-

foreclosure. Plaintiff is unsuccessful in distinguishing Deutsche Bank National Trust Co. v.

Gabriel, 81 Mass. App. Ct. 564 (2012), a case Defendant relies upon in her supplemental

briefing. In Gabriel, the Appeals Court stated that summary process was the appropriate and

required action to recover possession from defendants occupying the premises post-foreclosure

sale. Id. at 565-566 ("Deutsche Bank, having acquired the property after a foreclosure sale, was

both required and entitled to use summary process, G.L. c. 239, § 1, to recover possession from

the defendants, who continued to occupy the premises after the foreclosure").

     The court views the facts in this matter as substantially close to those in the Dime Savings

16

and Gordon cases. Like the homeowners in Dime Savings and Gordon, the Astleys defaulted on

their mortgage by failing to make required loan payments, leading to a foreclosure sale. See

Dime Savings, 413 Mass. at 286; Gordon, 91 Mass. App. Ct. at 528. Here, Plaintiff purportedly

obtained title through foreclosure sale, as the defendants in Dime Savings and Gordon did. Id.

Plaintiff is seeking to obtain possession through the ejectment of a tenant, as was the case in

Dime Savings and Gordon. Dime Savings, 413 Mass. at 286; Gordon, 91 Mass. App. Ct. at 528-

529. Additionally, the Defendant here is in actual possession of the premises, just as the

defendants in Dime Savings and Gordon were. See Dime Savings, 413 Mass. at 286; Gordon, 91

Mass. App. Ct. at 535. Defendant entered into the lease with the Astleys soon after Plaintiff

executed a foreclosure deed for the premises, just as the tenant in Gordon entered into a lease

subsequent to the date of foreclosure on the property. Gordon, 91 Mass. App. Ct. at 529.

Defendant's possessory claim is presumably stronger than that of the defendants in Gordon, as

Defendant's lease with the Astleys predates the summary process action in the Worcester

Housing Court and the defendants in Gordon entered into the lease post-foreclosure and with the

summary process case underway. Id.

The court concludes that, on the undisputed facts of this case, and given the procedural

posture of the parties' prior litigation, this writ of entry action is not a proper cause of action by

which Plaintiff may recover possession. What is required is summary process, a cause of action

lying outside the Land Court's jurisdiction. This conclusion hardly leaves Plaintiff without an

effective way to obtain possession judicially. There is no basis to say that Plaintiff can not

rejuvenate its efforts to secure possession in a summary process action against Defendant,

presumably in the Worcester Housing Court. Plaintiff, if entitled in the summary process court to

17

prevail on the merits, can secure a meaningful judgment vindicating Plaintiff's right to

possession of the disputed property. A summary process judgment provides Plaintiff the full

measure of relief it would secure in the writ of entry case which Plaintiff cannot move forward

with in the Land Court.[7]

Defendant's motion for summary judgment is ALLOWED and Plaintiff's motion for

summary judgment is DENIED. A judgment will enter dismissing the complaint.

By the Court. (Piper, J.)

Attest:

Deborah J. Patterson
Recorder

Dated: October 5, 2018

---

[7] Plaintiff may be heard to argue that proceeding further in the summary process court will put Plaintiff at a disadvantage because, by statute, there are time limits within which an execution for possession in summary process cases may issue, and within which such an execution must be made returnable. See G.L. c. 235, s. 23: "Executions for possession of premises rented or leased for dwelling purposes in actions pursuant to chapter two hundred and thirty-nine shall not be issued later than three months following the date of judgment ... . Such executions shall be made returnable within three months after the date of issuance and shall state the date of issuance and the return date. No sheriff, constable, officer, or other person shall serve or levy upon any such execution for possession later than three months following the date of the issuance of the execution." This contention is unpersuasive. These statutory time limits do restrict the opportunity of parties such as Plaintiff to recover possession in summary process cases where those parties have prevailed. But these time limits are reflective of the carefully-balanced procedure the legislature has enacted when plaintiffs in summary process cases move to recover possession, including when those plaintiffs hold their superior right of possession as a result of a mortgage foreclosure sale. The controls and limits the statute imposes may in cases such as this one require a return trip to the summary process court, and even the reinitiation of a summary process case under certain circumstances, if the right to execute on a judgment has expired under G.L. c. 235, s. 23. But that is a reality flowing from the legislative choice to sunset certain executions in summary process cases. Plaintiff ought not have the chance to evade these statutory provisions by abandoning its summary process action, and then going ahead in this court to obtain a writ of entry and related orders giving the Plaintiff possession free of the Defendant's occupancy. Use of the writ of entry in such a case would frustrate the choice the legislature has made on the longevity of summary process executions.

18

NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-441                                          Appeals Court

     FEDERAL NATIONAL MORTGAGE ASSOCIATION  vs.  HEATHER GORDON
                        & another.[1]


                         No. 15-P-441.

        Suffolk.     March 8, 2016. - May 17, 2017.

         Present:  Hanlon, Sullivan, & Massing, JJ.


Trespass.  Real Property, Trespass, Mortgage, Lease.  Mortgage,
     Foreclosure.  Landlord and Tenant, Control of premises.
     Housing Court, Jurisdiction.  Jurisdiction, Housing Court.
     Summary Process.  Practice, Civil, Summary judgment,
     Summary process.



     Civil action commenced in the City of Boston Division of
the Housing Court Department on June 24, 2013.

     The case was heard by MaryLou Muirhead, J., on a motion for
summary judgment.


     Thomas B. Vawter for the defendants.
     Danielle C. Gaudreau (Thomas J. Santolucito also present)
for the plaintiff.


     HANLON, J.  The defendants in this trespass action, Heather

Gordon and her granddaughter, Kaire Holman, challenge the

_____

     [1] Kaire Holman.

validity of a judgment for possession entered by the Housing
Court in favor of the plaintiff, the Federal National Mortgage
Association (Fannie Mae), on its motion for summary judgment.
Fannie Mae claims ownership, through foreclosure, of the
residential condominium at issue, known as Unit 2 at 7 Valentine
Street, in the Roxbury section of Boston (the property).  Gordon
claims that she and Holman occupy the property pursuant to a
lease from Carolyn Grant, who held record title to the
condominium as a joint tenant with Gilbert R. Emery prior to the
foreclosure.  The lease on which Gordon and Holman rely,
however, is dated after both (i) the date of the foreclosure,
and (ii) the date on which Fannie Mae began a summary process
action against Emery, Grant, and another occupant[2] to obtain
possession of the property.

When Fannie Mae learned that Gordon and others had moved
into the property as ostensible lessees, Fannie Mae brought a
new action (separate from the summary process case) for common
law trespass, which is the case now before us.[3]

After review, we reverse the final judgment, holding as
follows:  (i) the Housing Court has jurisdiction pursuant to

_____

[2] Jeffrey Grant.  Hereinafter, we refer to Caroline Grant as
"Grant," and Caroline and Jeffrey Grant collectively as "the
Grants."

[3] Hereinafter, we refer to the purported tenants,
individually and collectively, as "Gordon."

G. L. c. 185C, § 3, to hear trespass claims; (ii) the teaching
of Attorney Gen. v. Dime Sav. Bank of N.Y., FSB, 413 Mass. 284,
288 (1992) (Dime Savings), with respect to whether G. L. c. 184,
§ 18, bars trespass actions by postforeclosure owners against
tenants with actual possession, applies with equal force in the
circumstances of this case; and (iii) the summary judgment
record does not establish Fannie Mae's actual or constructive
possession of the subject property, a prerequisite for a
trespass claim.

Background.  The following facts are taken from the record
and, essentially, are undisputed.  In 2007, Emery granted a
mortgage on the property to Wells Fargo Bank, N.A. (Wells Fargo)
to secure a loan.  On or about August 15, 2007, Emery deeded his
interest in the property to himself and Grant as joint tenants
with the right of survivorship.

By July, 2010, Emery was in arrears on his loan payments.
Acting pursuant to the statutory power of sale contained in its
mortgage, Wells Fargo[4] conducted a foreclosure auction on August
27, 2010, at which it submitted the high bid.  Thereafter, Wells
Fargo executed an assignment of its bid to Fannie Mae, and
executed and recorded a foreclosure deed of the property to
Fannie Mae.  Shortly thereafter, Fannie Mae filed a summary

---

[4] Wells Fargo is not a party to this case.

process action in Boston Housing Court against Emery and the
Grants.

Almost two years later, on July 27, 2012, Grant and Gordon
executed a document entitled "Residential Lease." The purported
lease names Gordon as "Tenant" and Grant as "Landlord" and
provides for a three-year rental term beginning on August 1,
2012, and concluding on August 1, 2015, at a rental rate of
$1,300 per month.[5] It appears from the record that Gordon began
paying rent to Grant in July, 2012.[6] Gordon's affidavit states
that the March and April, 2013, rent payments were discounted
because Grant was "behind thousands of dollars in her utility
bills," which had to be paid before the utilities could be
placed in Gordon's name.[7] Gordon's affidavit further states that
she was to move into the unit in August of 2012, but that there
was a delay in Grant's moving out, and Gordon did not actually

---

[5] The lease also lists three children, including Holman, as
having Grant's express permission to occupy the unit as part of
the tenancy.

[6] Specifically, Gordon's uncontroverted affidavit states
that she paid a total of $3,900 to Grant from July through
September, 2012, for first and last month's rent and a security
deposit; $1,300 on October 5, 2012, for rent for an unspecified
month; $1,300 in rent for January and February, 2013; and $600
"in rent in March and April 2013."

[7] The record is silent as to whether Grant accepted rent
after April, 2013; however, it is undisputed that she accepted
rent from Gordon for several months after Grant moved out of the
property in December, 2012 (see note 6, supra).

move in until December 16, 2012, the same day Grant moved to Florida.

The Housing Court docket indicates that, on or about October 1, 2012 -- after execution of the lease on which Gordon relies, but before Grant left the property -- one or more parties to Fannie Mae's summary process action reported that matter settled, and the Housing Court issued a sixty-day nisi order. The record includes an unsigned "Agreement for Judgment" for possession stating that Emery and the Grants would move out of the property by December 15, 2012, and that no other occupants would reside therein. However, after the report of a settlement to the Housing Court, a disagreement apparently arose between Fannie Mae and the defendants in the summary process action about whether they had actually perfected a deal. Consequently, a stipulation of dismissal was never filed in that matter, and the summary process action retained "active" status on the Housing Court's docket throughout the course of the proceedings in the present case.[8]

---

[8] Although the nisi order in the summary process action stated that all the claims and counterclaims in the action would be dismissed sixty days from the date of the order "in the event the parties fail to file a stipulation of dismissal," the docket of that case, reproduced in the record appendix, does not show that judgment for possession for Fannie Mae was ever entered. Rather, the docket shows active litigation in the matter at least into May of 2013.

Meanwhile, on December 16, 2012, Grant moved out of the
property and, on that same date, Gordon moved in.[9]  At some time
thereafter, Fannie Mae learned that Gordon had moved in to the
property, and, on or about June 24, 2013, Fannie Mae began the
instant action in the Boston Housing Court, filing a complaint
against Gordon in two counts, for trespass and injunctive
relief, respectively.  After amending the complaint to name
other occupants as defendants, Fannie Mae then brought a motion
for summary judgment on June 27, 2014.

The motion judge allowed the motion on or about October 21,
2014.  In so doing, the judge focused on the question whether
Fannie Mae had obtained possession of the property, a
prerequisite for maintaining a common-law trespass action.  See
Dime Savings, 413 Mass. at 288 ("An action of trespass, being a
possessory action, cannot be maintained, unless the plaintiff
had the actual or constructive possession of the property
trespassed upon at the time of the trespass").  The judge
determined that Fannie Mae's constructive possession of the
property was established during the period of time, however
short, between when Grant moved out of the property and Gordon
moved in.

---

[9] There appears to be some dispute about this timing
reflected in the record, but, for purposes of this appeal, we
view the facts in the light most favorable to the nonmoving
party, Gordon.

The judge ordered that "judgment . . . enter for the
Plaintiff as prayed for in the complaint."  In a further order
dated December 31, 2014, she dismissed Fannie Mae's claim for
money damages and ordered that "final judgment for possession
shall enter and the execution shall issue in the usual course."[10]

Gordon appeals, arguing that the Housing Court's judgment
should be vacated on the following grounds:  (i) the Housing
Court lacks subject matter jurisdiction pursuant to G. L.
c. 185C, § 3, over a common-law trespass claim; (ii) a trespass
claim is unavailable to Fannie Mae here because it is barred by
G. L. c. 184, § 18; and (iii) Fannie Mae failed substantively to
demonstrate its entitlement to judgment because it did not show
that it ever obtained the requisite actual or constructive
possession of the property necessary to prevail on a trespass
claim.

Discussion.  1.  Jurisdiction of the Housing Court over
trespass actions.  We first consider the defendants' claim that
the Housing Court is without subject matter jurisdiction to hear
Fannie Mae's trespass claim.  Although, as Fannie Mae correctly
observes, the subject matter jurisdiction of the Housing Court

---

[10] The Housing Court's final judgment entered on January 7,
2015.  Notwithstanding that this case was not commenced or
treated as a summary process action, the judgment issued by the
court is entitled "Judgment of Summary Process for Plaintiff."
The docket reflects that execution issued as of January 20,
2015, but no copy of the execution appears in the record.

to hear its trespass claim was not raised by the defendants in
the proceedings below, a lack of subject matter jurisdiction
cannot be waived and must be considered by the court at any time
-- even on appeal, and even sua sponte.[11]  See Cohen v. Cohen,
470 Mass. 708, 713 (2015); Abate v. Fremont Inv. & Loan, 470
Mass. 821, 828 (2015).  See also Chestnut-Adams Ltd. Partnership
v. Bricklayers & Masons Trust Funds of Boston, 415 Mass. 87, 90
(1993); Worcester Heritage Soc., Inc. v. Trussell, 31 Mass. App.
Ct. 343, 347 n.3 (1991) ("Although neither party raises any
question concerning the jurisdiction of the Housing Court, we
have considered the question, as we must").

The Housing Court's general subject matter jurisdiction is
described in G. L. c. 185C, § 3, which has been called
"imprecise and more than a little ungainly." Murphy v. Miller,
75 Mass. App. Ct. 210, 214 (2009).  The statute was inserted
into the General Laws by St. 1978, c. 478, § 92, and the Housing
Court's jurisdictional reach was greatly expanded through a
series of amendments, beginning with St. 1979, c. 72, § 3.  See
Tedford v. Massachusetts Hous. Fin. Agency, 390 Mass. 688, 693
n.7 (1984); Patry v. Liberty Mobilhome Sales, Inc., 15 Mass.
App. Ct. 701, 704-705 (1983).  Nonetheless, the Housing Court

---

[11]  Fannie Mae acknowledges that the claim of a lack of
subject matter jurisdiction may be raised for the first time on
appeal.

"remains a court of limited jurisdiction with its [primary]
expertise in the area of housing." LeBlanc v. Sherwin Williams
Co., 406 Mass. 888, 897 (1990).

In its current form, the Housing Court's jurisdiction
includes matters brought "under the provisions of common law and
of equity and any other general or special law, ordinance, by-
law, rule or regulation as is concerned directly or indirectly
with the health, safety, or welfare, of any occupant of any
place used, or intended for use, as a place of human habitation
and the possession, condition, or use of any particular housing
accommodations or household goods or services situated therein
or furnished in connection there with." G. L. c. 185C, § 3, as
appearing in St. 1987, c. 755, § 3.

The Housing Court also has jurisdiction over "all housing
problems, including all contract and tort actions which affect
the health, safety and welfare of the occupants or owners
thereof, arising within and affecting residents in the city of
Boston, in the case of that division, . . . and shall also have
jurisdiction in equity, concurrent with the divisions of the
district court department, the divisions of the probate and
family court department, the superior court department, the
appeals court, and the supreme judicial court, of all cases and
matters so arising." Ibid.

The defendants argue that Fannie Mae's case is not
concerned with housing, but rather with the question whether
they are trespassers on the property, and, thus, the case falls
outside the jurisdiction of the Housing Court.  We disagree.
The Housing Court's jurisdiction broadly encompasses "all
contract and tort actions which affect the health, safety and
welfare of the occupants or owners thereof."  G. L. c. 185C,
§ 3.  Although there appears to be no appellate authority for
the specific proposition that this language includes trespass
claims concerning residential real estate (and the parties have
cited none), we have no doubt that a trespass on residential
land would typically affect the "health, safety and welfare of
the occupants or owners thereof."  G. L. c. 185C, § 3.  The fact
that the Housing Court is particularly concerned with claims
regarding the physical condition of housing, see Ryan v. Kehoe,
408 Mass. 636, 640 (1990); Murphy, 75 Mass. App. Ct. at 215,
does not limit the scope of matters that could affect the
health, safety, and welfare of owners and occupants to only
those concerning the habitability or safety of the physical
premises.  The presence of trespassers in residential housing
will, in many cases, affect the health, safety, and welfare of
an owner or occupant.  As we are satisfied that the Housing
Court has jurisdiction, we turn to the question whether an

action for trespass is available in the circumstances of this case.

    2.  <u>Whether an action against Gordon for trespass was available to Fannie Mae</u>.  Relying on <u>Dime Savings</u>, <u>supra</u>, Gordon argues that G. L. c. 184, § 18, bars Fannie Mae's common-law trespass claim, and requires that the Housing Court's judgment for possession be vacated.  In her view, Fannie Mae's only remedy to evict her is through summary process.[12]

    In <u>Dime Savings</u>, the Attorney General brought an action for declaratory and injunctive relief against the Dime Savings Bank of New York, asking the court to enjoin the bank from bringing "actions in trespass against foreclosed mortgagors and tenants holding over after notice to quit" and from seeking "to eject holdover mortgagors and tenants from the mortgaged properties."  413 Mass. at 284-285.  The court concluded that "the procedure employed by Dime in [those] cases violate[d] G. L. c. 184, § 18,

---

    [12] The defendants did not raise in the Housing Court their argument that Fannie Mae's trespass action is foreclosed pursuant to G. L. c. 184, § 18.  In <u>Dime Savings</u>, the parties both treated this question as one of "subject matter jurisdiction," and the Supreme Judicial Court had no reason to second-guess that assumption.  See <u>Dime Savings</u>, 413 Mass. at 287.  See also <u>Commonwealth</u> v. <u>DeJesus</u>, 440 Mass. 147, 151 (2003) (questions of subject matter jurisdiction can be raised at any time and are not waived even when not argued below).  In the exercise of our discretion, we shall reach Gordon's argument, as a question of important public interest, even though it may have otherwise been waived.  See <u>Pryor</u> v. <u>Holiday Inns, Inc.</u>, 401 Mass. 506, 509-510 (1988); <u>Slawsby</u> v. <u>Slawsby</u>, 33 Mass. App. Ct. 465, 469-470 (1992).

[and] therefore remand[ed] the matter to the county court for
entry of a declaration that a mortgagee who forecloses on real
property by sale may not bring a trespass action against a
holdover tenant or mortgagor in actual possession of the
foreclosed premises." Id. at 285.

General Laws c. 184, § 18, as amended by St. 1973, c. 778,
§ 1, provides that "[n]o person shall attempt to recover
possession of land or tenements in any manner other than through
an action brought pursuant to chapter two hundred and thirty-
nine or such other proceedings authorized by law." In Dime
Savings the Supreme Judicial Court determined that a trespass
action is not available under the statute's provision for "such
other proceedings authorized by law," to a purchaser at a
foreclosure sale seeking to gain possession from a mortgagor or
its tenants in actual possession of the premises and holding
over from before the foreclosure. See Dime Savings, 413 Mass.
at 285. See also Deutsche Bank Natl. Trust Co. v. Gabriel, 81
Mass. App. Ct. 564, 565-566 (2012) ("Deutsche Bank, having
acquired the property after a foreclosure sale, was both
required and entitled to use summary process, G. L. c. 239, § 1,
to recover possession from the defendants, who continued to
occupy the premises after the foreclosure. . . . Dime
Sav[ings], 413 Mass. [at] 291").

Fannie Mae argues, however, that neither G. L. c. 184,
§ 18, nor the summary process statute, G. L. c. 239, bars its
trespass claim.   The Supreme Judicial Court addressed this issue
in Dime Savings.   In holding that the bank's trespass actions
should be enjoined pursuant to G. L. c. 184, § 18, the court
specifically noted that, "[i]n each of the cases in question,
the property was occupied at the time of the foreclosure either
by the mortgagor or a tenant of the mortgagor."  Dime Savings,
413 Mass. at 286.   Moreover, "[a]ll such occupants initially
entered the respective properties lawfully."   Ibid.

There is no dispute here that Grant, as a joint tenant with
Emery, the mortgagor, occupied the property at the time of the
foreclosure.   Thus, the initial question presented here is
whether Dime Savings can be distinguished from the instant case
on the ground that Gordon (unlike the tenants in Dime Savings)
did not initially enter the subject property "lawfully."   See
Dilbert v. Hanover Ins. Co., 63 Mass. App. Ct. 327, 333 (2005)
("trespass equates to wrongful entry").   We are persuaded that
the holding of Dime Savings also applies on the facts of this
case.

In Dime Savings, the court determined that "[t]here is
. . . no basis, on this record, for distinguishing holdover
tenants of mortgagors from holdover mortgagors."   Id. at 285

n.4.[13] That reasoning is equally applicable here. We see no
principled basis for distinguishing Gordon from the tenants in
Dime Savings. Moreover, to treat Gordon's status in relation to
the property as somehow lesser than or different from that held
by the holdover tenants in Dime Savings could only be justified
by ascribing to Gordon some actual or constructive knowledge
about the legal status of Grant's title. In other words, to
treat a purported tenant such as Gordon differently from the
bona fide tenants in Dime Savings[14] could only be justified by
applying some expectation that residential renters will take
steps to determine the validity of their landlord's title prior
to entering a lease. We know of no basis for any such
expectation.

Accordingly, we decline to adopt a rule that would
distinguish this case from Dime Savings based solely on the

_____

[13] In addition, in Dime Savings, the Supreme Judicial Court
cited approvingly the Attorney General's argument that "unlike
the situation of the holdover mortgagors, there is nothing in
the stipulation of facts to suggest that the holdover tenants
were responsible for the defaults." 413 Mass. at 285 n.4. This
point is also applicable here. Like the defendants in Dime
Savings, Gordon was not responsible for the defaults on loan
obligations that led to the foreclosure.

[14] We use the term "purported" because the question whether
Fannie Mae obtained good title as a result of the foreclosure
sale and assignment has never been reduced to a judgment against
Grant. See note 8, supra. In contrast, in Dime Savings there
was no question presented as to the validity of the occupants'
tenancies. 413 Mass. at 286.

15

state of the purported landlord's title, or would deem a
purported lessee's possession of premises to be "unlawful" in
all circumstances where the purported landlord's title is later
adjudicated to be lacking.  Here, Grant was lawfully occupying
the subject property while defending against Fannie Mae's
summary process action at the time she entered the purported
lease with Gordon.  Like the tenants in Dime Savings, Gordon was
never a true stranger to the property.  Instead, at a minimum,
she entered at the invitation of a person with actual
possession, who was defending an active eviction case that had
yet to conclude with the entry of a judgment for possession for
any other party.  We note that this situation is easily
distinguishable from a case in which a person makes a forced
entry into a vacant property and, without permission from any
purported owner, takes up residence therein.

We conclude that the Supreme Judicial Court's declaration
in Dime Savings that a postforeclosure owner may not bring a
trespass action against a holdover tenant who is in actual
possession of the premises applies with equal force here, where
the purported tenants claim to have leasehold rights arising
after a foreclosure, but before a final judgment for possession
has entered against the landlord.  That, however, does not end
our inquiry, as, under Dime Savings, supra, and its construction
of G. L. c. 184, § 18, it was open to Fannie Mae to maintain the

Case 18-30940   Doc 25-1   Filed 02/23/19   Entered 02/23/19 18:58:22   Desc Main
Document   Page 31 of 364

16

trespass action if it could demonstrate that it had obtained at least constructive possession of the premises before Gordon entered.

3.  Whether Fannie Mae obtained constructive possession. The motion judge reasoned that, because the foreclosure was effective, Fannie Mae and not Grant held title to the property on the date Grant moved out.  As a result, the judge concluded that Fannie Mae obtained constructive possession at the moment Grant vacated the property, making Gordon a trespasser.  We disagree.[15]  In our view, Fannie Mae did not establish its constructive possession on the summary judgment record before us, and Dime Savings governs this point as well.

Some older cases concerning the tort of trespass assert that a plaintiff's "actual" possession of the subject land prior to the trespass is an elemental requirement.  See New England Box Co. v. C & R Constr. Co., 313 Mass. 696, 707 (1943), quoting from Perry v. Weeks, 137 Mass. 584, 587 (1884) ("To support an action of trespass . . . , it is necessary to prove the actual possession of the plaintiff, and an illegal entry by the

_____

[15] Assuming a lawful foreclosure (a question we do not decide, see note 14, supra), Grant's ownership interest in the property was terminated and she became a tenant at sufferance, with no legal interest in the property.  See Margosian v. Markarian, 288 Mass. 197, 199 (1934).  If she held no legal interest in the property, she could not validly convey an interest, by lease or otherwise, to anyone else.  However, that alone does not extinguish Grant's possessory interest, a necessary element in Fannie Mae's trespass claim.

defendant"). It is now established, however, that, for the
purposes of a trespass claim, "possession does not require that
the plaintiff physically occupy the property at the time of the
alleged trespass," and a plaintiff with "constructive
possession" may maintain a trespass claim "against other parties
without [actual] possession at the time of [their] entry."
Dilbert v. Hanover Ins. Co., 63 Mass. App. Ct. at 334. See Dime
Savings, 413 Mass. at 288, quoting from Emerson v. Thompson, 2
Pick. 473, 484 (1824).

In Dime Savings, as here, neither party contended that the
bank had actual possession of the subject property. 413 Mass.
at 288. The court considered (and ultimately adopted) the view
from several other jurisdictions that "for the purposes of a
trespass action, there can be no constructive possession by an
owner of property actually possessed by another." Id. at 288-
289. Accordingly, here, Fannie Mae's claim required proof that
there was a period of time, however brief, when no other person
was in actual possession.

For summary judgment purposes in this case, viewing the
facts in the light most favorable to the nonmoving party, Grant
moved out and Gordon moved into the premises on the same day.
See note 9, supra. The motion judge held, as a matter of law,
that this constituted a brief period of vacancy, which was
sufficient to establish Fannie Mae's constructive possession.

We disagree.  Because we are satisfied that, on the summary
judgment record presented, Grant's "actual" possession did not
necessarily end at the moment she moved out, we reverse.  It is
undisputed that Grant executed a lease on or about July 27,
2012, which, on its face, entitled Gordon to occupy the premises
for a term of three years, beginning on August 1, 2012.  Grant's
execution of the lease and her surrender of the purportedly
leased premises to Gordon pursuant to that lease do not indicate
Grant's surrender of possession in relation to others who might
claim title.  On the contrary, these facts suggest the opposite.
Cf. Shoer v. Daffe, 337 Mass. 420, 424 (1958) (letting of
premises by adverse possessor, and subsequent possession by
succession of tenants under purported leases, did not interrupt
adverse possessor's claim as against the record title holder for
purposes of the twenty-year prescriptive period).  Nor does a
gap in time between when Grant vacated and Gordon entered the
premises signify that Grant surrendered her actual possession.
Cf. ibid., quoting from Wishart v. McKnight, 184 Mass. 283, 285-
286 (1903) ("To warrant a finding that there was a continuity of
possession, we do not deem it necessary to show by express
testimony that the new occupant was personally present upon the
premises before the former occupant departed, and that there was
a formal manual transfer of possession. . . .  There is a fair
inference that . . . the[] possession [of the tenant and the

owner] is continuous, or rather, that the possession of the
owner is continuous, although the two do not meet personally
upon the premises at the end of the term").

The question whether Grant surrendered possession of the
property "is to be determined by the intent as expressed by
words and acts of all the parties in the light of the
circumstances." Net Realty Holding Trust v. Giannini, 13 Mass.
App. Ct. 273, 278 (1982), quoting from Tudor Press, Inc. v.
University Distrib. Co., 292 Mass. 339, 341 (1935). Indicative
of Grant's continuing possession is Gordon's uncontroverted
affidavit, which states that, although Grant moved out on
December 16, 2012, Grant's name remained on certain utilities
for an unspecified period of time after that date, and Gordon
paid rent to Grant for several months after that date. Contrast
Caruso v. Shelit, 282 Mass. 196, 199 (1933) (surrender by
operation of law). The record is silent as to whether Grant
acted in any other way that would suggest that she intended to
maintain possession of the property (as against anyone but her
tenant) after she moved out, such as by making repairs, paying
taxes, or paying utility bills. It is undisputed, however, that
the summary process case against Grant remained pending with no
adjudication of the title as of the date Grant left the property
and Gordon moved in. Furthermore, as we have noted, the docket

20

in that case continues to reflect active litigation as late as
May, 2013.

   We are satisfied that, on this record, and taking the facts
in the light most favorable to the nonmoving party, Fannie Mae
has not demonstrated a gap in Grant's possession such that
Fannie Mae gained constructive possession of the premises.
Thus, under Dime Savings, the summary judgment in favor of
Fannie Mae cannot stand.

                    Judgment reversed.

# DEUTSCHE BANK NATIONAL TRUST COMPANY, trustee, [Note 1] vs. FAUSTIN GABRIEL & others. [Note 2]

## 81 Mass. App. Ct. 564

### December 2, 2011 - April 10, 2012

Court Below: Housing Court Department, Boston Division

Present: KAFKER, FECTEAU, & WOLOHOJIAN, JJ.

Summary Process, Appeal. Practice, Civil, Summary process, Summary judgment, Affirmative defense. Deed. Statute, Construction.

For purposes of summary judgment in a summary process action, the plaintiff bank was entitled to rely on a certified copy of the foreclosure deed, rather than the original [565-568]; further, the affidavit of sale submitted by the plaintiff bank, which largely tracked the language of the statutory form affidavit in G. L. c. 183 was, as a matter of law, sufficient to satisfy the requirements of G. L. c. 244, § 15. [568-570]

The defendants in a summary process action were not entitled to assert a conditions defense (i.e., to assert that they were not obligated to pay rent because of the conditions and disrepair of the property) pursuant to G. L. c. 239, § 8A, where they failed to allege that they were ever tenants, or that they had leased or rented the premises at any time. [570-573]

SUMMARY PROCESS. Complaint filed in the Boston Division of the Housing Court Department on November 30, 2009.

The case was heard by MaryLou Muirhead, J., on a motion for summary judgment.

Robert J. Shapiro for the defendants.

Thomas J. Santolucito for the plaintiff.

Esme Caramello, David Grossman, & Betny Townsend, for City Life/Vida Urbana & another, amici curiae, submitted a brief.

**WOLOHOJIAN, J.** The defendants (members of a single family)

have occupied [Note 3] a dwelling at 195-197 Callender Street in the Dorchester section of Boston for over twenty-eight years. In 2006, defendant Quinton Gabriel was the property's owner, [Note 4] and he granted a mortgage to Wells Fargo Bank, N.A. (Wells Fargo), which was secured by the premises. Wells Fargo foreclosed on that mortgage at a foreclosure sale held in April, 2009, and shortly thereafter, the plaintiff, Deutsche Bank National Trust Company (Deutsche Bank or bank), acquired title by foreclosure deed. [Note 5]

Deutsche Bank subsequently brought a summary process action in the Housing Court seeking to evict the defendants, and summary judgment was entered in its favor. [Note 6] On appeal, the defendants raise two issues. First, they argue that Deutsche Bank was not entitled to summary judgment primarily because the record contained only a certified copy of the deed (rather than the original). Second, they argue that they should have been allowed to assert a conditions defense, pursuant to G. L. c. 239, § 8A, even though they were occupants of the property, rather than tenants under a lease. We affirm. [Note 7], [Note 8]

Discussion. 1. Sufficiency of summary judgment record. Deutsche Bank, having acquired the property after a foreclosure sale, was both required and entitled to use summary process,

G. L. c. 239, § 1, to recover possession from the defendants, who continued to occupy the premises after the foreclosure. Attorney Gen. v. Dime Sav. Bank of N.Y., FSB, 413 Mass. 284, 291 (1992). "The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. . . . Legal title is established in summary process by proof that the title

was acquired strictly according to the power of sale provided in the mortgage;
and that alone is subject to challenge." Bank of N.Y. v. Bailey, 460 Mass. 327,
333 (2011), quoting from Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775
(1966). "To prevail on its motion for summary judgment, [Deutsche Bank]
'had the burden of showing that there [we]re no material facts in dispute
regarding its legal title to the property.' " Bank of N.Y., supra at 334, quoting
from Metropolitan Credit Union v. Matthes, 46 Mass. App. Ct. 326, 330 (1999).

a. Certified copy of deed in lieu of original. Relying on Samuels v. Borrowscale,
104 Mass. 207 (1870) (Samuels), the defendants argue that the bank was not
entitled to summary judgment where it submitted only a certified copy of the
foreclosure deed, rather than the original. Samuels, decided well before the
era of reliable mechanical reproduction of documents, held that

"a party relying on a deed made immediately to himself or the other party, or
which is presumed to be in the custody of either, must produce the original
deed, or lay a foundation in the usual manner for secondary evidence; but that
of other deeds, acknowledged and recorded in accordance with the statutes, a
certified copy from the registry is original evidence, instead of the deed itself,
and of course dispenses with calling an attesting witness or other proof of
execution."

Id. at 209. The Samuels rule, as we shall call it for the sake of convenience,
was actively invoked until 1897, [Note 9] after which none

Page 567

of our appellate cases appears to have referred to, or relied on, it. [Note 10],
[Note 11]

In 1941, apparently reflecting a recognition of both the development and
reliability of mechanical forms of document reproduction, the Legislature
enacted G. L. c. 233, § 79A, which provides in relevant part:

"Copies of public records, . . . and of records of banks, trust companies,

insurance companies and hospitals, whether or not such records or copies are
made by the photographic or microphotographic process, shall, when duly
certified by the person in charge thereof, be admitted in evidence equally with
the originals."

Id., as appearing in St. 1948, c. 154. Under § 79A, the admissibility of a
certified copy in lieu of an original deed does not turn on whether the person
seeking to introduce it is a party to the deed. The statute, by its
straightforward and clear terms, applies to all public records regardless of their
proponent at trial; it does not codify or incorporate the Samuels rule.

When a subsequent statute is in conflict with an earlier common-law
evidentiary rule, the court has held that "[a]s a legislative enactment making
certain evidence admissible, [the statute] superseded any prior common-law
evidentiary rule excluding such evidence." Commonwealth v. Harris, 443 Mass.
714, 724 n.8 (2005) (construing a different section of c. 233). [Note 12] See
Thomes v. Meyer Store, Inc., 268 Mass. 587, 589 (1929). That is precisely the
situation here: unlike the Samuels rule, G. L. c. 233, § 79A, does not condition
the admissibility of certified copies of deeds on whether their proponent was a
party to them. The common-law Samuels rule has accordingly been

Page 568

superseded by the subsequent statute, [Note 13] and Deutsche Bank was
entitled to rely on a certified copy of the deed to support its motion for
summary judgment.

b. Adequacy of affidavit of sale. The defendants also challenge the adequacy of
the affidavit of sale submitted by the bank in support of its motion for
summary judgment. They contend that the affidavit did not satisfy G. L. c.
244, § 15, as appearing in St. 1994, c. 341, § 1, which provides:

"The person selling, or the attorney duly authorized by a writing or the legal
guardian or conservator of such person, shall, after the sale, cause a copy of
the notice and his affidavit, fully and particularly stating his acts, or the acts of

his principal or ward, to be recorded in the registry of deeds for the county or district where the land lies, with a note or reference thereto on the margin of the record of the mortgage deed, if it is recorded in the same registry. If the affidavit shows that the requirements of the power of sale and of the statute have in all respects been complied with, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed."

A model statutory form of an affidavit of sale under a power of sale in a mortgage is found at Form 12 of the Appendix to G. L. c. 183. [Note 14] The statutory form "shall be sufficient," even if it is altered to suit the particular circumstances (in other words, if the blanks in the form are filled in as appropriate). G. L.

Page 569

c. 183, § 8. Although the statutory form affidavit appears in c. 183, rather than in c. 244, we see no reason to conclude that an affidavit of sale that conforms to the model form contained in c. 183 would not also satisfy the requirements of G. L. c. 244, § 15. Indeed, a logical and harmonious construction of the statutory scheme would lead one naturally to conclude that an affidavit of sale that satisfies one chapter would satisfy the other. See Canton v. Commissioner of the Mass. Hy. Dept., 455 Mass. 783, 791-792 (2010), and cases cited (applicable rules of statutory construction require courts to "construe statutes that relate to the same subject matter as a harmonious whole and avoid absurd results").

Here, the summary judgment record included an affidavit by attorney Francis J. Nolan that largely tracked the language of the statutory form affidavit. [Note 15] It omitted no material information from the statutory form, and its only additions were those pertinent

Page 570

to the specific facts of the foreclosure sale of the property at issue in this case.

A comparison of the text of the model form (note 14, supra) with that of Attorney Nolan's affidavit (note 15, supra) shows the limited differences between the two. Indeed, the defendants point to no specific or significant difference between Attorney Nolan's affidavit and the statutory form. Attorney Nolan's affidavit was, therefore, as a matter of law "sufficient" under G. L. c. 183, § 8, and accordingly also satisfied the requirements of G. L. c. 244, § 15.

The defendants argue that even if Attorney Nolan's affidavit conformed to the statutory model, it did not satisfy G. L. c. 244, § 15, because it did not reference the specific mortgage at issue but merely identified "the mortgage above referred to." (See note 15, supra). We are unpersuaded. First, as noted above, this language tracks precisely that of the model statutory form. Second, Attorney Nolan's affidavit was filed in the registry of deeds as a packet together with the foreclosure deed. The foreclosure deed was filed in the Suffolk County registry of deeds at book 44863, page 230-231. Attorney Nolan's affidavit (together with its exhibits) began consecutively and immediately thereafter at page 232. The foreclosure deed identified the mortgage "from Quinton Gabriel to Wells Fargo Bank, N.A. dated September 27, 2006 and recorded with the Suffolk County Registry of Deeds at Book 40487, Page 203." Attorney Nolan's reference in his affidavit (consistent with the language of the statutory model language) to the "mortgage above referred to" identified the mortgage as the one in the foreclosure deed with which his affidavit was filed and was sufficient to satisfy the requirements of G. L. c. 244, § 15. [Note 16]

2. Conditions defense. The answer contained an affirmative

Page 571

defense under G. L. c. 239, § 8A, asserting that the defendants were not obligated to pay rent because of the conditions and disrepair of the property; such a claim is colloquially known as a "conditions defense." Deutsche Bank's motion to strike was allowed on the ground that the defense is available only in actions "to recover possession of any premises rented or leased for dwelling

purposes." G. L. c. 239, § 8A, as appearing in St. 1977, c. 263. The defendants argue that because they became tenants at sufferance after the foreclosure (a contention we accept arguendo), they were "occupants" within the meaning of G. L. c. 239, § 8A, and therefore, the motion to strike should have been denied.

Massachusetts Rule of Civil Procedure 12(f) permits a plaintiff to move to strike "any insufficient defense." [Note 17] "A motion to strike a defense as insufficient is the counterpart of a motion under Rule 12(b)(6). . . . Under Rule 12(f), as under existing federal practice, a motion to strike an insufficient defense searches the pleadings." 1973 Reporter's Notes to Mass.R.Civ.P. 12(f), 46 Mass. Gen. Laws Ann. at 146 (West 2006). "Because a motion of this sort challenges the legal sufficiency of the pleading, it is governed by the same standards as a motion to dismiss filed pursuant to [Mass.] R. Civ. P. 12(b)(6)." In re Gabapentin Patent Litigation, 648 F. Supp. 2d 641, 647 (D.N.J. 2009) (construing the analogous Federal rule). See generally Wright & Miller, 5C Federal Practice & Procedure § 1381 (3d ed. 2004). Accordingly, we take as true the allegations of the answer, as well as such inferences as may be drawn therefrom

Page 572

in the defendants' favor. [Note 18] See Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011).

General Laws c. 239, § 8A, as inserted by St. 1977, c. 963, provides:

"In any action under this chapter to recover possession of *any premises rented or leased for dwelling purposes*, brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant or occupant, the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of

any other law" (emphasis added).

The answer does not allege that the premises were ever rented or leased, whether by Deutsche Bank (or anyone else) or to the defendants (or anyone else). The answer alleges only that the defendants occupied the premises. There is no allegation that the defendants were ever tenants, or that they had leased or rented the premises at any time. On the face of the answer, therefore, the defendants were not entitled to assert a conditions defense under G. L. c. 239, § 8A, and the motion to strike was properly allowed.

Relying on Hodge v. Klug, 33 Mass. App. Ct. 746 (1992) (Hodge), the defendants argue that tenants at sufferance, as "occupants," may assert a conditions defense under G. L. c. 239, § 8A. Their argument, however, ignores the critical distinction that, in Hodge, the premises had previously been rented to the defendant in a tenancy at will, rent payable monthly in advance. After a number of years, the owners decided to sell the property and served notice to quit on the tenant, who thereafter refused to leave. A summary process action ensued, and on appeal we held that § 8A defenses are not limited to tenants under a lease or tenants at will, i.e., acknowledged tenants, but can be available to "occupants," including tenants at sufferance. Id. at 754.

Page 573

Hodge does not stand for the proposition that § 8A defenses are available where the premises have never been leased or rented, as is the case here. [Note 19] Instead, it stands for the proposition that a person who is entitled to assert defenses under G. L. c. 239, § 8A, does not lose that entitlement by later becoming a tenant at sufferance. [Note 20] Here, as we noted above, there was no allegation that the defendants ever rented or leased the premises.

Conclusion. For the reasons set forth above, the Housing Court judgment of summary process for the plaintiff is affirmed.

So ordered.

FOOTNOTES

[Note 1] Of the HSI Asset Securitization Corporation Trust 2007-HE1.

[Note 2] Kathy Gabriel, Faustina K. Gabriel, Raul Gabriel, Marian Gabriel, Quinton
Gabriel, Venita Gabriel, and Ignatious Gabriel. Because the defendants share the
same last name, we refer to them by their first names.

[Note 3] They have never rented or leased the premises, and they have never
occupied the premises as tenants.

[Note 4] Defendants Faustin and Venita owned the property from 1981 to 2006.
They transferred it to Quinton in 2006.

[Note 5] The defendants do not challenge the Housing Court's determination that
Deutsche Bank served notices to vacate approximately six months later on all the
defendants except for Ignatious. And they do not contest the Housing Court's
determination that the failure to serve Ignatious was irrelevant vis-a-vis the
codefendants, and not material with respect to Ignatious because he derives his
right to occupy the premises through Quinton and is therefore not entitled to a
separate notice to vacate.

[Note 6] Although nothing turns on it, we note that this is the second summary
process action brought by Deutsche Bank relating to this property and also the
second summary judgment motion.

[Note 7] We review a decision to grant summary judgment de novo. "The standard
of review of a grant of summary judgment is whether, viewing the evidence in the
light most favorable to the nonmoving party, all material facts have been
established and the moving party is entitled to a judgment as a matter of law."
Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

[Note 8] We acknowledge the amicus brief of City Life/Vida Urbana and Oliver
Hendricks.

[Note 9] The Samuels rule was cited, commented on, or relied on in Stockwell v.
Silloway, 105 Mass. 517, 519 (1870); Brown v. Brown, 108 Mass. 386, 391-392
(1871); Gragg v. Learned, 109 Mass. 167, 168 (1872); Chamberlin v. Huguenot
Mfg. Co., 118 Mass. 532, 536 (1875); Draper v. Hatfield, 124 Mass. 53, 57 (1878);
Commonwealth v. Richardson, 142 Mass. 71, 74 (1886); O'Neil v. Webster, 150
Mass. 572, 573 (1890); New York, N.H. & H.R.R. v. Benedict, 169 Mass. 262, 266
(1897).

[Note 10] Samuels was cited by the Supreme Judicial Court for a different, and unrelated, proposition as recently as 2003. See Lawrence v. Concord, <u>439 Mass. 416</u>, 421 (2003).

[Note 11] The Samuels rule was relied upon by the Appellate Division in Federal Natl. Mort. Assoc. v. Saric, <u>2010 Mass. App. Div. 177</u> (2010).

[Note 12] If a subsequent statute does not conflict with prior common law, then the common law continues to control. Trombley v. Stevens-Duryea Co., <u>206 Mass. 516</u>, 519 (1910).

[Note 13] Although no issue has been raised regarding the authenticity of the certified copy of the deed, we note that the authenticity of certified copies of public records is governed by Mass.R.Civ.P. 44, 365 Mass. 807 (1974).

[Note 14] Form 12 provides as follows:

"[To be filled in] named in the foregoing deed, make oath and say that the principal [to be filled in] interest [to be filled in] obligation [to be filled in] mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that I published on the [to be filled in] day of [to be filled in] 19[to be filled in], in the [to be filled in], a newspaper published or by its title page purporting to be published in [to be filled in] aforesaid and having a circulation therein, a notice of which the following is a true copy:

"(Insert advertisement.)

"Pursuant to said notice at the time and place therein appointed, I sold the mortgaged premises at [to be filled in] public action by [to be filled in], an auctioneer, to [to be filled in], above named, for [to be filled in] dollars, bid by him, being the highest bid made therefor at said auction.

"Sworn to by the said [to be filled in] 19 [to be filled in], before me."

[Note 15] "I, Francis J. Nolan, of Harmon Law Offices, PC, as Attorney in Fact* for Wells Fargo Bank, N.A. make oath and say that the principal and interest obligation mentioned in the mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that Wells Fargo Bank, N.A. caused to be published on February 13, 2009, February 20, 2009 and February 27, 2009 in the Boston Herald, a newspaper having a general circulation in Dorchester (Boston), a notice of which the following is a true copy. (See attached Exhibit A [copy of the newspaper notice]).

"I also complied with Chapter 244, Section 14 of the Massachusetts General Laws,

as amended, by mailing the required notices certified mail, return receipt requested.

"Pursuant to said notice at the time and place therein appointed the auction was postponed by public proclamation to April 7, 2009 at 12:00 p.m. upon the mortgaged premises, at which time and place Wells Fargo Bank, N.A. sold the mortgaged premises at public auction by Charles F. Cawley, a duly licensed auctioneer, to Wells Fargo Bank, N.A. for TWO HUNDRED THIRTY-FIVE THOUSAND AND 00/100 ($235,000.00) DOLLARS bid by Wells Fargo Bank, N.A., being the highest bid made therefore at said auction. Said bid was then assigned by Wells Fargo Bank, N.A. to Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2007-HE1, as evidenced by assignment of bid to be recorded herewith as Exhibit 'B'.

[signature by Attorney Nolan]

"*For signatory authority, please see the Limited Power of Attorney recorded with the Suffolk County Registry of Deeds at Book 43361, Page 106."

The notary's attestation, signature, and seal followed.

[Note 16] Deciding as we do, we need not (and do not) reach the defendants' claim that the affidavit of Tyler N. Smith, an "REO Supervisor" of Premiere Asset Services, "a servicer" authorized to act for Deutsche Bank with regard to the property, was defective in that it does not state that it was made on personal knowledge or disclose the basis of Smith's knowledge. See Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974) (affidavits supporting summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). Smith's affidavit contained nothing of import that was not contained in the certified records and the Nolan affidavit. No aspect of our decision rests on the contents of the Smith affidavit.

[Note 17] Although the Uniform Summary Process Rules govern summary process actions such as this one, the rules of civil procedure also govern to the extent they are not inconsistent. Uniform Summary Process Rule 1 (2010). "[T]he Uniform Summary Process Rules have incorporated by reference the Massachusetts Rules of Civil Procedure to be used in a residuary capacity when they are not 'inconsistent' with the Uniform Summary Process Rules . . . Uniform Summary Process Rule 1 should be applied as written. It is not unusual in law for one set of rules (in this instance, the Massachusetts Rules of Civil Procedure) that do not by their own provisions apply in a situation to be incorporated by reference by another set of rules (in this instance, the Uniform Summary Process Rules)." 1988 Reporter's

Notes to Mass.R.Civ.P. 81(a)(7), 46 Mass. Gen. Laws Ann. at 1100 (West 2006). The Uniform Summary Process Rules do not set out a procedure for moving to strike portions of pleadings and, accordingly, we look to the Massachusetts Rules of Civil Procedure.

[Note 18] We note that neither party briefed the appropriate standard of review, nor did their briefs below address the issue.

[Note 19] We here reach the same conclusion reached by the Housing Court judge in his extremely thoughtful and comprehensive memorandum and decision.

[Note 20] This understanding of Hodge is consistent with the recent construction of G. L. c. 186A, § 1. See Federal Natl. Mort. Assn. v. Nunez, 460 Mass. 511, 518 n.8 (2011).

Home/Search  Table of Cases by Citation  Table of Cases by Name

Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.

COMMONWEALTH OF MASSACHUSETTS

**Supreme Judicial Court**

FOR THE COMMONWEALTH.

No. 05928.

SUFFOLK COUNTY.

---

COMMONWEALTH OF MASSACHUSETTS,

Plaintiff,

v.

DIME SAVINGS BANK OF NEW YORK, FSB, *et al.*,

Defendant.

---

ON RESERVATION AND REPORT FROM THE SINGLE
JUSTICE OF THE SUPREME JUDICIAL COURT.

---

Brief for the Plaintiff.

---

SCOTT HARSHBARGER
Attorney General

STUART T. ROSSMAN
Assistant Attorney General
BBO #430640
Stephen Dick
131 Tremont Street
Boston, MA 02111
(617) 727-2200
*Counsel for Plaintiff*

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT

SUFFOLK COUNTY

No. 05928

---

COMMONWEALTH OF MASSACHUSETTS,
Plaintiff,

v.

DIME SAVINGS BANK OF NEW YORK FSB, et al.,
Defendants.

---

ON RESERVATION AND REPORT FROM THE SINGLE
JUSTICE OF THE SUPREME JUDICIAL COURT

---

BRIEF FOR THE PLAINTIFF

---

## TABLE OF CONTENTS

Page

STATEMENT OF THE CASE     1

STATEMENT OF THE FACTS     1

SUMMARY OF ARGUMENT     3

ISSUES PRESENTED     5

INTRODUCTION     5

ARGUMENT     7

    I.     UNDER THE CIRCUMSTANCES PRESENTED, THE BANK     7
CANNOT STATE A CLAIM FOR TRESPASS UPON WHICH
RELIEF CAN BE GRANTED.

       A.     Trespass is Available Only to a Plaintiff     7
in Actual Possession of the Land and Only
When That Possession is Invaded by an Act
of the Defendant.

       B.     The Bank Does Not Have Possession to Give     16
it Standing in Trespass.

          1.     Possession is actual possession.     16

          2.     There is no "constructive" pos-     17
session in Massachusetts, nor is
there constructive possession of
another's possession.

          3.     The Bank obtains no possession by its     18
claimed "entry" because entry is not
effective when it is opposed.

       C.     Those Against Whom the Bank Seeks Relief     21
Have Committed No Wrongful, Intentional
Act, Nor Have They Failed to Perform a
Duty and Are Therefore Not Liable in
Trespass.

    II.     THE PRELIMINARY INJUNCTIONS WHICH THE BANK HAS     25
OBTAINED TO EVICTS OCCUPANTS FROM THEIR HOMES
AS TRESPASSERS ARE IMPROPER.

       A.     The Bank Has No Probability of Success on     25
the Merits of its Claims at Trial.

B. The Bank Has Adequate Remedies At Law
   Which Prevent its Use of Equitable Relief.        25
C. Equity Cannot Deprive A Party of a Jury
   Trial Where Such an Entitlement Has Been
   Granted By the General Court.                      31

D. Injunctions Will Not Transfer Possession          33

E. A Preliminary Injunction Must Protect the         35
   *Status Quo Ante Litem*, Particularly of a
   Possessor.

F. A Preliminary Injunction Cannot Grant             37
   Final Relief.

G. Because the Balance of Harms Overwhelming-        38
   ly Favors the Occupant in Peril of His
   Home, He May not Be Preliminarily Enjoined
   Out of That Home and the Bank is Not
   Entitled to Such Equitable Relief.

III. THE BANK'S PRACTICE OF EVICTING OCCUPANTS FROM   40
     THEIR HOMES BY PRELIMINARY INJUNCTIONS OBTAINED
     IN TRESPASS ACTIONS SHOULD BE DECLARED UNLAWFUL
     AND ENJOINED.

IV. CONCLUSION                                        47

## TABLE OF AUTHORITIES

CASES

Abbott v. Abbott,
  97 Mass. 136, 139 (1867)               11

Anthony v. New York, Providence and
Boston Railroad, 162 Mass. 60 (1894)
  162 Mass. 60 (1894)               11

Araserv v. Bay State Harness,
  437 F.Supp. 1083, 10, 21, 26      19, 23

Baseball Publishing Co. v. Bruton,
  302 Mass. 54 (1938)               14

Bech v. Cuevas,
  404 Mass. 249 (1989)              18

Bennett v. Conant,
  64 Mass. 163, 166 (1852)         23

Bigelow v. Jones,
  10 Pick. (27 Mass.) 161 (1830)     10

Bloom v. City of Worcester,
  363 Mass. 136 (1972)              30

Boston Rent Equity Board v. Dime Savings Bank,
  Housing Court 92-CV 00185 (April 7, 1992)  18

Burke v. Willard,
  243 Mass. 547 (1923)        12, 13

Chalmers v. Smith,
  152 Mass. 561 (1891)              17

Chamberlain v. James,
  294 Mass. 1 (1936)               16

Commonwealth v. Belino,
  320 Mass. 635 (1947)              30

Commonwealth v. Bosquet,
  407 Mass. 854 (1990)              30

Commonwealth v. Bigelow,
  3 Pick. (20 Mass.)                11

Commonwealth v. Mass. CRINC.,
  392 Mass. 79 (1984)              38

Cook v. Rider
16 Pick. (133 Mass.) 186 (1834)                    11

Cunningham v. Davis,
175 Mass. 213 (1900)                               23

Daniels v. Pond,
21 Pick. 367 (1838)                                17

Duquenoy v. Dorgan,
341 Masss. 28 (1960)                               17

Edwards v. Columbia Amusement Company,
215 Mass. 125 (1913)                          34, 42

Ellis v. Drake,
90 Mass. 161 (1864)                                23

Emerson v. Thompson,
2 Pick. (19 Mass.) 473 (1824)                      10

Erskine v. Townsend,
2 Mass. 493, 496 (1807)                            21

Everett v. Canton,
303 Mass. 166 (1939)                               23

Farnham v. Lenox Motor Car Co.,
229 Mass. 478 (1918)                               32

French v. Fuller,
23 Pick. (40 Mass.)                            11, 17

Gibbs v. Chase,
10 Mass. 125 (1813)                                10

Glickman v. Kastel
323 Mass. 148 (1948)                          33, 34

Grace v. Brookline,
379 Mass. 43 (1979)                           30, 38

Harlow Realty Co. v. Cotter,
284 Mass. 68 (1933)                                19

Holman v. Bailey,
44 Mass. 55, 57 (1841)                             35

In the Matter of McKnight,
406 Mass. 787 (1990)                               37

Inhabitants of Barnstable v. Thatcher,
  3 Met. (44 Mass.) 239 (1841)                    10, 22

Insurance Rating Board v.
Commissioner of Insurance,
  356 Mass. 184) (1969)                                 30

Jersey City Medical Center v. Halstead,
  404 A.2d 44 (N.J. Super. 1979)                        15

Jinwala v. Bizzaro,
  24 Mass. App. Ct. 1 (1987)                            38

Kargman v. Dustin,
  5 Mass. App. Ct. 101 (1977)                           38

King v. G&M Realty,
  373 Mass. 658 (1977)                                  23

Krikorian v. Grafton Co-Operative Bank
  294 Mass. 1 (1936)                                    16

Lash v. Ames,
  171 Mass. 487 (1898)                                  23

Lawless-Mawhinney v. Mawhinney
  21 Mass. App. Ct. 738 (1986)                          31

Lucy Webb Hayes National Training
School v. Geoghegan,
  281 F.Supp. 116 (D.D.C. 1967)                         15

Matsushita Electric Corp. of
America v. Sonus Corp,
  362 Mass. 246 (1972)                              32, 33

Milton v. Puffer,
  207 Mass. 416 (1911)                                  11

Nalbandian v. Patrizzi
  369 Mass. 477, 478 (1976)                             31

Nautican Realty v. Nantucket Shipyard, Inc.
  28 Mass. App. Ct. 902 (1989)                          15

Nei v. Burley
  388 Mass. 307, 312 (1983)                             35

New England Box Co. v. C&R Construction Co.
  313 Mass. 696 (1943)                                  11

<u>Northampton Paper Mills v. Ames</u>,
  8 Met. (49 Mass.) 1 (1844)           14, 20-21

<u>O'Bannon v.Town Court Nursing Center</u>,
  447 U.S. 773 n.2 (1980)           28

<u>Opinon of the Justices</u>,
  321 Mass. 772 (1947)           30

<u>Packaging Industries Group v. Cheney</u>,
  380 Mass. 609 (1980)           25

<u>Palmer v. Fowley</u>
  71 Mass. 545, 548-549 (1856),           23

<u>Perry v. Weeks</u>,
  137 Mass. 584           11

<u>Powers v. Raymond</u>,
  137 Mass. 483) 1884           32

<u>Serreze v. YWCA of Western Mass, Inc.</u>,
  30 Mass. App. Ct. 639 (1991)           26

<u>Shea v. Neponset Marine & Sportfishing Inc.</u>,
  14 Mass. App. Ct. 121 1982)           28

<u>Starr v. Jackson</u>
  11 Mass. 518, 519 (1814)           10

<u>Stockbridge v. Mixer</u>,
  215 Mass. 415 (1913)           31

<u>Taylor v. Townsend</u>,
  8 Mass. 410, 414 (1812)           10

<u>Titan Holdings v. Keene</u>,
  898 F.2d 265, 272 (1st Cir. 1990),           22

<u>Tucker v. Fenno</u>,
  110 Mass. 311, 313 (1872),           19

<u>United Electric Light Co. v.</u>
<u>Deliso Construction Co.</u>,
  315 Mass. 313 (1943)           23

<u>Weiss v. Levy</u>,
  166 Mass. 290 (1886)           26, 34

<u>Westinghouse Electric Corp. v.</u>
<u>Free Sewing Machine Co.</u>,
  256 F.2d 808 (7th Cir. 1958)           40

<u>CONSTITUTIONS, STATUTES, RULES</u>

Article XV Massachusetts Declaration of Rights    32, 33

G.L. c. 12 §§ 3, 10                                         1
G.L. c. 184 § 18                                       27, 45
G.L. c. 186 § 13                                          42
G.L. c. 186 § 14                                          26
G.L. c. 211 § 3                                         1, 43
G.L. c. 214 § 1                                         1, 43
G.L. c. 231A                                            1, 43
G.L. c. 239                                            28, 33
G.L. c. 239 §§ 8A, 9                                      41
G.L. c. 244 § 1                                           18
G.L. c. 244 §§ 4, 5                                       27
G.L. c. 266 § 20                                          24

Mass. R. Civ. P. 38                                      32
Uniform Summary Process Rules                      28, 29,
                                                         32

<u>OTHER AUTHORITIY</u>

Annotation, <u>Remedy of Tenant Against
Stranger Wrongfully Interefering With
His Possession</u>, 12 A.L.R. 2d 1192 (1949)             34

2 W. Blackstone, Commentaries *150                 24, 35,

Dobbs, Remedies, § 5.6, at 352 (1973)                   26

Leubsdorf, <u>The Standard for Preliminary
Injunctions</u>, 91 Harv. L. Rev. 525 (1978)          34, 36

Nolan, Tort Law, 37 Mass. Practice Series (1979) passim

Note, <u>Developments in the Law, Injunctions</u>,
78 Harv. L. Rev. 994 (1965)                             35

Park, Real Estate Law,
28A Mass Practice Series (1991)                         24

W. Prosser, Prosser and Keeton on the Law
of Torts (5th ed. 1984)                             passim

Restatement (Second) of Torts (1964)                passim

Simpson, Summary of Basic Law,
14A Mass. Prac. Series (1974)                           12

Stavisky, Landlord and Tenant Law,
33 Mass. Practice Series (1977)                         14

2 Walsh, Commentaries on the Laws
of Real Property, (1947)                                24

## STATEMENT OF THE CASE

On April 9, 1992, the Plaintiff, COMMONWEALTH OF
MASSACHUSETTS, ("Commonwealth") by and through its
Attorney General, filed a complaint for declaratory and
injunctive relief against the Defendants, DIME SAVINGS
BANK OF NEW YORK FSB, GARDEN MANAGEMENT COMPANY and
DIME REAL ESTATE-MASSACHUSETTS (collectively, the
"Bank"), in the Single Justice session of the Supreme
Judicial Court. The Attorney General, taking cogni-
zance of alleged violations of law under G.L. c. 12 §
10, appeared in the public interest pursuant to the
provisions of G.L. c. 12 § 3 and invoked the Court's
equitable and supervisory powers under G.L. cc. 214 § 1
and 211 § 3, respectively, as well as the Declaratory
Judgment Act, G.L. c. 231A.

The case came before the Single Justice on a
Stipulation of Agreed Facts ("Stip.") which is a part
of the assembled record and attached hereto as APPENDIX
A. Oral argument was heard on April 15, 1992, on which
date the Single Justice reserved and reported this
matter to the Full Bench.

## STATEMENT OF THE FACTS

The Stipulation sets forth the complete factual
basis of this case. The Commonwealth neither admits
nor denies any of the facts asserted, but merely agrees
to them in this case only in order to create a record

for the determination of the important legal issues
presented.

In brief, the Bank regularly forecloses by sale on
lawfully-occupied, single-family residences, condomini-
ums, apartments and other residential properties in
Massachusetts. (Stip. Pars. 4, 5). The Bank also
records a memorandum of entry under G.L. c. 244 § 1.
(Id.) After the Bank obtains title to the property
through a foreclosure sale, it sends notices to the
former mortgagors and post-mortgage tenants, demanding
possession of the property. (Stip. Par. 8).

The Bank asserts that the foreclosure by sale and
the recording of a memorandum of entry, followed by a
notice to vacate, automatically terminate the occu-
pants' rights of possession in the premises, and, when
they refuse to vacate, reduce such occupants, whether
mortgagors or their tenants, to the status of trespass-
ers in their own homes. (Stip. Par. 12). The Bank
asserts no wrongdoing on the part of the occupants as
grounds for recovery of possession. (Id.) Nonethe-
less, the Bank then initiates a trespass action against
these occupants in the Superior Court. (Stip. Par.
10). It seeks, and in many cases to date has obtained,
preliminary injunctive relief, sometimes on short
notice, enjoining the purported trespassers from fur-
ther possession of their homes. (Stip. Par. 13).

## SUMMARY OF ARGUMENT

Trespass is an invasion of possession -- not of
title or possessory rights. An action in trespass re-
quires (i) actual possession of the land by the plain-
tiff and (ii) an unlawful invasion of that possession
by the defendant. See Argument, p. 7. Neither element
is present in the "trespass" cases which the Bank
brings against holdover occupants. The Bank is without
actual possession of the premises. See Argument, p.
16. There is no "constructive" possession under Massa-
chusetts law, or "constructive" possession of property
actually possessed by another, See, Argument, p. 17,
nor is the Bank's claimed "entry" to recover possession
valid. See Argument, p 18. Because the Bank does not
possess the premises, its possession has not been
invaded and it is without standing in a trespass ac-
tion.

Possession is invaded by an intentional, unlawful
entry upon the land. One whose possession arises
lawfully, under mortgage or a lease under a mortgage,
has made no unlawful entry and does not become an
invader by holding over. See Argument, p. 21. He is,
at the very least, a tenant at sufferance, not a tres-
passer, because the law presumes his possession to be
rightful.

The proper remedy to recover possession in such

-3-

circumstances is summary process.

The preliminary injunctions which the Bank obtains
in trespass against holdover occupiers are inappropri-
ate because:  (i) the Bank cannot succeed on the mer-
its, since it has no claim in trespass, <u>see</u> Argument,
p. 25; (ii) the Bank has several adequate remedies at
law, one of which, the summary process procedure as set
forth in G.L. c. 239, was intended by the Legislature
specifically for the adjudication of the Bank's claims,
<u>see</u> Argument, p 25; (iii) equity does not lie where it
will foreclose the defendant's Constitutionally-
protected right to trial by jury, in this case con-
ferred by the General Court in the summary process
procedure, G.L. c. 239, <u>see</u> Argument p. 31 (iv) it is a
general rule of equity that injunctions may not be used
to transfer possession of land, <u>see</u> Argument at p. 33;
(v) a preliminary injunction must protect the *status
quo*, particularly of a possessor;  <u>see</u> Argument at
p.35; and (vi) eviction of an occupant is permanent,
not "preliminary," relief, preserves nothing for trial
on the merits and is therefore a wholly improper invo-
cation of equity, <u>see</u> Argument at pp. 37; and (vii) as
between the Bank, which seeks empty space, and the
occupier, who attempts to hold onto a home, the balance
of harms cuts in favor of the occupier, and a prelimi-
nary injunction should not issue, <u>see</u> Argument at p.

-4-

38.

The Commonwealth is therefore entitled to a decla-
ration that the Bank's actions are invalid. The Com-
monwealth is further entitled to permanent injunctive
relief, enjoining the Bank from proceeding at equity to
recover possession of residential property through
improper trespass actions. <u>See</u> Argument, p. 40.

<u>ISSUES PRESENTED</u>

I.   May a mortgagee recover possession of dwell-
ings from foreclosed mortgagors -- and tenants holding
under them -- by circumventing statutory and common law
proceedings designed specifically for that purpose and
obtaining extraordinary, preliminary equitable relief
in trespass to dispossess such occupants as trespassers
in their own homes?

II.   Are summary process and other statutory
remedies for recovery of possession of residential
property mere alternatives to equitable relief, elect-
able at the mortgagee's "option"?

<u>INTRODUCTION</u>

In its haste to empty residential properties for
resale by recovering possession from mortgagors and
tenants through trespass actions designed to circumvent
summary process, the Bank has overlooked one of the
most black-letter, fundamental and immutable tenets of
the common law:   the intentional tort of trespass to

-5-

land is premised on an <u>invasion of possession</u>. It
requires a plaintiff in <u>actual</u> possession -- not seek-
ing to recover possession, or merely asserting its
right to possession -- and a defendant who has <u>invaded</u>
that possession by making, or causing, an <u>unlawful entry</u>.

The Bank states no facts sufficient to state a
claim under the tort of trespass. It does not have
actual possession of the property -- indeed it is that
possession which the Bank seeks -- nor has it obtained
possession by "entry." Furthermore, those whom it seeks
to evict have made neither an unlawful entry nor an
entry at all onto land in the Bank's possession, other
than their original, lawful entry. They have merely
retained, or vainly <u>attempted</u> to retain, possession
of their homes at the time of foreclosure.

Because the Bank fails to state a claim in tres-
pass, preliminary injunctive relief under that cause of
action does not lie. Nor is equity in any manner
available to do what the Bank seeks to accomplish. The
Bank's purported injuries are wholly compensable in
damages at law and equitable relief is neither neces-
sary nor permissible under the circumstances.

This controversy places at stake nothing less than
the means by which the possessory rights of a Common-
wealth resident to his or her home are determined.
What those rights are ultimately adjudged to be is not

at issue at this time and are reserved for later con-
sideration. Rather, the Commonwealth's concern is
solely to ensure that such grave determinations be made
pursuant to the procedural and substantive mandates of
the Legislature, in accord with the guarantees of the
Declaration of Rights, and consistent with the common
law of torts and equity.

<u>ARGUMENT</u>

I.   UNDER THE CIRCUMSTANCES PRESENTED, THE BANK
     CANNOT STATE A CLAIM FOR TRESPASS UPON WHICH
     RELIEF CAN BE GRANTED.

     A.   Trespass is Available Only to a Plain-
          tiff in Actual Possession of the Land
          and Only When That Possession is Invad-
          ed by an Act of the Defendant.

In Massachusetts: "The action of trespass to
real property is founded on two elements: (1)
actual possession by the plaintiff; and (2) inten-
tional and illegal entry by the defendant." Nolan,
Tort Law, 37 Mass. Practice Series c. 3 § 31 (1979).
(Hereafter, "Nolan.") "In the landlord-tenant
context, an action of trespass lies by the <u>tenant</u>
against the <u>owner</u> who wrongfully evicts the tenant
because after the creation of the tenancy <u>it is the</u>
<u>tenant who has the right to exclusive possession,</u>
<u>not the landlord (owner)</u>." Nolan § 31 at 36.
(Emphases added). All authority accords.

In defining the tort of trespass to property,
The Restatement (Second) of Torts is emphatic in its

-7-

requirement of actual possession of the land:

> § 158.  Liability for Intentional Intrusions
> on Land.
>
> One is subject to liability to another for
> trespass, irrespective of whether he thereby
> causes harm to any legally protected interest
> of the other, if he intentionally
>     (a) enters land in the possession of the
> other, or causes a thing or a third person
> to do so, or
>     (b) remains on the land, or
>     (c) fails to remove from the land a thing
> which he is under a duty to remove.

Restatement (Second) of Torts § 158 (1965).  Nolan § 32 at 40.

Besides _unmistakably_ requiring actual possession and unlawful entry, the Restatement (Second) of Torts affirmatively and specifically _excludes_ from the _scope_ of the tort those asserting the very rights which the Bank seeks to assert in its trespass actions, i.e., its _right_ to possession, as opposed to possession itself:

> Chapters 7 and 8 deal with invasions of the
> interest in the exclusive possession and
> physical condition of land.  They are con-
> cerned only with the interest of one who is in
> the possession of land at the time of the
> actor's intrusion.  They are not concerned
> with invasion of certain interests of persons
> not in possession of land at the time of the
> intrusion.

_Id._ ch. 7 Scope Note (1965).

This right may be asserted _only_ by the actual possessor of the property or chattels.  _Id._ and at § 163 comment d; Nolan § 31 at 36.

Title is inconsequential.  To the contrary, one in

-8-

possession may "maintain the action, although the person has no legal title, and is in wrongful occupation, as for example _under a void lease_, or in mere adverse possession." W. Prosser, Prosser and Keeton on the Law of Torts, § 13 at 77 (5th ed. 1984). (Hereafter, "Prosser"). (Emphasis added.)

Massachusetts case law has consistently applied the standards set forth in the treatises and Restatement. "To support an action of trespass _quare clausum fregit_[1] it is necessary to prove the actual possession of the plaintiff and an illegal entry by the defendant. The action is founded merely on the possession and it is not necessary for the plaintiff to show a right of property. He must prove such a lawful possession as the defendant had no right to disturb;

---

1. "Wherefore he broke the close," the original, distinct common law action for what is today trespass to land. "Trespass was the remedy for all forcible, direct and immediate injuries, whether to person or property." Prosser § 6. Initially, "trespass" identified any tortious conduct that would subject the actor to such an action. Prosser § 3. Later, "trespass on the case" or the "action on the case" remedied wrongful conduct which only indirectly caused injury. _Id._ Thus, one who was injured by a log thrown onto a highway had an action against the thrower in trespass. One who later tripped over the log had an action "on the case." _Id._ Both were trespass actions. Prosser § 13. Trespass "came to describe the kind of caption of or intrusion onto tangible property, the common law action of trespass." _Id._ Nevertheless, this has left modern jurisprudence with a body of older cases which consistently refer to the generic wrongdoer as a "trespasser." _See_, the "twin _Burke_" cases, p.12.

but any possession is a legal possession against a
wrongdoer." <u>Inhabitants of Barnstable v. Thatcher</u>, 3
Metc. (44 Mass.) 239, 242 (1841), (Citations to English
cases omitted). <u>See also</u> Nolan § 31 at 36.

An owner out of possession cannot bring a trespass
action. "[T]he action of trespass for breaking and
entering upon lands and tenements . . . cannot be
maintained unless the plaintiff have actual possession,
although he may have the freehold in law." <u>Gibbs v.
Chase</u>, 10 Mass. 125, 128 n. (1)(a) (1813) (and citing
<u>Starr v. Jackson</u>, 11 Mass. 518, 519 (1814) for this
proposition.) "It is well settled that none can main-
tain an action of trespass *quare clausum fregit* but he
who has possession in fact of the land." <u>Taylor v.
Townsend</u>, 8 Mass. 410, 414 (1812).

"An action of trespass, being a possessory action,
cannot be maintained, unless the plaintiff had the
actual or constructive[2] possession of the property
trespassed upon at the time of the trespass." <u>Emerson
v. Thompson</u>, 2 Pick. (19 Mass.) 473, 484 (1824). <u>See
also</u>, <u>Bigelow v. Jones</u>, 10 Pick. (27 Mass.) 161, 163,
164-165 (1830) (Nonsuiting the plaintiff because he was
divested of the legal possession and so could not

---

2. There is no longer constructive possession in
Massachusetts, nor is there constructive possession
of that which another possesses. See below, p. 17.

-10-

maintain an action against the party in possession for
use and occupation."), Cook v. Rider, 16 Pick. (133
Mass.) 186, 187 (1834), Commonwealth v. Bigelow, 3
Pick. (20 Mass.) 31, 32 (1825), French v. Fuller, 23
Pick. (40 Mass.) 104, 106 (1839), Abbott v. Abbott, 97
Mass. 136, 139 (1867), Anthony v. New York, Providence
and Boston Railroad Co., 162 Mass. 60, 62 (1894)
(Citing, inter alia, Perry v. Weeks, 137 Mass. 584
(1884) for the proposition that "an unrecorded deed of
wild land is not of itself sufficient evidence of
possession by the grantee to entitle him to maintain
*trespass quare clausum fregit* against a third person.)
Milton v. Puffer, 207 Mass. 416, 418 (1911) ("The
plaintiff cannot maintain an action against the defend-
ant for the original trespass since she was not in
possession at the time that it was committed.") New
England Box Co. v. C&R Construction Co., 313 Mass. 696,
707 (1943) ("'To support an action of trespass . . . ,
it is necessary to prove the actual possession of the
plaintiff, and an illegal entry by the defendant.'"
(Citing Perry, supra, 137 Mass. at 587)).

   Jurisdictions across the United States are in
accord.  (Copies of these cases are attached at APPEN-
DIX B.)

   Actual possession is an absolute requirement
because the essence of the tort is interference with

-11-

that possession.  87 C.J.S. Trespass § 4 (1954), 75 Am.
Jur. 2d Trespass § 36 (1991), Simpson, Summary of Basic
Law, 14A Mass. Prac. Series § 1971 at 356 (1974).
Nolan § 31 at 36.  It is solely the actual possession
which is vindicated in trespass.  Thus, one asserting a
"right" to possession is without standing, unless he
has possession:  "An owner who is out of possession
cannot maintain trespass.  Thus a landlord cannot sue
for a mere trespass to the land in occupation of his
tenant . . . the landlord's remedy is by way of an
action for ejectment and for mesne profits."  Prosser §
13 at 78.  Hence, a non-possessor complaining in tres-
pass has suffered no invasion of right.  He seeks to
remedy a wrong which cannot have befallen him.

It is true that, in certain older Massachusetts
cases, a holdover mortgagor or his tenants are some-
times referred to as trespassers.  It is paramount that
in all of these cases the mortgagee plaintiff had
already obtained possession of the subject premises and
was merely seeking to recover mesne profits for the
past interference with possession.

The confusion which arises from the two different
torts and the two different tortfeasors is glowingly
illustrated in the twin Burke cases in Massachusetts.
Burke v. Willard was tried and appealed twice in two
separate cases, brought a year apart, with identical

parties arising from identical transactions and facts, but brought on two different causes of action, contract and trespass for mesne profits.

In <u>Burke v. Willard</u>, 243 Mass. 547 (1923) ("Burke I"), the mortgagor sued in contract to recover use and occupancy from a holdover tenant of a mortgagor. The holdover had already voluntarily vacated the premises after the mortgagor's default, but before the filing of the suit. The mortgagee, apparently, entered upon default to take possession and his entry was unopposed. The Court held that after the plaintiff entered and took possession for the purpose of foreclosing his mortgage, the defendant became a tenant at sufferance. But because there was no privity, the tenant was neither expressly nor impliedly required by contract to pay rent to the plaintiff. <u>Id.</u> at 549-551.

Subsequently, the plaintiff refiled the case as an action in trespass. <u>Burke v. Willard</u>, 249 Mass. 313 (1924), ("Burke II"). The Court recognized that the plaintiff had made an unopposed entry against the mortgagor on property which the tenant had already vacated. Therefore, the Court ruled that this time the plaintiff could bring a trespass action to recover lost profit from the date of his unopposed entry to the date of the tenant's departure. <u>Id.</u> at 37. <u>Possession was never an issue in Burke</u>. The question was the tenant's

-13-

duty to pay use and occupancy to the mortgagee. No
eviction or actual dispossession was ever required.
Id. See also Northampton Paper Mills v. Ames, 8 Metc.
(49 Mass.) 1 (1844), discussed infra at p. 20.

Significantly, in not a single reported Massachu-
setts case which we have found has a non-possessing
plaintiff recovered possession from a possessing
defendant through a trespass action.

Nor is the Bank's claim of a "continuing" trespass
valid. "A trespass on land may be by a failure of the
actor to leave the land of which the other is in pos-
session, or a part of such land. If the possessor of
the land has consented to the actor's presence on the
land, his failure to leave after the expiration of the
license is a trespass . . . "(Emphasis added). Restate-
ment (Second) of Torts § 158 comment l (1965) "A
license excuses acts done by one on land in possession
of another that without the license would constitute a
trespass." Nolan § 31 at 39. Simpson § 1972 at 357. A
lease of land conveys an interest in land. "This is
the distinction between a lease and a license." Base-
ball Publishing Co. v. Bruton, 302 Mass. 54, 55 (1938).
(Cited in Nolan § 31 at 39 and Simpson § 1972 at 357).

There are no licenses involved in the case at bar.
The occupants are possessors, not licensees. They have
the "right of exclusive possession." Stavisky, Land-

-14-

lord and Tenant Law, 33 Mass. Practice Series § 41
(1977).[3][4]

Thus the Bank attempts to assert an interest
excluded from the tort of trespass:  a <u>right</u> of posses-
sion -- which it claims to have obtained through fore-
closure and a memorandum of entry -- as opposed to
possession itself.  This mere alleged right is indeed
all it has.  "The mortgagee upon [such] default is
entitled to immediate possession <u>merely in the sense</u>
<u>that upon breach of condition he is entitled to *recover*</u>
<u>possession of the mortgaged premises</u> by an open and
peaceable entry on such premises or by action, or if
the mortgage contains a power of sale, to foreclose by

sale.  <u>Chamberlain v. James</u>, 294 Mass. 1, 8 (1936),

---

3.  Although <u>how</u> the possessor got possession is imma-
terial, since "possession of land may be acquired by
one who is not by law entitled to it, and thus, as
against another, may not be rightful."  Restatement
(Second) of Torts § 157 (Definition of Possession)
comment b (1965).

4.  The Bank has previously cited 2 foreign cases of
trespassing hospital patients as authority for its
position.  <u>Lucy Webb Hayes Nat. Training School v.
Geoghegan</u>, 281 F.Supp. 116 (D.D.C. 1967) and <u>Jersey
City Medical Center v. Halstead</u>, 404 A.2d 44 (N.J.
Super. 1979).  They are completely distinguishable:
hospital patients are not possessors.  Furthermore,
the Bank cites <u>Nautican Realty Co. v. Nantucket Ship-
yard, Inc.</u>, 28 Mass. App. Ct. 902, 903 (1989) for the
proposition that injunctions are available to prevent
voluntary waste.  This case is equally irrelevant since
the case at bar does not involve waste.  (Stip. Par.
12).

<u>Krikorian v. Grafton Co-Operative Bank</u>, 313 Mass. 272,
277 (1942). It is therefore excluded from within the
scope of the tort.

      B.    The Bank Does Not Have Possession to
             Give it Standing in Trespass.

      1.  <u>Possession is *actual* possession.</u>

[A] person who is in possession of land in-
cludes <u>only</u> one who
    (a) is in occupancy of land with intent to
control it, or
    (b) has been but no longer is in occupancy
of land with intent to control it, if, after
he has ceased his occupancy without abandoning
the land, no other person has obtained as
stated in Clause (a), or
    (c) has the right as against all persons to
immediate occupancy of land, <u>if no other
person is in possession</u> as stated in Clauses
(a) and (b).

Restatement (Second) of Torts §157 (1965), Nolan § 31
at 37.

    The Bank has no control whatsoever over the prem-
ises of which it seeks to recover possession and there-
fore does not "occupy" the premises, Restatement
(Second) of Torts § 157 comment a (1964), as required
in (a). The Bank <u>never</u> occupied the premises, as
required in (b). Section (c) is predicated on unoccu-
pied premises, which is not the situation in the case
presented.

    Thus, the Bank is not in possession. To the
contrary, it has stipulated that it must demand posses-
sion from the occupants. (Stip. Par. 8). When the

demand is refused, also as stipulated, (Stip. Par. 9),
the occupant remains in possession -- whether rightful-
ly or not is immaterial to this analysis -- and the
Bank fails to obtain the possession necessary to main-
tain an action in trespass.

> 2. There is no "constructive" posses-
> sion in Massachusetts, nor is
> there constructive possession of
> another's possession.

This Court has emphatically rejected the theory of
"constructive possession" by a mortgagee. Duquenoy v.
Dorgan, 341 Mass. 28 (1960), Bech v. Cuevas, 404 Mass.
249, 252 (1989).

Bech noted that the early precedents had already
adopted the concept that the plaintiff in a trespass
action had to prove that he had actual possession of
the land. (Citing French, supra, 23 Pick. 104 at 106).
However, "in light of the era's technical and strict
rules of pleading, the Court indulged the fiction that
the landlord was sufficiently 'in possession' as
against a tenant who had committed voluntary waste to
be entitled to sue for damages." Bech, 404 Mass. at
252. (Citing Daniels v. Pond, 21 Pick. 367 (1891) and
Chalmers v. Smith, 152 Mass. 561 (1891)). Bech recog-
nizes that such cases have been "effectively overruled"
by Duquenoy, 341 Mass. 28, which held that "trespass
was not the proper form of action, because the tenants
'were rightfully in possession of the premises.'" Bech

-17-

at 252.[5]

One <u>cannot</u> "constructively" possess another's <u>actual</u> possession. "[T]his fiction of constructive possession has no application when another is in actual possession." Prosser § 13 at 77 n. 99.

The Bank cannot lay claim to constructive posses-sion of its mortgagors' or tenants' properties.

   3. <u>The Bank obtains no possession by its
      claimed "entry" because entry is not
      effective when it is opposed.</u>

The Bank claims to have made "entry" pursuant to G.L. c. 244 § 1 by recording a memorandum of entry. (Stip. Par. 4). However, the mere recording of the memorandum is not effective to confer possession on the mortgagee if the entry is, as here, opposed.

"Entry" under G.L. c. 244 § 1 is certainly a means

---

5. Thus it is a significant misperception that "the common law doctrine of trespass must look to statutory law as a source for continuing viability," <u>Boston Rent Equity Board v. Dime Savings Bank</u>, Housing Court 92-CV 00185 (April 7, 1992) at 14, and that "The Supreme Judicial Court *overturned the common law doctrine of trespass quare clausum fregit* in <u>Bech v. Cuevas</u>, 404 Mass. 249 (1980))." <u>Id.</u> at 13. This Court did not "overturn" an entire tort. It did exactly the opposite. <u>Bech</u> *strengthened* trespass quare clausum by eliminating the concept of "constructive" possession.
      Thus, in certifying to the Court of Appeals the question, "1. Does the common law doctrine of tress-pass due to the actions of the bank in making an entry for the purpose of foreclosure <u>retain its viability</u> . . .?" <u>Boston Rent Equity</u> at 33, the Housing Court assumed the erroneous predicate that something has happened to limit the doctrine of trespass. In fact, nothing has happened to trespass.

of foreclosure, <u>Harlow Realty Co. v. Cotter</u>, 284 Mass.
68, 69-70 (1933), although it requires three years to
effect and is therefore usually combined with foreclo-
sure by power of sale. <u>Id.</u> at 70. It permits the
mortgagee to bar the equity of redemption by entering
the property "<u>peaceably</u>" and "<u>unopposed</u>", and occupying
it for three years. <u>Id.</u>

    Under the statute:

> A mortgagee may, after breach of condition
> of a mortgage of land, recover possession
> of the land mortgaged by an open and peace-
> able entry thereon, <u>if not opposed by the</u>
> <u>mortgagor or other person claiming it</u> . . .
> G.L. c. 244 § 1. (Emphasis added)

It is the plain meaning of the statute that the
entry is ineffective when it is opposed by the posses-
sor. <u>Araserv v. Bay State Harness</u>, 437 F.Supp. 1083,
1094 (D.Mass. 1977). (Reading G.L. c. 244 § 1, accord-
ing to its plain meaning, as requiring that entry must
be "not opposed by the mortgagor.")

The entry to foreclose "is in its nature an ad-
verse proceeding." <u>Tucker v. Fenno</u>, 110 Mass. 311, 313
(1872) (Citing <u>Erskine v. Townsend</u>, 2 Mass. 493, 496
(1807). Just as in adverse possession, "[i]t involves
the right to exclude and dispossess the owner of the
equity, and even to treat him as a trespasser." <u>Id.</u>
Having entered, the mortgagee gains possession and has
standing in trespass.

This makes perfect sense, of course, because one
does not take possession of occupied property merely by
entering, or recording a memorandum of entry, and de-
claring himself the new possessor. The only instance
in which this may occur is in the obvious case where
the possessor _yields_ possession to the entering party.

This was the case in _Northampton Paper Mills v._
_Ames_, 8 Metc. (49 Mass.) 1 (1844). There, the defend-
ants gave up possession to the entering mortgagee.
(The plaintiff's declaration, to the effect that the
defendant acceded to the request of the entering mort-
gagee's agents to "shut up the mill and shut down the
gate," _Id._ at 2-3, " . . . was proved[.]" _Id._ at 7.)
The issue in the case was whether, by _subsequently_
objecting to the mortgagee's presence, the defendants
rendered his entry ineffective. The Court correctly
ruled that, having given up possession, the defendant
could not regain it. The plaintiffs, having gained
possession, had standing in trespass. And their dam-
ages could be assessed from the date of the initial
entry because that is when they gained possession and
their standing in trespass arose. Furthermore, the
defendants, the _former_ possessors, who stubbornly
sought to recover possession after _giving_ it to the
entering mortgagee were now _adverse possessors_. _Id._ at
4. It was open to the plaintiffs to evict them in

-20-

trespass <u>or</u> "consider them as disseizors, and in a writ
of entry evict them." <u>Id</u>. at 7.

<u>Northampton</u> stands squarely for the proposition
that an open and peaceable entry upon the mortgaged
premises will confer a sufficient possession to main-
tain trespass, <u>only if unopposed by the mortgagor or</u>
<u>tenants holding under him</u>: The trial court noted that,
"[I]f said entry was not opposed by the mortgagor or
those acting under or for him; and [that] if the party
in possession knew such entry was about to be made, and
did not oppose it, the entry would be lawful[.]" <u>Id.</u>
at 3. The Court ruled the trial judge's instructions
"in every respect correct." <u>Id.</u> at 7.

The occupiers in the case at bar "have refused to
vacate the premises after receiving the demand for
possession." (Stip. Par. 9.) They have opposed the
entry and the case is therefore opposite to <u>Northamp-</u>
<u>ton</u>. Because the Bank's "entry" is opposed, it is
ineffective. Entry has given the Bank no possession.
Not having possession, it has no standing to bring a
trespass action.

     C.   Those Against Whom the Bank Seeks
          Relief Have Committed No Wrongful,
          Intentional Act, Nor Have They Failed
          to Perform a Duty and Are Therefore Not
          Liable in Trespass.

Trespass is an intentional entry upon, a remaining

upon, or a failure to remove things from, the land.[6]
Nolan, § 31 at 40.  "Massachusetts cases support this
position."  Id.  The Restatement similarly recognizes
that there must be an act because "[t]ort liability is
never imposed upon one who has neither done an act nor
failed to perform a duty." Restatement (Second) of
Torts §158 comment f (1965).[7]  The act must be an
"intrusion" which invades the exclusive possession of
the possessor's land.  Restatement (Second) of Torts
§158 comment c (1965).  The actor must enter personal-
ly, Restatement (Second) of Torts § 158 comment h
(1965), or cause the entry of a thing. Id. comment i.
See also, Prosser § 13.

Massachusetts accords.  There must be an illegal
entry by the defendant.  Inhabitants of Barnstable, 3
Metc. (44 Mass.) 239 at  242, (cited in Nolan § 31 at
36), New England Box, 313 Mass. at  707 (1943).  The
entry must be intentional as opposed to negligent.
Titan Holdings v. Keene, 898 F.2d 265, 272 (1st Cir.
1990). (Citing the Restatement (Second) of Torts § 158
(1965) in a construction of New Hampshire trespass

---

6.  Under the Restatement and case law, these last two
element have no bearing on the facts of the case at
bar.  They deal not with possessors, but with licensees
of possessors.

7.  The failure to perform does not enter into this
case because it is not the possessor, but his licensee
who may be under a duty.

law). "A trespass requires an affirmative, voluntary act upon the part of a wrongdoer and in that respect differs from negligence." United Electric Light Co. v. Deliso Construction Co., 315 Mass. 313, 318 (1943).

Furthermore, it is fundamental Anglo-American property law, unmodified in Massachusetts, that a holdover, whether mortgagor or tenant, whose original entry upon the land was lawful, has not wrongfully entered, is -- at the very least -- a tenant at sufferance and, therefore, not a trespasser. Lash v. Ames, 171 Mass. 487, 490 (1898). ("The tenancy at will of the plaintiff was terminated by the alienation of the land to the defendant; and he became a mere tenant at sufferance, and was not entitled to notice to quit." [Citations omitted]). Araserv v. Bay State Harness, 437 F.Supp. 1083, 1093 (D.Mass. 1977) (citing Palmer v. Fowley, 71 Mass. 545, 548-549 (1856)), Bennett v. Conant, 64 Mass. 163, 166 (1852), Ellis v. Drake, 90 Mass. 161 (1864), Cunningham v. Davis, 175 Mass. 213, 222 (1900). An action in trespass cannot be brought against such a person, Rising v. Stannard, 17 Mass. 282, 288 (1821), because he is not a trespasser, Everett v. Canton, 303 Mass. 166, 169 (1939). In fact, he is a "licensee if only a bare one," King v. G&M Realty, 373 Mass. 658, 664 (1977).

At common law one who enters lawfully upon the

-23-

land cannot trespass, since he was once in lawful
title, and is <u>presumed</u> lawfully in possession, and
therefore a tenant at sufferance, against whom <u>no</u>
<u>action of trespass may lie</u>.

> But if the tenant continueth possession, he is
> tenant at sufferance . . . [the landlord]
> cannot maintain an action of trespass against
> the tenant by sufferance, as he might against
> a stranger; and the reason is, because the
> tenant being once in by a lawful title, the
> law (which presumes no wrong in any man) will
> suppose him to continue upon a title equally
> lawful . . ."

2 W. Blackstone, Commentaries *150.[8]  <u>See</u> Park, Real
Estate Law, 28A Mass Practice § 624 (1991).  Such a
person has disseised no one, 2 Walsh, Commentaries on
the Laws of Real Property § 155, at 179 (1947).[9]

There has been no act on the part of the occupants
whom the Bank seeks to evict in trespass.  In fact, the
Bank has stipulated that at the time of foreclosure the

---

8.   From this presumption springs the equitable doc-
trine that the *status quo* will particularly be protect-
ed where it involves possession.  <u>See</u> <u>infra</u> at 35.

9.  Significantly, where the Legislature <u>has</u> defined
trespass, it accords precisely with traditional common
law:
   "This section shall not apply to tenants or occu-
pants of residential premises who, having rightfully
entered said premises at the commencement of the tenan-
cy or occupancy, remain therein after such tenancy or
occupancy has been or is alleged to have been terminat-
ed.  <u>The owner or landlord of said premises may recover</u>
<u>possession thereof only through appropriate civil pro-</u>
<u>ceedings."</u>  G.L. c. 266 § 120. (Criminal trespass.)
(Emphasis added).

occupying mortgagors and their tenants had made lawful
entry into the property.  (Stip. Par. 5).  They have
merely attempted, in vain, to hold onto their homes in
the face of the Bank's efforts to remove them. (Stip.
Par. 12).  They have done no affirmative act, inten-
tional or otherwise, which is the threshold requisite
for liability in tort.  They have committed no trespass
and no action against them under that tort lies.

II.    THE PRELIMINARY INJUNCTIONS WHICH THE BANK HAS
       OBTAINED TO EVICT OCCUPANTS FROM THEIR HOMES AS
       TRESPASSERS ARE IMPROPER.

        A. The Bank Has no Probability of Success
           on the Merits of its Claims at Trial.

    A party requesting preliminary injunctive relief
must demonstrate a probability of success on the
merits.  Packaging Industries Group v. Cheney, 380
Mass. 609, 617 (1980).  The Bank seeks preliminary
injunctive relief in trespass actions against posses-
sors of property.  As discussed above, it states no
claim for trespass to land.  It has no probability of
succeeding on the merits at trial.  Therefore, the Bank
is not entitled to preliminary relief at equity.

        B.  The Bank Has Adequate Remedies at Law Which
            Prevent its Use of Equitable Relief.

    Even if it is held that the Bank may bring an
action in trespass against its mortgagors or their

tenants, the preliminary injunctive relief which it
seeks and obtains on an interlocutory basis is inde-
pendently improper under established principles of
equity.

"[A] trespass will not be enjoined if there is
what is conceived to be an adequate remedy at law."
Dobbs, Remedies, § 5.6, at 348 (1973).  A party seeking
injunctive relief must demonstrate that without such
relief "he will suffer irreparable harm, not capable of
remediation by a final judgment in law or equity."
Commonwealth v. Mass. CRINC., 392 Mass. 79, 87 (1984).

Where an owner brings a bill in equity to obtain
possession of an estate, the bill should be dismissed,
since summary process offers him "a plain, adequate and
complete remedy at law and the case does not come
within the equitable jurisdiction of this court."
Weiss v. Levy, 166 Mass. 290, 293 (1866).

One seeking to recover possession through summary
process has a "speedy remedy."  Serezze v. YWCA of
Western Mass., Inc., 30 Mass. App. Ct. 639, 644 (1991).
(Holding that G.L. § c. 186 § 14 "does not require a
classic tenancy," that tenants must be evicted through
judicial process as opposed to self, and that "it is
not a characteristic feature of summary process law
that the landlord who seeks possession is without
speedy remedy."  Id. at 642-644).

Owners such as the Bank have legal recourse to
specific summary process rights -- including the right
to recover for accrued rent and payment for such use
and occupancy as has occured prior to and during the
proceeding for rent accrued during the proceeding,
pursuant to G.L. 239.  Bond requirements are also
provided pursuant to G.L. c. 239 § 5 and 6 and final
judgment may issue under that statute.

The Commonwealth does not contend that the provi-
sions of G.L. c. 239 are the only means by which an
owner may recover possession of its premises.  For
example, if, after default, a mortgagor opposes entry
by a mortgagee (i.e., refuses to yield possession
peaceably), the mortgagee has the option to bring an
action pursuant to G.L. c. 244 §§ 1, 4-5 to obtain a
writ of entry to recover possession.  Significantly,
Section 4 of the statute expressly provides that such a
writ proceeding "shall be conducted like an action for
possession."  Therefore, an action for possession under
G.L. 244 is probably a "proceeding authorized by law"
that is a legitimate alternative, under G.L. c. 184 §
18, to summary process actions to recover possession of
premises.

In all events, the Bank has not sought writs of
entry.  Given the facts stipulated, a trespass action
is not a proceeding authorized by law, because a mort-

-27-

gagee seeking to recover possession of foreclosed
property has no standing at law to bring a trespass
action. The Bank's only appropriate remedy is pursuant
to the provisions of G.L. c. 239. Its remedy is clear.
No equitable relief should be made available to it and
it must be prohibited from seeking to recover posses-
sion of residential premises through interlocutory
injunctions.

The summary process statute, G.L. c. 239, and the
Uniform Summary Process Rules, evidence the General
Court's clear intent that possession of residential
dwellings be recovered through a carefully-constructed
procedure which invokes vigilant judicial supervision
in situations where fundamental rights to home and
shelter are uniquely and commonly susceptible to
abuse.[10]

Summary process procedure is a comprehensive
framework of fundamental and procedural rights which
the General Court has mandated for those threatened
with eviction from home and shelter. It is a balanced
statutory remedy, "an almost complete civil
proceeding," Shea v. Neponset Marine & Sportfishing

---

10. Judicial protection of the sanctity of the home is
a basic tenet of our law. The home is "at the center of
those property interests historically sought to be
protected by due process." O'Bannon v. Town Court
Nursing Center, 447 U.S. 773, 792, n. 2 (1980) (Black-
mun, J., concurring).

-28-

Inc., 14 Mass. App. Ct. 121, 127 (1982), designed to
afford occupants often unsophisticated in the law and
without resources with reasonable means through which
to assert their rights and defenses.

In pursuit of its end, the General Court has
applied "the extensive changes through case law in the
legal relationship between tenant and landlord and a
host of legislative enactments providing tenants with
new rights and remedies."  Uniform Summary Process Rule
1, comment (1991).  The need for the summary process
rules has arisen because "[t]hese changes have made the
legality of possession an often difficult and complex
judicial question."  Id. (Emphasis added.)

This "difficult and complex judicial question" --
i.e., who may occupy the residential premises, with
nothing less than home and shelter hanging in the
balance -- is to be resolved by full, fair adjudication
of the rights and defenses of the parties.  To secure
such adjudication, the General Court has guaranteed to
owner and occupier alike a panoply of constitutional,
substantive and procedural rights, including:  Jury
Trial (Uniform Summary Process Rule 8); Discovery (Rule
7), Counterclaim (Rule 5); Pretrial and Other Motions
(Rule 6); Equitable Relief (Rule 9); Relief from Judg-
ment (Rule 11); Appeal (Rule 12).

The Commonwealth contends that these rights cannot

-29-

be abrogated through equitable relief at a mortgagee's
mere election, and often on an order of short notice.
The Legislature did not intend such a pernicious
choice. To thus interpret G.L. c. 239, permitting its
circumvention at a party's whim, implies a barren act,
which intent this Court should not impute to the Legis-
lature, Insurance Rating Board v. Commissioner of
Insurance, 356 Mass. 184, 189, (1969).

Such an interpretation frustrates the obvious
purpose of the statute, see, Bloom v. City of Worces-
ter, 363 Mass. 136, 155 (1972). The Court should not
conclude an irrational intent, Commonwealth v. Bosquet,
407 Mass. 854, 859 (1990), but apply common sense in
its interpretation, Id.

The summary process statute's purpose is to create
a framework of substantive rights and procedures, not a
mere electable remedy invocable at a mortgagee's or
landlord's whim. This would subvert the General
Court's clear intent "to mitigate hardships to tenants
while protecting adequately the rights of the owner."
Opinion of the Justices, 321 Mass. 772, 774 (1947),
Grace v. Brookline, 379 Mass. 43, 54 (1979).

By its practices, the Bank subjects residential
occupants of its foreclosed properties to the arcane
proceedings of an equity court, often on short notice
necessitating pro se appearances, there to defend their

-30-

fundamental rights to home and shelter, stripped of the
procedural and constitutional guarantees granted them
by the Legislature. This is the opposite of the Gener-
al Court's intent that a complete proceeding determine
a Commonwealth resident's right to possession of his or
her home.

    C.   Equity Cannot Deprive A Party of A Jury Trial
        Where Such an Entitlement Has Been Granted by
        the General Court.

    This Court has concluded that the legislative
intent of summary process procedures was to provide a
right to trial by jury. Nalbandian v. Patrizzi, 369
Mass. 477, 478 (1976). See, Lawless-Mawhinney v.
Mawhinney, 21 Mass. App. Ct. 738, 742 (1986). "[T]he
power to grant a jury trial reposes in the Legislature
which can confer a right to a jury trial in connection
with a newly recognized cause of action." Nei v.
Burley, 388 Mass. 307, 312 (1983).

    Where there is a right to trial by jury, a party
cannot be deprived of that right merely because the
case is cognizable in a court of equity. Stockbridge
v. Mixer, 215 Mass. 415, 418 (1913). Nor may a party
who has not voluntarily selected equity be haled into
an equity court and compelled to surrender its right to
a jury trial where that right exists, Matsushita Elec-
tric Corp. of America v. Sonus Corp., 362 Mass. 246,
252 (1972).

"In all controversies which are within the pur-
view of [Article XV of the Declaration of Rights], the
'method of procedure' of a trial by jury must be held
sacred, <u>whatever</u> the other forms of procedure may be."
<u>Powers v. Raymond</u>, 137 Mass. 483, 486 (1884). (Empha-
sis added). "The essence of that right is that contro-
verted facts shall be decided by the jury. Each party
must have on proper demand at least one fair opportuni-
ty to present to the jury the evidence which raises a
disputed issue of fact." <u>Farnham v. Lenox Motor Car
Co.</u>, 229 Mass. 478, 481 (1918), <u>see</u> <u>Commonwealth v.
Belino</u>, 320 Mass. 635, 639 (1947).

A right to jury trial has been conferred upon
landlords, tenants, mortgagees and mortgagors, among
others, through Rule 8 of the Uniform Summary Process
Rules as promulgated through G.L. c. 239.[11] That
right is determined not by the cause of action, but by
the form of relief sought. Where a <u>case</u> contains
<u>issues</u> of fact, parties to whom jury trials have been

_____

11.    In pertinent part:
    "Jury trials are available in summary process
actions in the Superior Court Department . . . and in
the Housing Court Department [also on appeal from the
District Court or Boston Municipal Court
Departments] . . ."
    "Determination of the issues in which jury trial
is available and the procedures therefore are governed
by Mass. R. Civ. P. 38, adopted by reference in this
rule."  Uniform Summary Process Rule 8, comment.

granted by the General Court cannot be deprived of a
jury to determine those fact issues.

Because the General Court has exercised its ple-
nary, constitutional power to grant trial by jury to
all residential dwellers, landlords and mortgagees in
the Commonwealth through G.L. c. 239, and because, to
the Attorney General's knowledge, no occupants have
"voluntarily selected" equitable proceedings at which
to vindicate his or her rights, Matsushita, 362 Mass.
at 246, no court of equity -- indeed no exercise of any
power -- may deny such a trial.

Preliminary injunctions which in effect determine
the ultimate issue in these cases on an interlocutory
basis, (i.e., possession of the premises, see discus-
sion, infra, at p. 37) deprive the occupant of the
opportunity to present the "issues of fact" contained
in his "case" to a jury.  Thus, the Bank must be en-
joined from proceeding at equity to deprive occupants
of this basic right as guaranteed by the General Court
through Article XV of the Declaration of Rights.

D.  Injunctions Will Not Transfer Possession.

"[E]quity does not undertake to supply means by
which one who already has the title can dislodge a
wrongful possessor . . . It is not the purpose of
equity to try titles to real estate and put one party
out of possession and another in." Glickman v. Kastel,

323 Mass. 148, 149-150 (1948) (Qua, C.J.).

"It is axiomatic in equity jurisprudence that
[an injunction] cannot be pursued merely to try title
or merely to transfer possession of real property from
the defendant to the plaintiff." Annotation, Remedy of
Tenant Against Stranger Wrongfully Interfering With His
Possession, 12 A.L.R. 2d 1192, 1201 (1949), (citing,
inter alia, Weiss v. Levy, 166 Mass. 290, 293 (1896),
"For a court of equity to disturb the status quo by
dispossessing before trial would have been impermissi-
ble 'meddling with freehold.'" Leubsdorf, The Standard
for Preliminary Injunctions, 91 Harv. L. Rev. 525, 534
(1978). (Hereafter, "Injunctions").

"There is not and has never been any equity in a
bill requesting an injunction to recover possession of
land," Glickman, 323 Mass. 150, "[P]laintiffs in such
cases must resort to the ordinary remedies for the
recovery of the possession of land." Id. "[E]quity
will not transfer land by preliminary injunction."
Dobbs, Remedies, § 5.6, at 352 (1973). Furthermore,
there is no equity for a foreclosing mortgagee to
regain possession because right to present possession
"is the peculiar function of the summary remedy provid-
ed by" the statute. Edwards v. Columbia
Amusement Company, 215 Mass. 125, 128 (1913).

Because equity is unavailable in such cases, a

-34-

bill in equity should be dismissed where a landlord
attempts recovery of possession, since the appropriate
remedy is summary process. Weiss, 166 Mass. at 293. A
bill in equity should similarly be dismissed where a
mortgagor attempts to recover possession against a
tenant. Holman v. Bailey, 44 Mass. 55, 57 (1841).

The Bank seeks possession from occupiers and the
same rule applies to the same facts. Thus, in Massa-
chusetts, there is no equitable relief available to the
Bank to recover possession of homes to which it pur-
portedly has rightful title, but no actual possession.

### E. A Preliminary Injunction Must Protect the Status Quo Ante Litem, Particularly of a Possessor.

The purpose of the preliminary injunction is to
preserve the status quo. The status quo is the "last
uncontested status which preceded the pending contro-
versy." Westinghouse Electric Corp. v. Free Sewing
Machine Co., 256 F.2d 806, 808 (7th Cir. 1958), Note,
Developments in the Law, Injunctions, 78 Harv. L. Rev.
994, 1058 (1965).

The "last uncontested status" here was the Bank as
mortgagee and the occupant as possessor of the prem-
ises. It is that status which must be preserved pend-
ing determination of the rights of the parties. The
Bank makes no showing that it is entitled to prelimi-
nary relief which summarily alters the relationship of

-35-

the parties.

Furthermore, the root of the status quo doctrine
is "the protected status of possession under the common
law" irrespective of title or other right to the
property. Injunctions, 534. Thus, the law, "which
presumes no wrong in any man," 2 Blackstone, Commen-
taries *150, presumptively protects a possessor until
his or her rights are determined at law in a full and
fair hearing -- not a preliminary injunction proceed-
ing. See, n.9, supra.

Before issuing relief, it is first and foremost
the judge's charge to preserve "a state of affairs such
that after the full trial, a meaningful decision may be
rendered for either party." Packaging Industries, 380
Mass. at 609. "Since preliminary injunctions issue on
the basis of rudimentary hearings, the preliminary
injunction standard should aim to minimize the probable
irreparable loss of rights caused by errors incident to
hasty decisions." Injunctions, 540.

The Bank's preliminary injunctions do not preserve
the status quo. They reverse it. They put the posses-
sor -- whose conduct is presumed rightful at law -- out
of possession. The preliminary relief they obtain is
therefore obnoxious to the ancient virtue of possession
and an inappropriate use of equity.

F. A Preliminary Injunction Cannot Grant Final
Relief.

Of course, the interlocutory relief the Bank will
continue to seek and obtain if not enjoined is anything
but "preliminary." It results in permanent eviction.
A single blow of the Bank's "equity" (i) vitiates
occupants' rights, (ii) evicts the resident and (iii)
obviates trial by jury.

But a preliminary injunction must be "prelimi-
nary." It cannot go so far as to relieve a party of its
"burden of proving anything at trial." In the Matter of
McKnight, 406 Mass. 787, 792-793 (1990). A court which
grants such relief "effectively render[s] a final
determination of rights based on the evidence presented
at the expedited preliminary injunction hearing." Id.

The Bank commences an action at law, in tort, for
trespass. (Stip. Par. 10). Within that legal action
it seeks and obtains interlocutory, equitable relief
which disposes of the possessory aspects of the case
before tort damages may be determined.

Its use of "preliminary" injunctions to obtain
final relief, i.e., eviction of the occupant, is an
invidiously cynical use of equity jurisprudence and an
impermissible method of recovering possession of resi-
dential property from those who live in it.

-37-

G. Because the Balance of Harms Overwhelmingly
Favors the Occupant in Peril of His Home, He
May Not Be Preliminarily Enjoined Out of
That Home and the Bank is Not Entitled to
Such Equitable Relief.

Although the Commonwealth need not discuss the balance of harms when its Attorney General requests injunctive relief, Commonwealth v. Mass. CRINC., 392 Mass. 79, 88 (1984), that balance so decidedly favors occupants in this case as to require mention.[12]

The Bank's ongoing practice, if not permanently enjoined, will result in the certain continued eviction of residents from their homes before full determination of their rights. On the other hand, if enjoined, the Bank will lose nothing. It is entitled to recovery of any reasonable payments for use and occupancy which accrues during the pendency of the action and appeal. G.L. c. 239 § 2, Kargman v. Dustin, 5 Mass. App. Ct. 101, 109, 112 (1977), Jinwala v. Bizzaro, 24 Mass. App. Ct. 1, 7 n.4 (1987). The Bank's alleged injuries are pecuniary, and in many instances self-generated because

---

12. The Commonwealth asserts that such harms as may inhere in disputes over possession of property have been legislatively balanced in the summary process statute. This Court has already found such balance in G.L. 239, which "mitigates hardships to tenants and protects adequately the rights of the owner." Grace, 379 Mass. at 54, Opinion of the Justices, 321 Mass. at 774. The balance of harms, therefore, cannot favor the Bank because its interests are adequately protected in summary process. It is threatened with no greater harm than any owner seeking recovery of possession from any occupier.

it uniformly refuses to accept any tender of payment.
(Stip. Par. 4). Its remedies are monetary judgments.
It will therefore suffer no irreparable harm if stayed
from its conduct.

The Commonwealth is aware of the proposition that
"land is unique and [that] money is an inadequate
substitute." Were it land the Bank seeks, this venera-
ble tenet might apply. But the Bank wants money, not
land. It does not wish to be a landlord. This is
precisely why it refuses the tenders of payment from
its tenants. The Bank can hardly assert the uniqueness
of land of which it is attempting to rid itself. Land
is indeed unique to one whose pleas for the right to
continue living in his own home fall on deaf ears; it
is hardly unique to a bank-mortgagee for whom space is
an entirely fungible commodity, more valuable empty
than occupied. Its "uniqueness" claim is disingenuous.

Because the balance of harms cuts decidedly in
favor of the occupants, the Bank is not entitled to
preliminary injunctions to recover the premises.
Because of the public harm the Bank does to citizens of
the Commonwealth through this misuse of equity, it must
be permanently enjoined from its mischief.

III.   THE BANK'S PRACTICE OF EVICTING OCCUPANTS FROM
       THEIR HOMES BY PRELIMINARY INJUNCTIONS OBTAINED
       IN TRESPASS ACTIONS SHOULD BE DECLARED UNLAWFUL
       AND ENJOINED.

The Commonwealth, in Prayers 1 and 3 of its Com-
plaint, seeks declaratory and injunctive relief which
would prohibit the Bank from engaging in practices that
are inappropriate means of recovering possession under
the circumstances presented.  Rather, when the Bank
forecloses on property and the occupant opposes entry,
 the Commonwealth asserts that the necessary and appro-
priate forum in which possession, and the retention or
recovery thereof, must be determined is through summary
process procedures as set forth in G.L. c. 239.

The Bank contends, however, that this result is
pyrrhic and creates costly and undue delays against its
"undeniable" right to possession.  However, the Bank
confuses the issue of _right_ to possession and the
process by which such that right is vindicated.  Even
assuming the Bank has a right to possession,[13] no one
would contend that it has unlimited means through which
to exercise that right.  Self-help, for example, would
clearly be impermissible.  There are rules for the
manner in which one proceeds to evict another from his

_____

13.  A fact the Commonwealth need not and does not
concede.  This case does not involve the right to
possession, but only the manner, forum and procedure
through which that right, where such right exists,
should be determined.

-40-

home.   These legislatively created procedures cannot be
ignored, and a more convenient, though impermissible,
alternative elected, at the "option" of the indisputa-
bly more powerful party.

The procedures required are far from meaningless,
even under these circumstances.  The Bank accepts that
after foreclosure for sale the mortgagor and those
holding under him are at least tenants at
sufferance.[14]   As such they are entitled to minimum,
yet significant, rights that might be lost without
access to summary process.  These include but are not
limited to claims and defenses against the Bank based
on the condition of the premises as provided in G.L.
239 § 8A and stays of proceedings at the court's dis-
cretion pursuant to G.L. c. 239 § 9.  It is clear why
the Bank wishes to avoid such implications.  It is
equally clear, though, that affected residents would be
loathe to give up these rights.

Similarly, it is far from certain that there are

_____

14.   They arguably may be more, however, as a result of
contractual or statutory rights conferred.  For the
purposes of this case, the Commonwealth is satisfied
that, even as tenants at sufferance, they are entitled
to summary process procedures, just as any other tenant
whose tenancy allegedly has been terminated.  By not
arguing for such higher status or greater rights as may
exist for such persons, the Commonwealth does not
intend to foreclose its or any others' ability to make
such arguments at other times in appropriate cases.

-41-

no legal or factual matters to be determined here, even
when the only rights at issue are limited to those
conferred upon occupants by virtue of their pre-fore-
closure status as mortgagors or post-mortgage status of
mortgagors.  There may be challenges to the underlying
loan transactions or the Bank's lending practices that
survive the foreclosure.  The tenants or occupants may
have rent subsidy or rent control rights that statuto-
rily supersede those of the mortgagee.  Certain tenan-
cies or tenant rights may be extended as a matter of
law by G.L. c. 186 § 13 or other legislative provi-
sions.

Such issues need not be determined here.  But
neither should they be decided on an interlocutory
basis in a trespass action.  Instead they should be
fully aired in a summary process proceeding where all
legal rights can be protected and a complete factual
record may be created and preserved.

Furthermore, the Bank contends that the fact that
the Superior Court has, in most of the cases thus far,
granted injunctive relief for trespass confirms and
legitimizes its activities.  This is mere bootstrapping
of an argument.  First, this Court is obviously not
bound by the decisions of the trial court, but rather
may independently determine the law based on the facts
presented.

-42-

Second, it is not clear from the available records
how many of these cases were opposed with benefit of
competent counsel. This is precisely the hazard which
arises from the Bank's tactics. Unsophisticated,
inexperienced occupants, faced with short orders of
notice which give them little time to find and engage
an attorney, are ill-prepared to defend their homes at
preliminary injunction hearings.

Third, the bases for the Superior Court's deci-
sions are not known in most cases. Very few written
orders or opinions have been issued and most are curso-
ry. The Commonwealth obviously believes that those
written orders and opinions premised upon erroneous
conclusions of law are of little or no precedential
value.

Finally, the Bank argues that the relief the
Commonwealth seeks is improper because it enjoins
litigation or otherwise interferes with the appeals
procedure in other extant cases. The Commonwealth
seeks not to enjoin litigation but to obtain a ruling
on the proper manner in which it should proceed. In
all events, this Court certainly has the jurisdiction
and power to hear the Commonwealth's complaint and
grant relief under its superintendence power, G.L. c.
211 § 3, under the Declaratory Judgment Act, G.L. c.
231A and under its equitable jurisdiction, G.L. c. 214

§ 1.  The injunctive relief requested is directed only
at the Bank's future actions and not those of the trial
courts themselves, whether past or future.  The orders
are also intended to provide effective notice of the
Court's rulings to those mortgagors and tenants cur-
rently subjects of the Bank's trespass eviction proce-
dures so that they may be informed of their rights and
afforded the opportunity to mount an adequate defense.

Both the mortgagors and their tenants are entitled
to this relief.  Although their interests differ in
many respects, their rights herein stem from the same
source.  Each lawfully occupied the premises prior to
foreclosure and retained possession after the Bank
attempted to foreclose by entry.  Having thus retained
possession, neither group can be construed as trespass-
ers.  Nor is preliminary injunctive relief available in
trespass actions to dispossess them.

The tenants present a compelling situation.  They
did not default on a mortgage loan or create any just
cause for their evictions.  They are the innocent
victims of their landlords' legal and financial prob-
lems.  Yet the Bank would want this Court to hold that
these people have the additional burden of losing the
rights virtually all other tenants possess.

Tenants under a foreclosed mortgagor should re-
ceive no different treatment than other tenants.

-44-

Whether a lease expires by its terms, or a tenancy at
will is terminated upon notice, or a tenant is arguably
affected by a foreclosure, at the least they all become
tenants at sufferance.  Such sufferance is extinguished
when the owner recovers possession from the holdover by
appropriate legal means as established in G.L. c. 184 §
18.

No plausible or acceptable reason exists to dis-
tinguish the tenant of the foreclosed mortgagor.  His
expectations are the same as any other tenant.
Similarly, the Bank knows what it is getting into when
it lends money secured by residential leasehold proper-
ty.  The law should apply equally.  The tenant of the
foreclosed mortgagor is entitled to summary process
proceedings under these circumstances in order that the
possessory rights to the premises he occupies are fully
and fairly determined.

Conversely, if this Court determines that an
action in trespass lies against mortgagors' tenants, it
could conceivably be argued that such an action lies
against all tenants at sufferance.  Since, by defini-
tion, virtually all tenants whom landlords seek to
evict by summary process have had their tenancy rights
terminated and therefore are tenants at sufferance, the
very procedure could then be avoided to the point of
extinction.  All of the common and statutory rights pro-

tected by the Legislature in summary process would be
undercut if not entirely vitiated. The very privileges
which the occupants in the case at bar have been denied
-- jury trial, counterclaim, defenses, extensions, etc.
-- would be eliminated in favor of speedy preliminary
injunctions against occupants for purportedly trespass-
ing in their own homes.  The extensive, recent develop-
ment of modern landlord-tenant law would be wiped out
in one mighty, and unfortunate, blow.

Similarly, to allow the Bank standing in common
law trespass opens the tort to all those similarly
situated, i.e., any non-possessor claiming a possessory
right in property held by another.  Trespass would no
longer be an invasion of possession, but a new and
undefined battle over undefined rights in land and
chattels.  The virtue of possession would be extin-
guished.

The extraordinary difficulty that would befall
Massachusetts jurisprudence is not to be contemplated
and could never have been intended.  The Court should
not take the drastic view of the common law urged upon
it by the Bank when it asserts standing in trespass
against those who have not invaded its possession.  The
relief sought by the Commonwealth can and must be
granted.

## V.  CONCLUSION

Under historic and existing Massachusetts law,
neither the Bank's mortgagors or tenants of such mort-
gagors can be deemed trespassers if they oppose the
Bank's entry on the property in their possession.  If,
as these occupants have, they refuse to surrender
possession of the homes they lawfully occupy, they
retain that possession.  Nonetheless, the Bank persists
in its attempts to have these occupants treated as
trespassers.  It continues to seek preliminary injunc-
tive relief which wrongfully disposseses these occupants,
driving them from their homes before their rights are
properly adjudicated, indeed before anything even
approximating a trial on the merits can occur.

The hubris which animates the Bank's "express
lane" eviction strategy is perfectly clear.  It be-
lieves that its novel approach to tort will accelerate
recovery of possession and that it is somehow entitled
to this special, expedited status.  All this despite
the fact that their result is ultimately obtained by
depriving occupants of the rights and privileges af-
forded them by summary process and other recognized
civil eviction procedures intended to protect resi-
dents, and at the expense of the very safeguards built
into such procedures.

In pursuit of its aims, the Bank has adopted and

relied upon extraordinary tactics, exacerbated by
unnecessary time constraints, that place individual
occupants at a distinct and unfair disadvantage in
attempting to defend their homes. Yet, when it comes
to determining the fundamental issues involved in such
matters, speed and expedience should be secondary
concerns only. When such speed is achieved, as here,
by means unrecognized at law or equity, those means
must be prohibited.

The Commonwealth does not seek to create an undue
advantage for one side or the other in these disputes.
Both owners and occupiers-in-possession are entitled to
full and fair determinations of the factual and sub-
stantive legal issues presented. A level playing field
exists through summary process, and other appropriate
eviction remedies, through which matters of possession
can, and should, be promptly and efficiently resolved
without jeopardizing the Bank's legitimate financial
interests or chilling the rights of its occupants.

Conversely, the Bank's scheme is an unjustified
and unwarranted intrusion into the constitutional and
common-law rights of Commonwealth citizens. Its ac-
tions should not be abetted, recognized, allowed or
enforced.

Therefore, the Court should declare the Bank's
practice invalid, permanently enjoin its future use and
take whatever further steps are necessary and appropri-
ate to reaffirm common law rights to possession of
Massachusetts homes.  Only in this way can the Court
insure that issues arising from such possession are
decided in the fair and proper forum.


THE COMMONWEALTH OF MASSACHUSETTS

SCOTT HARSHBARGER,
ATTORNEY GENERAL


By: _____

STUART T. ROSSMAN
Assistant Attorney General
Chief, Real Estate Section
BBO# 430640
Stephen Dick
131 Tremont Street
Boston MA 02111
(617) 727-3420


April 24, 1992

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of
the above document was served upon the
attorney of record for each party by mail/by hand.

Date: 4/24/92 _____

-49-

APPENDIX "A"

Stipulation of Agreed Facts

# Supreme Judicial Court
# for Suffolk County

Civil Action No. 92 - 121

---

COMMONWEALTH OF MASSACHUSETTS, )
)
*Plaintiff,* )
)
v. )
)
DIME SAVINGS BANK OF NEW YORK, FSB, et al., )
)
*Defendant.* )
)

---

## STIPULATIONS OF FACT

The parties to this action hereby stipulate that, solely for purposes of determining the legal issues in controversy between them in this action, the following facts may be taken as true and represent all of the facts material to the controversy.

1. The plaintiff is the Commonwealth of Massachusetts, acting by and through the Attorney General of the Commonwealth.

2. The defendant Dime Savings Bank of New York, FSB is a federally chartered savings bank. The defendants Garden Management Co., Inc. and Dime Real Estate Services—Massachusetts, Inc. are wholly-owned subsidiaries of Dime Savings Bank which have, on occasion, held title to mortgages and properties for and on its behalf. As used herein, the defendants are referred to collectively as the "Bank" or "Dime." Dime has previously granted loans secured by mortgages of real property located in the Commonwealth.

3. In all of the cases upon which the present controversy is founded, the mortgagors defaulted in their obligations and the statutory condition was therefore unfulfilled.

4. In all of the cases upon which the present controversy is founded, the Bank recorded memoranda of entry under G. L. (1990 ed.) ch. 244, §§ 1, 2 and

conducted a mortgage foreclosure sale and obtained perfected title to the subject real properties by being the high bidder at the foreclosure sale.

5. At the time of such foreclosures, some of these properties were occupied by the mortgagors, or by tenants of the mortgagors, all of whose entry into the property was lawful at the time it was made.

6. In the case of tenants of the mortgagor, in all of the cases upon which the present controversy is founded, all such tenancies were created after the grant by the mortgagor of the mortgage to the Bank (hereinafter referred to as "post-mortgage" tenants or tenancies). The Bank makes no claim to a right of possession paramount to the right of a *bona fide* tenant of a former mortgagor whose tenancy was created prior to the grant of the mortgage and to which the grant of the mortgage is subject.

7. In all of the cases upon which the present controversy is founded, no provision contained in the mortgage documentation or otherwise, and no other event, conferred any right of continued possession upon the occupants beyond whatever right (if any) they have to continued possession by virtue of their pre-foreclosure status as mortgagors or post-mortgage tenants of mortgagors.

8. After the Bank obtained title to the property by virtue of the foreclosure deed, it sent notices to the occupying former mortgagors and post-mortgage tenants demanding possession of the property.

9. In all of the cases that are the subject of this action, the former mortgagor and/or post-mortgage tenants of the former mortgagor have refused to vacate the premises after receiving the demand for possession.

10. As a result of the continued occupation of the properties by the former mortgagor and/or post-mortgage tenants of the former mortgagor, actions for common law trespass have been commenced by the Bank in the Superior Court. (For reasons not presently material, a couple of these other actions have been brought in other divisions of the Trial Court, but all are hereinafter referred to as the Superior Court actions.)

11. In the Superior Court actions, the Bank has sought preliminary and permanent injunctions against a continuing trespass, and in some of the cases the prayer for preliminary injunctive relief has come on for hearing on so-called "short orders of notice" ordered by the Court. In all of the cases that are

the subject of this action, more than 30 days has passed between the giving of the demand for and the commencement of the legal action.

12. In the Superior Court actions brought against post-mortgage tenants of the former mortgagor, the Bank has not asserted as grounds for recovering possession any wrongdoing by the tenant, but only a claim that, by virtue of the default, entry (as recorded on the memorandum described in ¶ 4), foreclosure and demand for possession, such occupants have become trespassers as against the Bank.

13. The Superior Court has, in most of those cases that have been heard thus far, determined the occupants to be trespassers and granted preliminary or permanent injunctive relief to the Bank.

14. In all of the cases that are the subject of this action, at no time has the Bank sought or accepted (in those cases where it has been tendered) any payments as rent or for use and occupation by the occupants, or taken any other step that might have created a new post-foreclosure tenancy between it and the occupant.

15. The plaintiff contends that the legal procedure by which the defendant must recover possession of residential property from individuals whose original entry upon the premises was lawful is the summary process proceeding, mandated by G. L. (1990 ed.) ch. 239. The Bank contends that it may proceed under ch. 239 or by "such other proceedings authorized by law," which includes suit for an injunction against a continuing trespass, at its option.

Stuart T. Rossman (BBO #430640)
Assistant Attorney General
Chief, Real Estate Section
Office of the Attorney General
131 Tremont Street
Boston, Massachusetts 02111
Telephone: 727-3420

*Attorney for the Plaintiff*

R. K. Gad III (BBO #182160)
Colin J. Zick (BBO #556538)
Ropes & Gray
One International Place
Boston, Massachusetts 0
Telephone: 617-951-7000

*Attorneys for the Defendant*

No. 05928.

COMMONWEALTH OF MASSACHUSETTS,
Plaintiff,
v.
DIME SAVINGS BANK OF NEW YORK, FSB, et al.,
Defendant.

ON RESERVATION AND REPORT FROM THE
SINGLE JUSTICE OF THE SUPREME
JUDICIAL COURT.

**Brief for the Plaintiffs.**

SUFFOLK COUNTY.

Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):   *R. Susan Woods*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:   *Order to Compel*

2. State the date on which the judgment, order, or decree was entered:   *2-15-19*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  *Trustee*      Attorney:  *Joe Collins*
                                 *101 State Street*
                                 *Springfield, MA*
                                        *01103*

2. Party: _____   Attorney: _____

Official Form 417A          Notice of Appeal and Statement of Election          page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____     Date: __2-19-19__

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

R. Susan Woods
P. O. Box 160
Hadley, MA 01035-0160
413/883-1414

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

02/15/2019 GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

## **EMERGENCY MOTION TO COMPEL**

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, Trustee in Bankruptcy of R. Susan Woods ("Trustee"), and he does hereby move for entry of an Order, on an **emergency basis**, compelling R. Susan Woods (the "Debtor") to surrender property of the Estate in compliance with the Court's Order dated February 14, 2019 granting the Trustee's Motion to Sell Property Free and Clear [Docket No. 260], a Bench Order entered during the February 14, 2019 Sale Hearing, and the law.  In support of this Motion, the Trustee respectfully represents as follows:

1.      On July 10, 2018, the Debtor filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts, Western Division.

2.      On July 11, 2018, Joseph B. Collins accepted an appointment as Trustee for the Debtor's bankruptcy estate and he continues to serve in that capacity.

3.      On January 7, 2019, the Trustee filed a Motion to Sell Property Free and Clear (the "Sale Motion") seeking authority to sell a single-family home located at 70 Russell Street, Hadley, Massachusetts ("Russell Street Property") to Mickey and Cora Long (the "Buyers") free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. § 363(b) and (f).

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
            Petitioner

## Petitioner's Emergency Motion to Vacate Orders

NOW COMES debtor, R. Susan Woods, and requests this Court immediately vacate its orders of February 14, 2019 and February 15, 2019, Order on Motion to Sell and Order on Motion to Compel.

These orders have the effect of attempting to terminate Woods' possessory interest in the property at 70 Russell Street in Hadley, Massachusetts, and to evict without the benefits and rights under Massachusetts Uniform Summary Process Rules and controlling eviction statute Mass General Law ch. 239[1].

Under Mass General Law ch. 184 §18 the only means of eviction of someone who lawfully enters a property and gains possession is through the chapter 239 summary process statute. This is further affirmed in the second paragraph of the criminal trespass statute, Mass General Law ch. 266 § 120:

---

[1] The actual section of the Eviction/Summary Process Chapter, Chapter 239 section 3, that addresses the levying of an execution is clear that it *only applies to **Defendant(s)** against whom the Summary Process judgment was made:* "At least forty-eight hours prior to serving or levying upon an execution issued on a judgment for the plaintiff for possession of land or tenements rented or leased for dwelling purposes, the officer serving or levying upon the execution shall give the **defendant** written notice that at a specified date and time he will serve or levy upon the execution and that at that time he will physically remove the defendant and his personal possessions from the premises if the defendant has not prior to that time vacated the premises voluntarily." [emphasis added] At no time has Woods been a defendant in a Summary Process case to evict her from the 70 Russell Street, Hadley, Massachusetts, property which resulted in an Execution for the Plaintiff. Woods was a defendant in 18 SP 663 in the Housing Court, Western Division, dated 2/12/2018, in which Woods was dismissed from the case by Order dated 3/15/2018. On 4/2/2018 the case resulted in a Voluntary Dismissal at Plaintiff's request. Please see attachment, Docket Report (exhibit 1).

02/19/2019 DENIED. IN LIGHT OF THE NOTICES OF APPEAL FILED ON FEBRUARY 15, 2019 [DOCKET #262] AND FEBRUARY 19, 2019 [DOCKET #276], THIS COURT NO LONGER HAS JURISDICTION TO RULE ON THIS MOTION. SEE WHISPERING PINES ESTATES, INC. V. FLASH ISLAND, INC. (IN RE WHISPERING PINES ESTATES, INC.), 369 B.R. 752 (B.A.P. 1ST CIR. 2007).

⅟₇

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

## EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, Trustee in Bankruptcy of R. Susan Woods ("Trustee"), and he does hereby move for entry of an Order, on an **emergency basis**, finding R. Susan Woods (the "Debtor") in contempt of the Court's Orders dated February 14, 2019 and February 15, 2019 for failing to surrender property of the Estate.  In support of this Motion, the Trustee respectfully represents as follows:

1.      On July 10, 2018, the Debtor filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts, Western Division.

2.      On July 11, 2018, Joseph B. Collins accepted an appointment as Trustee for the Debtor's bankruptcy estate and he continues to serve in that capacity.

3.      On January 7, 2019, the Trustee filed a Motion to Sell Property Free and Clear (the "Sale Motion") seeking authority to sell a single-family home located at 70 Russell Street, Hadley, Massachusetts ("70 Russell Street") to Mickey and Cora Long (the "Buyers") free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. § 363(b) and (f).

4.      70 Russell Street constitutes property of the Debtor's Bankruptcy Estate.

5.      On February 14, 2019, the Court held a hearing on the Sale Motion and the objections filed by the Debtor to the Sale Motion (the "Sale Hearing").

6.      At the Sale Hearing, the Debtor informed the Court that she had taken possession of 70 Russell Street.

7.      The Debtor's action in seizing property of the Bankruptcy Estate was without the authorization of either the Court or the Trustee.

8.      During the Sale Hearing, the Court directed the Debtor to not enter 70 Russell Street (the "Bench Order").

9.      On February 14, 2019, the Court entered an Order (the "Sale Order") granting the Sale Motion, overruling the Debtor's Objections, authorizing the sale of 70 Russell Street to the Buyers; and further, the Sale Order enjoined the Debtor from "asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property."

10.     The Debtor has been provided with a copy of the Sale Order.

11.     On February 15, 2019, the Debtor sent an email to the Trustee announcing her intention to remain in possession of 70 Russell Street in disregard of the Court's Bench Order and Sale Order.  The February 15, 2019 email also stated that the Debtor had changed the locks to 70 Russell Street on February 12, 2019, two days before the Sale Hearing.

12.     On February 15, 2019, the Trustee filed a Motion, on an emergency basis, seeking an Order compelling the Debtor to immediately surrender 70 Russell Street to the Trustee, pursuant to the Sale Order, the Bench Order, and Sections 362(a)(3), 521(a)(3), and 521(a)(4) of the Bankruptcy Code (the "Motion to Compel") [Docket No. 266].

13.     On February 15, 2019, the Court issued an Order granting the Motion to Compel and ordering the Debtor "to immediately surrender 70 Russell Street, Hadley, Massachusetts to the

Trustee" and "to immediately deliver all keys to 70 Russell Street Hadley, Massachusetts to the Trustee" (the "Surrender Order") [Docket No. 267].

14.     The Debtor has been provided with a copy of the Surrender Order.

15.     On or about February 15, 2019, the Debtor did deliver three keys to the Trustee's office.

16.     On February 17, 2019, the Trustee attempted to enter 70 Russell Street using the keys delivered by the Debtor; and further, the Trustee found that none of the keys delivered by the Debtor opened any of the locks on the doors to the property.

17.     The Trustee's further investigation reveals that the Debtor is continuing to trespass on 70 Russell Street.

18.     As of the filing of this Motion, the Debtor has failed to comply with the Court's Bench Order, Sale Order, and Surrender Order.

19.     "Section 105(a) of the Bankruptcy Code provides the bankruptcy court with broad authority to exercise its equitable powers to ensure compliance with its own orders. Section 105(a) confers 'statutory contempt powers' which 'inherently include the ability to sanction a party.'" *In re Fatsis*, 405 B.R. 1, 7 (BAP 1st Cir. 2009) (quoting *Ameriquest Mortg. Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43 (1st Cir. 2008)).

20.     The language in the Bench Order, Sale Order, and Surrender Order was clear and unambiguous.

21.     The Trustee acknowledges that the Debtor has filed Notices of Appeal of the Sale Order and the Surrender Order.

22.     "Courts have consistently held that a bankruptcy court lacks jurisdiction to vacate or modify an order which is the subject of a pending appeal. Courts have also consistently held that if an issue is raised on appeal, a bankruptcy court cannot reconsider that issue even in the context of another Order. But most courts have also held that bankruptcy courts retain jurisdiction to enforce, implement, and otherwise treat as valid judgments and orders that are the subject of pending

appeals, so long as that enforcement and implementation does not require redeciding issues that are on appeal." *In re Mazzocone*, 1995 WL 113110, at *4 (E.D. Pa. March 16, 1995) (internal citations omitted).

23.     The Trustee says that the Bankruptcy Court retains jurisdiction to enforce and implement the Sale Order and Surrender Order for the purpose of preserving the Bankruptcy Estate.

24.     The Debtor has not chosen to seek a stay of either the Sale Order or the Surrender Order, both of which remain in full force and effect.

25.     The issue currently before the Court in this Motion does not go to the merits of the pending appeals, but rather to the appropriate remedy that the Court should implement to exercise its equitable powers to ensure compliance with its own orders.

26.     The Trustee says that emergency relief is warranted inasmuch as: the Debtor has no authority to possess or exercise control over property of the Estate; the continued possession of 70 Russell Street by the hostile Debtor may result in waste, destruction, and loss to the Estate; the Debtor's continued possession of 70 Russell Street makes it impossible for the Trustee fulfill his duty to be accountable for property of the Estate; the Debtor's continued possession of 70 Russell Street may impair the Estates' ability to collect insurance in the event of an otherwise insurable loss; and the Debtor's continued possession of 70 Russell Street may jeopardize the ability of the Estate to consummate the Court-approved sale of the property.

27.     The loss that the Estate will incur if the Debtor's actions jeopardize the sale will be not less than $170,000.00; the approved purchase price for the property.

WHEREFORE, the Trustee respectfully requests the entry of an Order finding the Debtor in civil contempt of this Court's Orders of February 14, 2019 and February 15, 2019, providing the Debtor with a time and date by which she may purge herself of the contempt, specifically authorizing the Trustee to take possession of 70 Russell Street, and providing such other and further relief as the Court deems just and proper.

JOSEPH B. COLLINS, TRUSTEE

Dated: February 22, 2019

By: /s/ Joseph B. Collins
    JOSEPH B. COLLINS, ESQ.
    (BBO No. 092660)
    For HENDEL, COLLINS & O'CONNOR, P.C.
    101 State Street
    Springfield, MA 01103
    Tel. (413) 734 6411
    jcollins@hendelcollins.com

Case 18-30549 Doc 285-1 Filed 02/22/19 Entered 02/22/19 18:53:22 Desc
Transmission2 Page 6 of 8

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

**ORDER FINDING R. SUSAN WOODS IN CONTEMPT**

At Springfield, in said District, on this       day of February, 2019.

Upon the Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and

for Further Relief (the "Contempt Motion") filed by Joseph B. Collins, Trustee in Bankruptcy of R.

Susan Woods (the "Trustee") requesting that R. Susan Woods (the "Debtor") be found in contempt

of this Court's Orders dated February 14, 2019 and February 15, 2019, and after notice and hearing,

and for good cause shown, it is hereby

FOUND that the Debtor is in civil contempt of this Court's Orders of February 14, 2019

and February 15, 2019; and it is further

ORDERED that the Debtor may purge herself from the contempt by:  (i.) surrendering 70

Russell Street, Hadley Massachusetts ("70 Russell Street") to the Trustee; (ii.) delivering all of the

keys to all of the locks to the Trustee; and (iii.) and filing an Affidavit with the Court, signed by the

Debtor under the pains and penalties of perjury, stating that she has surrendered 70 Russell Street to

the Trustee, that she has delivered all of the keys to all of the locks at 70 Russell Street to the
Trustee, and that she will not return to 70 Russell Street; and it is further

ORDERED if the Debtor has not purged herself from the contempt, on or before February
__, 2019, the Debtor shall surrender herself to the United States Marshal for the District of
Massachusetts, or any of his deputies, at 10:00 a.m. on February __, 2019 at the United States
Courthouse, 300 State Street, Springfield, Massachusetts, for incarceration until such time as she
shall have purged herself of contempt; and it is further

ORDERED that in the event that the Debtor shall not have surrendered herself as required
in the paragraph above, the Court will issue a capias to the United States Marshal and his deputies,
seeking to secure the Debtor's apprehension and incarceration as aforesaid; and it is further

ORDERED that the Trustee is authorized, without any further Order of the Court, to take
any action necessary to take physical possession of 70 Russell Street including, but not limited to,
removing and replacing the locks at the premises.

_____
HON. ELIZABETH D. KATZ
U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C.,
do hereby certify that, on February 22, 2019, upon receipt of the Notice of Electronic Service of the
Trustee's Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for
Further Relief, a copy of said pleading will be served upon the following parties:

CM/ECF Notice:
Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

Steven Weiss, Esq.
SHATZ, SCHWARTZ & FENTIN, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103

Marcus Pratt, Esq.
KORDE & ASSOCIATES, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851

First Class Mail and Email:
R. SUSAN WOODS
P.O. Box 160
Hadley, MA 01035
rsusanwoods@gmail.com

Case 18-30040   Doc 25-1   Filed 02/22/19   Entered 02/22/19 16:53:22   Desc Main
Document   Page 124 of 364

Email:

MICKEY LONG

CORA LONG

263 Nahant Road

Nahant, MA 01908

mickeylong@outlook.com

coramickey@icloud.com

Leonard A. Frisoli, Esq.

FRISOLI ASSOCIATES, P.C.

Bulfinch Square

43 Thorndike Street

Cambridge, MA 02141

laf@frisolilaw.com

Dated:  February 22, 2019

/s/ Joseph B. Collins

JOSEPH B. COLLINS, ESQ.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | Chapter 7, No.   18-30549-EDK |
| R. SUSAN WOODS | |
| Debtor | |

**EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT
OF COURT AND FOR FURTHER RELIEF**

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, Trustee in Bankruptcy of R. Susan Woods ("Trustee"),
and he does hereby move for entry of an Order, on an **emergency basis**, finding R. Susan Woods
(the "Debtor") in contempt of the Court's Orders dated February 14, 2019 and February 15, 2019
for failing to surrender property of the Estate.  In support of this Motion, the Trustee respectfully
represents as follows:

1.      On July 10, 2018, the Debtor filed a Voluntary Petition pursuant to Chapter 7 of the
Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts,
Western Division.

2.      On July 11, 2018, Joseph B. Collins accepted an appointment as Trustee for the
Debtor's bankruptcy estate and he continues to serve in that capacity.

3.      On January 7, 2019, the Trustee filed a Motion to Sell Property Free and Clear (the
"Sale Motion") seeking authority to sell a single-family home located at 70 Russell Street, Hadley,
Massachusetts ("70 Russell Street") to Mickey and Cora Long (the "Buyers") free and clear of all
liens, claims, and encumbrances, pursuant to 11 U.S.C. § 363(b) and (f).

02/22/2019 AN EVIDENTIARY HEARING ON THIS MOTION IS SET FOR FEBRUARY 26, 2019 AT 11:00
A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO SERVE THE MOTION AND NOTICE OF THE HEARING
ON THE DEBTOR BY TELEPHONE AND EMAIL AND FILE A CERTIFICATE OF SUCH SERVICE BY 4:30 P.M.
TODAY, FEBRUARY 22, 2019.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
     Debtor

### Motion to Withdraw Petitioner's Notice of Appeal Dated 2/19/19, Without Prejudice, And Motion to Withdraw Petitioner's Motion to Waive the Fee Associated with the Appeal, Also Without Prejudice

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice of Appeal dated 2/19/19, of the Order on Motion to Compel. Petitioner Woods hereby requests this Honorable Court concurrently allow her to withdraw her concurrent Motion to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought Ms. Woods' attention the lack of jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notice of Appeal dated 2/19/19, which removes the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw her Notice of Appeal dated 2/15/19, without prejudice, with a concurrent motion to Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same reasons.

3. Petitioner Woods is concurrently filing with this motion a Motion for Reconsideration of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be heard by this Court on the merits. There are many matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

### Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to this action by first class mail.

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
     Debtor

**Motion to Withdraw Petitioner's Notice of Appeal Dated 2/15/19, Without Prejudice,
And Motion to Withdraw Petitioner's Motion to Waive the Fee
Associated with the Appeal, Also Without Prejudice**

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice
of Appeal dated 2/15/19, of the Order on Motion to Sell. Petitioner Woods hereby
requests this Honorable Court concurrently allow her to withdraw her concurrent Motion
to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of
jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated
2/19/19, due to her Notice of Appeal dated 2/15/19, which removes the Motion to Vacate
Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw
her Notice of Appeal dated 2/19/19, without prejudice, with a concurrent motion to
Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same
reasons.

3. Petitioner Woods is concurrently filing with this motion a Motion for Reconsideration
of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be
heard by this court on the merits. There are many matters of fact and law which must be
considered for due process to prevail in this matter, which are addressed in the
Emergency Motion to Vacate Orders.

1 of 2

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed
parties to this action by first class mail.

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
    Debtor

## **Emergency Motion for Consideration Of Petitioner's**
## **Emergency Motion to Vacate Orders Given Renewal of Jurisdiction**

Petitioner Woods hereby requests this Honorable Court *consider* her Emergency Motion to Vacate Orders dated 2/19/19.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it had in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notices of Appeal dated 2/15/19 and 2/19/19, which removed the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion related Motions to Withdraw her Notices of Appeal dated 2/15/19 and 2/19/19, without prejudice, with concurrent motions to Withdraw the Motions to Waive the Associated Fees, also without prejudice, to allow consideration of the Emergency Motion to Vacate Orders which, by allowance of the aforementioned motions, will return the Emergency Motion to Vacate Orders to the Court's jurisdiction.

3. Petitioner's Emergency Motion to Vacate Orders, dated 2/19/19, must be heard by this court on the merits. There are significant matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed
parties to this action by first class mail.

_____

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608



**Hilltown Community Health Center**

January 29, 2019

"This institution is an equal opportunity provider."

To: Honorable Judge Elizabeth Katz

Re: R. SUSAN WOODS      DOB: 03/25/1967
PO BOX 160
HADLEY MA 01035

Dear Judge Katz,

I am the primary care physician for Ms. R. Susan Woods. She is currently ill with presumptive pertussis and too sick to attend court hearings this week. Her health would greatly benefit from a stable living situation.

Regards,

MIRANDA BALKIN, MD

Hilltown Community Health Centers

| Worthington Health Center | Huntington Health Center | John P. Musante Health Center | School-Based Health Programs | Hilltown Community Center |
|---|---|---|---|---|
| 58 Old North Road | 73 Russell Road | Bangs Community Center | 12 Littleville Road | 9 Russell Road |
| Worthington, MA 01098 | Huntington, MA 01050 | 70 Boltwood Walk | Huntington, MA 01050 | Huntington, MA 01050 |
| 413-238-5511 | 413-667-3009 | Amherst, MA 01002 | 413-667-0142 | 413-667-2203 |
| | | 413-835-4980 | | |

*Exhibit "A"*

**HCHC  Hilltown Community Health Center**

Worthington Health Center • 58 Old North Road • Worthington, MA 01098 • (413) 238-5511 • Fax (413) 238-5570
Huntington Health Center • 73 Russell Road • Huntington, MA 01050 • (413) 667-3009 • Fax (413) 667-8746     Hilltown Social Services • 9 Russell
Road • Huntington, MA 01050 (413) 667-2203 • Fax (413) 667-2225          Gateway School-Based Health Center • 12 Littleville Road • Huntington,
MA 01050 • (413) 667-0142 • Fax (413) 667-0145    "This institution is an equal opportunity provider."

February 16, '2018

Hon. Robert G. Fields
Housing Court of Massachusetts, Western Division

Re: REBECCA SUSAN WOODS          DOB: 03/25/1967
PO BOX 160
HADLEY MA 01035

Dear Sir,

I am the primary care provider for Ms. R. Susan Woods. She suffers from infiltrating ductal carcinoma of the right breast. She has been tentatively diagnosed with limbic encephalitis, a paraneoplastic syndrome that causes mood changes, memory and cognitive impairments, and focal seizures.

As a solo homeowner, Ms. Woods has been forced to put definitive cancer care on hold while she fights her foreclosure and eviction. These delays in treatment could potentially be fatal, but homelessness would also be extremely detrimental to her health.

Your consideration in postponing eviction and any court appearances or paperwork would be greatly appreciated

Regards,

MIRANDA BALKIN, MD

Hilltown Community Health Centers

Case 18-30549 Doc 25-1 Filed 02/25/19 Entered 02/25/19 16:58:22 Desc Main
Document Page 1 of 364

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
    Debtor

## Motion to Withdraw Petitioner's Notice of Appeal Dated 2/19/19, Without Prejudice, And Motion to Withdraw Petitioner's Motion to Waive the Fee Associated with the Appeal, Also Without Prejudice

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice of Appeal dated 2/19/19, of the Order on Motion to Compel. Petitioner Woods hereby requests this Honorable Court concurrently allow her to withdraw her concurrent Motion to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought Ms. Woods' attention the lack of jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notice of Appeal dated 2/19/19, which removes the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw her Notice of Appeal dated 2/15/19, without prejudice, with a concurrent motion to Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same reasons.

3. Petitioner Woods is concurrently filing with this motion a Motion for Reconsideration of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be heard by this Court on the merits. There are many matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

1 of 2

02/25/2019 DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
    Debtor

## Motion to Withdraw Petitioner's Notice of Appeal Dated 2/15/19, Without Prejudice, And Motion to Withdraw Petitioner's Motion to Waive the Fee Associated with the Appeal, Also Without Prejudice

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice of Appeal dated 2/15/19, of the Order on Motion to Sell. Petitioner Woods hereby requests this Honorable Court concurrently allow her to withdraw her concurrent Motion to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notice of Appeal dated 2/15/19, which removes the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw her Notice of Appeal dated 2/19/19, without prejudice, with a concurrent motion to Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same reasons.

3. Petitioner Woods is concurrently filing with this motion a Motion for Reconsideration of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be heard by this court on the merits. There are many matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

1 of 2

*[Left margin, rotated:]* 02/25/2019 DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

# Certificate of Mailing

**Date printed: 2/25/2019**
**Case: 18-30549 Document: 295**

**On the date listed above, the Court mailed by first class U.S. Mail, the document listed above to the following parties:**

db  R. Susan Woods  P.O Box 160  Hadley, MA 01035

Total: 1

Form ID: pdf012
District/Off: 0101-3
User: agodere



02/25/2019 DENIED. SEE ORDERS OF EVEN DATE DENYING THE MOTIONS TO WITHDRAW THE PENDING APPEALS.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
        Debtor

## **Emergency Motion for Consideration Of Petitioner's**
## **Emergency Motion to Vacate Orders Given Renewal of Jurisdiction**

Petitioner Woods hereby requests this Honorable Court *consider* her Emergency Motion to Vacate Orders dated 2/19/19.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it had in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notices of Appeal dated 2/15/19 and 2/19/19, which removed the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion related Motions to Withdraw her Notices of Appeal dated 2/15/19 and 2/19/19, without prejudice, with concurrent motions to Withdraw the Motions to Waive the Associated Fees, also without prejudice, to allow consideration of the Emergency Motion to Vacate Orders which, by allowance of the aforementioned motions, will return the Emergency Motion to Vacate Orders to the Court's jurisdiction.

3. Petitioner's Emergency Motion to Vacate Orders, dated 2/19/19, must be heard by this court on the merits. There are significant matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

# Certificate of Mailing

**Date printed: 2/25/2019**
**Case: 18-30549 Document: 297**

**On the date listed above, the Court mailed by first class U.S. Mail, the document listed above to the following parties:**


 db  R. Susan Woods  P.O Box 160  Hadley, MA 01035

Total: 1

Form ID: pdf012
District/Off: 0101-3
User: agodere

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  | ) |  |
| --- | --- | --- |
| In re | ) | Chapter 7, No. 18-30549-EDK |
|  | ) |  |
| R. SUSAN WOODS | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

### **AFFIDAVIT**

I, JOSEPH B. COLLINS, having been first duly sworn, do hereby depose and say as follows:

1.    I am an attorney licensed to practice law in the Commonwealth of Massachusetts and have a principal place of business at Hendel, Collins, & O'Connor, P.C., 101 State Street, Springfield, Massachusetts.

2.    On July 10, 2018, R. Susan Woods, the debtor in the above-captioned case (the "Debtor"), filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code (the "Code").

3.    On July 11, 2018, the Office of the United States Trustee appointed me as the Debtor's Chapter 7 Trustee Bankruptcy Trustee. I continue to serve as the Debtor's Chapter 7 Bankruptcy Trustee.

4.    The real estate located at 70 Russell Street, Hadley, Massachusetts ("70 Russell Street") constitutes property of the Debtor's Bankruptcy Estate.

5.    On January 7, 2019, I filed a Motion ("Sale Motion") seeking authority to sell the 70 Russell Street free and clear of liens and encumbrances [Docket No. 220].

6.    Upon information and belief, on February 12, 2019, the Debtor, without notice to or authorization from the Court or the Trustee, and in violation of Sections 362(a)(3), 521(a)(3), and 521(a)(4) of the Bankruptcy Code, entered 70 Russell Street and changed the locks to the doors on the property.

7.    On February 14, 2019, a Hearing on the Sale Motion ("Sale Hearing") was held before the Bankruptcy Court.

8.    The Debtor was present for the entire Sale Hearing.

9.    During the course of the Sale Hearing, the Debtor made a statement to the effect that she had taken possession of 70 Russell Street.

10.   During the course of the Sale Hearing, the Court informed the Debtor that she was not authorized to be in possession of 70 Russell Street.

11.   On February 14, 2019, the Court entered an Order on the Sale Motion ("Sale Order") [Docket No. 260]. The Sale Order included the following provision:

> all persons and entities including, but not limited to, R. Susan Woods, holding liens, claims, encumbrances or interests in or against the Russell Street Property or in any way relating to the Russell Street Property are hereby forever barred, estopped, and permanently enjoined from asserting against the Russell Street Property, Mickey Long, and Cora Long such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property....

12.   The Certificate of Service that appears as Docket Number 261 indicates that the Debtor was served with a copy of the Sale Order by the Clerk of the Bankruptcy Court.

13.   On February 15, 2019, in an email sent to me by the Debtor at 1:27 a.m., the Debtor informed me that she did not intend to surrender possession of 70 Russell Street.

14.   On February 15, 2019, I sent an email to the Debtor with a complete copy of the Sale Order attached. In the email, I called the Debtor's attention to that portion of the Sale Order that enjoined her from asserting any interest in 70 Russell Street. My email also demanded her immediate compliance with the Sale Order. A true copy of the text of my February 15, 2019 email

to the Debtor is attached hereto as Exhibit "A". A copy of the Sale Order was attached to my February 15, 2019 email to the Debtor.

15.     On February 15, 2019, I filed an Emergency Motion seeking an Order requiring the Debtor to surrender possession of 70 Russell Street to me in my capacity as her Chapter 7 Trustee. The Emergency Motion also sought a specific Order requiring the Debtor to deliver all of the keys to 70 Russell Street.

16.     On February 15, 2019, the Court entered an Order on the Emergency Motion ("Surrender Order") [Docket No. 267].

17.     The Surrender Order directed the Debtor to surrender 70 Russell Street to me in my capacity as her Chapter 7 Trustee and to deliver to my office all keys to 70 Russell Street.

18.     The Certificate of Service that appears as Docket Number 274 indicates that the Debtor was served with a copy of the Surrender Order by the Clerk of the Bankruptcy Court.

19.     On February 15, 2019, I sent a second email to the Debtor with a complete copy of the Surrender Order attached. My email called the Debtor's attention to the provisions of the Surrender Order that required her to surrender possession of 70 Russell Street and to deliver all of the keys to that property to my office. A true copy of the text of my February 15, 2019 email to the Debtor is attached hereto as Exhibit "B". A copy of the Surrender Order was attached to my second February 15, 2019 email to the Debtor.

20.     On or about February 15, 2019, the Debtor informed me, through a voicemail message, that she had delivered keys to my office by sliding them under the door to my office.

21.     On February 16, 2019, I found three keys on my office floor that apparently had been slid under the door.

22.     On February 16, 2019, I acknowledged the receipt of the keys in an email to the Debtor. A true copy of my February 16, 2019 email is attached hereto as Exhibit "C".

23.     Each of the three keys delivered to my office bear the stamp "Foster Farrar". None of the keys bear any markings of a lock manufacturer.

24. Upon information and belief, Foster Farrar is a retail hardware store located at 145 King Street, Northampton, Massachusetts. Upon information and belief, Foster Farrar sells keys, but does not manufacture door locks.

25. On February 17, 2019, I traveled to 70 Russell Street and attempted to open the doors to the premises using the keys that had been delivered to my office by the Debtor. The keys delivered to my office by the Debtor did not open any of the doors to 70 Russell Street and I was not able to gain access to the building.

26. On February 17, 2019, while at 70 Russell Street, I took several pictures of signs that appeared to be taped to the inside of the doors to the property. True copies of two of the photographs that I took on February 17, 2019 are attached hereto as Exhibits "D" and "E".

27. On February 18, 2019, beginning at about midnight and continuing until about dawn, several inches of snow fell in Hadley, Massachusetts.

28. On February 18, 2019, I again travelled to 70 Russell Street. Upon arriving at the property, I observed a bare patch of ground in the driveway and one set of tire tracks through the snow. These observations led me to conclude that the Debtor had spent the night at 70 Russell Street.

29. In order to avoid any confrontation in the event that the Debtor should return to the property, I did not make any further efforts to retake possession of 70 Russell Street.

30. On February 19, 2019, I sent an email to the Debtor, informing her that her continued trespass on 70 Russell Street and her failure to turnover all of the keys to the property constituted knowing and willful violations of the Orders of the Bankruptcy Court. My email also demanded that the Debtor comply with the Sale Order and the Surrender Order. A true copy of the text of my February 19, 2019 email to the Debtor is attached hereto as Exhibit "F". Copies of the Sale Order and the Surrender Order were attached to my February 19, 2019 email to the Debtor.

31. On or about February 19, 2019, the Debtor filed a Motion with the Bankruptcy Court seeking to vacate the Sale Order and the Surrender Order. The Debtor's Motion effectively

demonstrates her knowledge of the Sale Order and the Surrender Order. The Debtor's Motion was denied by the Bankruptcy Court.

32.    As of the date of this Affidavit, the Debtor has not surrendered 70 Russell Street and has not delivered all of the keys to 70 Russell Street to my office.

Signed under the pains and penalties of perjury this 25th day of February, 2019.

JOSEPH B. COLLINS

Exhibit "A"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Friday, February 15, 2019 9:50 AM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Cc:** | 'King, Richard (USTP)' |
| **Subject:** | Court Order dated 2/14/19 |
| **Attachments:** | Order.2.14.19.Doc 260.pdf |

Ms. Woods,

Attached hereto you will find a copy of the Order entered by the
Bankruptcy Court on February 14, 2019. We call your attention to that
portion of the Order that enjoins you from asserting any interest in the
property located at 70 Russell Street, Hadley, Massachusetts.

This message will acknowledge our receipt of your voice mail and email
messages in which you requested an opportunity to remove personal property
from the Hadley property. This message will also acknowledge our
subsequent receipt of your 1:27 a.m. message in which you stated your
intention to continue to occupy the property and, for the first time,
informed us that on Tuesday you changed the locks on the property.

The final purpose of this message is to demand that you comply with the
attached Court Order, deliver all sets of keys to my office immediately,
and stay away from 70 Russell Street. In the absence of your immediate
compliance with this demand, we will take action to enforce the rights of
the Bankruptcy Estate.

We again strongly urge you to retain experienced bankruptcy counsel. The
actions that you have taken, and continue to take, are certain to reduce
or eliminate any surplus funds that you might hope to receive at the
conclusion of your bankruptcy case.

Joe Collins

Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411
Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

Exhibit "B"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Friday, February 15, 2019 1:37 PM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Cc:** | 'King, Richard (USTP)' |
| **Subject:** | Bankruptcy Court Order |
| **Attachments:** | Order on Motion to Compel.pdf |

Ms. Woods,

Attached to this message you will find an Order that the Bankruptcy Court
has entered in connection with our Emergency Motion to Compel.

We call your attention to the terms of the Order which require you to
immediately surrender the property at 70 Russell Street, Hadley,
Massachusetts to me in my capacity as your Bankruptcy Trustee. The Order
also requires you to immediately deliver all keys to the 70 Russell Street
property to my office.

Please confirm that you will immediately comply with the Court Order.

Joe Collins

Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411
Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

Exhibit "C"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Saturday, February 16, 2019 11:03 AM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Subject:** | 70 Russell Street |

Ms. Woods,

This message will acknowledge our receipt of the three keys that were
delivered to my office on Friday evening.

Since you have knowledge of the workings of the house, please let me know
if you have knowledge of any actions that might be appropriate to take to
preserve the house in its current condition during these cold weather
months.

Joe

      Joseph B. Collins, Esq.
      Hendel, Collins & O'Connor, P.C.
      101 State Street
      Springfield, MA 01103
      Tel.: (413) 734-6411
      Fax: (413) 734-8069
      e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

1



Exhibit "E"

These 70 Russell Street Premises
Are Possessed and Occupied by R. Susan Woods.

Any questions, call 413/883-1414.

February 12, 2019

Exhibit "F"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Tuesday, February 19, 2019 4:14 PM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Cc:** | 'King, Richard (USTP)' |
| **Subject:** | FW: 70 Russell Street |
| **Attachments:** | Order.2.14.19.Doc 260.pdf; Order on Motion to Compel.pdf |

Ms. Woods,

This message follows my message of February 16, 2019, in which I acknowledged the receipt of the three keys that you delivered to my office on Friday evening.

Subsequent to the receipt of the keys, I have attempted to enter 70 Russell Street. To my surprise, none of the keys that you delivered to my office will open the locks that you have placed on the doors. My investigation also reveals that you are continuing to trespass on the 70 Russell Street property.

The first purpose of this message is to inform you that your failure to deliver all of the keys to 70 Russell Street to my office, and your continued trespass on that property constitute knowing and willful violations of the Orders of the Bankruptcy Court dated February 14, 2019 and February 16, 2019. Although both of those Orders have previously been provided to you, I am again attaching copies of the Orders.

This message will also serve as my final demand for compliance with the Orders of the Bankruptcy Court dated February 14, 2019 and February 16, 2019. Please deliver ALL keys to the property to my office immediately and confirm that you will no longer go on the property.

Please do not underestimate the seriousness of a knowing and willful violation of a Federal Court Order. I strongly recommend that you consult with an experienced bankruptcy attorney with respect to this matter.

Joe Collins

Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411

1

Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C.  This information is intended to be for the use of the addressed individual or entity.  If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited.  If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| In re ) | Chapter 7, No.   18-30549-EDK |
| ) | |
| R. SUSAN WOODS ) | |
| ) | |
| Debtor ) | |
| ) | |
| ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C.,
do hereby certify that, on February 25, 2019, upon receipt of the Notice of Electronic Service, a
copy of the Affidavit was served upon the parties below:

<u>By CM/ECF Notice:</u>

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

<u>By First Class Mail + E-Mail:</u>

R. Susan Woods
P.O Box 160
Hadley, MA 01035-0160
rsusanwoods@gmail.com

Dated:  February 25, 2019

/s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
     Debtor

## <u>Second Emergency Motion for Consideration Of Petitioner's</u>
## <u>Emergency Motion to Vacate Orders Given Renewal of Jurisdiction</u>

Petitioner Woods hereby requests this Honorable Court *consider/reconsider* her Emergency Motion to Vacate Orders dated 2/19/19.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it had in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notices of Appeal dated 2/15/19 and 2/19/19, which removed the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion related Motions to Withdraw her Notices of Appeal dated 2/15/19 and 2/19/19, without prejudice, with concurrent motions to Withdraw the Motions to Waive the Associated Fees, also without prejudice, in the District Court to allow consideration of the Emergency Motion to Vacate Orders which, by allowance of the aforementioned motions, will return the Emergency Motion to Vacate Orders to the Court's jurisdiction.

3. Petitioner's Emergency Motion to Vacate Orders, dated 2/19/19, must be heard by this court on the merits. There are significant matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed
parties to this action by first class mail.

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

2 of 2

FILED
IN CLERK'S OFFICE

2019 FEB 25 PM 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*R. Susan Woods*
*v.*
*Goldman Sachs*

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
　　Debtor

*19 CV 10321- DJC*

### Motion to Withdraw Petitioner's Notice of Appeal Dated 2/15/19, Without Prejudice, And Motion to Withdraw Petitioner's Motion to Waive the Fee Associated with the Appeal, Also Without Prejudice

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice of Appeal dated 2/15/19, of the Order on Motion to Sell. Petitioner Woods hereby requests this Honorable Court concurrently allow her to withdraw her concurrent Motion to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notice of Appeal dated 2/15/19, which removed the Motion to Vacate Orders from the Bankruptcy Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw her Notice of Appeal dated 2/19/19, without prejudice, with a concurrent motion to Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same reasons.

3. Petitioner Woods is concurrently filing with this motion a Motion for Consideration/ Reconsideration of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be heard by the Bankruptcy Court on the merits. There are many matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed
parties to this action by first class mail.

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

2 of 2

FILED
IN CLERK'S OFFICE

2019 FEB 25 PM 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R. Susan Woods,
    Appellant

In re:
R. Susan Woods
    Debtor

Case No. 18-30549 - EDK
Chapter 7

19 CV 30023 - FDS

## Motion to Withdraw Petitioner's Notice of Appeal Dated 2/19/19, Without Prejudice, And Motion to Withdraw Petitioner's Motion to Waive the Fee Associated with the Appeal, Also Without Prejudice

Petitioner Woods hereby requests this Honorable Court allow her to withdraw her Notice of Appeal dated 2/19/19, of the Order on Motion to Compel. Petitioner Woods hereby requests this Honorable Court concurrently allow her to withdraw her concurrent Motion to Waive the Fee associated with the appeal, also without prejudice.

1. After filing for hearing, the Court brought Ms. Woods' attention the lack of jurisdiction it has in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notice of Appeal dated 2/19/19, which removed the Motion to Vacate Orders from the Bankruptcy Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion a similar Motion to Withdraw her Notice of Appeal dated 2/15/19, without prejudice, with a concurrent motion to Withdraw the Motion to Waive the Associated Fee, also without prejudice, for the same reasons.

3. Petitioner Woods is concurrently filing with this motion a Second Motion for Reconsideration of her Emergency Motion to Vacate Orders dated 2/19/19, to allow for that motion to be heard by the Bankruptcy Court on the merits. There are many matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
February 25, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed
parties to this action by first class mail.

R. Susan Woods
*pro se*, until further notice
February 25, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

02/25/2019 DENIED. THIS COURT REMAINS WITHOUT JURISDICTION OVER PETITIONER'S EMERGENCY MOTION TO VACATE ORDERS' [DOCKET #275] AS THE REFERENCED APPEALS HAVE NOT YET BEEN DISMISSED AND REMAIN PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:
R. Susan Woods
    Debtor

### Second Emergency Motion for Consideration Of Petitioner's Emergency Motion to Vacate Orders Given Renewal of Jurisdiction

Petitioner Woods hereby requests this Honorable Court *consider/reconsider* her Emergency Motion to Vacate Orders dated 2/19/19.

1. After filing for hearing, the Court brought to Ms. Woods' attention the lack of jurisdiction it had in consideration of her Emergency Motion to Vacate Orders dated 2/19/19, due to her Notices of Appeal dated 2/15/19 and 2/19/19, which removed the Motion to Vacate Orders from the Court's jurisdiction.

2. Petitioner Woods is concurrently filing with this motion related Motions to Withdraw her Notices of Appeal dated 2/15/19 and 2/19/19, without prejudice, with concurrent motions to Withdraw the Motions to Waive the Associated Fees, also without prejudice, in the District Court to allow consideration of the Emergency Motion to Vacate Orders which, by allowance of the aforementioned motions, will return the Emergency Motion to Vacate Orders to the Court's jurisdiction.

3. Petitioner's Emergency Motion to Vacate Orders, dated 2/19/19, must be heard by this court on the merits. There are significant matters of fact and law which must be considered for due process to prevail in this matter, which are addressed in the Emergency Motion to Vacate Orders.

Wherefore, Ms. Woods begs the Court to allow this motion.

Case 18-30549   Doc 285-1   Filed 02/26/19   Entered 02/26/19 14:54:52   Desc
Transmission2   Page 19 of 5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, at a hearing held on February 14, 2019, the Debtor represented that she had taken possession of the Russell Street Property; and

WHEREAS, in his "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel"), the Trustee provided copies of electronic mail he had received from the Debtor stating that (i) the Debtor had changed the locks to the Russell Street Property on February 12, 2019 and (ii) the Debtor would continue to occupy the Russell Street Property; and

1

WHEREAS, on February 15, 2019, the Court granted the Motion to Compel by order stating:

> GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE
> DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL
> STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO
> IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY,
> MASSACHUSETTS TO THE TRUSTEE.

[Docket #267] (the "Order to Surrender"); and

WHEREAS, on February 22, 2019, the Trustee filed an "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") in which the Trustee represented that the Debtor had failed to deliver working keys to the Russell Street Property and had failed to vacate the Russell Street Property; and

WHEREAS, the Court scheduled an evidentiary hearing on the Contempt Motion for February 26, 2019 at 11:00 a.m. (the "February 26 Contempt Hearing"); and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor continues to occupy the Russell Street Property; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor changed the locks to the Russell Street Property again on February 15, 2019 and willfully failed and refused to provide working keys to the Russell Street Property to the Trustee; and

WHEREAS, the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violate (i) the terms of the Sale Order enjoining the Debtor from asserting any interest in the Russell Street Property and (ii) the Order to Surrender requiring the Debtor to immediately surrender the Russell Street Property and all of the keys to all of the locks to the Russell Street Property to the Trustee;[1] and

WHEREAS, the Debtor has appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of those Orders; and

WHEREAS, "[a]bsent a stay pending appeal, parties are obligated to comply with court orders . . . whether or not they agree with them. *See Maness v. Meyers,* 419 U.S. 449, 458–59,

---

[1] In addition, the Debtor's continued occupation of the Russell Street Property, as well as the changing of the locks and refusal to provide current working keys to the Trustee, violate 11 U.S.C. § 362(a)(3) (providing that the filing of the petition "operates as a stay, *applicable to all entities,* of -- … any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") (emphasis supplied), and run afoul of the Debtor's obligations under 11 U.S.C. § 521(a)(3) to "cooperate with the trustee as necessary to enable to the trustee to perform the trustee's duties under this title" and under 11 U.S.C. § 521(a)(4) to "surrender to the trustee all property of the estate."

95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Acevedo–Garcia v. Vera–Monroig,* 368 F.3d 49, 58 (1st Cir.2004) ('It is well-settled that a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid.')." *Efron v. Candelario (In re Efron)*, 529 B.R. 396, 412 (B.A.P. 1st Cir. 2015).

WHEREAS, pursuant to 28 U.S.C. § 157(b)(1), this Court has the authority to "enter appropriate orders and judgments" and, pursuant to 11 U.S.C. § 105(a), may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"; and

WHEREAS, this Court may issue an order of civil contempt to ensure compliance with its previous Orders and to compensate a harmed party for losses sustained on account of such contempt, *see Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.)*, 950 F.2d 798, 802 (1st Cir. 1991), including an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property,[2]

NOW, THEREFORE,

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's  attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

DATED: February 26, 2019                 By the Court,

*Elizabeth D. Katz*
_____
Elizabeth D. Katz
United States Bankruptcy Judge

---

[2] *See In re Hardy*, 2017 WL 2491497, *6-7 (Bankr. D.C. June 8, 2017); *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652, 664-65 (Bankr. N.D. Ga. 2017); *Jensen-Carter v. Hedback (In re Stephens)*, 2012 WL 1899716, *3-4 (D. Minn. May 24, 2012); *In re Searles*, 70 B.R. 266, 272-273 (D.R.I. 1987).

3

# Certificate of Mailing

**Date printed: 2/26/2019**
**Case: 18-30549 Document: 303**

**On the date listed above, the Court mailed by first class U.S. Mail, the document
listed above to the following parties:**

db  R. Susan Woods
P.O Box 160
Hadley, MA 01035

Hand Delivered in Open Court to:

db  R. Susan Woods

tr  Joseph B. Collins

 Total: 1

Form ID: pdf012
District/Off: 0101-3
User: sas

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7, No.  18-30549-EDK |
|  | ) |  |
| R. SUSAN WOODS | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

**TRUSTEE'S REPORT AND REQUEST FOR SANCTIONS**

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, Trustee in Bankruptcy of R. Susan Woods ("Trustee"), and he does hereby submit this Report in connection with the Bankruptcy Court's Order dated February 26, 2019.  The Trustee also requests the imposition of orders and sanctions in accordance with the Order.  In support of this Report and Request for Sanctions, the Trustee represents as follows:

1.  On February 22, 2019, the Trustee filed a Motion ("Trustee's Motion") seeking to have R. Susan Woods ("Debtor") held in contempt of the Bankruptcy Court due to her failure to turnover possession and keys to the property located at 70 Russell Street, Hadley, Massachusetts ("Russell Street Property").

2.  On February 26, 2019, and after an evidentiary hearing before the Bankruptcy Court during which the Debtor was present, the Court entered an Order ("Order") on the Trustee's Motion.  The Order directed the Debtor to:

    a.  Vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019; and to

    b.  Deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

3.    The Order also set February 28, 2019 at 11:00 a.m. as the date and time for a further
hearing on the Trustee's Motion (the "Hearing")

4.    The Trustee says that, as of the time and date of the filing of this Report
and Request for Sanctions, the Debtor has not vacated the Russell Street Property and has not
delivered any keys to the Russell Street Property to the Trustee.

5.    The Order contemplated the issuance of certain sanctions in the event
that the Debtor should fail to comply with its terms.  Specifically, the Order states that the Court
might enter orders and sanctions to include: "(1) issuing monetary sanctions, (2) issuing a capias to
the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3)
issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell
Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this
Order and/or any future award for monetary sanctions."

6.    The Trustee requests the Court consider the issuance of a capias to the United States
Marshal Service to secure the Debtor's attendance at the Hearing.

7.    The Trustee says that at the Hearing, he will request that the Court issue further
orders and sanctions, including the following:

    a.    monetary sanctions in an amount to be determined by the Court;

    b.    issuance of an order instructing the United States Marshal Service to remove the
Debtor from the Russell Street Property;

    c.    issuance of an order authorizing the Trustee, his attorneys, locksmiths and other
agents to take any action required to secure possession of the Russell Street
Property including, without limitation, removal of all existing locks; and

    d.    ordering the Debtor incarcerated until she complies with the terms of the Order
and any award of monetary sanctions.

WEREFORE, the Trustee respectfully submits this Report and Request for Sanctions, and
requests any other and further relief as may be just and proper.

JOSEPH B. COLLINS, TRUSTEE

Dated:  February 27, 2019

By: /s/ Joseph B. Collins
    JOSEPH B. COLLINS, ESQ.
    (BBO No. 092660)
    For HENDEL, COLLINS & O'CONNOR, P.C.
    101 State Street
    Springfield, MA 01103
    Tel. (413) 734 6411
    jcollins@hendelcollins.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____    )
                                                      )
In re                                                 )    Chapter 7, No.   18-30549-EDK
                                                      )
R. SUSAN WOODS                                        )
                                                      )
                              Debtor                  )
                                                      )
_____    )

## CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C.,
do hereby certify that, on February 27, 2019, upon receipt of the Notice of Electronic Service, a
copy of the Trustee's Report and Request for Sanctions was served upon the parties below:

By CM/ECF Notice:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

By First Class Mail and E-Mail:

R. Susan Woods
P.O Box 160
Hadley, MA 01035-0160
rsusanwoods@gmail.com

Dated:  February 27, 2019

                                        /s/ Joseph B. Collins
                                        JOSEPH B. COLLINS, ESQ.

Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _R. SUSAN WOODS_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☑ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _ORDER FOR CONTEMPT_

2. State the date on which the judgment, order, or decree was entered: _2-26-19_

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _Trustee_     Attorney: _JOSEPH COLLINS_
_101 State St._
_Springfield, MA 0103_
_413-739-6411_

2. Party: _____     Attorney: _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____          Date: _2-27-19_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

R. SUSAN WOODS
P.O. BOX 160
HADLEY, MA 01035
413-883-1414

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| R. SUSAN WOODS, | ) Case No. 18-30549-EDK |
| | ) |
| Debtor | ) |
| | ) |

### ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, at a hearing held on February 14, 2019, the Debtor represented that she had taken possession of the Russell Street Property; and

WHEREAS, in his "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel"), the Trustee provided copies of electronic mail he had received from the Debtor stating that (i) the Debtor had changed the locks to the Russell Street Property on February 12, 2019 and (ii) the Debtor would continue to occupy the Russell Street Property; and

1

WHEREAS, on February 15, 2019, the Court granted the Motion to Compel by order stating:

> GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

[Docket #267] (the "Order to Surrender"); and

WHEREAS, on February 22, 2019, the Trustee filed an "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") in which the Trustee represented that the Debtor had failed to deliver working keys to the Russell Street Property and had failed to vacate the Russell Street Property; and

WHEREAS, the Court scheduled an evidentiary hearing on the Contempt Motion for February 26, 2019 at 11:00 a.m. (the "February 26 Contempt Hearing"); and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor continues to occupy the Russell Street Property; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor changed the locks to the Russell Street Property again on February 15, 2019 and willfully failed and refused to provide working keys to the Russell Street Property to the Trustee; and

WHEREAS, the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violate (i) the terms of the Sale Order enjoining the Debtor from asserting any interest in the Russell Street Property and (ii) the Order to Surrender requiring the Debtor to immediately surrender the Russell Street Property and all of the keys to all of the locks to the Russell Street Property to the Trustee;[1] and

WHEREAS, the Debtor has appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of those Orders; and

WHEREAS, "[a]bsent a stay pending appeal, parties are obligated to comply with court orders . . . whether or not they agree with them. *See Maness v. Meyers*, 419 U.S. 449, 458–59,

---

[1] In addition, the Debtor's continued occupation of the Russell Street Property, as well as the changing of the locks and refusal to provide current working keys to the Trustee, violate 11 U.S.C. § 362(a)(3) (providing that the filing of the petition "operates as a stay, *applicable to all entities*, of -- ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") (emphasis supplied), and run afoul of the Debtor's obligations under 11 U.S.C. § 521(a)(3) to "cooperate with the trustee as necessary to enable to the trustee to perform the trustee's duties under this title" and under 11 U.S.C. § 521(a)(4) to "surrender to the trustee all property of the estate."

95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Acevedo–Garcia v. Vera–Monroig*, 368 F.3d 49, 58 (1st Cir.2004) ('It is well-settled that a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid.')." *Efron v. Candelario (In re Efron)*, 529 B.R. 396, 412 (B.A.P. 1st Cir. 2015).

WHEREAS, pursuant to 28 U.S.C. § 157(b)(1), this Court has the authority to "enter appropriate orders and judgments" and, pursuant to 11 U.S.C. § 105(a), may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"; and

WHEREAS, this Court may issue an order of civil contempt to ensure compliance with its previous Orders and to compensate a harmed party for losses sustained on account of such contempt, *see Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.)*, 950 F.2d 798, 802 (1st Cir. 1991), including an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property,[2]

NOW, THEREFORE,

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

DATED: February 26, 2019

By the Court,

*Elizabeth D. Katz*
Elizabeth D. Katz
United States Bankruptcy Judge

---

[2] *See In re Hardy*, 2017 WL 2491497, *6-7 (Bankr. D.C. June 8, 2017); *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652, 664-65 (Bankr. N.D. Ga. 2017); *Jensen-Carter v. Hedback (In re Stephens)*, 2012 WL 1899716, *3-4 (D. Minn. May 24, 2012); *In re Searles*, 70 B.R. 266, 272-273 (D.R.I. 1987).

3

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

---

In Re:   R. Susan Woods

Chapter
18−30549
Judge Elizabeth D. Katz

---

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court for the District of Massachusets ("District Court") were filed on **FEBRUARY 28, 2019** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8009 the Appellant must file with the Clerk of this Court a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal within fourteen (14) days of the filing of the:

> 1. Notice of Appeal, or
> 2. Entry of an Order granting leave to appeal, or
> 3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within fourteen (14) days after service of the Appellant's Designation and Statement.

Upon the filing of the Designation of Record and Statement of Issues on Appeal, and after expiration of the fourteen (14) day period for the Appellee to file a Designation of Additional Papers, the Clerk's Office will forward the documents designated by the parties to the District Court electronically.

If a party to the appeal designates any sealed document to be part of the record on appeal, that party must file a motion with the court which the appeal is pending requesting that court to accept the sealed document. If the motion is granted, the movant must notify the bankruptcy court of the ruling. See Fed.R. Bankr.P.8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must also advise the court by filing "Certificate of No Transcript Ordered." See Fed.R.Bankr.P. 8010(b).

It is the duty of the parties to insure that the Record on Appeal is complete.

Date:2/28/19

Mary P. Sharon
Clerk, U.S. Bankruptcy Court


By the Court,


Audrey Godere
Deputy Clerk
(413) 785− 6905

**MEANSNO, DebtEd, REPEAT, NTCAPR, CredAdd, IFP, ASSET, DEFER, FeeDue, APLDIST, APPEAL**

# United States Bankruptcy Court
## District of Massachusetts (Springfield)
## Bankruptcy Petition #: 18−30549

|  |  |
|---|---|
| *Assigned to:* Judge Elizabeth D. Katz | *Date filed:* 07/10/2018 |
| Chapter 7 | *341 meeting:* 09/04/2018 |
| Voluntary | *Deadline for objecting to discharge:* 11/05/2018 |
| Asset |  |

**Debtor**
**R. Susan Woods**
P.O Box 160
Hadley, MA 01035
413−883−1414
SSN / ITIN: xxx−xx−2811
Tax ID / EIN: 51−0619599
*aka* **Rorie Woods**
*aka* **Rebecca Woods**
*dba* **The Workhorse Group, Inc.**
*dba* **Abundant Harvest Apiary**

represented by **R. Susan Woods**
PRO SE

**Assistant U.S. Trustee**
**Richard King**
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

**Trustee**
**Joseph B. Collins−Tr**
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
413−734−6411

represented by **Joseph B. Collins**
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
(413) 734−6411
Email: jcollins@hendelcollins.com

**Joseph B. Collins−Tr**
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
413−734−6411
Email: jcollins@hendelcollins.com

**Andrea M O'Connor**
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
413−734−6411
Fax : 413−734−8069
Email: aoconnor@hendelcollins.com
*TERMINATED: 02/06/2019*

1

| Filing Date | # | Docket Text |
|---|---|---|
| 07/10/2018 | 1 | Chapter 7 Voluntary Petition for Individuals Filed by R. Susan Woods with Deficiencies. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | | Meeting of Creditors scheduled on 09/04/2018 at 09:00 AM at 1350 Main Street, Suite 1112, Springfield, MA. Deadline to object to debtor's discharge or to challenge dischargeability of certain debts is 11/05/2018. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 2 | Application filed by Debtor R. Susan Woods to Have Chapter 7 Filing Fee Waived. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 3 | Order to Update Statement of Intent due 8/9/2018. Schedules A/B−J, Statement of Financial Affairs, Summary of Assets and Liabilities and Chapter 7 Statement of Your Current Monthly Income Form 122A−1 due by 7/24/2018. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 5 | Statement of Social Security Number(s) filed by Debtor R. Susan Woods. (cl) (Entered: 07/10/2018) |
| 07/11/2018 | 6 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond. (ADI) (Entered: 07/11/2018) |
| 07/11/2018 | 7 | Notice to Pro Se Debtors. (ADI) (Entered: 07/11/2018) |
| 07/12/2018 | 8 | Adversary case 18−03019. Complaint by R. Susan Woods against Alina's Real Estate, LLC. Fee Amount $0.00 Receipt Number EXEMPT. Nature of Suit(71 (Injunctive relief − reinstatement of stay)) ,(72 (Injunctive relief − other)) ,(91 (Declaratory judgment)) ,(11 (Recovery of money/property − 542 turnover of property)) ,(13 (Recovery of money/property − 548 fraudulent transfer)).(pf) (Entered: 07/12/2018) |
| 07/12/2018 | 9 | BNC Certificate of Mailing. (Re: 3 Order to Update) Notice Date 07/12/2018. (Admin.) (Entered: 07/13/2018) |
| 07/13/2018 | 10 | BNC Certificate of Mailing. (Re: 7 Notice to ProSe Debtors.) Notice Date 07/13/2018. (Admin.) (Entered: 07/14/2018) |
| 07/16/2018 | 11 | Court's Notice of 341 sent. (ADI) (Entered: 07/16/2018) |
| 07/17/2018 | 12 | Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | 13 | Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, Massachusetts with certificate of service and proposed order Fee Amount $181, Objections due by 07/31/2018. (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | Receipt of filing fee for Motion for Relief From Stay(18−30549) [motion,mrlfsty] ( 181.00). Receipt Number 17334183, amount $ 181.00 (re: Doc# 13) (U.S. Treasury) (Entered: 07/17/2018) |
| 07/17/2018 | 14 | Endorsed Order dated 7/17/18 Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. A HEARING ON THIS MOTION IS SET FOR JULY 19, |

| | | | |
|---|---|---|---|
| | | | 2018 AT 11:30 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO SERVE THE MOTION AND NOTICE OF THE HEARING BY TELEPHONE AND EMAIL AND FILE A CERTIFICATE OF SUCH SERVICE BY 4:30 P.M. TODAY, JULY 17, 2018. (pf) (Entered: 07/17/2018) |
| 07/17/2018 | | 15 | Court Certificate of Mailing (Re: 14 Order on Motion for Relief from Stay). (pf) (Entered: 07/17/2018) |
| 07/17/2018 | | 16 | Certificate of Service of Notice of Hearing *on July 19, 2018 at 11:30 AM* (Re: 13 Motion for Relief From Stay) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | 17 | Amended (Re: 16 Certificate of Service of Notice of Hearing) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | 18 | Supplemental Document: *Service by Sheriff* (Re: 13 Motion for Relief From Stay) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/18/2018 | | 19 | Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. . (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 20 | Motion filed by Debtor R. Susan Woods to Update Creditor Matrix [Re: 1 Voluntary Petition (Chapter 7)] with certificate of service. (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 21 | Opposition with certificate of service filed by Debtor R. Susan Woods Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Stay Re: 43 West Street, Hadley, MA. (Attachments: # 1 part 2 # 2 part 3 # 3 part 4) (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 22 | BNC Certificate of Mailing − Meeting of Creditors. (Re: 11 Court's Notice of 341 sent Individual No Asset) Notice Date 07/18/2018. (Admin.) (Entered: 07/19/2018) |
| 07/19/2018 | | 23 | Endorsed Order dated 7/19/2018 Re: 20 Motion filed by Debtor R. Susan Woods to Update Creditor Matrix [Re: 1 Voluntary Petition (Chapter 7)]. ALLOWED. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 24 | Notice to Added Creditors by the Court (Re: 20 Motion filed by Debtor R. Susan Woods to Update Creditor Matrix). Deadline to Object to Discharge for New Creditor(s)(Only): 11/5/2018. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 25 | Copy of Court's 341 Notice sent to added creditors. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 26 | Motion filed by Debtor Susan R Woods Continue to Restore Petitioner Woods to her Homestead with certificate of service. (Attachments: # 1 Part 2 # 2 Part 3) (Filed in Open Court on 7/19/18). (pf). (Entered: 07/19/2018) |
| 07/19/2018 | | | Hearing Held Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. (pf) (Entered: 07/19/2018) |

| | | | |
|---|---|---|---|
| 07/19/2018 | | 27 | Order dated 7/19/2018 Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. GRANTED. IN LIGHT OF THE MOVANT'S JUDGMENT FOR POSSESSION, THE COURT FINDS CAUSE FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1). THE DEBTORS OBJECTIONS ARE OVERRULED. THE DEBTORS ALLEGATIONS REGARDING DAMAGE TO THE PROPERTY CAUSED BY THE EVICTION PROCEEDINGS ARE NOT RELEVANT TO THE COURTS DETERMINATION OF CAUSE UNDER 11 U.S.C. § 362(d)(1). FURTHER, THIS COURT IS PROHIBITED FROM CONSIDERING THE DEBTORS ARGUMENTS REGARDING THE VALIDITY OF THE FORECLOSURE SALE AND THE MOVANTS RIGHT TO PROCEED WITH EVICTION PROCEEDING UNDER PRINCIPLES OF RES JUDICATA AND COLLATERAL ESTOPPEL AND BY THE ROOKER−FELDMAN DOCTRINE, WHICH BARS A LOSING PARTY IN STATE COURT TO FILE A SUIT IN A FEDERAL DISTRICT COURT AFTER THE STATE PROCEEDING HAS ENDED TO COMPLAIN OF AN INJURY CAUSED BY THE STATE−COURT DECISION AND SEEK REVIEW AND REJECTION OF THE STATE−COURT JUDGMENT. IN RE VAZQUEZ, 467 B.R. 550 (BANKR. D.P.R. 2012; SEE ALSO SILVA V. MASSACHUSETTS, 351 FED. APPX. 450 (1ST CIR. 2009). HOWEVER, THE 14−DAY STAY OF THIS ORDER PURSUANT TO FED. R. BANKR. P. 4001(a)(3) HAS NOT BEEN WAIVED. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 28 | Court Certificate of Mailing (Re: 27 Order on Motion For Relief From Stay). (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 29 | Endorsed Order dated 7/19/2018 Re: 26 Motion filed by Debtor Susan R Woods Continue to Restore Petitioner Woods to her Homestead. DENIED. SEE ORDER OF EVEN DATE [AT DOCKET #27]. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 30 | Court Certificate of Mailing (Re: 29 Order on Motion to Restore Petitioner Woods to her Homestead). (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 31 | Notice of Appearance and Request for Notice by Mark Esposito with certificate of service filed by Creditor Alinas Realty, LLC (Esposito, Mark) (Entered: 07/19/2018) |
| 07/20/2018 | | 32 | Motion filed by Debtor R. Susan Woods to Request an Evidentiary Hearing (Re: 1 Voluntary Petition (Chapter 7)) with certificate of service. (pf) (Entered: 07/20/2018) |
| 07/21/2018 | | 33 | BNC Certificate of Mailing. (Re: 24 Notice to Add Creditors) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/21/2018 | | 34 | BNC Certificate of Mailing − PDF Document. (Re: 23 Order on Motion to Amend) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/21/2018 | | 35 | BNC Certificate of Mailing − PDF Document. (Re: 25 Generic PDF) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/23/2018 | | 36 | Opposition with certificate of service filed by Creditor Alinas Realty, LLC Re: 19 Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto . (Weiss, Steven) (Entered: 07/23/2018) |

| | | | |
|---|---|---|---|
| 07/23/2018 | | 37 | Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 38 | Motion filed by Debtor R. Susan Woods to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 39 | Motion filed by Debtor R. Susan Woods to Request an Expedited Hearing on the Matters of 38 Motion to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary and First Request for Restitution with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 40 | Motion filed by Debtor R. Susan Woods to Update Filings with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/24/2018 | | 41 | Endorsed Order dated 7/24/2018 Re: 40 Motion filed by Debtor R. Susan Woods to Update Filings. ALLOWED. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 42 | Court Certificate of Mailing Re: 41 Order on Generic Motion. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 43 | Endorsed Order dated 7/24/18 Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. A HEARING ON THIS MOTION IS SET FOR THURSDAY, AUGUST 2, 2018 AT 11:00 A.M. IN THE FEDERAL BUILDING, 300 STATE STREET, BERKSHIRE COURTROOM, SPRINGFIELD, MA. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 44 | Court Certificate of Mailing Re: 43 Order To Set Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 45 | Endorsed Order dated 7/24/2018 Re: 32 Motion filed by Debtor R. Susan Woods to Request an Evidentiary Hearing Re: 1 Voluntary Petition Chapter 7. DENIED FOR THE REASONS SET FORTH IN THIS COURT'S ORDER DATED JULY 19, 2018 [DOCKET #27]. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 46 | Court Certificate of Mailing Re: 45 Order on Motion To Set/Combine Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 47 | Endorsed Order dated 7/24/18 Re: 39 Motion filed by Debtor R. Susan Woods to Request an Expedited Hearing on the Matters of 38 Motion to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary and First Request for Restitution. EXPEDITED DETERMINATION GRANTED AS FOLLOWS: WITH REGARD TO THE "MOTION TO ALLOW PETITIONER TO DONATE HER FLOCK OF CHICKENS TO AN ANIMAL SANCTUARY" [DOCKET #38], THE MOTION WILL BE HELD FOR OBJECTIONS THROUGH MONDAY, JULY 30, 2018. IF NO OBJECTIONS ARE TIMELY FILED, THE MOTION MAY BE GRANTED WITHOUT FURTHER NOTICE OR HEARING. WITH REGARD TO THE "PETITIONER'S FIRST REQUEST FOR RESTITUTION" [DOCKET #19], A HEARING IS SET FOR THURSDAY, AUGUST 2, 2018 AT 11:00 A.M. IN SPRINGFIELD. THE CLERK'S OFFICE IS DIRECTED TO PROVIDE A COPY OF THIS ORDER BY FIRST CLASS MAIL TO ALL CREDITORS AND THE CHAPTER 7 TRUSTEE. (ag) (Entered: 07/24/2018) |

| 07/24/2018 | | [48](#) | Court Certificate of Mailing Re: [47](#) Order To Set Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | [49](#) | Expedited Motion filed by Creditor Alinas Realty, LLC to Appear Telephonically at Hearing Scheduled for August 2, 2018 [Re: [19](#) Miscellaneous Motion] with certificate of service. (Weiss, Steven) (Entered: 07/24/2018) |
| 07/25/2018 | | [50](#) | Endorsed Order dated 7/25/2018 Re: [49](#) Expedited Motion filed by Creditor Alinas Realty, LLC to Appear Telephonically at Hearing Scheduled for August 2, 2018 Re: [19](#) Miscellaneous Motion. GRANTED. ATTORNEY WEISS MAY PARTICIPATE BY DIALING 888−363−4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 07/25/2018) |
| 07/25/2018 | | | Hearing Scheduled to 8/2/2018 at 11:00 AM at Springfield Courtroom − Berkshire Re: [19](#) Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 07/25/2018) |
| 07/26/2018 | | [51](#) | BNC Certificate of Mailing − PDF Document. (Re: [47](#) Order To Set Hearing) Notice Date 07/26/2018. (Admin.) (Entered: 07/27/2018) |
| 07/27/2018 | | [52](#) | Schedules A/B (Re: [3](#) Order to Update) filed by Debtor R. Susan Woods. (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | [53](#) | Chapter 7 Statement of Your Current Monthly Income Form 122A−1 (Re: [3](#) Order to Update) filed by Debtor R. Susan Woods (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | [54](#) | Motion filed by Debtor R. Susan Woods to Extend Time to File Documents [Re: [3](#) Order to Update] with certificate of service. (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | [55](#) | BNC Certificate of Mailing − PDF Document. (Re: [50](#) Order on Motion to Appear Telephonically or Via Video Conference) Notice Date 07/27/2018. (Admin.) (Entered: 07/28/2018) |
| 07/31/2018 | | [56](#) | Endorsed Order dated 7/31/2018 Re: [54](#) Motion filed by Debtor R. Susan Woods to Extend Time to File Documents. GRANTED. THE DEADLINE TO FILE THE MISSING DOCUMENTS IS EXTENDED TO AUGUST 14, 2018. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | [57](#) | Court Certificate of Mailing Re: [56](#) Order on Motion to Extend. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | [58](#) | Endorsed Order dated 7/31/2018 Re: [38](#) Motion filed by Debtor R. Susan Woods to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary. GRANTED. NO OBJECTIONS FILED. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | [59](#) | Court Certificate of Mailing Re: [58](#) Order on Generic Motion. (ag) (Entered: 07/31/2018) |
| 08/01/2018 | | [60](#) | Motion filed by Debtor R. Susan Woods to Reconsider ( [27](#) Order on Motion For Relief From Stay) with certificate of service. (Attachments: # [1](#) documents) (ag) (Entered: 08/01/2018) |

6

| | | 61 | Motion filed by Debtor R. Susan Woods to Allow Petitioner Woods to Bring her Cell Phone to the Hearing Scheduled for August 2, 2018 with certificate of service. (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | | |
| 08/01/2018 | | 62 | Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | 63 | Endorsed Order dated 8/1/2018 Re: 61 Motion filed by Debtor R. Susan Woods to Allow Petitioner Woods to Bring her Cell Phone to the Hearing Scheduled for August 2, 2018. DENIED. (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | 64 | Court Certificate of Mailing Re: 63 Order on Generic Motion. (ag) (Entered: 08/01/2018) |
| 08/02/2018 | | | Hearing Held and Continued for 8/30/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 65 | Order dated 8/2/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. THIS MOTION IS CONSOLIDATED WITH ADVERSARY PROCEEDING NUMBER 18−03019 AND THE HEARING IS CONTINUED TO AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 66 | Court Certificate of Mailing Re: 65 Order on Generic Motion. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | | Hearing Held Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 67 | Order dated 8/2/2018 Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. GRANTED INASMUCH AS THE COURT WILL CONSIDER RELEVANT CASE LAW AS APPROPRIATE GIVEN THE PENDING MATTERS IN THIS CASE. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 68 | Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 69 | Endorsed Order dated 8/2/18 Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss. A HEARING IS SET FOR AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. THE DEADLINE TO FILE A RESPONSE IS AUGUST 23, 2018. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 70 | Court Certificate of Mailing Re: 69 Order To Set Hearing. (ag) (Entered: 08/02/2018) |

| 08/02/2018 | | 71 | Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (Weiss, Steven) (Entered: 08/02/2018) |
| --- | --- | --- | --- |
| 08/03/2018 | | 72 | Endorsed Order dated 8/3/2018 Re: 60 Motion filed by Debtor R. Susan Woods to Reconsider 27 Order on Motion For Relief From Stay. DENIED. (ag) (Entered: 08/03/2018) |
| 08/03/2018 | | 73 | Endorsed Order dated 8/3/2018 Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay. DENIED. (ag) (Entered: 08/03/2018) |
| 08/03/2018 | | 74 | Court Certificate of Mailing Re: 72 Order on Motion To Reconsider, 73 Order on Motion to Extend Automatic Stay. (ag) (Entered: 08/03/2018) |
| 08/04/2018 | | 75 | BNC Certificate of Mailing − PDF Document. (Re: 67 Order on Generic Motion) Notice Date 08/04/2018. (Admin.) (Entered: 08/05/2018) |
| 08/06/2018 | | 76 | Emergency Motion in Response filed by Debtor R. Susan Woods Re: 71 Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (ag) (Entered: 08/06/2018) |
| 08/06/2018 | | 77 | Order dated 8/6/18 Re: 76 Emergency Motion in Response filed by Debtor R. Susan Woods Re: 71 Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay. THE REQUEST FOR THIS COURT TO RECONSIDER THE AUGUST 3, 2018 ORDERS DENYING THE DEBTOR'S MOTION TO RECONSIDER GRANTING OF RELIEF FROM STAY AND THE DEBTOR'S MOTION FOR AN EXTENSION OF THE 14−DAY STAY [DOCKET #'S 72 AND 73] IS DENIED. HAVING REVIEWED THE REFERENCED DOCUMENTS SUBMITTED BY THE DEBTOR AS EXHIBITS H AND I TO THE MOTION TO RECONSIDER [DOCKET #60], THE COURT FINDS THAT THE OMISSION OF THE ADDITIONAL DOCUMENTS (A COPY OF THE LEGAL NOTICE OF THE MORTGAGEE'S SALE OF REAL ESTATE AND A COPY OF AN ASSIGNMENT OF MORTGAGE DATED JULY 23, 2018) FROM THE MOTION OF ALINAS REALTY, LLC FOR RELIEF FROM AUTOMATIC STAY [DOCKET #13] WAS IMMATERIAL TO THE COURT'S DETERMINATION THAT RELIEF FROM THE AUTOMATIC STAY WAS WARRANTED FOR CAUSE UNDER 11 U.S.C. 362(D)(1), AS THE COURT IS PROHIBITED BY PRINCIPLES OF RES JUDICATA, COLLATERAL ESTOPPEL, AND THE ROOKER−FELDMAN DOCTRINE FROM DETERMINING THE VALIDITY OF THE FORECLOSURE SALE AND THE CREDITOR'S RIGHT TO PROCEED WITH THE EVICTION PROCEEDING. (ag) (Entered: 08/06/2018) |
| 08/06/2018 | | 78 | BNC Certificate of Mailing Re: 77 Order. (ag) (Entered: 08/06/2018) |
| 08/13/2018 | | 79 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (ag) (Weiss, Steven) (Entered: 08/13/2018) |
| 08/13/2018 | | 80 | |

| | | | |
|---|---|---|---|
| | | | Exhibit A (Re: 79 Response) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 08/13/2018) |
| 08/16/2018 | | 81 | Order to Show Cause dated 8/16/18. THE DEBTOR IS ORDERED TO APPEAR BEFORE THE COURT ON AUGUST 30, 2018 AT 10:00 A.M. IN THE FEDERAL COURTHOUSE, BERKSHIRE COURTROOM, 300 STATE STREET, SPRINGFIELD, MA AND TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S JULY 10, 2018 ORDER TO UPDATE [DOCKET #3]. (pf) (Entered: 08/16/2018) |
| 08/16/2018 | | 82 | Court Certificate of Mailing (Re: 81 Order to Show Cause for Dismissal of Case). (pf) (Entered: 08/16/2018) |
| 08/17/2018 | | 83 | Notice of Appearance and Request for Notice by Marcus Pratt with certificate of service filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 08/17/2018) |
| 08/17/2018 | | 84 | Motion filed by Creditor Goldman Sachs Mortgage Company for Limited Relief from the Automatic Stay Re: 70 Russell Street, Hadley, MA with certificate of service and proposed order Fee Amount $181, Objections due by 08/31/2018. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Pratt, Marcus) (Entered: 08/17/2018) |
| 08/17/2018 | | | Receipt of filing fee for Motion for Relief From Stay(18−30549) [motion,mrlfsty] ( 181.00). Receipt Number 17413738, amount $ 181.00 (re: Doc# 84) (U.S. Treasury) (Entered: 08/17/2018) |
| 08/23/2018 | | 85 | Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. Expedited Determination Requested with certificate of service. (Weiss, Steven) (Entered: 08/23/2018) |
| 08/23/2018 | | 86 | Endorsed Order dated 8/23/18 Re: 85 Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. A HEARING ON THIS MOTION IS SET FOR AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO PROVIDE TELEPHONIC AND FAX OR ELECTRONIC NOTICE OF THE MOTION AND THE HEARING TO THE DEBTOR AND THE CHAPTER 7 TRUSTEE AND FILE A CERTIFICATE REFLECTING SUCH SERVICE BY 4:30 P.M. ON AUGUST 24, 2018. (ag) (Entered: 08/23/2018) |
| 08/23/2018 | | 87 | Court Certificate of Mailing Re: 86 Order To Set Hearing. (ag) (Entered: 08/23/2018) |
| 08/23/2018 | | 88 | Certificate of Service of Notice of Hearing *August 30, 2018 at 10:00 a.m.* (Re: 85 Motion to Compel) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 08/23/2018) |
| 08/30/2018 | | 89 | Motion filed by Debtor R. Susan Woods to Withdraw [Re: 19 Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto .] with certificate of service. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 90 | Response with certificate of service filed by Debtor R. Susan Woods Re: 85 Motion filed by Creditor Alinas Realty, LLC to Compel Debtor to remove personal property from premises **[Expedited Determination** |

| | | | |
|---|---|---|---|
| | | | **Requested]** with certificate of service. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 91 | Schedules A/B−J, Statement of Financial Affairs for Individual, Summary of Assets and Liabilities Schedules for Individual, Chapter 7 Statement of Your Current Monthly Income Form 122A−1 and Declaration Concerning Debtor`s Schedules Re: 1 Voluntary Petition (Chapter 7) filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | 92 | Statement of Intent filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | 93 | Statement of Financial Affairs for Individual filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 3 Order to Update. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 94 | Order dated 8/30/18 Re: 3 Order to Update. THE DEBTOR IS ORDERED TO FILE THE COMPLETED SCHEDULES FOR THIS CASE IN THE CLERK'S OFFICE TODAY, UPON WHICH THIS SHOW CAUSE ORDER SHALL BE DEEMED WITHDRAWN. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held and Continued for 11/1/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 95 | Order dated 8/30/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. CONTINUED TO NOVEMBER 1, 2018 FOR: 10:00AM IN SPRINGFIELD. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 96 | Order dated 8/30/18 Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC. ON OR BEFORE 09/14/18 ATTORNEY WEISS IS ORDERED TO FILE A SUPPLEMENTAL ANALYSIS OF THE RULES OF PROFESSIONAL CONDUCT AND THE POSITION HE HAS TAKEN IN THIS DISPUTE. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 85 Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 97 | Order dated 8/30/2018 Re: 85 Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. DENIED FOR THE REASONS STATED |

10

| | | | |
|---|---|---|---|
| | | | IN OPEN COURT. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 98 | Endorsed Order dated 8/30/2018 Re: 89 Motion filed by Debtor R. Susan Woods to Withdraw Re: 19 Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto. DENIED. (ag) (Entered: 08/30/2018) |
| 08/31/2018 | | 99 | Opposition filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA 01035 with certificate of service. (ag) (Entered: 08/31/2018) |
| 08/31/2018 | | 105 | PDF with attached Audio File. Court Date & Time [ 8/30/2018 10:44:17 AM ]. File Size [ 7328 KB ]. Run Time [ 00:30:32 ]. (admin). (Entered: 09/03/2018) |
| 09/01/2018 | | 100 | BNC Certificate of Mailing − PDF Document. (Re: 94 Order) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 101 | BNC Certificate of Mailing − PDF Document. (Re: 95 Order on Generic Motion) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 102 | BNC Certificate of Mailing − PDF Document. (Re: 96 Order) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 103 | BNC Certificate of Mailing − PDF Document. (Re: 97 Order on Motion to Compel) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 104 | BNC Certificate of Mailing − PDF Document. (Re: 98 Order on Motion to Withdraw Document) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/04/2018 | | 106 | Supplemental Response with certificate of service filed by Creditor Alinas Realty, LLC (Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter, and 12 Notice of Appearance and Request for Notice by Steven Weiss filed by Creditor Alinas Realty, LLC) (Weiss, Steven) (Entered: 09/04/2018) |
| 09/04/2018 | | 107 | Endorsed Order dated 9/4/18 Re: 106 Supplemental Response filed by Creditor Alinas Realty, LLC (Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter, and 12 Notice of Appearance and Request for Notice by Steven Weiss filed by Creditor Alinas Realty, LLC). THE DEBTOR IS PERMITTED, BUT IS NOT REQUIRED, TO FILE A REPLY TO THIS SUPPLEMENTAL RESPONSE ON OR BEFORE SEPTEMBER 25, 2018. (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 108 | Court Certificate of Mailing (Re: 107 Order on Supplemental Response). (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 109 | Order dated 9/4/2018 Re: 2 Application filed by Debtor R. Susan Woods to Have Chapter 7 Filing Fee Waived. GRANTED. (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 110 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing Re: 109 Order on Application to Have Filing Fee Waived. (pf) (Entered: 09/04/2018) |
| 09/05/2018 | | 111 | Supplemental Certificate of Service (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 09/05/2018) |
| 09/06/2018 | | 112 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 84 Motion of Goldman Sachs Mortgage Company for Limited Relief from the Automatic Stay (re: 70 Russell Street, Hadley, MA). Objection deadline is 10/10/18 at 4:30PM. (spr) (Entered: 09/06/2018) |
| 09/10/2018 | | | 341 Meeting Not Held Debtor absent. Continuance of Meeting of Creditors on 10/2/2018 at 10:30 AM at 1350 Main Street, Suite 1112, Springfield, MA. (Collins−Tr, Joseph) (Entered: 09/10/2018) |
| 09/11/2018 | | 113 | Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy with certificate of service. (ag) (Entered: 09/11/2018) |
| 09/17/2018 | | 114 | Application filed by Trustee Joseph B. Collins to Employ Hendel, Collins & O'Connor, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Attachments: # 1 Declaration of Electronic Filing) (Collins, Joseph) (Entered: 09/17/2018) |
| 09/19/2018 | | 115 | Objection to Debtor's Claim of Exemptions with certificate of service filed by Trustee Joseph B. Collins−Tr. (Collins, Joseph) (Entered: 09/19/2018) |
| 09/20/2018 | | 116 | Response with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 113 Motion filed by Debtor R. Susan Woods to Convert Case to Chapter 13 with certificate of service. (Collins, Joseph) (Entered: 09/20/2018) |
| 09/25/2018 | | 117 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 118 | Court Certificate of Mailing Re: 117 Hearing Scheduled. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 119 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 120 | Court Certificate of Mailing Re: 119 Hearing Scheduled. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 121 | Certificate of Service of Notice of Hearing (Re: 115 Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 09/25/2018) |
| 09/25/2018 | | 122 | Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr with certificate of service. (Attachments: # 1 Exhibit A) (Collins, Joseph) (Entered: 09/25/2018) |

| | | | |
|---|---|---|---|
| 09/26/2018 | | 123 | Endorsed Order dated 9/26/18 Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. EXPEDITED DETERMINATION IS DENIED. A HEARING ON THIS MOTION IS SET FOR OCTOBER 17, 2018 AT 10:00 A.M. IN SPRINGFIELD. OBJECTIONS AND RESPONSES SHOULD BE FILED BY OCTOBER 15, 2018. THE TRUSTEE IS ORDERED TO PROVIDE NOTICE OF THE HEARING AND OBJECTION DEADLINE TO THE DEBTOR AND ALL PARTIES TO THE LEASE AND TO FILE A CERTIFICATE OF SERVICE REFLECTING SAME ON OR BEFORE SEPTEMBER 28, 2018. (ag) (Entered: 09/26/2018) |
| 09/26/2018 | | 124 | Certificate of Service of Notice of Hearing (Re: 122 Motion to Assume/Reject) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 09/26/2018) |
| 10/01/2018 | | 125 | Copy of appeal filed to the Supreme Judicial Court of Massachusetts filed by Debtor R. Susan Woods. (Attachments: # 1 Exhibit Part 1 of 9 # 2 Exhibit Part 2 of 9 # 3 Exhibit Part 3 of 9 # 4 Exhibit Part 4 of 9 # 5 Exhibit Part 5 of 9 # 6 Exhibit Part 6 of 9 # 7 Exhibit Part 7 of 9 # 8 Exhibit Part 8 of 9 # 9 Exhibit Part 9 of 9) (sas) (Entered: 10/01/2018) |
| 10/02/2018 | | 126 | Certificate of Service of Notice of Hearing (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Attachments: # 1 Notice of Hearing) (Pratt, Marcus) (Entered: 10/02/2018) |
| 10/05/2018 | | 127 | Order dated 10/5/2018 Re: 114 Application filed by Trustee Joseph B. Collins to Employ Hendel, Collins & O'Connor, P.C. as Counsel. GRANTED. See Order for Full Text. (pf) (Entered: 10/05/2018) |
| 10/05/2018 | | | Meeting of Creditors Held and Examination of Debtor (Collins−Tr, Joseph) (Entered: 10/05/2018) |
| 10/07/2018 | | 128 | BNC Certificate of Mailing − PDF Document. (Re: 127 Order on Application to Employ) Notice Date 10/07/2018. (Admin.) (Entered: 10/08/2018) |
| 10/10/2018 | | 129 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA. (ag) (Entered: 10/10/2018) |
| 10/12/2018 | | 130 | Expedited Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 84 Motion for Relief From Stay, 113 Motion to Convert Case to Chapter 13, 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject] with certificate of service. (ag) (Entered: 10/12/2018) |
| 10/15/2018 | | 131 | Motion filed by Trustee Joseph B. Collins to Extend Time to Object to Debtor's Discharge with certificate of service. (Collins, Joseph) (Entered: 10/15/2018) |
| 10/16/2018 | | 132 | Endorsed Order dated 10/16/2018 Re: 130 Expedited Motion filed by Debtor R. Susan Woods to Continue Hearing Re: 84 Motion for Relief From Stay, 113 Motion to Convert Case to Chapter 13, 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject. GRANTED; EACH OF THE HEARINGS OF 10/18/18 ARE CONTINUED TO 11/01/18 AT 10:00AM IN SPRINGFIELD. NO |

13

| | | | |
|---|---|---|---|
| | | | FURTHER CONTINUANCES SHALL BE GRANTED. (ag) (Entered: 10/16/2018) |
| 10/16/2018 | | 133 | Court Certificate of Mailing Re: 132 Order on Motion to Continue Hearing. (ag) (Entered: 10/16/2018) |
| 10/16/2018 | | 134 | Certificate of Service (Re: 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 10/16/2018) |
| 10/19/2018 | | 135 | Certificate of Service of Notice of Hearing (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Attachments: # 1 Notice of Hearing) (Pratt, Marcus) (Entered: 10/19/2018) |
| 10/22/2018 | | 136 | Notice of Requirement to Complete Course in Financial Management (ADI) (Entered: 10/22/2018) |
| 10/24/2018 | | 137 | BNC Certificate of Mailing. (Re: 136 Notice of Requirement to Complete Course in Financial Management) Notice Date 10/24/2018. (Admin.) (Entered: 10/25/2018) |
| 10/30/2018 | | 138 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA 01035 with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 139 | Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 140 | Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 141 | Notice of Withdrawal with certificate of service (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 10/30/2018) |
| 10/30/2018 | | 142 | Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 143 | Endorsed Order dated 10/30/18 Re: 141 Notice of Withdrawal Re: 84 Motion for Relief From Stay filed by Creditor Goldman Sachs Mortgage Company. SO NOTED; THE UNDERLYING HEARING OF 11/01/18 IS HEREBY CANCELED. (ag) (Entered: 10/30/2018) |
| 10/31/2018 | | 144 | Motion filed by Debtor R. Susan Woods to Amend Schedule A/B−G, Summary of Schedules [Re: 91 Schedules A−J, Statement of Financial Affairs, Summary of Assets and Liabilities, Chapter 7 Statements − Monthly Income (122A−1) / Exemption Presumption of Abuse (122A−1Supp), Verified Declaration] Fee Amount $31 with certificate of service. (ag) (Entered: 10/31/2018) |
| 10/31/2018 | | 145 | Certificate of Service of Notice of Hearing (Re: 113 Motion to Convert Case to Chapter 13) filed by Debtor R. Susan Woods (ag) (Entered: 10/31/2018) |

| | | | |
|---|---|---|---|
| 10/31/2018 | | 146 | Motion filed by Debtor R. Susan Woods to Expedite 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy with certificate of service. (ag) (Entered: 10/31/2018) |
| 11/01/2018 | | | Hearing Held Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 147 | Order dated 11/1/18 Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr.  MOOT; THE DEBTOR FILED AMENDED SCHEDULES ON OCTOBER 31, 2018 (SEE DOCKET ENTRY #144). (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held and Continued for 11/15/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 148 | Order dated 11/1/2018 Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. CONTINUED TO NOVEMBER 15, 2018 FOR: 10:00AM IN SPRINGFIELD.  (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held and Continued for 3/21/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 149 | Order dated 11/1/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto.  CONTINUED TO MARCH 21, 2019 AT 10:00AM IN SPRINGFIELD FOR A FURTHER PRE−TRIAL HEARING, AS THIS MATTER HAS BEEN CONSOLIDATED FOR TRIAL PURPOSES WITH ADVERSARY PROCEEDING 18−3019. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 150 | Order dated 11/1/2018 Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. DENIED. CONVERSION OF THIS CASE TO ONE UNDER CHAPTER 13 PURSUANT TO 11 U.S.C. § 706(A) WOULD BE FUTILE, BECAUSE THE COURT COULD NOT FIND THAT THE DEBTOR WOULD QUALIFY AS A DEBTOR UNDER CHAPTER 13. CONSIDERING THE BEST INTERESTS OF CREDITORS AND THE ESTATE AND THE TOTALITY OF THE CIRCUMSTANCES, THE COURT FINDS THE EXISTENCE OF EXTREME CIRCUMSTANCES, INCLUDING THE DEBTORS LACK OF GOOD FAITH, THAT WOULD BE CAUSE FOR RECONVERSION OF THE CASE PURSUANT TO 11 U.S.C. § 1307(C) IN LIGHT OF: (1) THE DEBTORS FAILURE TO TIMELY DISCLOSE THE EXISTENCE OF A LEASE BETWEEN THE DEBTOR AS LESSOR AND THREE TENANTS AS LESSEES; (2) THE DEBTORS STATED REASON FOR CONVERSION (AND HER STATED REASON FOR FILING THE CHAPTER 7 PETITION) IS HER BELIEF THAT CONVERSION |

| | | | |
|---|---|---|---|
| | | | WOULD ASSIST HER IN DEFEATING STATE COURT LITIGATION; (3) THE DEBTORS LACK OF DISPOSABLE INCOME TO FUND A CHAPTER 13 PLAN AS EVIDENCED BY HER SCHEDULES I AND J AND BY THE DEBTORS OWN ADMISSION AT THE HEARING HELD THIS DATE THAT HER CURRENT INCOME IS INSUFFICIENT TO MEET HER CURRENT EXPENSES; AND (4) THE EXISTENCE OF A SIGNIFICANT AMOUNT OF NON−EXEMPT EQUITY IN 70 RUSSELL STREET, HADLEY, MASSACHUSETTS, AN ASSET OF THE BANKRUPTCY ESTATE. SEE MARRAMA V. CITIZENS BANK OF MASSACHUSETTS (IN RE MARRAMA), 549 U.S. 365 (2007); CABRAL V. SHAMBAN (IN RE CABRAL), 285 B.R. 563, 573 (B.A.P. 1ST CIR. 2002). (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 151 | Court Certificate of Mailing Re: 150 Order dated 11/1/2018 Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 152 | BNC Certificate of Mailing − PDF Document. (Re: 143 Order) Notice Date 11/01/2018. (Admin.) (Entered: 11/02/2018) |
| 11/02/2018 | | 153 | Endorsed Order dated 11/2/2018 Re: 131 Motion filed by Trustee Joseph B. Collins to Extend Time to Object to Debtor's Discharge. GRANTED. THE DEADLINE IS EXTENDED TO JANUARY 4, 2018. (ag) (Entered: 11/02/2018) |
| 11/03/2018 | | 154 | BNC Certificate of Mailing − PDF Document. (Re: 147 Order on Objection to Exemptions) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/03/2018 | | 155 | BNC Certificate of Mailing − PDF Document. (Re: 148 Order on Motion to Assume/Reject) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/03/2018 | | 156 | BNC Certificate of Mailing − PDF Document. (Re: 149 Order on Generic Motion) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/04/2018 | | 157 | BNC Certificate of Mailing − PDF Document. (Re: 153 Order on Motion to Extend) Notice Date 11/04/2018. (Admin.) (Entered: 11/04/2018) |
| 11/05/2018 | | 158 | Endorsed Order dated 11/5/2018 Re: 146 Motion filed by Debtor R. Susan Woods to Expedite 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. MOOT. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 159 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 160 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 161 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 140 Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 162 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing Re: 159 Hearing Scheduled, 160 Hearing Scheduled, 161 Hearing Scheduled. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | | The trustee hereby requests the Court set a bar date/deadline for the filing of Proofs of Claim. (Collins−Tr, Joseph) (Entered: 11/05/2018) |
| 11/06/2018 | | 163 | Court's Notice of Assets. Proofs of Claims due by 02/04/2019. Government proof of claim due by 02/04/2019. (ADI) (Entered: 11/06/2018) |
| 11/07/2018 | | 164 | BNC Certificate of Mailing − PDF Document. (Re: 158 Order on Generic Motion) Notice Date 11/07/2018. (Admin.) (Entered: 11/08/2018) |
| 11/08/2018 | | 165 | BNC Certificate of Mailing. (Re: 163 Asset Notice Report) Notice Date 11/08/2018. (Admin.) (Entered: 11/09/2018) |
| 11/09/2018 | | 166 | Motion filed by Trustee Joseph B. Collins to Withdraw Document and Cancel Hearing [Re: 122 Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez] with certificate of service. (Collins−Tr, Joseph) (Entered: 11/09/2018) |
| 11/12/2018 | | 167 | Objection to Homestead Exemption with certificate of service filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 11/12/2018) |
| 11/12/2018 | | 168 | Exhibit (Re: 167 Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 11/12/2018) |
| 11/13/2018 | | 169 | Endorsed Order dated 11/13/2018 Re: 166 Motion filed by Trustee Joseph B. Collins to Withdraw Document and Cancel Hearing Re: 122 Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez. GRANTED; THE UNDERLYING HEARING OF 11/15/18 IS CANCELED. (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | 170 | Court Certificate of Mailing Re: 169 Order on Motion to Withdraw Document. (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | 171 | Response with certificate of service (Re: 166 Motion to Withdraw Document) filed by Debtor R. Susan Woods (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | 172 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 140 Motion filed by Debtor R. Susan Woods with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | 173 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 139 Motion filed by Debtor R. Susan Woods Affirm the Lease with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | 174 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 142 Motion filed by Debtor R. Susan Woods to Remove Trustee with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | 175 | Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease with certificate of |

17

| | | | |
|---|---|---|---|
| | | | service. (ag) (Entered: 11/13/2018) |
| 11/14/2018 | | <u>176</u> | Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>177</u> | Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted with certificate of service. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>178</u> | Endorsed Order dated 11/14/18 Re: <u>175</u> Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. EMERGENCY DETERMINATION DENIED. A HEARING ON THIS MOTION IS SET FOR DECEMBER 6, 2018 AT 10:00 A.M. IN SPRINGFIELD. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>179</u> | Court Certificate of Mailing Re: <u>178</u> Order To Set Hearing. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>180</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>176</u> Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>181</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>177</u> Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>182</u> | Court Certificate of Mailing Re: <u>180</u> Hearing Scheduled, <u>181</u> Hearing Scheduled. (ag) (Entered: 11/14/2018) |
| 11/19/2018 | | <u>183</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>167</u> Objection of Alinas Realty, LLC to Debtor's Homestead Exemption (spr) (Entered: 11/19/2018) |
| 11/19/2018 | | <u>184</u> | Certificate of Service of Notice of Hearing (Re: <u>139</u> Miscellaneous Motion, <u>140</u> Miscellaneous Motion, <u>142</u> Motion to Remove) filed by Debtor R. Susan Woods (ag) (Entered: 11/19/2018) |
| 11/20/2018 | | <u>185</u> | Endorsed Order dated 11/20/2018 Re: <u>144</u> Motion filed by Debtor R. Susan Woods to Amend Schedules A/B−G and Summary of Schedules [Re: <u>91</u> Schedules A−J]. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. THE TIME TO OBJECT TO THE AMENDED EXEMPTIONS PURSUANT TO FED. R. BANKR. P. 4003(b)(1) SHALL RUN FROM THE DATE OF ENTRY OF THIS ORDER ON THE DOCKET. (pf) (Entered: 11/20/2018) |
| 11/20/2018 | | <u>186</u> | Court Certificate of Mailing (Re: <u>185</u> Order on Motion to Amend Schedules). (pf) (Entered: 11/20/2018) |
| 11/26/2018 | | <u>187</u> | Rebuttal with certificate of service (Re: <u>167</u> Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Debtor R. Susan Woods. (ag) (Entered: 11/26/2018) |
| 11/26/2018 | | <u>188</u> | Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 11/26/2018) |

| | | | |
|---|---|---|---|
| 11/27/2018 | | 189 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 175 Motion filed by Creditors John Murphy−Martinez, Jose Murphy−Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease with certificate of service. (Collins−Tr, Joseph) (Entered: 11/27/2018) |
| 11/27/2018 | | 190 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 176 Motion filed by Debtor R. Susan Woods to Dismiss Case. (Collins−Tr, Joseph) (Entered: 11/27/2018) |
| 11/28/2018 | | 191 | Certificate of Service of Notice of Hearing (Re: 176 Motion to Dismiss Case, 177 Miscellaneous Motion) filed by Debtor R. Susan Woods (ag) (Entered: 11/28/2018) |
| 11/28/2018 | | 192 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 177 Motion filed by Debtor R. Susan Woods with certificate of service. (Collins−Tr, Joseph) (Entered: 11/28/2018) |
| 11/28/2018 | | 193 | Objection to Debtor's Claim of Exemptions with certificate of service filed by Trustee Joseph B. Collins−Tr. (Collins−Tr, Joseph) (Entered: 11/28/2018) |
| 11/29/2018 | | 194 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 176 Motion filed by Debtor R. Susan Woods to Dismiss Case. (ZZ−Weiss, Steven) (Entered: 11/29/2018) |
| 11/29/2018 | | 195 | Endorsed Order dated 11/29/18 Re: 193 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. CONSISTENT WITH THE COURT'S REMARKS MADE AT THE HEARING HELD NOVEMBER 1, 2018, THIS OBJECTION IS SUSTAINED. (ag) (Entered: 11/29/2018) |
| 11/29/2018 | | 196 | Hearing Scheduled on 1/17/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. Objections due by 1/10/2019 at 04:30 PM (cl) (Entered: 11/29/2018) |
| 11/29/2018 | | 197 | Court Certificate of Mailing Re: 196 Hearing Scheduled. (cl) (Entered: 11/29/2018) |
| 12/01/2018 | | 198 | BNC Certificate of Mailing − PDF Document. (Re: 195 Order on Objection to Exemptions) Notice Date 12/01/2018. (Admin.) (Entered: 12/02/2018) |
| 12/06/2018 | | | Hearing Held Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 199 | Order dated 12/6/2018 Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 200 | Document Filed by Debtor R. Susan Woods Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. Filed in Open Court By Debtor on 12/6/18. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. (ag) (Entered: 12/06/2018) |

| | | | |
|---|---|---|---|
| 12/06/2018 | | 201 | Order dated 12/6/2018 Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 202 | Order dated 12/6/2018 Re: 140 Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 140 Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 167 Objection to Homestead Exemption filed by Creditor Alinas Realty, LLC . (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 203 | Order dated 12/6/18/ Re: 167 Objection to Homestead Exemption filed by Creditor Alinas Realty, LLC. SUSTAINED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 175 Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 204 | Order dated 12/6/2018 Re: 175 Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 177 Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 205 | Order dated 12/6/2018 Re: 177 Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted . DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 176 Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 206 | Order dated 12/6/2018 Re: 176 Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. DENIED. (ag) (Entered: 12/06/2018) |
| 12/08/2018 | | 207 | BNC Certificate of Mailing − PDF Document. (Re: 199 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 208 | BNC Certificate of Mailing − PDF Document. (Re: 201 Order on Motion to Remove Party) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 209 | BNC Certificate of Mailing − PDF Document. (Re: 202 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 210 | BNC Certificate of Mailing − PDF Document. (Re: 203 Order on Objection to Exemptions) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |

| 12/08/2018 | | 211 | BNC Certificate of Mailing − PDF Document. (Re: 204 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 212 | BNC Certificate of Mailing − PDF Document. (Re: 205 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 213 | BNC Certificate of Mailing − PDF Document. (Re: 206 Order on Motion to Dismiss Case) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/20/2018 | | 214 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. (ag) (Weiss, Steven) (Entered: 12/20/2018) |
| 12/26/2018 | | 215 | Second Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge with certificate of service. (Collins−Tr, Joseph) (Entered: 12/26/2018) |
| 12/28/2018 | | 216 | Motion filed by Trustee Joseph B. Collins to Approve Agreement with certificate of service. (Collins−Tr, Joseph) (Entered: 12/28/2018) |
| 12/28/2018 | | 217 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 216 Motion of Chapter 7 Trustee to Approve Settlement with Murphy−Martinez Brothers. Objection deadline is 01/25/19 at 4:30PM. (spr) (Entered: 12/28/2018) |
| 12/31/2018 | | 218 | Certificate of Service of Notice of Hearing (Re: 216 Motion to Compromise, 217 Hearing Scheduled) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 12/31/2018) |
| 01/07/2019 | | 219 | Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 01/07/2019) |
| 01/07/2019 | | 220 | Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts with certificate of service. Fee Amount $181 (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/07/2019 | | 221 | Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business. filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/07/2019 | | 222 | Second Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 01/07/2019) |
| 01/07/2019 | | 223 | Certificate of Service (Re: 221 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/08/2019 | | 224 | Application filed by Trustee Joseph B. Collins−Tr to Defer Fee (Re: 220 Motion to Sell). (O'Connor, Andrea) (Entered: 01/08/2019) |
| 01/08/2019 | | 225 | Notice of Intent to Sell 70 RUSSELL STREET, HADLEY, MA. Hearing Scheduled for 2/14/2019 at 11:00 AM at Springfield Courtroom − Berkshire Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale |

| | | | |
|---|---|---|---|
| | | | of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 226 | Endorsed Order dated 1/8/2019 Re: 224 Application filed by Trustee Joseph B. Collins−Tr to Defer Fee Re: 220 Motion to Sell. GRANTED. THE FILING FEE IS DEFERRED UNTIL TIME OF FINAL DISTRIBUTION. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | | Receipt of filing fee for Motion to Sell(18−30549) [motion,msell] ( 181.00). Receipt Number DEFERRED, amount $ 181.00 (re: Doc# 220) (pf) (Entered: 01/08/2019) |
| 01/08/2019 | | 227 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. Responses due by 1/25/2019 at 04:30 PM. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 228 | Supplemental Certificate of Service (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/08/2019) |
| 01/08/2019 | | 229 | Supplemental Certificate of Service (Re: 221 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/08/2019) |
| 01/08/2019 | | 230 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 222 Second Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. Responses due by 1/25/2019 at 04:30 PM. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 231 | Court Certificate of Mailing Re: 227 Hearing Scheduled, 230 Hearing Scheduled. (ag) (Entered: 01/08/2019) |
| 01/09/2019 | | 232 | Order dated 1/9/19 Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. MOOT. SEE AMENDED CLAIM FILED DECEMBER 20, 2018. THE HEARING ON THIS OBJECTION SET FOR JANUARY 17, 2019 IS CANCELED. (ag) (Entered: 01/09/2019) |
| 01/09/2019 | | 233 | Court Certificate of Mailing Re: 232 Order on Objection to Claim. (ag) (Entered: 01/09/2019) |
| 01/10/2019 | | 234 | BNC Certificate of Mailing − PDF Document. (Re: 226 Order on Application to Defer Payment) Notice Date 01/10/2019. (Admin.) (Entered: 01/11/2019) |
| 01/15/2019 | | 235 | Endorsed Order dated 1/15/2019 Re: 215 Second Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge. GRANTED. THE DEADLINE IS EXTENDED TO MARCH 5, 2019. (ag) (Entered: 01/15/2019) |
| 01/17/2019 | | 236 | BNC Certificate of Mailing − PDF Document. (Re: 235 Order on Motion to Extend) Notice Date 01/17/2019. (Admin.) (Entered: 01/18/2019) |
| 01/18/2019 | | 237 | Response filed by Creditor Alinas Realty, LLC Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. (ag) (Weiss, Steven) (Entered: 01/18/2019) |

| | | | |
|---|---|---|---|
| 01/29/2019 | | 238 | Endorsed Order dated 1/29/2019 Re: 216 Motion filed by Trustee Joseph B. Collins to Approve Agreement. GRANTED. NO OBJECTIONS HAVE BEEN FILED. THE HEARING ON THIS MOTION SET FOR JANUARY 31, 2019 IS CANCELED. (pf) (Entered: 01/29/2019) |
| 01/29/2019 | | 239 | Court Certificate of Mailing (Re: 238 Order on Motion to Approve Agreement). (pf) (Entered: 01/29/2019) |
| 01/29/2019 | | 240 | Emergency Motion filed by Debtor R. Susan Woods to Postpone Hearings Scheduled for 1/31/19 [Re: 219 Objection to Claim 2 and 222 Amended Objection to Claim 2] with certificate of service. (pf) (Entered: 01/29/2019) |
| 01/30/2019 | | 241 | Endorsed Order dated 1/30/2019 Re: 240 Emergency Motion filed by Debtor R. Susan Woods to Postpone Hearings Scheduled for 1/31/19 [Re: 219 Objection to Claim 2 and 222 Amended Objection to Claim 2]. GRANTED IN PART AND DENIED IN PART. THE HEARING ON THE OBJECTIONS TO CLAIM ARE CONTINUED TO FEBRUARY 14, 2019 AT 11:00 A.M. IN SPRINGFIELD. THE REQUEST FOR A CONTINUANCE OF THE HEARING ON THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND FOR AN EXTENSION OF TIME TO RESPOND IS DENIED, AS THE COURT HAS ALREADY ACTED ON THE MOTION. SEE DOCKET #238. (pf) (Entered: 01/30/2019) |
| 01/30/2019 | | 242 | Court Certificate of Mailing (Re: 241 Order on Motion to Continue Hearing). (pf) (Entered: 01/30/2019) |
| 01/31/2019 | | 243 | Exhibit *A and Certificate of Service* (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/31/2019) |
| 02/04/2019 | | 244 | Supplemental Document: *Proposed Order* with certificate of service (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Attachments: # 1 Certificate of Service) (Collins−Tr, Joseph) (Entered: 02/04/2019) |
| 02/06/2019 | | 245 | Request to be Removed as Counsel filed by Andrea M O'Connor . (O'Connor, Andrea) (Entered: 02/06/2019) |
| 02/06/2019 | | 246 | Endorsed Order dated 2/6/19 Re: 245 Request to be Removed as Counsel filed by Andrea M O'Connor. GRANTED. (ag) (Entered: 02/06/2019) |
| 02/08/2019 | | 247 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, MA. (pf) (Entered: 02/08/2019) |
| 02/08/2019 | | 248 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 225 Notice of Intent to Sell Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, MA. (pf) (Entered: 02/08/2019) |
| 02/08/2019 | | 249 | BNC Certificate of Mailing − PDF Document. (Re: 246 Order) Notice Date 02/08/2019. (Admin.) (Entered: 02/09/2019) |
| 02/11/2019 | | 250 | Emergency Motion filed by Debtor R. Susan Woods to Request a Postponement of the Hearings Schedules for 2/14/19 [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim] with certificate of service. (ag) (Entered: 02/11/2019) |

| | | 251 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 250 Emergency Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim] with certificate of service. (Collins−Tr, Joseph) (Entered: 02/11/2019) |
| 02/11/2019 | | | |
| 02/11/2019 | | 252 | Endorsed Order dated 2/11/2019 Re: 250 Emergency Motion filed by Debtor R. Susan Woods to Request a Postponement of the Hearings Schedules for 2/14/19 Re: 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim. GRANTED IN PART AND DENIED IN PART. THE HEARING ON THE OBJECTIONS TO CLAIM [DOCKET #'S 219 AND 222] ARE CONTINUED TO MARCH 21, 2019 AT 10:00 A.M. IN SPRINGFIELD. THE HEARING ON THE TRUSTEE'S MOTION TO SELL [DOCKET #220] WILL GO FORWARD AS SCHEDULED FOR THE REASONS STATED IN THE TRUSTEE'S OPPOSITION [DOCKET #251] AND IN LIGHT OF THE FACT THAT THE DEBTOR WAS ABLE TO FILE TIMELY OBJECTIONS TO THE MOTION TO SELL AND NOTICE OF SALE. (ag) (Entered: 02/11/2019) |
| 02/11/2019 | | 253 | Court Certificate of Mailing Re: 252 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 02/11/2019) |
| 02/12/2019 | | 254 | Request for Claims Register filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/12/2019) |
| 02/13/2019 | | 255 | Supplemental Document: *Revised Proposed Order (clean and redline)* (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/13/2019) |
| 02/14/2019 | | 256 | Clerk's Notice of $181.00 Fees Due (lc) (Entered: 02/14/2019) |
| 02/14/2019 | | 257 | Requested Claims Register. (lc) (Entered: 02/14/2019) |
| 02/14/2019 | | | Hearing Held Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 258 | Order dated 2/14/2019 Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. GRANTED; THE DEBTOR'S OBJECTIONS ARE OVERRULED. THE TRUSTEE IS TO FILE A PROPOSED ORDER REFLECTING THE FINDINGS AND CONCLUSIONS REACHED IN OPEN COURT THIS DATE. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 259 | Court Certificate of Mailing (Re: 258 Order on Motion To Sell). (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 260 | Order dated 2/14/19 Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. GRANTED. See Order for Full Text. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 261 | Court Certificate of Mailing (Re: 260 Order on Motion to Sell). (pf) (Entered: 02/14/2019) |
| 02/15/2019 | | 262 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (RE: 258 Order on Motion To Sell, |

24

| | | | |
|---|---|---|---|
| | | 260 | Order). Appellant Designation due by 3/1/2019. Compiled Records Due by 3/15/2019. Transmission of Designation Due by 3/18/2019. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | 263 | Notice of Appeal to District Court Re: 262 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | 264 | Motion filed by Debtor R. Susan Woods to Waive Filing Fee for Appeal with certificate of service. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | 265 | Initial Transmittal to District Court Re: 262 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | 266 | Emergency Motion filed by Trustee Joseph B. Collins−Tr to Compel with certificate of service. (Attachments: # 1 Exhibit) (Collins−Tr, Joseph) (Entered: 02/15/2019) |
| 02/15/2019 | | 267 | Endorsed Order dated 2/15/2019 Re: 266 Emergency Motion filed by Trustee Joseph B. Collins−Tr to Compel. GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | 268 | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 6 (McLeod, William) (Entered: 02/15/2019) |
| 02/15/2019 | | 269 | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 7 (McLeod, William) (Entered: 02/15/2019) |
| 02/15/2019 | | 270 | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 8 (McLeod, William) (Entered: 02/15/2019) |
| 02/17/2019 | | 271 | BNC Certificate of Mailing. (Re: 268 Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | 272 | BNC Certificate of Mailing. (Re: 269 Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | 273 | BNC Certificate of Mailing. (Re: 270 Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | 274 | BNC Certificate of Mailing − PDF Document. (Re: 267 Order on Motion to Compel) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/19/2019 | | 275 | Petitioner's Emergency Motion filed by Debtor R. Susan Woods to Vacate (258 Order on Motion To Sell 260 Order on Motion to Sell and 267 Order on Motion to Compel) with certificate of service. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 276 | |

| | | | |
|---|---|---|---|
| | | | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (Re: 267 Order on Motion to Compel). Appellant Designation due by 3/5/2019. Compiled Records Due by 3/19/2019. Transmission of Designation Due by 3/21/2019. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 277 | Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's 276 Notice of Appeal with certificate of service. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 278 | Notice of Appeal to District Court (Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 279 | Initial Transmittal to District Court (Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 280 | Court Certificate of Mailing (Re: 278 Notice of Appeal to District Court). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 281 | Endorsed Order dated 2/19/2019 Re: 275 Petitioner's Emergency Motion filed by Debtor R. Susan Woods to Vacate (258 Order on Motion To Sell, 260 Order on Motion to Sell and 267 Order on Motion to Compel). DENIED. IN LIGHT OF THE NOTICES OF APPEAL FILED ON FEBRUARY 15, 2019 [DOCKET #262] AND FEBRUARY 19, 2019 [DOCKET #276], THIS COURT NO LONGER HAS JURISDICTION TO RULE ON THIS MOTION. SEE WHISPERING PINES ESTATES, INC. V. FLASH ISLAND, INC. (IN RE WHISPERING PINES ESTATES, INC.), 369 B.R. 752 (B.A.P. 1ST CIR. 2007). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 282 | Court Certificate of Mailing (Re: 281 Order on Motion to Vacate). (pf) (Entered: 02/19/2019) |
| 02/20/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−10321 Re: 262 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 258 Order on Motion To Sell and 260 Order. (sas) (Entered: 02/20/2019) |
| 02/21/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−30023 Re: 276 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 267 Order on Motion to Compel. (sas) (Entered: 02/21/2019) |
| 02/21/2019 | | 283 | Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge with certificate of service. (Collins−Tr, Joseph) (Entered: 02/21/2019) |
| 02/22/2019 | | 284 | Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief with certificate of service. (Collins−Tr, Joseph) (Entered: 02/22/2019) |
| 02/22/2019 | | 285 | Endorsed Order dated 2/22/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief. AN EVIDENTIARY HEARING ON THIS MOTION IS SET FOR FEBRUARY 26, 2019 AT 11:00 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO |

| | | | |
|---|---|---|---|
| | | | SERVE THE MOTION AND NOTICE OF THE HEARING ON THE DEBTOR BY TELEPHONE AND EMAIL AND FILE A CERTIFICATE OF SUCH SERVICE BY 4:30 P.M. TODAY, FEBRUARY 22, 2019. (ag) (Entered: 02/22/2019) |
| 02/22/2019 | | 286 | Court Certificate of Mailing Re: 285 Order To Set Hearing. (ag) (Entered: 02/22/2019) |
| 02/22/2019 | | 287 | Certificate of Service of Notice of Hearing (Re: 284 Motion for Contempt) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/22/2019) |
| 02/22/2019 | | 288 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 270 Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 8 (Weiss, Steven) (Entered: 02/22/2019) |
| 02/25/2019 | | 289 | Motion filed by Debtor R. Susan Woods to Withdraw [Re: 276 Notice of Appeal and Statement of Election] with certificate of service. (ag). (Entered: 02/25/2019) |
| 02/25/2019 | | 290 | Motion filed by Debtor R. Susan Woods to Withdraw [Re: 262 Notice of Appeal and Statement of Election] with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 291 | Emergency Motion filed by Debtor R. Susan Woods for Consideration of Petitioners Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 292 | Endorsed Order dated 2/25/2019 Re: 264 Motion filed by Debtor R. Susan Woods to Waive Filing Fee for Appeal . GRANTED. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 293 | Endorsed Order dated 2/25/2019 Re: 277 Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's 276 Notice of Appeal. GRANTED. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 294 | Endorsed Order dated 2/25/2019 Re: 289 Motion filed by Debtor R. Susan Woods to Withdraw Re: 276 Notice of Appeal and Statement of Election. DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 295 | Endorsed Order dated 2/25/2019 Re: 290 Motion filed by Debtor R. Susan Woods to Withdraw Re: 262 Notice of Appeal and Statement of Election. DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 296 | Court Certificate of Mailing Re: 292 Order on Motion to Waive, 293 Order on Motion to Waive, 294 Order on Motion to Withdraw Document, 295 Order on Motion to Withdraw Document. (ag) (Entered: 02/25/2019) |

| | | | |
|---|---|---|---|
| 02/25/2019 | | 297 | Endorsed Order dated 2/25/2019 Re: 291 Emergency Motion filed by Debtor R. Susan Woods for Consideration of Petitioners Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate. DENIED. SEE ORDERS OF EVEN DATE DENYING THE MOTIONS TO WITHDRAW THE PENDING APPEALS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 298 | Court Certificate of Mailing Re: 297 Order on Motion To Reconsider. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 299 | Affidavit of Joseph B. Collins with certificate of service filed by Trustee Joseph B. Collins−Tr (Attachments: # 1 Certificate of Service) (Collins−Tr, Joseph) (Entered: 02/25/2019) |
| 02/25/2019 | | 300 | Second Emergency Motion filed by Debtor R. Susan Woods For Consideration of Petitioner's Emergency Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 301 | Endorsed Order dated 2/25/2019 Re: 300 Second Emergency Motion filed by Debtor R. Susan Woods For Consideration of Petitioner's Emergency Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate. DENIED. THIS COURT REMAINS WITHOUT JURISDICTION OVER 'PETITIONER'S EMERGENCY MOTION TO VACATE ORDERS' [DOCKET #275] AS THE REFERENCED APPEALS HAVE NOT YET BEEN DISMISSED AND REMAIN PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 302 | Court Certificate of Mailing Re: 301 Order on Motion To Reconsider. (ag) (Entered: 02/25/2019) |
| 02/26/2019 | | 303 | Order dated 2/26/2019 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. See Order for Full Text. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | | Hearing Continued to 2/28/2019 at 11:00 AM at Springfield Courtroom − Berkshire Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | 304 | Court Certificate of Mailing Re: 303 Order dated 2/26/2019 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | 305 | Application filed by Trustee Joseph B. Collins−Tr to Employ Verdolino & Lowey, P.C. as Accountant along with certificate of service. (Collins−Tr, Joseph) (Entered: 02/26/2019) |
| 02/27/2019 | | 306 | Status Report *and Request for Sanctions* filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/27/2019) |
| 02/27/2019 | | 307 | Certificate of Service (Re: 306 Status Report) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/27/2019) |
| 02/28/2019 | | 308 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (RE: 303 Order on Motion for |

| | | | |
|---|---|---|---|
| | | | Contempt). Appellant Designation due by 3/14/2019. Compiled Records Due by 3/28/2019. Transmission of Designation Due by 4/1/2019. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | [309](#) | Notice of Appeal to District Court Re: [308](#) Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | [310](#) | Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's Appeal with certificate of service. (ag) (Entered: 02/28/2019) |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

```
                                    )
In re:                              )
                                    )        Chapter 7
       R. SUSAN WOODS,              )        Case No. 18-30549-EDK
                                    )
                     Debtor         )
                                    )
```

**ORDER RE:**
**EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]**

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, at a hearing held on February 14, 2019, the Debtor represented that she had taken possession of the Russell Street Property; and

WHEREAS, in his "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel"), the Trustee provided copies of electronic mail he had received from the Debtor stating that (i) the Debtor had changed the locks to the Russell Street Property on February 12, 2019 and (ii) the Debtor would continue to occupy the Russell Street Property; and

WHEREAS, on February 15, 2019, the Court granted the Motion to Compel by order stating:

> GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

[Docket #267] (the "Order to Surrender"); and

WHEREAS, on February 22, 2019, the Trustee filed an "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") in which the Trustee represented that the Debtor had failed to deliver working keys to the Russell Street Property and had failed to vacate the Russell Street Property; and

WHEREAS, the Court scheduled an evidentiary hearing on the Contempt Motion for February 26, 2019 at 11:00 a.m. (the "February 26 Contempt Hearing"); and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor continues to occupy the Russell Street Property; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor changed the locks to the Russell Street Property again on February 15, 2019 and willfully failed and refused to provide working keys to the Russell Street Property to the Trustee; and

WHEREAS, the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violate (i) the terms of the Sale Order enjoining the Debtor from asserting any interest in the Russell Street Property and (ii) the Order to Surrender requiring the Debtor to immediately surrender the Russell Street Property and all of the keys to all of the locks to the Russell Street Property to the Trustee;[1] and

WHEREAS, the Debtor has appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of those Orders; and

WHEREAS, "[a]bsent a stay pending appeal, parties are obligated to comply with court orders . . . whether or not they agree with them. *See Maness v. Meyers,* 419 U.S. 449, 458–59,

---

[1] In addition, the Debtor's continued occupation of the Russell Street Property, as well as the changing of the locks and refusal to provide current working keys to the Trustee, violate 11 U.S.C. § 362(a)(3) (providing that the filing of the petition "operates as a stay, *applicable to all entities*, of -- … any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") (emphasis supplied), and run afoul of the Debtor's obligations under 11 U.S.C. § 521(a)(3) to "cooperate with the trustee as necessary to enable to the trustee to perform the trustee's duties under this title" and under 11 U.S.C. § 521(a)(4) to "surrender to the trustee all property of the estate."

2

95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Acevedo–Garcia v. Vera–Monroig,* 368 F.3d 49, 58 (1st Cir.2004) ('It is well-settled that a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid.')." *Efron v. Candelario (In re Efron)*, 529 B.R. 396, 412 (B.A.P. 1st Cir. 2015).

WHEREAS, pursuant to 28 U.S.C. § 157(b)(1), this Court has the authority to "enter appropriate orders and judgments" and, pursuant to 11 U.S.C. § 105(a), may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"; and

WHEREAS, this Court may issue an order of civil contempt to ensure compliance with its previous Orders and to compensate a harmed party for losses sustained on account of such contempt, *see Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.)*, 950 F.2d 798, 802 (1st Cir. 1991), including an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property,[2]

NOW, THEREFORE,

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

DATED: February 26, 2019          By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

---

[2] *See In re Hardy*, 2017 WL 2491497, *6-7 (Bankr. D.C. June 8, 2017); *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652, 664-65 (Bankr. N.D. Ga. 2017); *Jensen-Carter v. Hedback (In re Stephens)*, 2012 WL 1899716, *3-4 (D. Minn. May 24, 2012); *In re Searles*, 70 B.R. 266, 272-273 (D.R.I. 1987).

3

Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):    R. SUSAN WOODS

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☑ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:   ORDER FOR CONTEMPT

2. State the date on which the judgment, order, or decree was entered:   2-26-19

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:   Trustee        Attorney:   JOSEPH COLLINS
                                        101 State St.
                                        Springfield, MA 0103
                                        413-739-6411

2. Party: _____    Attorney: _____

33

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____          Date: _2-27-19_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

R. SUSAN WOODS
P.O. BOX 160
HADLEY, MA  01035
413-883-1414

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

In re:                                              )
                                                    )
                                                    )        Chapter 7
R. SUSAN WOODS,                                     )        Case No. 18-30549-EDK
                                                    )
                        Debtor                      )
                                                    )

### ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, at a hearing held on February 14, 2019, the Debtor represented that she had taken possession of the Russell Street Property; and

WHEREAS, in his "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel"), the Trustee provided copies of electronic mail he had received from the Debtor stating that (i) the Debtor had changed the locks to the Russell Street Property on February 12, 2019 and (ii) the Debtor would continue to occupy the Russell Street Property; and

1

35

WHEREAS, on February 15, 2019, the Court granted the Motion to Compel by order stating:

> GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

[Docket #267] (the "Order to Surrender"); and

WHEREAS, on February 22, 2019, the Trustee filed an "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") in which the Trustee represented that the Debtor had failed to deliver working keys to the Russell Street Property and had failed to vacate the Russell Street Property; and

WHEREAS, the Court scheduled an evidentiary hearing on the Contempt Motion for February 26, 2019 at 11:00 a.m. (the "February 26 Contempt Hearing"); and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor continues to occupy the Russell Street Property; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FINDS that the Debtor changed the locks to the Russell Street Property again on February 15, 2019 and willfully failed and refused to provide working keys to the Russell Street Property to the Trustee; and

WHEREAS, the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violate (i) the terms of the Sale Order enjoining the Debtor from asserting any interest in the Russell Street Property and (ii) the Order to Surrender requiring the Debtor to immediately surrender the Russell Street Property and all of the keys to all of the locks to the Russell Street Property to the Trustee;[1] and

WHEREAS, the Debtor has appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of those Orders; and

WHEREAS, "[a]bsent a stay pending appeal, parties are obligated to comply with court orders . . . whether or not they agree with them. *See Maness v. Meyers,* 419 U.S. 449, 458–59,

---

[1] In addition, the Debtor's continued occupation of the Russell Street Property, as well as the changing of the locks and refusal to provide current working keys to the Trustee, violate 11 U.S.C. § 362(a)(3) (providing that the filing of the petition "operates as a stay, *applicable to all entities*, of -- ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") (emphasis supplied), and run afoul of the Debtor's obligations under 11 U.S.C. § 521(a)(3) to "cooperate with the trustee as necessary to enable to the trustee to perform the trustee's duties under this title" and under 11 U.S.C. § 521(a)(4) to "surrender to the trustee all property of the estate."

95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Acevedo–Garcia v. Vera–Monroig*, 368 F.3d 49, 58 (1st Cir.2004) ('It is well-settled that a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid.')." *Efron v. Candelario (In re Efron)*, 529 B.R. 396, 412 (B.A.P. 1st Cir. 2015).

WHEREAS, pursuant to 28 U.S.C. § 157(b)(1), this Court has the authority to "enter appropriate orders and judgments" and, pursuant to 11 U.S.C. § 105(a), may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title"; and

WHEREAS, this Court may issue an order of civil contempt to ensure compliance with its previous Orders and to compensate a harmed party for losses sustained on account of such contempt, *see Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.)*, 950 F.2d 798, 802 (1st Cir. 1991), including an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property,[2]

NOW, THEREFORE,

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

DATED: February 26, 2019

By the Court,

*Elizabeth D. Katz*

Elizabeth D. Katz
United States Bankruptcy Judge

---

[2] *See In re Hardy*, 2017 WL 2491497, *6-7 (Bankr. D.C. June 8, 2017); *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652, 664-65 (Bankr. N.D. Ga. 2017); *Jensen-Carter v. Hedback (In re Stephens)*, 2012 WL 1899716, *3-4 (D. Minn. May 24, 2012); *In re Searles*, 70 B.R. 266, 272-273 (D.R.I. 1987).

3

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:  R. Susan Woods | Chapter |
| | 18−30549 |
| | Judge Elizabeth D. Katz |

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court for the District of Massachusets ("District Court") were filed on **FEBRUARY 28, 2019** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8009 the Appellant must file with the Clerk of this Court a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal within fourteen (14) days of the filing of the:

> 1. Notice of Appeal, or
> 2. Entry of an Order granting leave to appeal, or
> 3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

 whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within fourteen (14) days after service of the Appellant's Designation and Statement.

Upon the filing of the Designation of Record and Statement of Issues on Appeal, and after expiration of the fourteen (14) day period for the Appellee to file a Designation of Additional Papers, the Clerk's Office will forward the documents designated by the parties to the District Court electronically.

If a party to the appeal designates any sealed document to be part of the record on appeal, that party must file a motion with the court which the appeal is pending requesting that court to accept the sealed document. If the motion is granted, the movant must notify the bankruptcy court of the ruling. See Fed.R. Bankr.P.8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must also advise the court by filing "Certificate of No Transcript Ordered." See Fed.R.Bankr.P. 8010(b).

It is the duty of the parties to insure that the Record on Appeal is complete.

 Date:2/28/19

Mary P. Sharon
Clerk, U.S. Bankruptcy Court


By the Court,


<u>Audrey Godere</u>
Deputy Clerk
(413) 785− 6905

Case 18-30549 Doc 11 Filed 02/28/19 Entered 02/28/19 11:05:51 Desc Letter of Transmittal to Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

---

In Re:  R. Susan Woods
       Debtor

Chapter: 7
Case No: 18−30549 −edk

---

### Initial Transmittal

The following is being transmitted to your court:

- ☑ Notice of Appeal with Order
- ☑ Bankruptcy Docket
- ☐ Election to have appeal heard in District Court
- ☐ Direct Appeal to Court of Appeals
- ☐ Motion for Leave to Appeal With/Without Objections
- ☐ Other

---

Date:2/28/19

By the Court,

Audrey Godere
Deputy Clerk
413−785−6905

---

Receipt is acknowledged of the enclosures referred to above.

District/Appellate Court Docket Number:_____
Date:_____

By:_____
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

### SECOND ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . from asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, on February 15, 2019, the Court granted the Trustee's "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel") by order stating:

GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

1

[Docket #267] (the "Order to Surrender"); and

WHEREAS, the Court held an evidentiary hearing on February 26, 2019 at 11:00 a.m. (the "February 26, 2019 Contempt Hearing") on the Trustee's "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") filed on February 22, 2019; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FOUND and RULED that the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violated the Sale Order and the Order to Surrender; and

WHEREAS, the Debtor appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but did not receive a stay pending appeal of those Orders; and

WHEREAS, pursuant to the Court's authority under 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 105(a), the Court entered an Order on February 26, 2019 stating:

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

[Docket #303] (the "First Contempt Order"); and

WHEREAS, the Debtor appeared at the continued hearing on the Contempt Motion held on February 28, 2019 (the "Second Contempt Hearing") and represented to the Court that the she had not vacated the Russell Street Property and had not turned over working keys to the property to the Trustee; and

WHEREAS, the has Debtor appealed the First Contempt Order to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of that Order;

NOW, THEREFORE,

The Court FINDS that the Debtor is in contempt of the Sale Order, the Order to Surrender, and the First Contempt Order.

It is ORDERED that the United States Marshal's Service shall post a notice, which, at a minimum, shall include the form notice filed herewith and signed by the Court, on the property located at 70 Russell Street, Hadley, Massachusetts that R. Susan Woods and any other user or occupant of the property must vacate the Russell Street Property by 3:00 p.m. on Monday, March 4, 2019 or suffer eviction; and it is further

ORDERED that consistent with the Sale Order, Order to Surrender, and the First Contempt Order, on or after Tuesday, March 5, 2019, the United States Marshal's Service shall, upon request of the Trustee, evict the Debtor and/or any and all other occupants from the Russell Street Property and the United States Marshal's Service is authorized to use reasonable force as may be necessary to evict the Debtor and any persons occupying or using the Russell Street Property or to guard against any unauthorized disruption of the eviction; and it is further

ORDERED that the fees and expenses of the United States Marshal's Service shall be treated as a cost of the sale of the Russell Street Property, such that such fees and expenses shall be paid from any currently available funds, and if none are currently available, then from the proceeds of the sale (and not only later as an administrative expense to share on a pro rata basis with any other administrative expenses when the net proceeds of the sale are distributed); and it is further

ORDERED that this Order may be enforced by further proceedings for sanctions, including, but not limited to issuing monetary sanctions and ordering the Debtor incarcerated.

DATED: February 28, 2019                    By the Court,

_____
Elizabeth D. Katz
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

## NOTICE TO VACATE

To:    **R. Susan Woods and any and all occupants residing or occupying the property at 70 Russell Street, Hadley, MA 01035**

**PLEASE TAKE NOTICE**, by virtue of a Court Order issued by the United States Bankruptcy Court for the District of Massachusetts on February 28, 2019, you are hereby ORDERED to VACATE and QUIT and not to return or otherwise occupy any portion of the premises located at 70 Russell Street, Hadley, MA 01035, not later than 3:00 p.m. on March 4, 2019 or be subject to eviction by force by the United States Marshal's Service.

**PLEASE TAKE FURTHER NOTICE**, that the United States Marshal's service has been authorized to **EVICT** anyone who remains on or occupies any portion of the premises located at 70 Russell Street, Hadley, MA 01035 on or after March 5, 2019 **without further notice.**

DATED: February 28, 2019          By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

Case 18-30040 Doc 25-1 Filed 02/28/19 Entered 02/28/19 12:06:49 Desc Transmission2 Page 5 of 5

## **CERTIFICATION OF POSTING**

I hereby certify that a copy of the foregoing notice was posted at the premises located at 70 Russell Street, Hadley, MA 01035 this ___ day of February 2019.

Name: _____

Title: _____

LIVE database

Case 19-03010 Doc 25-1 Filed 07/23/19 Entered 07/23/19 13:58:22 Desc
Transmission2 Page 218 of 364

Case 18-30549 Doc 312 Filed 02/28/19 Entered 02/28/19 12:16:08 Desc Main
Document Page 1 of 1

Page 1 of 1

# Certificate of Mailing

**Date printed: 2/28/2019**
**Case: 18-30549 Document: 312**

**On the date listed above, the Court mailed by first class U.S. Mail, the document listed above to
the following parties:**

db  R. Susan Woods  P.O Box 160  Hadley, MA 01035

Total: 1

Form ID: pdf012
District/Off: 0101-3
User: agodere

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  *R. Susan Woods*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

❑ Plaintiff
❑ Defendant
❑ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☑ Debtor
❑ Creditor
❑ Trustee
❑ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:  *Order to Vacate*

2. State the date on which the judgment, order, or decree was entered:  *2·28·19*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Joseph Colli*   Attorney: *Hendel & Collins, P.C.*
   *101 State St.*
   *Springfield, MA 01103*
   *413-734-6411*

2. Party: _____   Attorney: _____
   _____
   _____
   _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____                   Date: _2-22-19_____

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
R. Susan Woods
70 Russell St.
P.O. Box 160
Hadley, MA 01035-0160

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers:  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

### SECOND ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . from asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, on February 15, 2019, the Court granted the Trustee's "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel") by order stating:

GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

1

[Docket #267] (the "Order to Surrender"); and

WHEREAS, the Court held an evidentiary hearing on February 26, 2019 at 11:00 a.m. (the "February 26, 2019 Contempt Hearing") on the Trustee's "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") filed on February 22, 2019; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FOUND and RULED that the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violated the Sale Order and the Order to Surrender; and

WHEREAS, the Debtor appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but did not receive a stay pending appeal of those Orders; and

WHEREAS, pursuant to the Court's authority under 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 105(a), the Court entered an Order on February 26, 2019 stating:

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

[Docket #303] (the "First Contempt Order"); and

WHEREAS, the Debtor appeared at the continued hearing on the Contempt Motion held on February 28, 2019 (the "Second Contempt Hearing") and represented to the Court that the she had not vacated the Russell Street Property and had not turned over working keys to the property to the Trustee; and

2

WHEREAS, the has Debtor appealed the First Contempt Order to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of that Order;

NOW, THEREFORE,

The Court FINDS that the Debtor is in contempt of the Sale Order, the Order to Surrender, and the First Contempt Order.

It is ORDERED that the United States Marshal's Service shall post a notice, which, at a minimum, shall include the form notice filed herewith and signed by the Court, on the property located at 70 Russell Street, Hadley, Massachusetts that R. Susan Woods and any other user or occupant of the property must vacate the Russell Street Property by 3:00 p.m. on Monday, March 4, 2019 or suffer eviction; and it is further

ORDERED that consistent with the Sale Order, Order to Surrender, and the First Contempt Order, on or after Tuesday, March 5, 2019, the United States Marshal's Service shall, upon request of the Trustee, evict the Debtor and/or any and all other occupants from the Russell Street Property and the United States Marshal's Service is authorized to use reasonable force as may be necessary to evict the Debtor and any persons occupying or using the Russell Street Property or to guard against any unauthorized disruption of the eviction; and it is further

ORDERED that the fees and expenses of the United States Marshal's Service shall be treated as a cost of the sale of the Russell Street Property, such that such fees and expenses shall be paid from any currently available funds, and if none are currently available, then from the proceeds of the sale (and not only later as an administrative expense to share on a pro rata basis with any other administrative expenses when the net proceeds of the sale are distributed); and it is further

ORDERED that this Order may be enforced by further proceedings for sanctions, including, but not limited to issuing monetary sanctions and ordering the Debtor incarcerated.

DATED: February 28, 2019

By the Court,

_Elizabeth D. Katz_

Elizabeth D. Katz
United States Bankruptcy Judge

3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

In re: )
)
R. SUSAN WOODS, )                    Chapter 7
)                    Case No. 18-30549-EDK
Debtor )
)

### NOTICE TO VACATE

To: **R. Susan Woods and any and all occupants residing or occupying the property at 70 Russell Street, Hadley, MA 01035**

**PLEASE TAKE NOTICE,** by virtue of a Court Order issued by the United States Bankruptcy Court for the District of Massachusetts on February 28, 2019, you are hereby ORDERED to VACATE and QUIT and not to return or otherwise occupy any portion of the premises located at 70 Russell Street, Hadley, MA 01035, not later than 3:00 p.m. on March 4, 2019 or be subject to eviction by force by the United States Marshal's Service.

**PLEASE TAKE FURTHER NOTICE,** that the United States Marshal's service has been authorized to **EVICT** anyone who remains on or occupies any portion of the premises located at 70 Russell Street, Hadley, MA 01035 on or after March 5, 2019 **without further notice.**

DATED: February 28, 2019

By the Court,

*Elizabeth D. Katz*

Elizabeth D. Katz
United States Bankruptcy Judge

Case 19-03010 Doc 25-1 Filed 02/28/19 Entered 02/28/19 13:58:22 Desc
Transmission2 Page 225 of 364

## CERTIFICATION OF POSTING

I hereby certify that a copy of the foregoing notice was posted at the premises located at 70 Russell Street, Hadley, MA 01035 this ___ day of February 2019.

Name: _____

Title: _____

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

In Re:   R. Susan Woods

Chapter 7
Bankruptcy Case 18−30549
Judge Elizabeth D. Katz

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court for the District of Massachusets ("District Court") were filed on **FEBRUARY 28, 2019** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8009 the Appellant must file with the Clerk of this Court a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal within fourteen (14) days of the filing of the:

> 1. Notice of Appeal, or
> 2. Entry of an Order granting leave to appeal, or
> 3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within fourteen (14) days after service of the Appellant's Designation and Statement.

Upon the filing of the Designation of Record and Statement of Issues on Appeal, and after expiration of the fourteen (14) day period for the Appellee to file a Designation of Additional Papers, the Clerk's Office will forward the documents designated by the parties to the District Court electronically.

If a party to the appeal designates any sealed document to be part of the record on appeal, that party must file a motion with the court which the appeal is pending requesting that court to accept the sealed document. If the motion is granted, the movant must notify the bankruptcy court of the ruling. See Fed.R. Bankr.P.8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must also advise the court by filing "Certificate of No Transcript Ordered." See Fed.R.Bankr.P. 8010(b).

It is the duty of the parties to insure that the Record on Appeal is complete.

Date:2/28/19

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

Audrey Godere
Deputy Clerk
(413) 785− 6905

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

```
                                    )
In re:                              )
                                    )    Chapter 7
        R. SUSAN WOODS,             )    Case No. 18-30549-EDK
                                    )
                    Debtor          )
                                    )
```

### AMENDED SECOND ORDER RE:
### EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . from asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, on February 15, 2019, the Court granted the Trustee's "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel") by order stating:

GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

[Docket #267] (the "Order to Surrender"); and

WHEREAS, the Court held an evidentiary hearing on February 26, 2019 at 11:00 a.m. (the "February 26, 2019 Contempt Hearing") on the Trustee's "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") filed on February 22, 2019; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FOUND and RULED that the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violated the Sale Order and the Order to Surrender; and

WHEREAS, the Debtor appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but did not receive a stay pending appeal of those Orders; and

WHEREAS, pursuant to the Court's authority under 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 105(a), the Court entered an Order on February 26, 2019 stating:

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's  attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

[Docket #303] (the "First Contempt Order"); and

WHEREAS, the Debtor appeared at the continued hearing on the Contempt Motion held on February 28, 2019 (the "Second Contempt Hearing") and represented to the Court that the she had not vacated the Russell Street Property and had not turned over working keys to the property to the Trustee; and

WHEREAS, the has Debtor appealed the First Contempt Order to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of that Order;

NOW, THEREFORE,

The Court FINDS that the Debtor is in contempt of the Sale Order, the Order to Surrender, and the First Contempt Order.

It is ORDERED that the United States Marshal's Service shall post a notice, which, at a minimum, shall include the form notice filed herewith and signed by the Court, on the property located at 70 Russell Street, Hadley, Massachusetts that R. Susan Woods and any other user or occupant of the property must vacate the Russell Street Property by 3:00 p.m. on Monday, March 4, 2019 or suffer eviction; and it is further

ORDERED that consistent with the Sale Order, Order to Surrender, and the First Contempt Order, on or after Tuesday, March 5, 2019, the United States Marshal's Service shall, upon request of the Trustee, evict the Debtor and/or any and all other occupants from the Russell Street Property and the United States Marshal's Service is authorized to use reasonable force as may be necessary to evict the Debtor and any persons occupying or using the Russell Street Property or to guard against any unauthorized disruption of the eviction and may enter the property to effectuate the terms of this Order; and it is further

ORDERED that the fees and expenses of the United States Marshal's Service shall be treated as a cost of the sale of the Russell Street Property, such that such fees and expenses shall be paid from any currently available funds, and if none are currently available, then from the proceeds of the sale (and not only later as an administrative expense to share on a pro rata basis with any other administrative expenses when the net proceeds of the sale are distributed); and it is further

ORDERED that this Order may be enforced by further proceedings for sanctions, including, but not limited to issuing monetary sanctions and ordering the Debtor incarcerated.

DATED: February 28, 2019       By the Court,

_Elizabeth D. Katz_

_____
Elizabeth D. Katz
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

### <u>NOTICE TO VACATE</u>

**To:**   **R. Susan Woods and any and all occupants residing or occupying the property at 70 Russell Street, Hadley, MA 01035**

**PLEASE TAKE NOTICE**, by virtue of a Court Order issued by the United States Bankruptcy Court for the District of Massachusetts on February 28, 2019, you are hereby ORDERED to VACATE and QUIT and not to return or otherwise occupy any portion of the premises located at 70 Russell Street, Hadley, MA 01035, not later than 3:00 p.m. on March 4, 2019 or be subject to eviction by force by the United States Marshal's Service.

**PLEASE TAKE FURTHER NOTICE**, that the United States Marshal's service has been authorized to **EVICT** anyone who remains on or occupies any portion of the premises located at 70 Russell Street, Hadley, MA 01035 on or after March 5, 2019 **without further notice.**

DATED: February 28, 2019

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

Case 18-30041 Doc 25-1 Filed 07/23/19 Entered 07/23/19 13:53:22 Desc Transmission2 Page 3 of 5

## **CERTIFICATION OF POSTING**

I hereby certify that a copy of the foregoing notice was posted at the premises located at 70
Russell Street, Hadley, MA 01035 this ___ day of _____ 2019.

Name: _____

Title: _____

# Certificate of Mailing

**Date printed: 2/28/2019**
**Case: 18-30549 Document: 321**

**On the date listed above, the Court mailed by first class U.S. Mail, the document listed above to the following parties:**

db  R. Susan Woods  P.O Box 160  Hadley, MA 01035

Total: 1

Form ID: pdf012
District/Off: 0101-3
User: agodere

# EXHIBIT COVER SHEET

In re:     **18-30549**
           **R. Susan Woods**

**#284   Emergency Motion of Chapter 7 Trustee for order finding R. Susan Woods in Contempt of Court and for further relief**

Hearing held:  Tuesday, February 26, 2018

The following exhibits were introduced and admitted in open court as follows:

| EXHIBIT No. | DECRIPTION | No. of Pages |
|---|---|---|
| 1 | Copies of True Value receipts | 1 |
| 2 | Affidavit of R. Susan Woods | 2 |
| 3 | Affidavit of Joseph B. Collins | 13 |

**EXHIBIT**

**1**

## True Value.

Foster Farrar
145 King St.
Northampton, Ma 01060
(413) 584-8811

Transaction#: C161124
Associate: KEVIN
Date: 02/12/2019     Time: 03:57:11 PM

*** SALE ***

Bill To:
Our Valued Customer
_____

RE-KEYING

  3.00 EACH @  $12.00 T      $36.00
SINGLE CUT KEY

  3.00 EACH @  $2.29 T       $6.87

           Subtotal: $42.87
  6.25% - State Tax: $2.68
             TOTAL: $45.55

             DEBIT: $45.55
          CHANGE: $0.00

BUYER AGREES TO PAY TOTAL AMOUNT ABOVE
ACCORDING TO CARDHOLDER'S AGREEMENT
WITH ISSUER

US DEBIT ************2705 0
APPROVAL: 00
EXP: **/**
AID: A0000000980840
TC 6E59BC3E22675EBC 40
TERMINAL: 88820577 8000048000
VALIDATION: ONLINE PIN
PAYMENT SERVICE: 05
PIN VERIFIED
NAME:
AMT: $45.55
-------========================

- - - - - - - - - - - - - - - - - - -
Refunds require original reciept
Must be in original pkg,resalable
No refunds-spec orders,clearance



C 1 6 1 1 2 4

## True Value.

Foster Farrar
145 King St.
Northampton, Ma 01060
(413) 584-8811

Transaction#: AA127631
Associate: Lon
Date: 02/15/2019     Time: 05:58:18 PM

*** SALE ***

Bill To:
Our Valued Customer
_____

RE-KEYING -

  3.00 EACH @  $12.00 T      $36.00

           Subtotal: $36.00
  6.25% - State Tax: $2.25
             TOTAL: $38.25

             DEBIT: $38.25
          CHANGE: $0.00

BUYER AGREES TO PAY TOTAL AMOUNT ABOVE
ACCORDING TO CARDHOLDER'S AGREEMENT
WITH ISSUER

US DEBIT ************2705 0
APPROVAL:331219
EXP: **/**
AID: A0000000980840
TC 7FEBD5F85BCB7978 40
TERMINAL: 88820579 8000048000
VALIDATION: ONLINE PIN
PAYMENT SERVICE: 05
PIN VERIFIED
NAME: WOODS/R S
AMT: $38.25
-------========================

- - - - - - - - - - - - - - - - - - -
Refunds require original reciept
Must be in original pkg,resalable
No refunds-spec orders,clearance



A A 1 2 7 6 3 1

EXHIBIT
2

## Affidavit of R. Susan Woods
### Property Address: 70 Russell Street Hadley, Massachusetts

I, R. Susan Woods, being duly sworn, do hereby depose and swear of my own personal knowledge as follows:

1. On May 4, 2005, I purchased my property located at 70 Russell Street in Hadley, MA, 01035.
2. On or around April 1, 2017, my tenants Carlos, Jose, and Jonathan Murphy-Martinez moved into the premises.
3. The lease to them was made on January 15, 2017, while the building was still occupied by other tenants.
4. I leased possession of the premises to the aforementioned tenants, only to them, and not to any others.
5. The tenants agreed to move out of the premises on or before March 1, 2019 by way of contract dated December 28, 2018, made between them and Joseph Collins.
6. At no time did I execute any power of attorney to the tenants, and the tenants had no grant of authority of any kind over my possession.
7. On the afternoon of Tuesday, February 12, 2019, the tenants vacated the premises, left in a broom clean condition, free of any and all furnishings, food stuffs, and personal possessions of theirs.
8. As the tenants exited the building, I entered the building, and changed the locks.
9. I have continued to possess the premises since Tuesday, February 12, 2019.
10. My possession of the premises has been continuous since I purchased it on May 4, 2005, by myself and/or by way of lease to tenants, various and several over the years.
11. I have slept at the 70 Russell Street premises in the evenings since Tuesday, February 12, 2019.
12. No Summary Process case has commenced against me concerning the 70 Russell Street property since the tenants relinquished it in a broom clean condition on the afternoon of Tuesday, February 12, 2019.
13. I have complied with the court orders I could comply with without relinquishing my possessory interests.

Signed: _____

Printed Name: R. Susan Woods

February 26, 2019

**Property Address: 70 Russell Street, Hadley, MA 01035**

COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss.

On this 26th day of February, 2019, before me, the undersigned notary public, personally
appeared R. Susan Woods who proved to me through ___X___ (mark an X) satisfactory
evidence of identification, which was a Massachusetts Driver's License or State ID, who
signed the preceding document in my presence, and who swore or affirmed to me that the
contents of the document are truthful and accurate to the best of her knowledge and
belief.

Notary Public

Printed Name: John C Miller

My Commission Expires: 11/23/2023

EXHIBIT

3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re                                        )
                                             )     Chapter 7, No.  18-30549-EDK
R. SUSAN WOODS                               )
                                             )
                          Debtor             )
                                             )
                                             )

## AFFIDAVIT

I, JOSEPH B. COLLINS, having been first duly sworn, do hereby depose and say as follows:

1.      I am an attorney licensed to practice law in the Commonwealth of Massachusetts and have a principal place of business at Hendel, Collins, & O'Connor, P.C., 101 State Street, Springfield, Massachusetts.

2.      On July 10, 2018, R. Susan Woods, the debtor in the above-captioned case (the "Debtor"), filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code (the "Code").

3.      On July 11, 2018, the Office of the United States Trustee appointed me as the Debtor's Chapter 7 Trustee Bankruptcy Trustee. I continue to serve as the Debtor's Chapter 7 Bankruptcy Trustee.

4.      The real estate located at 70 Russell Street, Hadley, Massachusetts ("70 Russell Street") constitutes property of the Debtor's Bankruptcy Estate.

5.      On January 7, 2019, I filed a Motion ("Sale Motion") seeking authority to sell the 70 Russell Street free and clear of liens and encumbrances [Docket No. 220].

6. Upon information and belief, on February 12, 2019, the Debtor, without notice to or authorization from the Court or the Trustee, and in violation of Sections 362(a)(3), 521(a)(3), and 521(a)(4) of the Bankruptcy Code, entered 70 Russell Street and changed the locks to the doors on the property.

7. On February 14, 2019, a Hearing on the Sale Motion ("Sale Hearing") was held before the Bankruptcy Court.

8. The Debtor was present for the entire Sale Hearing.

9. During the course of the Sale Hearing, the Debtor made a statement to the effect that she had taken possession of 70 Russell Street.

10. During the course of the Sale Hearing, the Court informed the Debtor that she was not authorized to be in possession of 70 Russell Street.

11. On February 14, 2019, the Court entered an Order on the Sale Motion ("Sale Order") [Docket No. 260]. The Sale Order included the following provision:

> all persons and entities including, but not limited to, R. Susan Woods, holding liens, claims, encumbrances or interests in or against the Russell Street Property or in any way relating to the Russell Street Property are hereby forever barred, estopped, and permanently enjoined from asserting against the Russell Street Property, Mickey Long, and Cora Long such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property....

12. The Certificate of Service that appears as Docket Number 261 indicates that the Debtor was served with a copy of the Sale Order by the Clerk of the Bankruptcy Court.

13. On February 15, 2019, in an email sent to me by the Debtor at 1:27 a.m., the Debtor informed me that she did not intend to surrender possession of 70 Russell Street.

14. On February 15, 2019, I sent an email to the Debtor with a complete copy of the Sale Order attached. In the email, I called the Debtor's attention to that portion of the Sale Order that enjoined her from asserting any interest in 70 Russell Street. My email also demanded her immediate compliance with the Sale Order. A true copy of the text of my February 15, 2019 email

to the Debtor is attached hereto as Exhibit "A". A copy of the Sale Order was attached to my February 15, 2019 email to the Debtor.

15. On February 15, 2019, I filed an Emergency Motion seeking an Order requiring the Debtor to surrender possession of 70 Russell Street to me in my capacity as her Chapter 7 Trustee. The Emergency Motion also sought a specific Order requiring the Debtor to deliver all of the keys to 70 Russell Street.

16. On February 15, 2019, the Court entered an Order on the Emergency Motion ("Surrender Order") [Docket No. 267].

17. The Surrender Order directed the Debtor to surrender 70 Russell Street to me in my capacity as her Chapter 7 Trustee and to deliver to my office all keys to 70 Russell Street.

18. The Certificate of Service that appears as Docket Number 274 indicates that the Debtor was served with a copy of the Surrender Order by the Clerk of the Bankruptcy Court.

19. On February 15, 2019, I sent a second email to the Debtor with a complete copy of the Surrender Order attached. My email called the Debtor's attention to the provisions of the Surrender Order that required her to surrender possession of 70 Russell Street and to deliver all of the keys to that property to my office. A true copy of the text of my February 15, 2019 email to the Debtor is attached hereto as Exhibit "B". A copy of the Surrender Order was attached to my second February 15, 2019 email to the Debtor.

20. On or about February 15, 2019, the Debtor informed me, through a voicemail message, that she had delivered keys to my office by sliding them under the door to my office.

21. On February 16, 2019, I found three keys on my office floor that apparently had been slid under the door.

22. On February 16, 2019, I acknowledged the receipt of the keys in an email to the Debtor. A true copy of my February 16, 2019 email is attached hereto as Exhibit "C".

23. Each of the three keys delivered to my office bear the stamp "Foster Farrar". None of the keys bear any markings of a lock manufacturer.

24. Upon information and belief, Foster Farrar is a retail hardware store located at 145 King Street, Northampton, Massachusetts. Upon information and belief, Foster Farrar sells keys, but does not manufacture door locks.

25. On February 17, 2019, I traveled to 70 Russell Street and attempted to open the doors to the premises using the keys that had been delivered to my office by the Debtor. The keys delivered to my office by the Debtor did not open any of the doors to 70 Russell Street and I was not able to gain access to the building.

26. On February 17, 2019, while at 70 Russell Street, I took several pictures of signs that appeared to be taped to the inside of the doors to the property. True copies of two of the photographs that I took on February 17, 2019 are attached hereto as Exhibits "D" and "E".

27. On February 18, 2019, beginning at about midnight and continuing until about dawn, several inches of snow fell in Hadley, Massachusetts.

28. On February 18, 2019, I again travelled to 70 Russell Street. Upon arriving at the property, I observed a bare patch of ground in the driveway and one set of tire tracks through the snow. These observations led me to conclude that the Debtor had spent the night at 70 Russell Street.

29. In order to avoid any confrontation in the event that the Debtor should return to the property, I did not make any further efforts to retake possession of 70 Russell Street.

30. On February 19, 2019, I sent an email to the Debtor, informing her that her continued trespass on 70 Russell Street and her failure to turnover all of the keys to the property constituted knowing and willful violations of the Orders of the Bankruptcy Court. My email also demanded that the Debtor comply with the Sale Order and the Surrender Order. A true copy of the text of my February 19, 2019 email to the Debtor is attached hereto as Exhibit "F". Copies of the Sale Order and the Surrender Order were attached to my February 19, 2019 email to the Debtor.

31. On or about February 19, 2019, the Debtor filed a Motion with the Bankruptcy Court seeking to vacate the Sale Order and the Surrender Order. The Debtor's Motion effectively

demonstrates her knowledge of the Sale Order and the Surrender Order. The Debtor's Motion was denied by the Bankruptcy Court.

     32.    As of the date of this Affidavit, the Debtor has not surrendered 70 Russell Street and has not delivered all of the keys to 70 Russell Street to my office.

Signed under the pains and penalties of perjury this 25th day of February, 2019.

JOSEPH B. COLLINS

Exhibit "A"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Friday, February 15, 2019 9:50 AM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Cc:** | 'King, Richard (USTP)' |
| **Subject:** | Court Order dated 2/14/19 |
| **Attachments:** | Order.2.14.19.Doc 260.pdf |

Ms. Woods,

Attached hereto you will find a copy of the Order entered by the
Bankruptcy Court on February 14, 2019. We call your attention to that
portion of the Order that enjoins you from asserting any interest in the
property located at 70 Russell Street, Hadley, Massachusetts.

This message will acknowledge our receipt of your voice mail and email
messages in which you requested an opportunity to remove personal property
from the Hadley property. This message will also acknowledge our
subsequent receipt of your 1:27 a.m. message in which you stated your
intention to continue to occupy the property and, for the first time,
informed us that on Tuesday you changed the locks on the property.

The final purpose of this message is to demand that you comply with the
attached Court Order, deliver all sets of keys to my office immediately,
and stay away from 70 Russell Street. In the absence of your immediate
compliance with this demand, we will take action to enforce the rights of
the Bankruptcy Estate.

We again strongly urge you to retain experienced bankruptcy counsel. The
actions that you have taken, and continue to take, are certain to reduce
or eliminate any surplus funds that you might hope to receive at the
conclusion of your bankruptcy case.

Joe Collins

> Joseph B. Collins, Esq.
> Hendel, Collins & O'Connor, P.C.
> 101 State Street
> Springfield, MA 01103
> Tel.: (413) 734-6411
> Fax: (413) 734-8069
> e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

1

Exhibit "B"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Friday, February 15, 2019 1:37 PM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Cc:** | 'King, Richard (USTP)' |
| **Subject:** | Bankruptcy Court Order |
| **Attachments:** | Order on Motion to Compel.pdf |

Ms. Woods,

Attached to this message you will find an Order that the Bankruptcy Court has entered in connection with our Emergency Motion to Compel.

We call your attention to the terms of the Order which require you to immediately surrender the property at 70 Russell Street, Hadley, Massachusetts to me in my capacity as your Bankruptcy Trustee. The Order also requires you to immediately deliver all keys to the 70 Russell Street property to my office.

Please confirm that you will immediately comply with the Court Order.

Joe Collins


Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411
Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins & O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone or by return e-mail immediately.

1

Exhibit "C"

## Joseph Collins

| | |
|---|---|
| **From:** | Joseph Collins |
| **Sent:** | Saturday, February 16, 2019 11:03 AM |
| **To:** | R. Susan Woods (rsusanwoods@gmail.com) |
| **Subject:** | 70 Russell Street |

Ms. Woods,

This message will acknowledge our receipt of the three keys that were delivered to my office on Friday evening.

Since you have knowledge of the workings of the house, please let me know if you have knowledge of any actions that might be appropriate to take to preserve the house in its current condition during these cold weather months.

Joe

Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411
Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins & O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone or by return e-mail immediately.

1

Case 18-30940   Doc 3-25   Filed 02/28/19   Entered 02/28/19 13:53:54   Desc Main
Document   Page 245 of 364

Exhibit "D"



These 70 Russell Street Premises
Are Posted and Occupied by R. Susan Woods.
Any questions, call 413/863-1414.
February 12, 2019

Case 18-30940   Doc 325-1   Filed 02/28/19   Entered 02/28/19 15:34:22   Desc Main
Document   Page 246 of 364

Exhibit "E"



These 70 Russell Street Premises
Are Possessed and Occupied by R. Susan Woods.
Any questions, call 413/883-1414.
February 12, 2019

Exhibit "F"

**Joseph Collins**

| | |
|---|---|
| From: | Joseph Collins |
| Sent: | Tuesday, February 19, 2019 4:14 PM |
| To: | R. Susan Woods (rsusanwoods@gmail.com) |
| Cc: | 'King, Richard (USTP)' |
| Subject: | FW: 70 Russell Street |
| Attachments: | Order.2.14.19.Doc 260.pdf; Order on Motion to Compel.pdf |

Ms. Woods,

This message follows my message of February 16, 2019, in which I acknowledged the receipt of the three keys that you delivered to my office on Friday evening.

Subsequent to the receipt of the keys, I have attempted to enter 70 Russell Street. To my surprise, none of the keys that you delivered to my office will open the locks that you have placed on the doors. My investigation also reveals that you are continuing to trespass on the 70 Russell Street property.

The first purpose of this message is to inform you that your failure to deliver all of the keys to 70 Russell Street to my office, and your continued trespass on that property constitute knowing and willful violations of the Orders of the Bankruptcy Court dated February 14, 2019 and February 16, 2019. Although both of those Orders have previously been provided to you, I am again attaching copies of the Orders.

This message will also serve as my final demand for compliance with the Orders of the Bankruptcy Court dated February 14, 2019 and February 16, 2019. Please deliver ALL keys to the property to my office immediately and confirm that you will no longer go on the property.

Please do not underestimate the seriousness of a knowing and willful violation of a Federal Court Order. I strongly recommend that you consult with an experienced bankruptcy attorney with respect to this matter.

Joe Collins

Joseph B. Collins, Esq.
Hendel, Collins & O'Connor, P.C.
101 State Street
Springfield, MA 01103
Tel.: (413) 734-6411

1

Fax: (413) 734-8069
e-mail: jcollins@hendelcollins.com

Please note: This transmission and any attachments contain confidential or privileged information from the law firm of Hendel, Collins &
O'Connor, P.C. This information is intended to be for the use of the addressed individual or entity. If you are not the intended recipient,
be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited. If you have received
this transmission in error, please notify us by telephone or by return e-mail immediately.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re )<br><br>R. SUSAN WOODS )<br><br>              Debtor )<br><br>) | Chapter 7, No.  18-30549-EDK |

## CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C.,
do hereby certify that, on February 25, 2019, upon receipt of the Notice of Electronic Service, a
copy of the Affidavit was served upon the parties below:

By CM/ECF Notice:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

By First Class Mail + E-Mail:

R. Susan Woods
P.O Box 160
Hadley, MA 01035-0160
rsusanwoods@gmail.com

Dated: February 25, 2019

                        /s/ Joseph B. Collins
                        JOSEPH B. COLLINS, ESQ.

## CERTIFICATION OF POSTING

I hereby certify that a copy of the foregoing notice was posted at the premises located at 70
Russell Street, Hadley, MA 01035 this _1st_ day of _March_ 2019.

Name: _David Toporowski_

Title: _Deputy U.S. Marshal_

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| R. SUSAN WOODS, | ) | Case No. 18-30549-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |

## AMENDED SECOND ORDER RE:
## EMERGENCY MOTION FOR ORDER FINDING R. SUSAN WOODS IN CONTEMPT OF COURT AND FOR FURTHER RELIEF [DOCKET #284]

WHEREAS, on July 10, 2018, R. Susan Woods (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"); and

WHEREAS, Joseph B. Collins was appointed as the Chapter 7 trustee (the "Trustee"); and

WHEREAS, on February 14, 2019, the Court issued an Order approving the Trustee's sale of real property located at 70 Russell Street, Hadley, Massachusetts [Docket #260] (the "Sale Order"; the "Russell Street Property"); and

WHEREAS, pursuant to the Sale Order, the Court found that the Russell Street Property is property of the Debtor's bankruptcy estate; and

WHEREAS, the Sale Order permanently enjoined "all persons and entities including, but not limited to, R. Susan Woods . . . from asserting against the Russell Street Property . . . such persons' or entities' liens, claims, encumbrances or interests in and to the Russell Street Property"; and

WHEREAS, on February 15, 2019, the Court granted the Trustee's "Emergency Motion to Compel" filed on February 15, 2019 [Docket #266] (the "Motion to Compel") by order stating:

> GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE.

1

[Docket #267] (the "Order to Surrender"); and

WHEREAS, the Court held an evidentiary hearing on February 26, 2019 at 11:00 a.m. (the "February 26, 2019 Contempt Hearing") on the Trustee's "Emergency Motion for Order Finding R. Susan Woods in Contempt of Court and for Further Relief" [Docket #284] (the "Contempt Motion") filed on February 22, 2019; and

WHEREAS, based on the Debtor's testimony at the February 26 Contempt Hearing, the Court FOUND and RULED that the Debtor's occupation of the Russell Street Property and refusal to provide the Trustee with the current working keys to the property violated the Sale Order and the Order to Surrender; and

WHEREAS, the Debtor appealed both the Sale Order and the Order to Surrender to the United States District Court for the District of Massachusetts, but did not receive a stay pending appeal of those Orders; and

WHEREAS, pursuant to the Court's authority under 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 105(a), the Court entered an Order on February 26, 2019 stating:

(1) the Debtor is ORDERED to appear at a continued hearing on the Contempt Motion on February 28, 2019 at 11:00 a.m. in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA;

(2) the Debtor is ORDERED to vacate the Russell Street Property on or before 4:00 p.m. on February 27, 2019;

(3) the Debtor is ORDERED to deliver to the Trustee, by 4:00 p.m. on February 27, 2019, all of the keys to all of the locks to the Russell Street Property.

Should the Debtor fail to comply with the terms of this Order, the Court will find the Debtor in **civil contempt** of the Sale Order, the Order to Surrender, and this Order and may issue further orders and sanctions including, but not limited to: (1) issuing monetary sanctions, (2) issuing a capias to the United States Marshal Service seeking to secure the Debtor's attendance at the hearing; (3) issuing an order instructing the United States Marshal Service to evict the Debtor from the Russell Street Property; and (4) ordering the Debtor incarcerated until she complies with the terms of this Order and/or any future award for monetary sanctions.

[Docket #303] (the "First Contempt Order"); and

WHEREAS, the Debtor appeared at the continued hearing on the Contempt Motion held on February 28, 2019 (the "Second Contempt Hearing") and represented to the Court that the she had not vacated the Russell Street Property and had not turned over working keys to the property to the Trustee; and

2

WHEREAS, the has Debtor appealed the First Contempt Order to the United States District Court for the District of Massachusetts, but has not received a stay pending appeal of that Order;

NOW, THEREFORE,

The Court FINDS that the Debtor is in contempt of the Sale Order, the Order to Surrender, and the First Contempt Order.

It is ORDERED that the United States Marshal's Service shall post a notice, which, at a minimum, shall include the form notice filed herewith and signed by the Court, on the property located at 70 Russell Street, Hadley, Massachusetts that R. Susan Woods and any other user or occupant of the property must vacate the Russell Street Property by 3:00 p.m. on Monday, March 4, 2019 or suffer eviction; and it is further

ORDERED that consistent with the Sale Order, Order to Surrender, and the First Contempt Order, on or after Tuesday, March 5, 2019, the United States Marshal's Service shall, upon request of the Trustee, evict the Debtor and/or any and all other occupants from the Russell Street Property and the United States Marshal's Service is authorized to use reasonable force as may be necessary to evict the Debtor and any persons occupying or using the Russell Street Property or to guard against any unauthorized disruption of the eviction and may enter the property to effectuate the terms of this Order; and it is further

ORDERED that the fees and expenses of the United States Marshal's Service shall be treated as a cost of the sale of the Russell Street Property, such that such fees and expenses shall be paid from any currently available funds, and if none are currently available, then from the proceeds of the sale (and not only later as an administrative expense to share on a pro rata basis with any other administrative expenses when the net proceeds of the sale are distributed); and it is further

ORDERED that this Order may be enforced by further proceedings for sanctions, including, but not limited to issuing monetary sanctions and ordering the Debtor incarcerated.

DATED: February 28, 2019                    By the Court,

                                            *Elizabeth D. Katz*

                                            Elizabeth D. Katz
                                            United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

In re:

      R. SUSAN WOODS,

              Debtor

)
)
)
)
)
)
)

Chapter 7
Case No. 18-30549-EDK

## NOTICE TO VACATE

To: **R. Susan Woods and any and all occupants residing or occupying the property at 70 Russell Street, Hadley, MA 01035**

**PLEASE TAKE NOTICE,** by virtue of a Court Order issued by the United States Bankruptcy Court for the District of Massachusetts on February 28, 2019, you are hereby ORDERED to VACATE and QUIT and not to return or otherwise occupy any portion of the premises located at 70 Russell Street, Hadley, MA 01035, not later than 3:00 p.m. on March 4, 2019 or be subject to eviction by force by the United States Marshal's Service.

**PLEASE TAKE FURTHER NOTICE,** that the United States Marshal's service has been authorized to **EVICT** anyone who remains on or occupies any portion of the premises located at 70 Russell Street, Hadley, MA 01035 on or after March 5, 2019 **without further notice.**

DATED: February 28, 2019

By the Court,

*Elizabeth D. Katz*

Elizabeth D. Katz
United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Superior Court Case No.   1980CV00040 |
| | ) | |
| JOSEPH B. COLLINS, TRUSTEE IN | ) | |
| BANKRUPTCY OF R. SUSAN WOODS | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

To the HONORABLE MARK G. MASTROIANNI, District Court Judge:

Now comes JOSEPH B. COLLINS, the Chapter 7 Trustee in Bankruptcy of R. Susan

Woods (the "Trustee"), and, pursuant to 28 U.S.C. §§ 157, 1334, 1441, and 1452, Fed. R. Civ. P.

81(a), Fed. R. Bankr. P. 9027, he does hereby remove the matter of R. Susan Woods v. Joseph B.

Collins, Trustee in Bankruptcy of R. Susan Woods, pending in the Hampshire County Superior

Court for the Trial Court of Massachusetts (the "Hampshire County Superior Court") as Case No.

1980CV00040 (the "Civil Action") to the United States Bankruptcy Court (the "Bankruptcy Court").

In support of this Notice, the Trustee respectfully represents the following:

1.　　On July 10, 2018, R. Susan Woods (the "Debtor") filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor's bankruptcy case is Docket No. 18-30549-EDK.

2.　　On July 11, 2018, Joseph B. Collins accepted the appointment as Trustee for the above-entitled estate and he continues to serve in that capacity.

3.　　On February 27, 2019, the Debtor commenced the Civil Action against the Trustee in the Hampshire County Superior Court pursuant to a pleading entitled "Emergency Motion Seeking a Temporary Restraining Order To Prevent Constructive Eviction of Lawful Occupant Woods" (the "Civil Action"). A copy of all process and pleadings will be filed contemporaneously with this Notice.

4.　　Through the Civil Action in the Hampshire County Superior Court, the Debtor is seeking relief from three recent orders issued by the Bankruptcy Court (the "Bankruptcy Court Orders"). *See* Civil Action pp. 3 ("Woods requests a stay by way of a restraining order of the orders by the Bankruptcy Court….").

5.　　The Bankruptcy Court Orders concern the administration of the bankruptcy estate, the turn over of property of the bankruptcy estate, and the sale of property of the bankruptcy estate.

6.　　The United States District Court has original and exclusive jurisdiction of all matters under the Bankruptcy Code (Title 11 of the United States Code). 28 U.S.C. § 1334(a).

7.　　If the United States District Court has jurisdiction of a matter pursuant to 28 U.S.C. § 1334, a party may remove that civil action to the United States District Court. 28 U.S.C. §§ 1441 and 1452.

8.　　The Trustee says that the Debtor's Civil Action against the Trustee arises under the Bankruptcy Code and, therefore, the United States District Court has original and exclusive jurisdiction over the Civil Action.

9.　　Pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (N), upon removal of the Civil Action, the proceeding is core.

10.     Pursuant to 28 U.S.C. § 157(a) and Rule 201 of the Massachusetts Local Rules for the United States District Court, "any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts."

11.     The Trustee says that the Civil Action should be referred to the Bankruptcy Court.

12.     Upon removal of the Civil Action, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

WHEREFORE, the Trustee respectfully provides Notice of the removal of the Civil Action, requests that the Civil Action be referred to the Bankruptcy Court, and seeks any other and further relief as the Court deems just and proper.

JOSEPH B. COLLINS, TRUSTEE

Dated:  March 4, 2019

By: /s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL, COLLINS & O'CONNOR, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
jcollins@hendelcollins.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re | )<br>)<br>) Chapter 7, No.  18-30549-EDK |
| R. SUSAN WOODS | )<br>) |
| Debtor | )<br>)<br>) |
| R. SUSAN WOODS | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| JOSEPH B. COLLINS, TRUSTEE IN<br>BANKRUPTCY OF R. SUSAN WOODS | )<br>)<br>) |
| Defendant | )<br>)<br>) |

## CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C., do hereby certify that, on March 4, 2019, upon receipt of the Notice of Electronic Service of the Trustee's Notice of Removal, a copy of the attached pleading was filed with the Clerk of the Hampshire County Superior Court and served upon the parties below:

First Class Mail:

R. SUSAN WOODS
P.O. Box. 160
Hadley, MA 01035
rsusanwoods@gmail.com

<u>Email:</u>
Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608
Richard.T.King@usdoj.gov

Dated:  March 4, 2019

/s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 7, No. 18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

## NOTICE OF INTENT TO ABANDON

Please take notice that Joseph B. Collins, the Chapter 7 Trustee ("Trustee"), in the above-captioned case, intends to abandon the Estate's interest in personal property, if any, located at 70 Russell Street, Hadley Massachusetts on March 5, 2019 that may constitute property of the Debtor's Bankruptcy Estate, pursuant to 11 U.S.C. § 554(a). The Trustee represents as follows:

1.      On July 10, 2018 ("Petition Date"), R. Susan Woods ("Debtor"), filed a Voluntary Petition pursuant to Chapter 7 of Title 11 of the U.S. Code ("Bankruptcy Code"), with the United States Bankruptcy Court for the District of Massachusetts, Western Division ("Bankruptcy Court").

2.      On or about July 11, 2018, the Trustee was appointed Chapter 7 Trustee of the Debtor's Bankruptcy Estate and he continues to serve in that capacity.

3.      On February 26, 2019, the Bankruptcy Court entered an Order ("Order to Vacate") that required the Debtor to vacate 70 Russell Street by 3:00 p.m. on March 4, 2019;[1] and further, the Order provided that the Trustee was authorized to call upon the United States Marshal's Service to assist in removing the Debtor if she failed to comply with the Order to Vacate.

---

[1] The Order to Vacate was the fourth in a series of Orders that required the Debtor to surrender 70 Russell Street. Earlier Orders were dated February 14, 2019, February 15, 2019, and February 26, 2019.

Case 18-30010  Doc 85-1  Filed 07/23/19  Entered 07/23/19 13:58:22  Desc Main
Document  Page 21 of 5

4.     On March 5, 2019, and after determining that the Debtor had failed to comply with the Order to Vacate, the Trustee, with the assistance of the United States Marshal's Service, took possession of 70 Russell Street.

5.     A view of 70 Russell Street on March 5, 2019, conducted by Attorney Henry E. Geberth Jr., the Trustee's counsel, revealed that there were only a few items of personal property on the premises and that the few items of personal property appeared to be old, used, and of no significant value.

6.     On the Petition Date, 70 Russell Street had been leased to three tenants pursuant to a ten-year lease.

7.     Upon information and belief, these three tenants vacated 70 Russell Street on or about February 12, 2019; and further, the Trustee is uncertain as to whether the tenants took all of their personal property with them at the time that they vacated the premises.

8.     On March 6, 2019, 70 Russell Street was sold pursuant to an Order of the Bankruptcy Court dated February 14, 2019.

9.     The Trustee is informed that subsequent to the sale of 70 Russell Street, the purchaser provided the Debtor with an opportunity to enter the premises, with a police escort, and to remove items of personal property from the premises.

10.     As of the date of this Notice, the Debtor has not informed the Trustee that she has any interest in any personal property at 70 Russell Street that might constitute property of the Bankruptcy Estate.

11.     In light of the foregoing, it is uncertain as to whether the Bankruptcy Estate has any interest in any personal property that may have been located at 70 Russell Street on the day that the Trustee took possession of that property.

12.    In order eliminate any uncertainty as to whether remaining items of personal property at 70 Russell Street constitute property of the Bankruptcy Estate, the Trustee, pursuant to this Notice, shall abandon such property.

13.    **The Trustee, therefore, gives notice of his intention to abandon any interest in any personal property that was located on the premises of 70 Russell Street on March 5, 2019 that constitutes property of the Debtor's Bankruptcy Estate, if any.**

14.    The Trustee says that the any personal property that may be abandoned pursuant to this Notice is burdensome and of no value to the Bankruptcy Estate.

15.    Parties wishing to object to the above-detailed abandonment should file written Objections within 14 days from the date of this Notice with the United States Bankruptcy Court, 300 State Street, Springfield, Massachusetts 01105, with a copy to counsel for the Chapter 7 Trustee, Joseph B. Collins, Esq., Hendel, Collins & O'Connor, P.C., 101 State Street, Springfield, Massachusetts 01103.

16.    In the event of timely filed Objections, the Court may schedule a hearing at which time objecting parties will be expected to appear.

17.    In the event that no Objections are timely filed, the property will be deemed abandoned without further notice or hearing.

JOSEPH B. COLLINS, TRUSTEE IN
BANKRUTPCY OF R. SUSAN WOODS

Dated:  March 12, 2019

By: /s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL, COLLINS & O'CONNOR, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
jcollins@hendelcollins.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
In re                                   )        Chapter 7, No.   18-30549-EDK
                                        )
R. SUSAN WOODS                          )
                                        )
                        Debtor          )
                                        )
                                        )
_____ )

### CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, ESQ. of the law firm of HENDEL, COLLINS & O'CONNOR,
P.C., 101 State Street, Springfield, Massachusetts, do hereby certify that on the 12th day of March,
2019, I caused the attached Notice of Intention to Abandon to be served upon the three former
tenants of 70 Russell Street, the Debtor, the purchasers of 70 Russell Street, the United States
Trustee, all creditors and other parties in interest as listed on the attached Exhibit "A" not noted on
the Notice of Electronic Filing for said Notice as having received electronic service.

Dated:  March 12, 2019

                              /s/ Joseph B. Collins_____
                              JOSEPH B. COLLINS, ESQ.
                              (BBO No. 092260)
                              For HENDEL, COLLINS & O'CONNOR, P.C.
                              101 State Street
                              Springfield, MA  01103
                              Tel. (413) 734-6411
                              jcollins@hendelcollins.com

EXHIBIT "A"

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

R. SUSAN WOODS
P.O. Box 160
Hadley, MA 01035

CARLOS MURPHY-MARTINEZ
70 Russell Street
Hadley, MA 01035

JOSE MURPHY-MARTINEZ
70 Russell Street
Hadley, MA 01035

JONATHAN MUPRHY-MARTINEZ
70 Russell Street
Hadley, MA 01035

Steven Weiss, Esq.
SHATZ, SCHWARTZ & FENTIN, P.C.
1141 Main Street, Suite 1100
Springfield, MA 01103

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Massachusetts Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

Berkshire Gas Company
P.O Box 1388
Pittsfield, MA 01202-1388

Eversource
P.O. Box 650851
Dallas, TX 75265-0851

Goldman Sachs Mortgage Company
c/o Korde & Associates
900 Chelmsford Street, Suite 3012
Lowell, MA 01851-8100

Mass Department of Revenue
c/o EOS CCA
700 Longwater Drive
Norwell, MA 02061-1624

Verizon
P.O. Box 33078
St. Petersburg, FL 33733-8078

Wells Fargo Bank NA
c/o Korde & Associates
900 Chelmsford Street, Suite 3102
Lowell, MA 01851-8100

Internal Revenue Service
c/o Pioneer Recovery, Inc.
P.O. Box 500
Horseheads, NY 14845

Nation One Mortgage Company, Inc.
700 Longwater Drive
Norwell, MA 02061

Mortgage Electronic Registration Systems,
Inc.
P.O. Box 2026
Flint, MI 48501-2026

Mickey + Cora Long
263 Nahant Road
Nahant, MA 01908

Case 18-30549  Doc 335-1  Filed 09/02/19  Entered 09/02/19 13:53:22  Desc Main
Transmission2   Page 265 of 364

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re | ) | Chapter 7, No.   18-30549-EDK |
| | ) | |
| R. SUSAN WOODS | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

### TRUSTEE'S REPORT OF SALE

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, the trustee in the above-captioned case (the "Trustee"), and he does hereby submit this report of sale, pursuant to Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure:

1.      On January 7, 2019, the Trustee filed a Motion to Sell Property Free and Clear (the "Sale Motion") seeking authority to sell a single-family home located at 70 Russell Street, Hadley, Massachusetts ("70 Russell Street"), pursuant to 11 U.S.C. § 363(b) and (f).

2.      The Sale Motion was approved on February 14, 2019.

3.      On March 5, 2019, the Trustee completed the sale of 70 Russell Street to Mickey and Cora Long for the sum of $170,000.00.

JOSEPH B. COLLINS, TRUSTEE IN
BANKRUPTCY OF R. SUSAN WOODS

Dated:  March 12, 2019

By: /s/ Joseph B. Collins
      JOSEPH B. COLLINS, ESQ.
      (BBO No. 092660)
      For HENDEL, COLLINS & O'CONNOR, P.C.

Case 18-30949    Doc 831-1    Filed 09/12/18    Entered 09/12/18 16:02:53    Desc Main
Document    Page 2 of 5

101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
jcollins@hendelcollins.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re

R. SUSAN WOODS

Debtor

)
)
)
)
)
)
)
)
)

Chapter 7, No.   18-30549-EDK

## CERTIFICATE OF SERVICE

I, JOSEPH B. COLLINS, of the law firm of HENDEL, COLLINS & O'CONNOR, P.C.,
do hereby certify that, on March 12, 2019, upon receipt of the Notice of Electronic Service, a copy
of the attached pleading was served upon the parties below:

CM/ECF Notice:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

Steven Weiss, Esq.
SHATZ, SCHWARTZ & FENTIN, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103

Marcus Pratt, Esq.
KORDE & ASSOCIATES, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851

First Class Mail:

R. SUSAN WOODS
P.O. Box. 160
Hadley, MA 01035

Dated:  March 12, 2019

/s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

---

**R. Susan Woods**
    **Plaintiff**

    **v.**

**Joseph Collins, Trustee, Chapter 7**
**Case No. 18-30549 (EDK)**

**19 CV 30028**

---

## Designation of the Record to be Certified and Made Available to the Circuit Clerk For the Appeal of the Order for Contempt

The following records are requested to be assembled, certified, and made available to the District Court Clerk for the above referenced appeal:

| | | | |
|---|---|---|---|
| 02/28 /2019 | 321 (5 pgs) | | Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins-Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief. See Order for Full Text. (ag) (Entered: 02/28/2019) |
| 02/28 /2019 | 323 (17 pgs) | | Exhibit Cover Sheet from hearing held on 02/26/19 Re: 284 Motion of Chapter 7 Trustee for Order Finding R. Susan Woods in Contempt of Court and for Further Relief. (ag) (Entered: 02/28/2019) |

| | | |
|---|---|---|
| 03/01 /2019 | 325 (5 pgs) | Certification of Posting filed by U.S. Marshall Service (Re: 321 Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins-Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief). (pf) (Entered: 03/07/2019) |
| 03/12 /2019 | 331 (3 pgs) | Trustee's Report of Sale (Collins-Tr, Joseph) (Entered: 03/12/2019) |

This record will be supplemented with Ms. Woods' complaint to U.S. Trustee King that Mr. Collins has mis managed her estate, and also with her Complaint to the Massachusetts Board of Bar Overseers regarding Mr. Collins' unethical practice of "ambush service" minutes before a hearing.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
March 14, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to
this action by first class mail.

R. Susan Woods
*pro se*, until further notice
March 14, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

R. Susan Woods                                         19 CV 30028
        Plaintiff

    v.

Joseph Collins, Trustee, Chapter 7
Case No. 18-30549 (EDK)

### Statement of Issues of the Appeal of the Order for Contempt

1. Did the judge err, in assuming any purchaser of the 70 Russell Street property will have an encumbrance on the property, that the court will wipe clean the encumbrance?

2. Even though the encumbrance existed prior to the release deed?

3. Did the judge err in ordering a nonexistent deed to have powers it does not have?

4. Did the judge err in planning to issue a warranty deed, a quitclaim deed, or a release deed?

5. The timing prohibits her plans to do so.

6. Did the judge err in treating the order of sale as if the deed Mr. Collins got was a quitclaim or warranty deed, which thy are not ?

7. Did judge recognize the limitations of the release deed that Collins got?

8. Did the judge err by not recognizing the trustees obligation to try to fulfill the intentions of the debtor by way of her listed exemptions as to her intent to exempt the Russell street property?

9. The limited Proofs of Claim indicate mismanagement of the Woods estate by Mr. Collins. Did the judge err in allowing the sale of the Russell Street property when Ms. Woods identified the claim from Mass DOR as generally estimated and in need of revision?

10. Did the judge err in allowing the sale of the Russell Street property when Ms. Woods objected to the claim from Alina's Real Estate, LLC for the costs of wrongfully evicting her?

11. Did the judge err in assuming the deed to the 70 Russell Street property is a claim? Did the judge error in moving to threaten and potentially implement the use of US marshals to evict and jail debtor when the case law only allows the use of marshals as a last resort? (Judge cited cases that included ones where debtors had violated fundamental due process requirements over a ten-year period as legitimization for the threat of the use of marshals within a week of her order)

12. Did the judge err in putting down an order in violation of a province of state law, namely eviction process summary process law, which is settle law in Massachusetts where she has no jurisdiction?

13. Did the judge err in relying on four cases for authorities none of which where out of Massachusetts and therefore addressed Massachusetts eviction/summary process law requirements?

14. Did the judge err in relying on a decision out of DC which explicitly state that the DC bankruptcy judge would not have gone forward if it violated DC tenant landlord law? (By reference this authority points to Judge Katz not being able to go forward under Massachusetts tenant landlord law.)

15. Did the judge err in relying upon the bankruptcy stay definition of staying anything that seeks "to obtain" an interest in property when Woods already had this interest in her own property?

2 of 4

16. Did the judge err in relying upon case law that addresses commercial rental property and therefore is clearly inapposite?

17. Did the judge err in relying on an authority that made a clear distinction between leases or possession that already existed that was not presumed to be able to be touched by the bankruptcy estate vs when Woods' possession similarly existed prior to the existence of the bankruptcy estate?

18. While bankruptcy law clearly emphasizes the trustee's obligation to liquidate property to pay debt, did the judge error in not recognizing that the release deed did not provide any asset to the estate and that relying on the sale of such when the only debt's large enough to justify liquidation are a DOR debt that is under dispute and a debt the estate created with pressure tactics to get the existing tenants in Russel Street to vacate and sign a contract under unconscionable conditions?

19. Did the court err in permanently worsening debtor's financial position, the opposite of the purpose of bankruptcy court, by ordering the liquidation of the rental property in such a way that the estate will leave Woods with a lump sum payment that will kick her off her only means of income as a disabled person SSI and kick her off life sustain health care coverage when she has a terminal illness?

20. Did the bankruptcy judge err when the fundamental purpose of a bankruptcy stay is to provide time for the debtor to get their financial situation in order by moving as quickly as possible to create a financial outcome that will do the opposite, one moving so quickly that Woods could not keep up with all of the evidence and filings necessary to prove the multiple steps that the trustee was taking were detrimental to the estate and to her, when the estate reverted to her, and taking steps that given her financial situation would permanently damage her ability to survive through the next period of years while she is fighting cancer?

21. Did the judge err in Ordering that the Bankruptcy Court retain jurisdiction to construe and enforce the terms of the Order and to hear and determine any case or controversy arising from or relating to the Order within the court's jurisdiction under 28 U.S.C. § 1334 given the obviousness that Woods was/is occupying the property as a post foreclosure borrower?

Petitioner Woods hereby requests the Court's permission to supplement this list as the need arises. She has been fending off the threat of eviction by U.S. Marshalls all week and is currently sick with the flu, for a second time this winter.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
March 14, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

**Certificate of Service**

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to this action by first class mail.

R. Susan Woods
*pro se*, until further notice
March 14, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

R. Susan Woods                                   **19 CV 30030**
    **Plaintiff**

     **v.**

**Joseph Collins, Trustee, Chapter 7**
**Case No. 18-30549 (EDK)**

### Designation of the Record to be Certified and Made Available to the Circuit Clerk
### For the Appeal of the Order to Vacate

The following records are requested to be assembled, certified, and made available to the District Court Clerk for the above referenced appeal:

| | | | |
|---|---|---|---|
| 02/28 /2019 | | 321 (5 pgs) | Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins-Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief. See Order for Full Text. (ag) (Entered: 02/28/2019) |
| 02/28 /2019 | | 323 (17 pgs) | Exhibit Cover Sheet from hearing held on 02/26/19 Re: 284 Motion of Chapter 7 Trustee for Order Finding R. Susan Woods in Contempt of Court and for Further Relief. (ag) (Entered: 02/28/2019) |

| | | |
|---|---|---|
| 03/01 /2019 | 325 (5 pgs) | Certification of Posting filed by U.S. Marshall Service (Re: 321 Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins-Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief). (pf) (Entered: 03/07/2019) |
| 03/12 /2019 | 331 (3 pgs) | Trustee's Report of Sale (Collins-Tr, Joseph) (Entered: 03/12/2019) |

This record will be supplemented with Ms. Woods' complaint to U.S. Trustee King that Mr. Collins has mis managed her estate, and also with her Complaint to the Massachusetts Board of Bar Overseers regarding Mr. Collins' unethical practice of "ambush service" minutes before hearing.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
March 14, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

**Certificate of Service**

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to this action by first class mail.

_____

R. Susan Woods
*pro se*, until further notice
March 14, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

R. Susan Woods
**Plaintiff**

19 CV 30030

v.

Joseph Collins, Trustee, Chapter 7
Case No. 18-30549 (EDK)

## Statement of Issues of the Appeal of the Order to Vacate

1. Did the judge err, in assuming any purchaser of the 70 Russell Street property will have an encumbrance on the property, that the court will wipe clean the encumbrance?

2. Even though the encumbrance existed prior to the release deed?

3. Did the judge err in ordering a nonexistent deed to have powers it does not have?

4. Did the judge err in planning to issue a warranty deed, a quitclaim deed, or a release deed?

5. The timing prohibits her plans to do so.

6. Did the judge err in treating the order of sale as if the deed Mr. Collins got was a quitclaim or warranty deed, which thy are not ?

7. Did judge recognize the limitations of the release deed that Collins got?

8. Did the judge err by not recognizing the trustees obligation to try to fulfill the intentions of the debtor by way of her listed exemptions as to her intent to exempt the Russell street property?

1 of 4

9. The limited Proofs of Claim indicate mismanagement of the Woods estate by Mr. Collins. Did the judge err in allowing the sale of the Russell Street property when Ms. Woods identified the claim from Mass DOR as generally estimated and in need of revision?

10. Did the judge err in allowing the sale of the Russell Street property when Ms. Woods objected to the claim from Alina's Real Estate, LLC for the costs of wrongfully evicting her?

11. Did the judge err in assuming the deed to the 70 Russell Street property is a claim? Did the judge error in moving to threaten and potentially implement the use of US marshals to evict and jail debtor when the case law only allows the use of marshals as a last resort? (Judge cited cases that included ones where debtors had violated fundamental due process requirements over a ten-year period as legitimization for the threat of the use of marshals within a week of her order)

12. Did the judge err in putting down an order in violation of a province of state law, namely eviction process summary process law, which is settle law in Massachusetts where she has no jurisdiction?

13. Did the judge err in relying on four cases for authorities none of which where out of Massachusetts and therefore addressed Massachusetts eviction/summary process law requirements?

14. Did the judge err in relying on a decision out of DC which explicitly state that the DC bankruptcy judge would not have gone forward if it violated DC tenant landlord law? (By reference this authority points to Judge Katz not being able to go forward under Massachusetts tenant landlord law.)

15. Did the judge err in relying upon the bankruptcy stay definition of staying anything that seeks "to obtain" an interest in property when Woods already had this interest in her own property?

16. Did the judge err in relying upon case law that addresses commercial rental property and therefore is clearly inapposite?

17. Did the judge err in relying on an authority that made a clear distinction between leases or possession that already existed that was not presumed to be able to be touched by the bankruptcy estate vs when Woods' possession similarly existed prior to the existence of the bankruptcy estate?

18. While bankruptcy law clearly emphasizes the trustee's obligation to liquidate property to pay debt, did the judge error in not recognizing that the release deed did not provide any asset to the estate and that relying on the sale of such when the only debt's large enough to justify liquidation are a DOR debt that is under dispute and a debt the estate created with pressure tactics to get the existing tenants in Russel Street to vacate and sign a contract under unconscionable conditions?

19. Did the court err in permanently worsening debtor's financial position, the opposite of the purpose of bankruptcy court, by ordering the liquidation of the rental property in such a way that the estate will leave Woods with a lump sum payment that will kick her off her only means of income as a disabled person SSI and kick her off life sustain health care coverage when she has a terminal illness?

20. Did the bankruptcy judge err when the fundamental purpose of a bankruptcy stay is to provide time for the debtor to get their financial situation in order by moving as quickly as possible to create a financial outcome that will do the opposite, one moving so quickly that Woods could not keep up with all of the evidence and filings necessary to prove the multiple steps that the trustee was taking were detrimental to the estate and to her, when the estate reverted to her, and taking steps that given her financial situation would permanently damage her ability to survive through the next period of years while she is fighting cancer?

21. Did the judge err in Ordering that the Bankruptcy Court retain jurisdiction to construe and enforce the terms of the Order and to hear and determine any case or controversy arising from or relating to the Order within the court's jurisdiction under 28 U.S.C. § 1334 given the obviousness that Woods was/is occupying the property as a post foreclosure borrower?

3 of 4

Petitioner Woods hereby requests the Court's permission to supplement this list as the need aris-
es. She has been fending off the threat of eviction by U.S. Marshalls all week and is currently
sick with the flu, for a second time this winter.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
March 14, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

### Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to
this action by first class mail.

R. Susan Woods
*pro se*, until further notice
March 14, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103


Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**R. Susan Woods**
**Plaintiff**

19 CV 10321 DJC
19 CV 30028
19 CV 30030

v.

**Joseph Collins, Trustee, Chapter 7**
**Case No. 18-30549 (EDK)**

### Motion to Consolidate All Three Appeals

This Motion to Consolidate all three appeals includes each of those above captioned, the appeal of the Order to Sell, the appeal of the Order for Contempt, and the appeal of the Order to Vacate. The evolving nature of the litigation makes it only logical to combine all of the appeals into one for simplicity purposes. Consolidation will also allow a reduction in duplicity of documents and/or arguments.

Wherefore swift approval of this motion is requested.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
March 14, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to this action by first class mail.

R. Susan Woods
*pro se*, until further notice
March 14, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re:** | |
| | |
| **R. Susan Woods** | **Chapter 7** |
|       **Debtor** | **Case No. 18-30549 EDK** |
| | |
| **R. Susan Woods,** | |
|       **Plaintiff** | |
| | **Adversary Proceeding** |
| **vs.** | **No. 18-03019** |
| | |
| **Alina's Real Estate, LLC and** | |
| **Their Representatives Amaya and Branche,** | |
|       **Defendants** | |

### Motion to Continue Deadlines, For Both Filings and Hearings, As Necessary, With Request for an Extension of the Deadline for Discovery

This motion pertains to the main case as well as the Adversary Proceeding. R. Susan Woods has been getting increasingly more and more ill since the threat of arrest by Federal Marshals on February 28. She can barely walk, and certainly cannot drive. She is relying on friends to take care of her basic needs. Her weakness is extreme. Please see doctor's note.

1. Ms. Woods has made the necessary filings for her appeals only by dictating the contents of them to a friend who has written them up and otherwise integrated some of her previously completed research.

2. Yet another friend has printed them out and brought them to Ms. Woods to sign.

3. That same friend faxed them in.

4. The Court is asked to please consider the specter of Ms. Woods blasting through her Depends in the Federal Courthouse when the Court decides upon this matter.

Wherefore, Ms. Woods requests this Court STAY any and all such filing deadlines, suspend hearing dates, and extend the end time for discovery in the Adversary Proceeding until she recovers, with a few more weeks to get caught up on her filings.

1 of 2

Respectfully submitted,
on this 13th day of March, 2019

_____

R. Susan Woods, Petitioner, Plaintiff, *pro se*
43 West Street, PO Box 160
Hadley, MA 01035-0160

### Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to all parties to this
action, or their counsel, by first class mail.

_____

R. Susan Woods
*pro se*, until further notice
March 13, 2019

Claimant Creditor
Alina's Real Estate, LLC
By Their Attorneys
Steven Weiss and Mark Esposito
Shatz, Schwartz, and Fentin, P.C.
1441 Main Street
Suite 1100
Springfeld, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

Joseph Collins
101 State Street
Springfield, MA 01103

**Hilltown Community Health Center**

HCHC

"This Institution is an equal opportunity provider."

March 12, 2019

Re: R. SUSAN WOODS       DOB: 03/25/1967
PO BOX 160
HADLEY MA 01035

To Whom It May Concern:

I am the primary care physician for Ms. R. Susan Woods. She is currently suffering from limbic encephalitis and widespread muscle pain as a result of her breast cancer, and has been acutely ill and worsening since 2/28/19. Please allow Ms. Woods any necessary extensions on filing and hearing that she needs until she recovers from her current exacerbation. Your consideration in this matter is greatly appreciated.

Please feel free to call my office with any concerns or questions.

Regards,

MIRANDA BALKIN, MD

Hilltown Community Health Centers

**Worthington Health Center**

58 Old North Road

Worthington, MA 01098

413-238-5511

**Huntington**

**Health Center**

73 Russell Road

Huntington, MA 01050

413-667-3009

**John P. Musante**

**Health Center**

Bangs Community Center

70 Boltwood Walk

Amherst, MA 01002

413-835-4980

**School-Based Health Programs**

12 Littleville Road

Huntington, MA 01050

413-667-0142

**Hilltown Community Center**

9 Russell Road

Huntington, MA 01050

413-667-2203

### UNITED STATES BANKRUPTCY COURT
#### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:   R. Susan Woods | Chapter 7<br>Appellate Case No: 19−30023<br>Bankruptcy Case 18−30549<br>Judge Elizabeth D. Katz |

### CERTIFICATION OF DEFAULT

On **FEBRUARY 19, 2019** , an appeal was filed by R. Susan Woods , appellant in the above referenced case. In accordance with Fed. R. Bankr. P. 8006, the appellant was to file with the clerk and serve on the appellee a Designation of the Items to be included in the record on appeal and a Statement of the Issues to be presented on appeal; those documents are to be filed within fourteen days of the Appeal. As provided by Rule 8001(a), "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the ... bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

It is hereby certified to the United States District Court  by the United States Bankruptcy Court for the District of Massachusetts that the appellant has not filed the Designation of Items and Statement of Issues of this date.

Date:3/19/19

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

<u>Audrey Godere</u>
Deputy Clerk
413−785−6905

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

---

In Re:   R. Susan Woods

Chapter 7
Appellate Case No: 19−30023
Bankruptcy Case 18−30549
Judge Elizabeth D. Katz

---

### CERTIFICATION OF DEFAULT

On **FEBRUARY 19, 2019** , an appeal was filed by R. Susan Woods , appellant in the above referenced case. In accordance with Fed. R. Bankr. P. 8006, the appellant was to file with the clerk and serve on the appellee a Designation of the Items to be included in the record on appeal and a Statement of the Issues to be presented on appeal; those documents are to be filed within fourteen days of the Appeal. As provided by Rule 8001(a), "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the ... bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

It is hereby certified to the United States District Court  by the United States Bankruptcy Court for the District of Massachusetts that the appellant has not filed the Designation of Items and Statement of Issues of this date.

Date:3/19/19

Mary P. Sharon
Clerk, U.S. Bankruptcy Court


By the Court,

Audrey Godere
Deputy Clerk
413−785−6905

Case 18-30549    Doc 391-5    Filed 03/19/14    Entered 03/19/14 10:26:47    Desc Letter
Transmittal    Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

---

In Re:    R. Susan Woods                          Chapter: 7
          Debtor                                   Case No: 18−30549 −edk

---

### Initial Transmittal

The following is being transmitted to your court:

- ☐ Notice of Appeal with Order
- ☐ Bankruptcy Docket
- ☐ Election to have appeal heard in District Court
- ☐ Direct Appeal to Court of Appeals
- ☐ Motion for Leave to Appeal With/Without Objections
- ☑ Other Certification of Default

---

Date:3/19/19                                      By the Court,

                                                  Audrey Godere
                                                  Deputy Clerk
                                                  413−785−6905

---

Receipt is acknowledged of the enclosures referred to above.

District/Appellate Court Docket Number:_____
Date:_____                        By:_____
                                                        Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| In re: | |
| R. Susan Woods | Chapter 7 |
|     **Debtor** | Case No. 18-30549 EDK |
| R. Susan Woods, | |
|     **Plaintiff** | |
| | Adversary Proceeding |
| vs. | No. 18-03019 |
| Alina's Real Estate, LLC and | |
| Their Representatives Amaya and Branche, | |
|     **Defendants** | |

### Motion to Continue Deadlines, For Both Filings and Hearings, As Necessary, With Request for an Extension of the Deadline for Discovery

    This motion pertains to the main case as well as the Adversary Proceeding. R. Susan Woods has been getting increasingly more and more ill since the threat of arrest by Federal Marshals on February 28. She can barely walk, and certainly cannot drive. She is relying on friends to take care of her basic needs. Her weakness is extreme. Please see doctor's note.

    1. Ms. Woods has made the necessary filings for her appeals only by dictating the contents of them to a friend who has written them up and otherwise integrated some of her previously completed research.

    2. Yet another friend has printed them out and brought them to Ms. Woods to sign.

    3. That same friend faxed them in.

    4. The Court is asked to please consider the specter of Ms. Woods blasting through her Depends in the Federal Courthouse when the Court decides upon this matter.

    Wherefore, Ms. Woods requests this Court STAY any and all such filing deadlines, suspend hearing dates, and extend the end time for discovery in the Adversary Proceeding until she recovers, with a few more weeks to get caught up on her filings.

1 of 2

*Left margin (rotated):* 03/19/2019 GRANTED. THE HEARINGS OF MARCH 21, 2019 ARE CONTINUED TO APRIL 4, 2019 AT 10:30 A.M. IN SPRINGFIELD.

*(signature) Elizabeth D. Katz*

04/02/2019 GRANTED. THE HEARINGS ON THE DEBTOR'S OBJECTIONS TO CLAIM [DOCKET #'s 219, 222] SET FOR APRIL 3, 2019 ARE CONTINUED TO JUNE 6, 2019 AT 10:00 A.M. IN SPRINGFIELD. NO FURTHER CONTINUANCES WILL BE GRANTED. SHOULD THE DEBTOR BE UNABLE TO ATTEND THE HEARING IN PERSON, THE COURT WILL DECIDE THE MATTERS ON THE PAPERS.

Elizabeth D. Kat

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

In re:                                    ]
                                          ]
R. Susan Woods                            ]        **Chapter 7**
                    Debtor                ]        **Case No. 18-30549 EDK**
                                          ]
_____                   ]
                                          ]
R. Susan Woods,                           ]
                    Plaintiff             ]
                                          ]        **Adversary Proceeding**
vs.                                       ]        **No. 18-03019**
                                          ]
Alina's Real Estate, LLC and             ]
Their Representatives Amaya and Branche,  ]
                    Defendants            ]
                                          ]

### Motion to Continue Deadlines, For Both Filings and Hearings, As Necessary, With Request for an Extension of the Deadline for Discovery

This motion pertains to the main case as well as the Adversary Proceeding. R. Susan Woods has been getting increasingly more and more ill since the threat of arrest by Federal Marshals on February 28. She can barely walk, and certainly cannot drive. She is relying on friends to take care of her basic needs. Her weakness is extreme. Please see doctor's note.

1. Ms. Woods has made the necessary filings for her appeals only by dictating the contents of them to a friend who has written them up and otherwise integrated some of her previously completed research.

2. Yet another friend has printed them out and brought them to Ms. Woods to sign.

3. That same friend hand delivered them for filing..

Wherefore, Ms. Woods requests this Court STAY any and all such filing deadlines, suspend hearing dates, and extend the end time for discovery in the Adversary Proceeding until she recovers, with a few more weeks to get caught up on her filings.

1 of 2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7, No.  18-30549-EDK |
|  | ) |  |
| R. SUSAN WOODS | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
|  | ) |  |

04/02/2019 ALLOWED. NO OBJECTIONS HAVE BEEN FILED.

## NOTICE OF INTENT TO ABANDON

Please take notice that Joseph B. Collins, the Chapter 7 Trustee ("Trustee"), in the above-captioned case, intends to abandon the Estate's interest in personal property, if any, located at 70 Russell Street, Hadley Massachusetts on March 5, 2019 that may constitute property of the Debtor's Bankruptcy Estate, pursuant to 11 U.S.C. § 554(a). The Trustee represents as follows:

1.      On July 10, 2018 ("Petition Date"), R. Susan Woods ("Debtor"), filed a Voluntary Petition pursuant to Chapter 7 of Title 11 of the U.S. Code ("Bankruptcy Code"), with the United States Bankruptcy Court for the District of Massachusetts, Western Division ("Bankruptcy Court").

2.      On or about July 11, 2018, the Trustee was appointed Chapter 7 Trustee of the Debtor's Bankruptcy Estate and he continues to serve in that capacity.

3.      On February 26, 2019, the Bankruptcy Court entered an Order ("Order to Vacate") that required the Debtor to vacate 70 Russell Street by 3:00 p.m. on March 4, 2019;[1] and further, the Order provided that the Trustee was authorized to call upon the United States Marshal's Service to assist in removing the Debtor if she failed to comply with the Order to Vacate.

---

[1] The Order to Vacate was the fourth in a series of Orders that required the Debtor to surrender 70 Russell Street. Earlier Orders were dated February 14, 2019, February 15, 2019, and February 26, 2019.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                    )
                          )        Case No. 18-30549 - EDK
R. SUSAN WOODS            )        Chapter 7
                          )
          Petitioner      )
                          )

## MOTION TO VACATE THE ALLOWANCE OF
## NOTICE OF INTENT TO ABANDON

Petitioner Woods hereby requests this Court vacate the allowance of the Notice of Intent
to Abandon the Estate's interest in personal property, if any, located at 70 Russell Street, Hadley,
Massachusetts on March 5, 2019 that may constitute property of the Debtor's Bankruptcy Estate,
pursuant to 11 U.S.C. § 554(a).

1. The Motion was allowed on 04/02/2019, the allowance stating, "NO OBJECTIONS HAVE
   BEEN FILED."

2. The Motion indicates that the 70 Russell Street , Hadley, property *may* constitute property of
   the Estate, indicating it is not a settled nor inconsequential matter.

3. A general motion for an enlargement of time had been filed by Petitioner Woods on or
   around March 28, 2019, which was GRANTED on 04/02/2019, the Motion to Continue
   Deadlines for Both Filings and Hearings As Necessary... .

4. In accordance with 11 U.S.C. § 554 (a) *a notice and a hearing* are required for the trustee to
   abandon any property of the estate that is burdensome to the estate or that is of
   inconsequential value and benefit to the estate.

5. *No hearing has been held on the matter.*

6. Petitioner Woods clearly indicated her intent to defend her estate and property thereto by
   way of her Motion to Continue Deadlines for Both Filings and Hearings As Necessary...,
   which was GRANTED.

7. The matter of value of the property located at 70 Russell Street cannot be determined at this
   time in that the purchase of the property by the Trustee, as well as the sale of the property by
   the Trustee, is under appeal with several consequential matters to be determined by the
   Appeals Court or even a higher authority thereto.

Page 1 of 3

8. Ms. Woods has suffered incapacitation in both her physical as well as mental health since March 6, 2019 through mid April, 2019, with minimal recovery since that time which has prevented her from pursuing self representation in this and other matters before this Court. Ms. Woods was therefore an incompetent person, incapable of due diligence in this matter, on and around 04/02/2019 when the above captioned Motion was allowed.

9. Ms. Woods health status which prevented her form keeping current with motions and filings in this matter therefore falls under the category of excusable neglect.

10. A letter from Ms. Woods' primary care physician, although addressed to Judge Casper of the Court of Appeals, is attached to attest to the circumstances of Ms. Woods' health.

Wherefore, Ms. Woods requests this Court vacate the allowance of the Notice of Intent to Abandon, and conduct a hearing on this matter in accordance with 11 U.S.C. § 554 before any further decision is made.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
June 4, 2019
PO Box 160
Hadley, MA 01035-0160

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to all parties to this action, or their counsel, by first class mail and/or hand delivery.

R. Susan Woods
*pro se*, until further notice
June 4, 2019

Joseph B. Collins, Trustee
Hendel, Collins, & O'Connell, P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

Page 3 of 3



**Hilltown Community Health Center**

"This institution is an equal opportunity provider."

April 29, 2019

Re: R. SUSAN WOODS          DOB: 03/25/1967
PO BOX 160
HADLEY MA 01035

Dear Judge Casper,

I am the primary care physician for Ms. R. Susan Woods. Ms. Woods has been severely ill since March 6th. She suffers from metastatic cancer for which she will soon be receiving treatment.

Please extend Ms. Woods any consideration possible for salvaging her appeal, on grounds of medical disability.

Please feel free to contact my office with any concerns or questions.

Regards,

MIRANDA BALKIN, MD

Your healthcare team
Hilltown Community Health Centers

| Worthington Health Center | Huntington Health Center | John P. Musante Health Center | School-Based Health Programs | Hilltown Community Center |
|---|---|---|---|---|
| 58 Old North Road | 73 Russell Road | Bangs Community Center | 12 Littleville Road | 9 Russell Road |
| Worthington, MA 01098 | Huntington, MA 01050 | 70 Boltwood Walk | Huntington, MA 01050 | Huntington, MA 01050 |
| 413-238-5511 | 413-667-3009 | Amherst, MA 01002 | 413-667-0142 | 413-667-2203 |
|  |  | 413-835-4980 |  |  |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**R. Susan Woods**

           Appellant(s)

     v.                            CIVIL ACTION NO. **19-30023-DJC**

 **Joseph B. Collins et al**

           Apellee(s)/Trustee

## JUDGMENT IN A CIVIL CASE

CASPER, D.J.

☐    **Jury Verdict.** This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

**X**    **Decision by the Court**. In accordance with the Electronic Order dated June 7, 2019, D. 16;

    **IT IS  ORDERED AND ADJUDGED**

    Judgment for Joseph B. Collins

                                        Robert M. Farrell, Clerk

Dated: 06/07/2019                         /s/ Matthew McKillop
                                       ( By )  Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**R. Susan Woods**

          Appellant(s)

      v.                             CIVIL ACTION NO. **19-30023-DJC**

**Joseph B. Collins et al**

          Apellee(s)/Trustee

## JUDGMENT IN A CIVIL CASE

CASPER, D.J.

☐    **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X    **Decision by the Court**. In accordance with the Electronic Order dated June 7, 2019, D. 16;

    **IT IS ORDERED AND ADJUDGED**

    Judgment for Joseph B. Collins

                                  Robert M. Farrell, Clerk

Dated: 06/07/2019                    /s/ Matthew McKillop

                               ( By ) Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**R. Susan Woods**

        Appellant(s)

     v.                         CIVIL ACTION NO. **19-30028-DJC**

 **Joseph B. Collins et al**

        Apellee(s)/Trustee

## JUDGMENT IN A CIVIL CASE

CASPER, D.J.

☐    **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X    **Decision by the Court**. In accordance with the Electronic Order dated June 7, 2019, D. 17;

    **IT IS ORDERED AND ADJUDGED**

    Judgment for Joseph B. Collins

                                    Robert M. Farrell, Clerk

Dated: 06/07/2019                    /s/ Matthew McKillop
                                  ( By ) Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**R. Susan Woods**

          Appellant(s)

      v.                      CIVIL ACTION NO. **19-30030-DJC**

 **Joseph B. Collins et al**

          Apellee(s)/Trustee

### JUDGMENT IN A CIVIL CASE

CASPER, D.J.

☐    **Jury Verdict.** This action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

X    **Decision by the Court**. In accordance with the Electronic Order dated June 7, 2019, D. 13;

    **IT IS  ORDERED AND ADJUDGED**

    Judgment for Joseph B. Collins

                                 Robert M. Farrell, Clerk

Dated: 06/07/2019                      /s/ Matthew McKillop
                                  ( By )  Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: )
)                    Case No. 18-30549 - EDK
)                    Chapter 7
R. SUSAN WOODS )
)
Petitioner )
_____ )

## MOTION TO VACATE THE ALLOWANCE OF
## NOTICE OF INTENT TO ABANDON

Petitioner Woods hereby requests this Court vacate the allowance of the Notice of Intent to Abandon the Estate's interest in personal property, if any, located at 70 Russell Street, Hadley, Massachusetts on March 5, 2019 that may constitute property of the Debtor's Bankruptcy Estate, pursuant to 11 U.S.C. § 554(a).

1. The Motion was allowed on 04/02/2019, the allowance stating, "NO OBJECTIONS HAVE BEEN FILED."

2. The Motion indicates that the 70 Russell Street , Hadley, property *may* constitute property of the Estate, indicating it is not a settled nor inconsequential matter.

3. A general motion for an enlargement of time had been filed by Petitioner Woods on or around March 28, 2019, which was GRANTED on 04/02/2019, the Motion to Continue Deadlines for Both Filings and Hearings As Necessary... .

4. In accordance with 11 U.S.C. § 554 (a) *a notice and a hearing* are required for the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

5. *No hearing has been held on the matter.*

6. Petitioner Woods clearly indicated her intent to defend her estate and property thereto by way of her Motion to Continue Deadlines for Both Filings and Hearings As Necessary..., which was GRANTED.

7. The matter of value of the property located at 70 Russell Street cannot be determined at this time in that the purchase of the property by the Trustee, as well as the sale of the property by the Trustee, is under appeal with several consequential matters to be determined by the Appeals Court or even a higher authority thereto.

Page 1 of 3

Exhibit D.68
06/11/2019 DENIED.

# Certificate of Mailing

**Date printed: 6/11/2019**
**Case: 18-30549 Document: 386**

**On the date listed above, the Court mailed by first class U.S. Mail, the document listed above to the following parties:**

db  R. Susan Woods  P.O Box 160  Hadley, MA 01035

Total: 1

Form ID: pdf012
District/Off: 0101-3
User: pf

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:

R. Susan Woods

Case No. 18-30549 - EDK
Chapter 7

Debtor

### **Debtor's Motion to Amend Schedules**

Now comes the Debtor in the above-captioned case, which has not been closed, and pursuant to Fed. R. Bankr. P. 1009, amends her Schedule A/B, and Schedule C. The new Schedules are attached to this motion.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
July 1, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

JUL 02'19 AM 11:55 USB

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to all parties to this action, or their counsel, by first class mail.

R. Susan Woods
*pro se*, until further notice
July 1, 2019

Joseph B. Collins, Chapter 7 Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

**Fill in this information to identify your case:**

Debtor 1    R. Susan    Woods
            First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the:    District of MASSACHUSETTS

Case number    18-30549
             (If known)

☑ Check if this is an
   amended filing

## Official Form 106Sum

# Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property* (Official Form 106A/B)
   1a. Copy line 55, Total real estate, from *Schedule A/B* ....................................    $ 458,000.

   1b. Copy line 62, Total personal property, from *Schedule A/B* .....................    $ 13,540.

   1c. Copy line 63, Total of all property on *Schedule A/B* ...............................    $ 471,540.

### Part 2:   Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............    $ _____

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ........................    $ _____

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ......................    + $ _____

   **Your total liabilities**    $ _____

   *unchanged*

### Part 3:   Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of *Schedule I* ..........................    $ _____

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of *Schedule J* ...................................    $ _____

   *unchanged*

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Debtor 1 ___R. Susan Woods___
    First Name   Middle Name   Last Name

Case number (if known) __18-30549__

## Part 4: Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   *unchanged*

   $ _____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

   **Total claim**

   **From Part 4 on *Schedule E/F*, copy the following:**

   9a. Domestic support obligations. (Copy line 6a.)    $ ___0.___

   9b. Taxes and certain other debts you owe the government. (Copy line 6b.)    $ ___unchanged___

   9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $ ___0.___

   9d. Student loans. (Copy line 6f.)    $ ___0.___

   9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)    $ ___0.___

   9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)    + $ ___0.___

   9g. **Total.** Add lines 9a through 9f.    $ ___0.___

Official Form 106Sum    **Summary of Your Assets and Liabilities and Certain Statistical Information**    page 2 of 2

**Fill in this information to identify your case and this filing:**

Debtor 1     R. Susan                    Woods
             First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: District of Massachusetts

Case number   18-30549

UPDATED
JULY 2019

☑ Check if this is an
  amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

**1.1.**  43 West Street
           Street address, if available, or description

           Hadley          MA    01035
           City            State  ZIP Code

           Hampshire
           County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   Current value of the portion you own?
$  263,000.                              $  263,000.

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

survivor of bank fraud

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.**  70 Russell Street
           Street address, if available, or description

           Hadley          MA    01035
           City            State  ZIP Code

           HAMPSHIRE
           County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   Current value of the portion you own?
$  195,000.                              $  195,000.

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

survivor of bank fraud

☐ Check if this is community property (see instructions)

Official Form 106A/B                    Schedule A/B: Property                    page 1

Case 18-30549   Doc 25   Filed 07/23/19   Entered 07/23/19 13:59:22   Desc Main
Document   Page 308 of 364

Debtor 1   **R. Susan** _____   **Woods** _____   Case number (if known) 18-30549
First Name   Middle Name   Last Name

1.3. _____
Street address, if available, or other description

_____

_____

City _____ State ___ ZIP Code

County _____

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$ _____

**Current value of the portion you own?**
$ _____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ..........................→  $  458,000.

---

| Part 2: | **Describe Your Vehicles** |
|---|---|

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

3.1.   Make:   **Ford**
Model:   **Ranger**
Year:   **1993**
Approximate mileage:   **350,000.**
Other information:

| farm truck with issues |
|---|

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$ _____ 500.

**Current value of the portion you own?**
$ _____ 500.

If you own or have more than one, describe here:

3.2.   Make:   _____
Model:   _____
Year:   _____
Approximate mileage:   _____
Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$ _____

**Current value of the portion you own?**
$ _____

Debtor 1   R. Susan                    Woods                    Case number *(if known)* 18-30549
           First Name   Middle Name      Last Name

3.3.  Make:        _____
      Model:       _____
      Year:        _____
      Approximate mileage:  _____
      Other information:

      [                    ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

3.4.  Make:        _____
      Model:       _____
      Year:        _____
      Approximate mileage:  _____
      Other information:

      [                    ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
    - ☑ No
    - ☐ Yes

4.1.  Make:        _____
      Model:       _____
      Year:        _____
      Other information:

      [                    ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

If you own or have more than one, list here:

4.2.  Make:        _____
      Model:       _____
      Year:        _____
      Other information:

      [                    ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ➔   $_____ 500.

Official Form 106A/B                    Schedule A/B: Property                    page 3

**Debtor 1** R. Susan Woods

First Name    Middle Name    Last Name

Case number *(if known)* 18-30549

---

| Part 3: | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe......... Bosch clothes washer & dryer    $ 300.

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe......... MacBook Air Laptop Computer, iphone 7    $ 500.

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ☑ Yes. Describe......... prints, water colors, oil painting    $ 800.

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ☑ Yes. Describe......... bicycle, jambe    $ 375.

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.........    $ ___

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe......... everyday clothes, coats, shoes, & accessories    $ 1500.

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☑ Yes. Describe......... everyday jewelry, tokens    $ 400.

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☐ No
    ☑ Yes. Describe......... dog    $ sentimental value only

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☐ No
    ☑ Yes. Give specific information. ......... small kitchen appliances    $ 500.

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................. → $ 4375.00

---

| Debtor 1 | R. SUSAN WOODS | Case number (if known) | 18-30549 |
| | First Name   Middle Name   Last Name | | |

## Part 4: Describe Your Financial Assets

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
| --- | --- |

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes .................................................................................................................... Cash: .......................... $ 40.00

### 17. Deposits of money
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes ....................

Institution name:

| | | | |
| --- | --- | --- | --- |
| 17.1. Checking account: | Easthampton Savings Bank | $ | 125.00 |
| 17.2. Checking account: | | $ | |
| 17.3. Savings account: | | $ | |
| 17.4. Savings account: | | $ | |
| 17.5. Certificates of deposit: | | $ | |
| 17.6. Other financial account: | | $ | |
| 17.7. Other financial account: | | $ | |
| 17.8. Other financial account: | | $ | |
| 17.9. Other financial account: | | $ | |

### 18. Bonds, mutual funds, or publicly traded stocks
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes ................

Institution or issuer name:

| | |
| --- | --- |
| | $ |
| | $ |
| | $ |

### 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture

☑ No
☐ Yes. Give specific information about them........................

| Name of entity: | % of ownership: | | |
| --- | --- | --- | --- |
| | 0% | % | $ |
| | 0% | % | $ |
| | 0% | % | $ |

Debtor 1   R. Susan Woods
First Name   Middle Name   Last Name

Case number (if known) 18-30549

---

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific information about them...................

Issuer name:

_____  $_____
_____  $_____
_____  $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each account separately.

Type of account:    Institution name:

401(k) or similar plan: _____  $_____

Pension plan: _____  $_____

IRA: _____  $_____

Retirement account: _____  $_____

Keogh: _____  $_____

Additional account: _____  $_____

Additional account: _____  $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes...........................

Institution name or individual:

Electric: _____  $_____

Gas: _____  $_____

Heating oil: _____  $_____

Security deposit on rental unit: _____  $_____

Prepaid rent: _____  $_____

Telephone: _____  $_____

Water: _____  $_____

Rented furniture: _____  $_____

Other: _____  $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes...........................

Issuer name and description:

_____  $_____
_____  $_____
_____  $_____

---

Debtor 1    R. SUSAN WOODS      Case number (if known) __18-30549__

First Name   Middle Name   Last Name

---

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ................................ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____ $ _____

_____ $ _____

_____ $ _____

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No

☐ Yes. Give specific information about them....   _____   $ _____

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☑ Yes. Give specific information about them....   patent pending for a modified inner cover for a honeybee hive   $ unknown

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific information about them....   _____   $ _____

**Money or property owed to you?**
                                                        **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☑ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................
         Federal:   $ _____
         State:   $ _____
         Local:   $ _____

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information.............
         Alimony:   $ _____
         Maintenance:   $ _____
         Support:   $ _____
         Divorce settlement:   $ _____
         Property settlement:   $ _____

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

☑ Yes. Give specific information.............   escrow account amount withheld from 70 Russell Street tenants   $ 4,500.

---

Case 18-30549  Doc 35-1  Filed 07/23/19  Entered 07/23/19 13:58:22  Desc
Transmission2    Page 314 of 364

Debtor 1  R. Susan Woods
First Name  Middle Name  Last Name

Case number (if known)  18-30549

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information.............

$

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
☑ Yes. Describe each claim. ................... claims against Wells Fargo Bank, N.A., and Goldman Sachs mortgage Company $ unknown

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No
☑ Yes. Describe each claim. ................... claims for wrongful foreclosure & eviction from both properties  $ unknown

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information............

$

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
for Part 4. Write that number here ................    165. plus 4,500.    → $ 4,665.

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
☐ No. Go to Part 6.
☑ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**
☑ No
☐ Yes. Describe......

$

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☐ No
☑ Yes. Describe...... desk top computer, laser printer  $ 250.

Debtor 1    R. SUSAN    WOODS     Case number *(if known)*   18-30549

First Name    Middle Name    Last Name

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No
☑ Yes. Describe......   various power tools, hand tools    $ 1500.

**41. Inventory**

☑ No
☐ Yes. Describe......    $ _____

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe......

| Name of entity: | % of ownership: | |
|---|---|---|
| _____ | ____ % | $ _____ |
| _____ | ____ % | $ _____ |
| _____ | ____ % | $ _____ |

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

   ☐ No
   ☐ Yes. Describe.......    $ _____

**44. Any business-related property you did not already list**

☑ No
☐ Yes. Give specific information .........

   $ _____
   $ _____
   $ _____
   $ _____
   $ _____
   $ _____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here →    $ 1,750,

---

**Part 6:**    **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☐ No. Go to Part 7.
☑ Yes. Go to line 47.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes.................    chickens are re-homed, bees are deceased    $ _____

Debtor 1    R. SUSAN WOODS

First Name    Middle Name    Last Name

Case number *(if known)*   18-30549

**48. Crops—either growing or harvested**

☑ No

☐ Yes. Give specific information............    $_____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No

☑ Yes...............   chicken coops, hive equipment    $ 1,000,

**50. Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes...............    $_____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No

☑ Yes. Give specific information............   a few hundred pounds of honey    $ 1,250.

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here**  →   $ 2,250.

---

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information............    $_____
   $_____
   $_____

**54. Add the dollar value of all of your entries from Part 7. Write that number here**  →   $ 0.

---

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

**55. Part 1: Total real estate, line 2** ................................................................ → $ 458,000,

**56. Part 2: Total vehicles, line 5**    $ 500.

**57. Part 3: Total personal and household items, line 15**    $ 4375.

**58. Part 4: Total financial assets, line 36**    $ 4665.

**59. Part 5: Total business-related property, line 45**    $ 1750.

**60. Part 6: Total farm- and fishing-related property, line 52**    $ 2250.

**61. Part 7: Total other property not listed, line 54**    +$ 0.

**62. Total personal property. Add lines 56 through 61.** ....................   $ 13,540.   Copy personal property total → +$ 13,540.

**63. Total of all property on Schedule A/B. Add line 55 + line 62.** ................................................   $ 471,540.

---

Fill in this information to identify your case:

Debtor 1    R. SUSAN                    WOODS
            First Name      Middle Name        Last Name

Debtor 2
(Spouse, if filing)  First Name   Middle Name  Last Name

United States Bankruptcy Court for the: _____ District of  MASSACHUSETTS

Case number    18-30549
(If known)

UPDATED
JULY 2019

☑ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.
Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more
space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write
your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a
specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount
of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt
retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that
limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption
would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:  43 WEST ST.<br>Line from *Schedule A/B*:  1.1 | $ 263,000. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | disabled, hardship<br>188-2 |
| Brief description:  70 RUSSELL ST.<br>Line from *Schedule A/B*:  1.2 | $ 195,000. | ☑ $ 15,000.<br>☐ 100% of fair market value, up to any applicable statutory limit | disabled, hardship<br>522 (d) (1) |
| Brief description:  _____<br>Line from *Schedule A/B*:  _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☑ No
      ☐ Yes

Debtor 1    R. SUSAN     WOODS

First Name    Middle Name     Last Name

Case number *(if known)*   18-30549

---

**Part 2:**   **Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: FORD RANGER '93<br>Line from *Schedule A/B*: 3.1 | $ 500 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (2) |
| Brief description: Patent Pending / hive<br>Line from *Schedule A/B*: 26 | $ unknown | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (5) |
| Brief description: Clothes washer & dryer<br>Line from *Schedule A/B*: 6 | $ 300. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: electronics<br>Line from *Schedule A/B*: 7 | $ 500. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: wall art<br>Line from *Schedule A/B*: 8 | $ 800. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: clothes<br>Line from *Schedule A/B*: 11 | $ 1500. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: Jewelry<br>Line from *Schedule A/B*: 12 | $ 400. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (4) |
| Brief description: Small appliances<br>Line from *Schedule A/B*: 14 | $ 500. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: cash<br>Line from *Schedule A/B*: 16 | $ 40. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (5) |
| Brief description: deposits<br>Line from *Schedule A/B*: 17 | $ 125. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (5) |
| Brief description: bicycle, jamba<br>Line from *Schedule A/B*: 9 | $ 375. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (3) |
| Brief description: tools<br>Line from *Schedule A/B*: 10 | $ 1500. | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 522 (d) (6) |

line 30 ! escrow account $ 4,500.     522 (d) (5)

Fill in this information to identify your case:

Debtor 1　R. SUSAN　　　　　WOODS
First Name　　　Middle Name　　　Last Name

Debtor 2
(Spouse, if filing)　First Name　　　Middle Name　　　Last Name

United States Bankruptcy Court for the: _____ District of MASSACHUSETTS

Case number　18 - 30549
(If known)

☑ Check if this is an
amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____　　X _____
Signature of Debtor 1　　　　　　　Signature of Debtor 2

Date 07/01/2019　　　　　　　Date _____
MM / DD / YYYY　　　　　　　　　　MM / DD / YYYY

**MEANSNO, DebtEd, REPEAT, NTCAPR, CredAdd, IFP, ASSET, DEFER, FeeDue, APLDIST,
727OBJ, AddChg**

# United States Bankruptcy Court
## District of Massachusetts (Springfield)
## Bankruptcy Petition #: 18−30549

*Date filed:* 07/10/2018
*341 meeting:* 09/04/2018
*Deadline for objecting to discharge:* 11/05/2018

*Assigned to:* Judge Elizabeth D. Katz
Chapter 7
Voluntary
Asset

**Debtor**                                          represented by **R. Susan Woods**
**R. Susan Woods**                                                  PRO SE
P.O Box 160
Hadley, MA 01035
413−883−1414
SSN / ITIN: xxx−xx−2811
Tax ID / EIN: 51−0619599
*aka* **Rorie Woods**
*aka* **Rebecca Woods**
*dba* **The Workhorse Group, Inc.**
*dba* **Abundant Harvest Apiary**

**Assistant U.S. Trustee**
**Richard King**
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

**Trustee**                                          represented by **Joseph B. Collins**
**Joseph B. Collins−Tr**                                            Hendel, Collins & O'Connor, P.C.
Hendel, Collins & O'Connor, P.C.                                    101 State Street
101 State Street                                                    Springfield, MA 01103
Springfield, MA 01103                                               (413) 734−6411
413−734−6411                                                        Email: jcollins@hendelcollins.com

                                                                    **Joseph B. Collins−Tr**
                                                                    Hendel, Collins & O'Connor, P.C.
                                                                    101 State Street
                                                                    Springfield, MA 01103
                                                                    413−734−6411
                                                                    Email: jcollins@hendelcollins.com

                                                                    **Andrea M O'Connor**
                                                                    Hendel, Collins & O'Connor, P.C.
                                                                    101 State Street
                                                                    Springfield, MA 01103
                                                                    413−734−6411
                                                                    Fax : 413−734−8069
                                                                    Email: aoconnor@hendelcollins.com
                                                                    *TERMINATED: 02/06/2019*

1

| Filing Date | # | Docket Text |
|---|---|---|
| 07/10/2018 | 1 | Chapter 7 Voluntary Petition for Individuals Filed by R. Susan Woods with Deficiencies. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | | Meeting of Creditors scheduled on 09/04/2018 at 09:00 AM at 1350 Main Street, Suite 1112, Springfield, MA. Deadline to object to debtor's discharge or to challenge dischargeability of certain debts is 11/05/2018. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 2 | Application filed by Debtor R. Susan Woods to Have Chapter 7 Filing Fee Waived. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 3 | Order to Update Statement of Intent due 8/9/2018. Schedules A/B−J, Statement of Financial Affairs, Summary of Assets and Liabilities and Chapter 7 Statement of Your Current Monthly Income Form 122A−1 due by 7/24/2018. (cl) (Entered: 07/10/2018) |
| 07/10/2018 | 5 | Statement of Social Security Number(s) filed by Debtor R. Susan Woods. (cl) (Entered: 07/10/2018) |
| 07/11/2018 | 6 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond. (ADI) (Entered: 07/11/2018) |
| 07/11/2018 | 7 | Notice to Pro Se Debtors. (ADI) (Entered: 07/11/2018) |
| 07/12/2018 | 8 | Adversary case 18−03019. Complaint by R. Susan Woods against Alina's Real Estate, LLC. Fee Amount $0.00 Receipt Number EXEMPT. Nature of Suit(71 (Injunctive relief − reinstatement of stay)) ,(72 (Injunctive relief − other)) ,(91 (Declaratory judgment)) ,(11 (Recovery of money/property − 542 turnover of property)) ,(13 (Recovery of money/property − 548 fraudulent transfer)).(pf) (Entered: 07/12/2018) |
| 07/12/2018 | 9 | BNC Certificate of Mailing. (Re: 3 Order to Update) Notice Date 07/12/2018. (Admin.) (Entered: 07/13/2018) |
| 07/13/2018 | 10 | BNC Certificate of Mailing. (Re: 7 Notice to ProSe Debtors.) Notice Date 07/13/2018. (Admin.) (Entered: 07/14/2018) |
| 07/16/2018 | 11 | Court's Notice of 341 sent. (ADI) (Entered: 07/16/2018) |
| 07/17/2018 | 12 | Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | 13 | Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, Massachusetts with certificate of service and proposed order Fee Amount $181, Objections due by 07/31/2018. (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | Receipt of filing fee for Motion for Relief From Stay(18−30549) [motion,mrlfsty] ( 181.00). Receipt Number 17334183, amount $ 181.00 (re: Doc# 13) (U.S. Treasury) (Entered: 07/17/2018) |
| 07/17/2018 | 14 | Endorsed Order dated 7/17/18 Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. A HEARING ON THIS MOTION IS SET FOR JULY 19, |

| | | | |
|---|---|---|---|
| | | | 2018 AT 11:30 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO SERVE THE MOTION AND NOTICE OF THE HEARING BY TELEPHONE AND EMAIL AND FILE A CERTIFICATE OF SUCH SERVICE BY 4:30 P.M. TODAY, JULY 17, 2018. (pf) (Entered: 07/17/2018) |
| 07/17/2018 | | 15 | Court Certificate of Mailing (Re: 14 Order on Motion for Relief from Stay). (pf) (Entered: 07/17/2018) |
| 07/17/2018 | | 16 | Certificate of Service of Notice of Hearing *on July 19, 2018 at 11:30 AM* (Re: 13 Motion for Relief From Stay) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | 17 | Amended (Re: 16 Certificate of Service of Notice of Hearing) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/17/2018 | | 18 | Supplemental Document: *Service by Sheriff* (Re: 13 Motion for Relief From Stay) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 07/17/2018) |
| 07/18/2018 | | 19 | Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. . (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 20 | Motion filed by Debtor R. Susan Woods to Update Creditor Matrix [Re: 1 Voluntary Petition (Chapter 7)] with certificate of service. (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 21 | Opposition with certificate of service filed by Debtor R. Susan Woods Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Stay Re: 43 West Street, Hadley, MA. (Attachments: # 1 part 2 # 2 part 3 # 3 part 4) (pf) (Entered: 07/18/2018) |
| 07/18/2018 | | 22 | BNC Certificate of Mailing − Meeting of Creditors. (Re: 11 Court's Notice of 341 sent Individual No Asset) Notice Date 07/18/2018. (Admin.) (Entered: 07/19/2018) |
| 07/19/2018 | | 23 | Endorsed Order dated 7/19/2018 Re: 20 Motion filed by Debtor R. Susan Woods to Update Creditor Matrix [Re: 1 Voluntary Petition (Chapter 7)]. ALLOWED. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 24 | Notice to Added Creditors by the Court (Re: 20 Motion filed by Debtor R. Susan Woods to Update Creditor Matrix). Deadline to Object to Discharge for New Creditor(s)(Only): 11/5/2018. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 25 | Copy of Court's 341 Notice sent to added creditors. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 26 | Motion filed by Debtor Susan R Woods Continue to Restore Petitioner Woods to her Homestead with certificate of service. (Attachments: # 1 Part 2 # 2 Part 3) (Filed in Open Court on 7/19/18). (pf). (Entered: 07/19/2018) |
| 07/19/2018 | | | Hearing Held Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. (pf) (Entered: 07/19/2018) |

3

| | | | |
|---|---|---|---|
| 07/19/2018 | | 27 | Order dated 7/19/2018 Re: 13 Expedited Motion filed by Creditor Alinas Realty, LLC for Relief from Automatic Stay Re: 43 West Street, Hadley, MA. GRANTED. IN LIGHT OF THE MOVANT'S JUDGMENT FOR POSSESSION, THE COURT FINDS CAUSE FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1). THE DEBTORS OBJECTIONS ARE OVERRULED. THE DEBTORS ALLEGATIONS REGARDING DAMAGE TO THE PROPERTY CAUSED BY THE EVICTION PROCEEDINGS ARE NOT RELEVANT TO THE COURTS DETERMINATION OF CAUSE UNDER 11 U.S.C. § 362(d)(1). FURTHER, THIS COURT IS PROHIBITED FROM CONSIDERING THE DEBTORS ARGUMENTS REGARDING THE VALIDITY OF THE FORECLOSURE SALE AND THE MOVANTS RIGHT TO PROCEED WITH EVICTION PROCEEDING UNDER PRINCIPLES OF RES JUDICATA AND COLLATERAL ESTOPPEL AND BY THE ROOKER−FELDMAN DOCTRINE, WHICH BARS A LOSING PARTY IN STATE COURT TO FILE A SUIT IN A FEDERAL DISTRICT COURT AFTER THE STATE PROCEEDING HAS ENDED TO COMPLAIN OF AN INJURY CAUSED BY THE STATE−COURT DECISION AND SEEK REVIEW AND REJECTION OF THE STATE−COURT JUDGMENT. IN RE VAZQUEZ, 467 B.R. 550 (BANKR. D.P.R. 2012; SEE ALSO SILVA V. MASSACHUSETTS, 351 FED. APPX. 450 (1ST CIR. 2009). HOWEVER, THE 14−DAY STAY OF THIS ORDER PURSUANT TO FED. R. BANKR. P. 4001(a)(3) HAS NOT BEEN WAIVED. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 28 | Court Certificate of Mailing (Re: 27 Order on Motion For Relief From Stay). (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 29 | Endorsed Order dated 7/19/2018 Re: 26 Motion filed by Debtor Susan R Woods Continue to Restore Petitioner Woods to her Homestead. DENIED. SEE ORDER OF EVEN DATE [AT DOCKET #27]. (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 30 | Court Certificate of Mailing (Re: 29 Order on Motion to Restore Petitioner Woods to her Homestead). (pf) (Entered: 07/19/2018) |
| 07/19/2018 | | 31 | Notice of Appearance and Request for Notice by Mark Esposito with certificate of service filed by Creditor Alinas Realty, LLC (Esposito, Mark) (Entered: 07/19/2018) |
| 07/20/2018 | | 32 | Motion filed by Debtor R. Susan Woods to Request an Evidentiary Hearing (Re: 1 Voluntary Petition (Chapter 7)) with certificate of service. (pf) (Entered: 07/20/2018) |
| 07/21/2018 | | 33 | BNC Certificate of Mailing. (Re: 24 Notice to Add Creditors) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/21/2018 | | 34 | BNC Certificate of Mailing − PDF Document. (Re: 23 Order on Motion to Amend) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/21/2018 | | 35 | BNC Certificate of Mailing − PDF Document. (Re: 25 Generic PDF) Notice Date 07/21/2018. (Admin.) (Entered: 07/22/2018) |
| 07/23/2018 | | 36 | Opposition with certificate of service filed by Creditor Alinas Realty, LLC Re: 19 Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto . (Weiss, Steven) (Entered: 07/23/2018) |

| | | | |
|---|---|---|---|
| 07/23/2018 | | 37 | Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 38 | Motion filed by Debtor R. Susan Woods to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 39 | Motion filed by Debtor R. Susan Woods to Request an Expedited Hearing on the Matters of 38 Motion to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary and First Request for Restitution with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/23/2018 | | 40 | Motion filed by Debtor R. Susan Woods to Update Filings with certificate of service. (ag) (Entered: 07/23/2018) |
| 07/24/2018 | | 41 | Endorsed Order dated 7/24/2018 Re: 40 Motion filed by Debtor R. Susan Woods to Update Filings. ALLOWED. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 42 | Court Certificate of Mailing Re: 41 Order on Generic Motion. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 43 | Endorsed Order dated 7/24/18 Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. A HEARING ON THIS MOTION IS SET FOR THURSDAY, AUGUST 2, 2018 AT 11:00 A.M. IN THE FEDERAL BUILDING, 300 STATE STREET, BERKSHIRE COURTROOM, SPRINGFIELD, MA. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 44 | Court Certificate of Mailing Re: 43 Order To Set Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 45 | Endorsed Order dated 7/24/2018 Re: 32 Motion filed by Debtor R. Susan Woods to Request an Evidentiary Hearing Re: 1 Voluntary Petition Chapter 7. DENIED FOR THE REASONS SET FORTH IN THIS COURT'S ORDER DATED JULY 19, 2018 [DOCKET #27]. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 46 | Court Certificate of Mailing Re: 45 Order on Motion To Set/Combine Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 47 | Endorsed Order dated 7/24/18 Re: 39 Motion filed by Debtor R. Susan Woods to Request an Expedited Hearing on the Matters of 38 Motion to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary and First Request for Restitution. EXPEDITED DETERMINATION GRANTED AS FOLLOWS: WITH REGARD TO THE "MOTION TO ALLOW PETITIONER TO DONATE HER FLOCK OF CHICKENS TO AN ANIMAL SANCTUARY" [DOCKET #38], THE MOTION WILL BE HELD FOR OBJECTIONS THROUGH MONDAY, JULY 30, 2018. IF NO OBJECTIONS ARE TIMELY FILED, THE MOTION MAY BE GRANTED WITHOUT FURTHER NOTICE OR HEARING. WITH REGARD TO THE "PETITIONER'S FIRST REQUEST FOR RESTITUTION" [DOCKET #19], A HEARING IS SET FOR THURSDAY, AUGUST 2, 2018 AT 11:00 A.M. IN SPRINGFIELD. THE CLERK'S OFFICE IS DIRECTED TO PROVIDE A COPY OF THIS ORDER BY FIRST CLASS MAIL TO ALL CREDITORS AND THE CHAPTER 7 TRUSTEE. (ag) (Entered: 07/24/2018) |

| | | | |
|---|---|---|---|
| 07/24/2018 | | 48 | Court Certificate of Mailing Re: 47 Order To Set Hearing. (ag) (Entered: 07/24/2018) |
| 07/24/2018 | | 49 | Expedited Motion filed by Creditor Alinas Realty, LLC to Appear Telephonically at Hearing Scheduled for August 2, 2018 [Re: 19 Miscellaneous Motion] with certificate of service. (Weiss, Steven) (Entered: 07/24/2018) |
| 07/25/2018 | | 50 | Endorsed Order dated 7/25/2018 Re: 49 Expedited Motion filed by Creditor Alinas Realty, LLC to Appear Telephonically at Hearing Scheduled for August 2, 2018 Re: 19 Miscellaneous Motion. GRANTED. ATTORNEY WEISS MAY PARTICIPATE BY DIALING 888−363−4734, AND ENTERING ACCESS CODE 496 4809 WHEN PROMPTED. (ag) (Entered: 07/25/2018) |
| 07/25/2018 | | | Hearing Scheduled to 8/2/2018 at 11:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 07/25/2018) |
| 07/26/2018 | | 51 | BNC Certificate of Mailing − PDF Document. (Re: 47 Order To Set Hearing) Notice Date 07/26/2018. (Admin.) (Entered: 07/27/2018) |
| 07/27/2018 | | 52 | Schedules A/B (Re: 3 Order to Update) filed by Debtor R. Susan Woods. (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | 53 | Chapter 7 Statement of Your Current Monthly Income Form 122A−1 (Re: 3 Order to Update) filed by Debtor R. Susan Woods (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | 54 | Motion filed by Debtor R. Susan Woods to Extend Time to File Documents [Re: 3 Order to Update] with certificate of service. (ag) (Entered: 07/27/2018) |
| 07/27/2018 | | 55 | BNC Certificate of Mailing − PDF Document. (Re: 50 Order on Motion to Appear Telephonically or Via Video Conference) Notice Date 07/27/2018. (Admin.) (Entered: 07/28/2018) |
| 07/31/2018 | | 56 | Endorsed Order dated 7/31/2018 Re: 54 Motion filed by Debtor R. Susan Woods to Extend Time to File Documents. GRANTED. THE DEADLINE TO FILE THE MISSING DOCUMENTS IS EXTENDED TO AUGUST 14, 2018. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | 57 | Court Certificate of Mailing Re: 56 Order on Motion to Extend. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | 58 | Endorsed Order dated 7/31/2018 Re: 38 Motion filed by Debtor R. Susan Woods to Allow Petitioner to Donate her Flock of Chickens to an Animal Sanctuary. GRANTED. NO OBJECTIONS FILED. (ag) (Entered: 07/31/2018) |
| 07/31/2018 | | 59 | Court Certificate of Mailing Re: 58 Order on Generic Motion. (ag) (Entered: 07/31/2018) |
| 08/01/2018 | | 60 | Motion filed by Debtor R. Susan Woods to Reconsider ( 27 Order on Motion For Relief From Stay) with certificate of service. (Attachments: # 1 documents) (ag) (Entered: 08/01/2018) |

| | | | |
|---|---|---|---|
| 08/01/2018 | | 61 | Motion filed by Debtor R. Susan Woods to Allow Petitioner Woods to Bring her Cell Phone to the Hearing Scheduled for August 2, 2018 with certificate of service. (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | 62 | Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankrupcty and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | 63 | Endorsed Order dated 8/1/2018 Re: 61 Motion filed by Debtor R. Susan Woods to Allow Petitioner Woods to Bring her Cell Phone to the Hearing Scheduled for August 2, 2018. DENIED. (ag) (Entered: 08/01/2018) |
| 08/01/2018 | | 64 | Court Certificate of Mailing Re: 63 Order on Generic Motion. (ag) (Entered: 08/01/2018) |
| 08/02/2018 | | | Hearing Held and Continued for 8/30/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 65 | Order dated 8/2/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto.  THIS MOTION IS CONSOLIDATED WITH ADVERSARY PROCEEDING NUMBER 18−03019 AND THE HEARING IS CONTINUED TO AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 66 | Court Certificate of Mailing Re: 65 Order on Generic Motion. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | | Hearing Held Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 67 | Order dated 8/2/2018 Re: 37 Motion filed by Debtor R. Susan Woods In Support of Application of the McDonnell Affidavit to the 43 West Street Homestead Property. GRANTED INASMUCH AS THE COURT WILL CONSIDER RELEVANT CASE LAW AS APPROPRIATE GIVEN THE PENDING MATTERS IN THIS CASE. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 68 | Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 69 | Endorsed Order dated 8/2/18 Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss. A HEARING IS SET FOR AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. THE DEADLINE TO FILE A RESPONSE IS AUGUST 23, 2018. (ag) (Entered: 08/02/2018) |
| 08/02/2018 | | 70 | Court Certificate of Mailing Re: 69 Order To Set Hearing. (ag) (Entered: 08/02/2018) |

| | | | |
|---|---|---|---|
| 08/02/2018 | | 71 | Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (Weiss, Steven) (Entered: 08/02/2018) |
| 08/03/2018 | | 72 | Endorsed Order dated 8/3/2018 Re: 60 Motion filed by Debtor R. Susan Woods to Reconsider 27 Order on Motion For Relief From Stay. DENIED. (ag) (Entered: 08/03/2018) |
| 08/03/2018 | | 73 | Endorsed Order dated 8/3/2018 Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay. DENIED. (ag) (Entered: 08/03/2018) |
| 08/03/2018 | | 74 | Court Certificate of Mailing Re: 72 Order on Motion To Reconsider, 73 Order on Motion to Extend Automatic Stay. (ag) (Entered: 08/03/2018) |
| 08/04/2018 | | 75 | BNC Certificate of Mailing − PDF Document. (Re: 67 Order on Generic Motion) Notice Date 08/04/2018. (Admin.) (Entered: 08/05/2018) |
| 08/06/2018 | | 76 | Emergency Motion in Response filed by Debtor R. Susan Woods Re: 71 Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay with certificate of service. (ag) (Entered: 08/06/2018) |
| 08/06/2018 | | 77 | Order dated 8/6/18 Re: 76 Emergency Motion in Response filed by Debtor R. Susan Woods Re: 71 Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 68 Motion filed by Debtor R. Susan Woods to Extend Automatic Stay. THE REQUEST FOR THIS COURT TO RECONSIDER THE AUGUST 3, 2018 ORDERS DENYING THE DEBTOR'S MOTION TO RECONSIDER GRANTING OF RELIEF FROM STAY AND THE DEBTOR'S MOTION FOR AN EXTENSION OF THE 14−DAY STAY [DOCKET #'S 72 AND 73] IS DENIED. HAVING REVIEWED THE REFERENCED DOCUMENTS SUBMITTED BY THE DEBTOR AS EXHIBITS H AND I TO THE MOTION TO RECONSIDER [DOCKET #60], THE COURT FINDS THAT THE OMISSION OF THE ADDITIONAL DOCUMENTS (A COPY OF THE LEGAL NOTICE OF THE MORTGAGEE'S SALE OF REAL ESTATE AND A COPY OF AN ASSIGNMENT OF MORTGAGE DATED JULY 23, 2018) FROM THE MOTION OF ALINAS REALTY, LLC FOR RELIEF FROM AUTOMATIC STAY [DOCKET #13] WAS IMMATERIAL TO THE COURT'S DETERMINATION THAT RELIEF FROM THE AUTOMATIC STAY WAS WARRANTED FOR CAUSE UNDER 11 U.S.C. 362(D)(1), AS THE COURT IS PROHIBITED BY PRINCIPLES OF RES JUDICATA, COLLATERAL ESTOPPEL, AND THE ROOKER−FELDMAN DOCTRINE FROM DETERMINING THE VALIDITY OF THE FORECLOSURE SALE AND THE CREDITOR'S RIGHT TO PROCEED WITH THE EVICTION PROCEEDING. (ag) (Entered: 08/06/2018) |
| 08/06/2018 | | 78 | BNC Certificate of Mailing Re: 77 Order. (ag) (Entered: 08/06/2018) |
| 08/13/2018 | | 79 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC (ag) (Weiss, Steven) (Entered: 08/13/2018) |
| 08/13/2018 | | 80 | |

| | | | |
|---|---|---|---|
| | | | Exhibit *A* (Re: <u>79</u> Response) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 08/13/2018) |
| 08/16/2018 | | <u>81</u> | Order to Show Cause dated 8/16/18. THE DEBTOR IS ORDERED TO APPEAR BEFORE THE COURT ON AUGUST 30, 2018 AT 10:00 A.M. IN THE FEDERAL COURTHOUSE, BERKSHIRE COURTROOM, 300 STATE STREET, SPRINGFIELD, MA AND TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S JULY 10, 2018 ORDER TO UPDATE [DOCKET #3]. (pf) (Entered: 08/16/2018) |
| 08/16/2018 | | <u>82</u> | Court Certificate of Mailing (Re: <u>81</u> Order to Show Cause for Dismissal of Case). (pf) (Entered: 08/16/2018) |
| 08/17/2018 | | <u>83</u> | Notice of Appearance and Request for Notice by Marcus Pratt with certificate of service filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 08/17/2018) |
| 08/17/2018 | | <u>84</u> | Motion filed by Creditor Goldman Sachs Mortgage Company for Limited Relief from the Automatic Stay Re: 70 Russell Street, Hadley, MA with certificate of service and proposed order Fee Amount $181, Objections due by 08/31/2018. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E) (Pratt, Marcus) (Entered: 08/17/2018) |
| 08/17/2018 | | | Receipt of filing fee for Motion for Relief From Stay(18−30549) [motion,mrlfsty] ( 181.00). Receipt Number 17413738, amount $ 181.00 (re: Doc# <u>84</u>) (U.S. Treasury) (Entered: 08/17/2018) |
| 08/23/2018 | | <u>85</u> | Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. Expedited Determination Requested with certificate of service. (Weiss, Steven) (Entered: 08/23/2018) |
| 08/23/2018 | | <u>86</u> | Endorsed Order dated 8/23/18 Re: <u>85</u> Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. A HEARING ON THIS MOTION IS SET FOR AUGUST 30, 2018 AT 10:00 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO PROVIDE TELEPHONIC AND FAX OR ELECTRONIC NOTICE OF THE MOTION AND THE HEARING TO THE DEBTOR AND THE CHAPTER 7 TRUSTEE AND FILE A CERTIFICATE REFLECTING SUCH SERVICE BY 4:30 P.M. ON AUGUST 24, 2018. (ag) (Entered: 08/23/2018) |
| 08/23/2018 | | <u>87</u> | Court Certificate of Mailing Re: <u>86</u> Order To Set Hearing. (ag) (Entered: 08/23/2018) |
| 08/23/2018 | | <u>88</u> | Certificate of Service of Notice of Hearing *August 30, 2018 at 10:00 a.m.* (Re: <u>85</u> Motion to Compel) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 08/23/2018) |
| 08/30/2018 | | <u>89</u> | Motion filed by Debtor R. Susan Woods to Withdraw [Re: <u>19</u> Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto .] with certificate of service. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | <u>90</u> | Response with certificate of service filed by Debtor R. Susan Woods Re: <u>85</u> Motion filed by Creditor Alinas Realty, LLC to Compel Debtor to remove personal property from premises **[Expedited Determination** |

| | | | |
|---|---|---|---|
| | | | **Requested]** with certificate of service. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 91 | Schedules A/B−J, Statement of Financial Affairs for Individual, Summary of Assets and Liabilities Schedules for Individual, Chapter 7 Statement of Your Current Monthly Income Form 122A−1 and Declaration Concerning Debtor`s Schedules Re: 1 Voluntary Petition (Chapter 7) filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | 92 | Statement of Intent filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | 93 | Statement of Financial Affairs for Individual filed by Debtor R. Susan Woods. (cl) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 3 Order to Update. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 94 | Order dated 8/30/18 Re: 3 Order to Update. THE DEBTOR IS ORDERED TO FILE THE COMPLETED SCHEDULES FOR THIS CASE IN THE CLERK'S OFFICE TODAY, UPON WHICH THIS SHOW CAUSE ORDER SHALL BE DEEMED  WITHDRAWN. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held and Continued for 11/1/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 95 | Order dated 8/30/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. CONTINUED TO NOVEMBER 1, 2018 FOR: 10:00AM IN SPRINGFIELD.  (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 96 | Order dated 8/30/18 Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter with certificate of service filed by Debtor R. Susan Woods Re: 12 Notice of Appearance and Request for Notice by Steven Weiss with certificate of service filed by Creditor Alinas Realty, LLC. ON OR BEFORE 09/14/18 ATTORNEY WEISS IS ORDERED TO FILE A SUPPLEMENTAL ANALYSIS OF THE RULES OF PROFESSIONAL CONDUCT AND THE POSITION HE HAS TAKEN IN THIS DISPUTE. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | | Hearing Held Re: 85 Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 97 | Order dated 8/30/2018 Re: 85 Motion filed by Creditor Alinas Realty, LLC for Order Compelling Debtor to Remove Personal Property from Premises, and for Other Relief. DENIED FOR THE REASONS STATED |

| | | | |
|---|---|---|---|
| | | | IN OPEN COURT. (ag) (Entered: 08/30/2018) |
| 08/30/2018 | | 98 | Endorsed Order dated 8/30/2018 Re: 89 Motion filed by Debtor R. Susan Woods to Withdraw Re: 19 Motion filed by Debtor R. Susan Woods for Restitutionand Expenses Asociates with restoration to her home, and her Furnishings, Appliances and Belongings Thereto. DENIED. (ag) (Entered: 08/30/2018) |
| 08/31/2018 | | 99 | Opposition filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA 01035 with certificate of service. (ag) (Entered: 08/31/2018) |
| 08/31/2018 | | 105 | PDF with attached Audio File. Court Date & Time [ 8/30/2018 10:44:17 AM ]. File Size [ 7328 KB ]. Run Time [ 00:30:32 ]. (admin). (Entered: 09/03/2018) |
| 09/01/2018 | | 100 | BNC Certificate of Mailing − PDF Document. (Re: 94 Order) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 101 | BNC Certificate of Mailing − PDF Document. (Re: 95 Order on Generic Motion) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 102 | BNC Certificate of Mailing − PDF Document. (Re: 96 Order) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 103 | BNC Certificate of Mailing − PDF Document. (Re: 97 Order on Motion to Compel) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/01/2018 | | 104 | BNC Certificate of Mailing − PDF Document. (Re: 98 Order on Motion to Withdraw Document) Notice Date 09/01/2018. (Admin.) (Entered: 09/02/2018) |
| 09/04/2018 | | 106 | Supplemental Response with certificate of service filed by Creditor Alinas Realty, LLC (Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter, and 12 Notice of Appearance and Request for Notice by Steven Weiss filed by Creditor Alinas Realty, LLC) (Weiss, Steven) (Entered: 09/04/2018) |
| 09/04/2018 | | 107 | Endorsed Order dated 9/4/18 Re: 106 Supplemental Response filed by Creditor Alinas Realty, LLC (Re: 62 Petitioner's Objection to Attorney Steve Weiss as Both Trustee in the Related 2006 Bankruptcy and as Opposition's Counsel in the Instant Matter, and 12 Notice of Appearance and Request for Notice by Steven Weiss filed by Creditor Alinas Realty, LLC). THE DEBTOR IS PERMITTED, BUT IS NOT REQUIRED, TO FILE A REPLY TO THIS SUPPLEMENTAL RESPONSE ON OR BEFORE SEPTEMBER 25, 2018. (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 108 | Court Certificate of Mailing (Re: 107 Order on Supplemental Response). (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 109 | Order dated 9/4/2018 Re: 2 Application filed by Debtor R. Susan Woods to Have Chapter 7 Filing Fee Waived. GRANTED. (pf) (Entered: 09/04/2018) |
| 09/04/2018 | | 110 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing Re: 109 Order on Application to Have Filing Fee Waived. (pf) (Entered: 09/04/2018) |
| 09/05/2018 | | 111 | Supplemental Certificate of Service (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 09/05/2018) |
| 09/06/2018 | | 112 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 84 Motion of Goldman Sachs Mortgage Company for Limited Relief from the Automatic Stay (re: 70 Russell Street, Hadley, MA). Objection deadline is 10/10/18 at 4:30PM. (spr) (Entered: 09/06/2018) |
| 09/10/2018 | | | 341 Meeting Not Held Debtor absent. Continuance of Meeting of Creditors on 10/2/2018 at 10:30 AM at 1350 Main Street, Suite 1112, Springfield, MA. (Collins−Tr, Joseph) (Entered: 09/10/2018) |
| 09/11/2018 | | 113 | Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy with certificate of service. (ag) (Entered: 09/11/2018) |
| 09/17/2018 | | 114 | Application filed by Trustee Joseph B. Collins to Employ Hendel, Collins & O'Connor, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Attachments: # 1 Declaration of Electronic Filing) (Collins, Joseph) (Entered: 09/17/2018) |
| 09/19/2018 | | 115 | Objection to Debtor's Claim of Exemptions with certificate of service filed by Trustee Joseph B. Collins−Tr. (Collins, Joseph) (Entered: 09/19/2018) |
| 09/20/2018 | | 116 | Response with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 113 Motion filed by Debtor R. Susan Woods to Convert Case to Chapter 13 with certificate of service. (Collins, Joseph) (Entered: 09/20/2018) |
| 09/25/2018 | | 117 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 118 | Court Certificate of Mailing Re: 117 Hearing Scheduled. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 119 | Hearing Scheduled on 10/17/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 120 | Court Certificate of Mailing Re: 119 Hearing Scheduled. (ag) (Entered: 09/25/2018) |
| 09/25/2018 | | 121 | Certificate of Service of Notice of Hearing (Re: 115 Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 09/25/2018) |
| 09/25/2018 | | 122 | Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr with certificate of service. (Attachments: # 1 Exhibit A) (Collins, Joseph) (Entered: 09/25/2018) |

| | | | |
|---|---|---|---|
| 09/26/2018 | | 123 | Endorsed Order dated 9/26/18 Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. EXPEDITED DETERMINATION IS DENIED. A HEARING ON THIS MOTION IS SET FOR OCTOBER 17, 2018 AT 10:00 A.M. IN SPRINGFIELD. OBJECTIONS AND RESPONSES SHOULD BE FILED BY OCTOBER 15, 2018. THE TRUSTEE IS ORDERED TO PROVIDE NOTICE OF THE HEARING AND OBJECTION DEADLINE TO THE DEBTOR AND ALL PARTIES TO THE LEASE AND TO FILE A CERTIFICATE OF SERVICE REFLECTING SAME ON OR BEFORE SEPTEMBER 28, 2018. (ag) (Entered: 09/26/2018) |
| 09/26/2018 | | 124 | Certificate of Service of Notice of Hearing (Re: 122 Motion to Assume/Reject) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 09/26/2018) |
| 10/01/2018 | | 125 | Copy of appeal filed to the Supreme Judicial Court of Massachusetts filed by Debtor R. Susan Woods. (Attachments: # 1 Exhibit Part 1 of 9 # 2 Exhibit Part 2 of 9 # 3 Exhibit Part 3 of 9 # 4 Exhibit Part 4 of 9 # 5 Exhibit Part 5 of 9 # 6 Exhibit Part 6 of 9 # 7 Exhibit Part 7 of 9 # 8 Exhibit Part 8 of 9 # 9 Exhibit Part 9 of 9) (sas) (Entered: 10/01/2018) |
| 10/02/2018 | | 126 | Certificate of Service of Notice of Hearing (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Attachments: # 1 Notice of Hearing) (Pratt, Marcus) (Entered: 10/02/2018) |
| 10/05/2018 | | 127 | Order dated 10/5/2018 Re: 114 Application filed by Trustee Joseph B. Collins to Employ Hendel, Collins & O'Connor, P.C. as Counsel. GRANTED. See Order for Full Text. (pf) (Entered: 10/05/2018) |
| 10/05/2018 | | | Meeting of Creditors Held and Examination of Debtor (Collins−Tr, Joseph) (Entered: 10/05/2018) |
| 10/07/2018 | | 128 | BNC Certificate of Mailing − PDF Document. (Re: 127 Order on Application to Employ) Notice Date 10/07/2018. (Admin.) (Entered: 10/08/2018) |
| 10/10/2018 | | 129 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA. (ag) (Entered: 10/10/2018) |
| 10/12/2018 | | 130 | Expedited Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 84 Motion for Relief From Stay, 113 Motion to Convert Case to Chapter 13, 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject] with certificate of service. (ag) (Entered: 10/12/2018) |
| 10/15/2018 | | 131 | Motion filed by Trustee Joseph B. Collins to Extend Time to Object to Debtor's Discharge with certificate of service. (Collins, Joseph) (Entered: 10/15/2018) |
| 10/16/2018 | | 132 | Endorsed Order dated 10/16/2018 Re: 130 Expedited Motion filed by Debtor R. Susan Woods to Continue Hearing Re: 84 Motion for Relief From Stay, 113 Motion to Convert Case to Chapter 13, 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject. GRANTED; EACH OF THE HEARINGS OF 10/18/18 ARE CONTINUED TO 11/01/18 AT 10:00AM IN SPRINGFIELD. NO |

| | | | |
|---|---|---|---|
| | | | FURTHER CONTINUANCES SHALL BE GRANTED. (ag) (Entered: 10/16/2018) |
| 10/16/2018 | | 133 | Court Certificate of Mailing Re: 132 Order on Motion to Continue Hearing. (ag) (Entered: 10/16/2018) |
| 10/16/2018 | | 134 | Certificate of Service (Re: 115 Objection to Debtor's Claims of Exemption/Homestead Exemption, 122 Motion to Assume/Reject) filed by Trustee Joseph B. Collins−Tr (Collins, Joseph) (Entered: 10/16/2018) |
| 10/19/2018 | | 135 | Certificate of Service of Notice of Hearing (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Attachments: # 1 Notice of Hearing) (Pratt, Marcus) (Entered: 10/19/2018) |
| 10/22/2018 | | 136 | Notice of Requirement to Complete Course in Financial Management (ADI) (Entered: 10/22/2018) |
| 10/24/2018 | | 137 | BNC Certificate of Mailing. (Re: 136 Notice of Requirement to Complete Course in Financial Management) Notice Date 10/24/2018. (Admin.) (Entered: 10/25/2018) |
| 10/30/2018 | | 138 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 84 Motion filed by Creditor Goldman Sachs Mortgage Company for Relief from Stay Re: 70 Russell Street, Hadley, MA 01035 with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 139 | Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 140 | Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 141 | Notice of Withdrawal with certificate of service (Re: 84 Motion for Relief From Stay) filed by Creditor Goldman Sachs Mortgage Company (Pratt, Marcus) (Entered: 10/30/2018) |
| 10/30/2018 | | 142 | Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee with certificate of service. (ag) (Entered: 10/30/2018) |
| 10/30/2018 | | 143 | Endorsed Order dated 10/30/18 Re: 141 Notice of Withdrawal Re: 84 Motion for Relief From Stay filed by Creditor Goldman Sachs Mortgage Company. SO NOTED; THE UNDERLYING HEARING OF 11/01/18 IS HEREBY CANCELED. (ag) (Entered: 10/30/2018) |
| 10/31/2018 | | 144 | Motion filed by Debtor R. Susan Woods to Amend Schedule A/B−G, Summary of Schedules [Re: 91 Schedules A−J, Statement of Financial Affairs, Summary of Assets and Liabilities, Chapter 7 Statements − Monthly Income (122A−1) / Exemption Presumption of Abuse (122A−1Supp), Verified Declaration] Fee Amount $31 with certificate of service. (ag) (Entered: 10/31/2018) |
| 10/31/2018 | | 145 | Certificate of Service of Notice of Hearing (Re: 113 Motion to Convert Case to Chapter 13) filed by Debtor R. Susan Woods (ag) (Entered: 10/31/2018) |

| | | | |
|---|---|---|---|
| 10/31/2018 | | 146 | Motion filed by Debtor R. Susan Woods to Expedite 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy with certificate of service. (ag) (Entered: 10/31/2018) |
| 11/01/2018 | | | Hearing Held Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 147 | Order dated 11/1/18 Re: 115 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr.  MOOT; THE DEBTOR FILED AMENDED SCHEDULES ON OCTOBER 31, 2018 (SEE DOCKET ENTRY #144). (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held and Continued for 11/15/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 148 | Order dated 11/1/2018 Re: 122 Expedited Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez filed by Trustee Joseph B. Collins−Tr. CONTINUED TO NOVEMBER 15, 2018 FOR: 10:00AM IN SPRINGFIELD.  (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held and Continued for 3/21/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 149 | Order dated 11/1/2018 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto.  CONTINUED TO MARCH 21, 2019 AT 10:00AM IN SPRINGFIELD FOR A FURTHER PRE−TRIAL HEARING, AS THIS MATTER HAS BEEN CONSOLIDATED FOR TRIAL PURPOSES WITH ADVERSARY PROCEEDING 18−3019. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | | Hearing Held Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 150 | Order dated 11/1/2018 Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. DENIED. CONVERSION OF THIS CASE TO ONE UNDER CHAPTER 13 PURSUANT TO 11 U.S.C. § 706(A) WOULD BE FUTILE, BECAUSE THE COURT COULD NOT FIND THAT THE DEBTOR WOULD QUALIFY AS A DEBTOR UNDER CHAPTER 13. CONSIDERING THE BEST INTERESTS OF CREDITORS AND THE ESTATE AND THE TOTALITY OF THE CIRCUMSTANCES, THE COURT FINDS THE EXISTENCE OF EXTREME CIRCUMSTANCES, INCLUDING THE DEBTORS LACK OF GOOD FAITH, THAT WOULD BE CAUSE FOR RECONVERSION OF THE CASE PURSUANT TO 11 U.S.C. § 1307(C) IN LIGHT OF: (1) THE DEBTORS FAILURE TO TIMELY DISCLOSE THE EXISTENCE OF A LEASE BETWEEN THE DEBTOR AS LESSOR AND THREE TENANTS AS LESSEES; (2) THE DEBTORS STATED REASON FOR CONVERSION (AND HER STATED REASON FOR FILING THE CHAPTER 7 PETITION) IS HER BELIEF THAT CONVERSION |

| | | | |
|---|---|---|---|
| | | | WOULD ASSIST HER IN DEFEATING STATE COURT LITIGATION; (3) THE DEBTORS LACK OF DISPOSABLE INCOME TO FUND A CHAPTER 13 PLAN AS EVIDENCED BY HER SCHEDULES I AND J AND BY THE DEBTORS OWN ADMISSION AT THE HEARING HELD THIS DATE THAT HER CURRENT INCOME IS INSUFFICIENT TO MEET HER CURRENT EXPENSES; AND (4) THE EXISTENCE OF A SIGNIFICANT AMOUNT OF NON−EXEMPT EQUITY IN 70 RUSSELL STREET, HADLEY, MASSACHUSETTS, AN ASSET OF THE BANKRUPTCY ESTATE. SEE MARRAMA V. CITIZENS BANK OF MASSACHUSETTS (IN RE MARRAMA), 549 U.S. 365 (2007); CABRAL V. SHAMBAN (IN RE CABRAL), 285 B.R. 563, 573 (B.A.P. 1ST CIR. 2002). (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 151 | Court Certificate of Mailing Re: 150 Order dated 11/1/2018 Re: 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. (ag) (Entered: 11/01/2018) |
| 11/01/2018 | | 152 | BNC Certificate of Mailing − PDF Document. (Re: 143 Order) Notice Date 11/01/2018. (Admin.) (Entered: 11/02/2018) |
| 11/02/2018 | | 153 | Endorsed Order dated 11/2/2018 Re: 131 Motion filed by Trustee Joseph B. Collins to Extend Time to Object to Debtor's Discharge. GRANTED. THE DEADLINE IS EXTENDED TO JANUARY 4, 2018. (ag) (Entered: 11/02/2018) |
| 11/03/2018 | | 154 | BNC Certificate of Mailing − PDF Document. (Re: 147 Order on Objection to Exemptions) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/03/2018 | | 155 | BNC Certificate of Mailing − PDF Document. (Re: 148 Order on Motion to Assume/Reject) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/03/2018 | | 156 | BNC Certificate of Mailing − PDF Document. (Re: 149 Order on Generic Motion) Notice Date 11/03/2018. (Admin.) (Entered: 11/04/2018) |
| 11/04/2018 | | 157 | BNC Certificate of Mailing − PDF Document. (Re: 153 Order on Motion to Extend) Notice Date 11/04/2018. (Admin.) (Entered: 11/04/2018) |
| 11/05/2018 | | 158 | Endorsed Order dated 11/5/2018 Re: 146 Motion filed by Debtor R. Susan Woods to Expedite 113 Motion filed by Debtor R. Susan Woods to Convert the Chapter 7 Bankruptcy to a Chapter 13 Bankruptcy. MOOT. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 159 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 160 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 161 | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: 140 Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | 162 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing Re: <u>159</u> Hearing Scheduled, <u>160</u> Hearing Scheduled, <u>161</u> Hearing Scheduled. (ag) (Entered: 11/05/2018) |
| 11/05/2018 | | | The trustee hereby requests the Court set a bar date/deadline for the filing of Proofs of Claim. (Collins−Tr, Joseph) (Entered: 11/05/2018) |
| 11/06/2018 | | <u>163</u> | Court's Notice of Assets. Proofs of Claims due by 02/04/2019. Government proof of claim due by 02/04/2019. (ADI) (Entered: 11/06/2018) |
| 11/07/2018 | | <u>164</u> | BNC Certificate of Mailing − PDF Document. (Re: <u>158</u> Order on Generic Motion) Notice Date 11/07/2018. (Admin.) (Entered: 11/08/2018) |
| 11/08/2018 | | <u>165</u> | BNC Certificate of Mailing. (Re: <u>163</u> Asset Notice Report) Notice Date 11/08/2018. (Admin.) (Entered: 11/09/2018) |
| 11/09/2018 | | <u>166</u> | Motion filed by Trustee Joseph B. Collins to Withdraw Document and Cancel Hearing [Re: <u>122</u> Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez] with certificate of service. (Collins−Tr, Joseph) (Entered: 11/09/2018) |
| 11/12/2018 | | <u>167</u> | Objection to Homestead Exemption with certificate of service filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 11/12/2018) |
| 11/12/2018 | | <u>168</u> | Exhibit (Re: <u>167</u> Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Creditor Alinas Realty, LLC (Weiss, Steven) (Entered: 11/12/2018) |
| 11/13/2018 | | <u>169</u> | Endorsed Order dated 11/13/2018 Re: <u>166</u> Motion filed by Trustee Joseph B. Collins to Withdraw Document and Cancel Hearing Re: <u>122</u> Motion to Reject Lease With Carlos A. Murphy−Martinez, Jose M. Murphy−Martinez, and Jonathan Murphy−Martinez. GRANTED; THE UNDERLYING HEARING OF 11/15/18 IS CANCELED. (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>170</u> | Court Certificate of Mailing Re: <u>169</u> Order on Motion to Withdraw Document. (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>171</u> | Response with certificate of service (Re: <u>166</u> Motion to Withdraw Document) filed by Debtor R. Susan Woods (ag) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>172</u> | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: <u>140</u> Motion filed by Debtor R. Susan Woods with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>173</u> | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: <u>139</u> Motion filed by Debtor R. Susan Woods Affirm the Lease with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>174</u> | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: <u>142</u> Motion filed by Debtor R. Susan Woods to Remove Trustee with certificate of service. (Collins−Tr, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | | <u>175</u> | Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease with certificate of |

| | | | |
|---|---|---|---|
| | | | service. (ag) (Entered: 11/13/2018) |
| 11/14/2018 | | <u>176</u> | Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>177</u> | Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted with certificate of service. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>178</u> | Endorsed Order dated 11/14/18 Re: <u>175</u> Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. EMERGENCY DETERMINATION DENIED. A HEARING ON THIS MOTION IS SET FOR DECEMBER 6, 2018 AT 10:00 A.M. IN SPRINGFIELD. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>179</u> | Court Certificate of Mailing Re: <u>178</u> Order To Set Hearing. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>180</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>176</u> Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>181</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>177</u> Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted. (ag) (Entered: 11/14/2018) |
| 11/14/2018 | | <u>182</u> | Court Certificate of Mailing Re: <u>180</u> Hearing Scheduled, <u>181</u> Hearing Scheduled. (ag) (Entered: 11/14/2018) |
| 11/19/2018 | | <u>183</u> | Hearing Scheduled on 12/6/2018 at 10:00 AM at Springfield Courtroom − Berkshire Re: <u>167</u> Objection of Alinas Realty, LLC to Debtor's Homestead Exemption (spr) (Entered: 11/19/2018) |
| 11/19/2018 | | <u>184</u> | Certificate of Service of Notice of Hearing (Re: <u>139</u> Miscellaneous Motion, <u>140</u> Miscellaneous Motion, <u>142</u> Motion to Remove) filed by Debtor R. Susan Woods (ag) (Entered: 11/19/2018) |
| 11/20/2018 | | <u>185</u> | Endorsed Order dated 11/20/2018 Re: <u>144</u> Motion filed by Debtor R. Susan Woods to Amend Schedules A/B−G and Summary of Schedules [Re: <u>91</u> Schedules A−J]. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. THE TIME TO OBJECT TO THE AMENDED EXEMPTIONS PURSUANT TO FED. R. BANKR. P. 4003(b)(1) SHALL RUN FROM THE DATE OF ENTRY OF THIS ORDER ON THE DOCKET. (pf) (Entered: 11/20/2018) |
| 11/20/2018 | | <u>186</u> | Court Certificate of Mailing (Re: <u>185</u> Order on Motion to Amend Schedules). (pf) (Entered: 11/20/2018) |
| 11/26/2018 | | <u>187</u> | Rebuttal with certificate of service (Re: <u>167</u> Objection to Debtor's Claims of Exemption/Homestead Exemption) filed by Debtor R. Susan Woods. (ag) (Entered: 11/26/2018) |
| 11/26/2018 | | <u>188</u> | Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 11/26/2018) |

| | | | |
|---|---|---|---|
| 11/27/2018 | | 189 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 175 Motion filed by Creditors John Murphy−Martinez, Jose Murphy−Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease with certificate of service. (Collins−Tr, Joseph) (Entered: 11/27/2018) |
| 11/27/2018 | | 190 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 176 Motion filed by Debtor R. Susan Woods to Dismiss Case. (Collins−Tr, Joseph) (Entered: 11/27/2018) |
| 11/28/2018 | | 191 | Certificate of Service of Notice of Hearing (Re: 176 Motion to Dismiss Case, 177 Miscellaneous Motion) filed by Debtor R. Susan Woods (ag) (Entered: 11/28/2018) |
| 11/28/2018 | | 192 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 177 Motion filed by Debtor R. Susan Woods with certificate of service. (Collins−Tr, Joseph) (Entered: 11/28/2018) |
| 11/28/2018 | | 193 | Objection to Debtor's Claim of Exemptions with certificate of service filed by Trustee Joseph B. Collins−Tr. (Collins−Tr, Joseph) (Entered: 11/28/2018) |
| 11/29/2018 | | 194 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 176 Motion filed by Debtor R. Susan Woods to Dismiss Case. (ZZ−Weiss, Steven) (Entered: 11/29/2018) |
| 11/29/2018 | | 195 | Endorsed Order dated 11/29/18 Re: 193 Objection to Debtor's Claim of Exemptions filed by Trustee Joseph B. Collins−Tr. CONSISTENT WITH THE COURT'S REMARKS MADE AT THE HEARING HELD NOVEMBER 1, 2018, THIS OBJECTION IS SUSTAINED. (ag) (Entered: 11/29/2018) |
| 11/29/2018 | | 196 | Hearing Scheduled on 1/17/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. Objections due by 1/10/2019 at 04:30 PM (cl) (Entered: 11/29/2018) |
| 11/29/2018 | | 197 | Court Certificate of Mailing Re: 196 Hearing Scheduled. (cl) (Entered: 11/29/2018) |
| 12/01/2018 | | 198 | BNC Certificate of Mailing − PDF Document. (Re: 195 Order on Objection to Exemptions) Notice Date 12/01/2018. (Admin.) (Entered: 12/02/2018) |
| 12/06/2018 | | | Hearing Held Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 199 | Order dated 12/6/2018 Re: 139 Motion filed by Debtor R. Susan Woods to Affirm the Lease for the 70 Russell Street Property. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | 200 | Document Filed by Debtor R. Susan Woods Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. Filed in Open Court By Debtor on 12/6/18. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: 142 Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. (ag) (Entered: 12/06/2018) |

| 12/06/2018 | | [201](#) | Order dated 12/6/2018 Re: [142](#) Motion filed by Debtor R. Susan Woods to Remove Attorney Collins as Trustee. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | [202](#) | Order dated 12/6/2018 Re: [140](#) Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: [140](#) Motion filed by Debtor R. Susan Woods to Reverse the Acceptance of the Release Deed. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: [167](#) Objection to Homestead Exemption filed by Creditor Alinas Realty, LLC . (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | [203](#) | Order dated 12/6/18/ Re: [167](#) Objection to Homestead Exemption filed by Creditor Alinas Realty, LLC. SUSTAINED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: [175](#) Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | [204](#) | Order dated 12/6/2018 Re: [175](#) Emergency Motion filed by Creditors John Murphy−Martinez, Jose Murphy− Martinez, Carlos Murphy−Martinez for Conditional Withdrawal of Claim and Affirmation of Intent to Fulfill Lease. DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: [177](#) Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | [205](#) | Order dated 12/6/2018 Re: [177](#) Motion filed by Debtor R. Susan Woods to Re Consider Woods' Debt Relative to the Planned Sale of the 70 Russell Street Property, And to Order Sale of the Property Be Halted . DENIED. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | | Hearing Held Re: [176](#) Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. (ag) (Entered: 12/06/2018) |
| 12/06/2018 | | [206](#) | Order dated 12/6/2018 Re: [176](#) Motion filed by Debtor R. Susan Woods to Withdraw Chapter 7 Bankruptcy. DENIED. (ag) (Entered: 12/06/2018) |
| 12/08/2018 | | [207](#) | BNC Certificate of Mailing − PDF Document. (Re: [199](#) Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | [208](#) | BNC Certificate of Mailing − PDF Document. (Re: [201](#) Order on Motion to Remove Party) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | [209](#) | BNC Certificate of Mailing − PDF Document. (Re: [202](#) Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | [210](#) | BNC Certificate of Mailing − PDF Document. (Re: [203](#) Order on Objection to Exemptions) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |

| 12/08/2018 | | 211 | BNC Certificate of Mailing − PDF Document. (Re: 204 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 212 | BNC Certificate of Mailing − PDF Document. (Re: 205 Order on Generic Motion) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/08/2018 | | 213 | BNC Certificate of Mailing − PDF Document. (Re: 206 Order on Motion to Dismiss Case) Notice Date 12/08/2018. (Admin.) (Entered: 12/09/2018) |
| 12/20/2018 | | 214 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. (ag) (Weiss, Steven) (Entered: 12/20/2018) |
| 12/26/2018 | | 215 | Second Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge with certificate of service. (Collins−Tr, Joseph) (Entered: 12/26/2018) |
| 12/28/2018 | | 216 | Motion filed by Trustee Joseph B. Collins to Approve Agreement with certificate of service. (Collins−Tr, Joseph) (Entered: 12/28/2018) |
| 12/28/2018 | | 217 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 216 Motion of Chapter 7 Trustee to Approve Settlement with Murphy−Martinez Brothers. Objection deadline is 01/25/19 at 4:30PM. (spr) (Entered: 12/28/2018) |
| 12/31/2018 | | 218 | Certificate of Service of Notice of Hearing (Re: 216 Motion to Compromise, 217 Hearing Scheduled) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 12/31/2018) |
| 01/07/2019 | | 219 | Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 01/07/2019) |
| 01/07/2019 | | 220 | Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts with certificate of service. Fee Amount $181 (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/07/2019 | | 221 | Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business. filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/07/2019 | | 222 | Second Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 01/07/2019) |
| 01/07/2019 | | 223 | Certificate of Service (Re: 221 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/07/2019) |
| 01/08/2019 | | 224 | Application filed by Trustee Joseph B. Collins−Tr to Defer Fee (Re: 220 Motion to Sell). (O'Connor, Andrea) (Entered: 01/08/2019) |
| 01/08/2019 | | 225 | Notice of Intent to Sell 70 RUSSELL STREET, HADLEY, MA. Hearing Scheduled for 2/14/2019 at 11:00 AM at Springfield Courtroom − Berkshire Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale |

| | | | |
|---|---|---|---|
| | | | of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 226 | Endorsed Order dated 1/8/2019 Re: 224 Application filed by Trustee Joseph B. Collins−Tr to Defer Fee Re: 220 Motion to Sell. GRANTED. THE FILING FEE IS DEFERRED UNTIL TIME OF FINAL DISTRIBUTION. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | | Receipt of filing fee for Motion to Sell(18−30549) [motion,msell] ( 181.00). Receipt Number DEFERRED, amount $ 181.00 (re: Doc# 220) (pf) (Entered: 01/08/2019) |
| 01/08/2019 | | 227 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. Responses due by 1/25/2019 at 04:30 PM. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 228 | Supplemental Certificate of Service (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/08/2019) |
| 01/08/2019 | | 229 | Supplemental Certificate of Service (Re: 221 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/08/2019) |
| 01/08/2019 | | 230 | Hearing Scheduled on 1/31/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 222 Second Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. Responses due by 1/25/2019 at 04:30 PM. (ag) (Entered: 01/08/2019) |
| 01/08/2019 | | 231 | Court Certificate of Mailing Re: 227 Hearing Scheduled, 230 Hearing Scheduled. (ag) (Entered: 01/08/2019) |
| 01/09/2019 | | 232 | Order dated 1/9/19 Re: 188 Objection to Claim 2 of Claimant Alinas Realty, LLC filed by Debtor R. Susan Woods. MOOT. SEE AMENDED CLAIM FILED DECEMBER 20, 2018. THE HEARING ON THIS OBJECTION SET FOR JANUARY 17, 2019 IS CANCELED. (ag) (Entered: 01/09/2019) |
| 01/09/2019 | | 233 | Court Certificate of Mailing Re: 232 Order on Objection to Claim. (ag) (Entered: 01/09/2019) |
| 01/10/2019 | | 234 | BNC Certificate of Mailing − PDF Document. (Re: 226 Order on Application to Defer Payment) Notice Date 01/10/2019. (Admin.) (Entered: 01/11/2019) |
| 01/15/2019 | | 235 | Endorsed Order dated 1/15/2019 Re: 215 Second Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge. GRANTED. THE DEADLINE IS EXTENDED TO MARCH 5, 2019. (ag) (Entered: 01/15/2019) |
| 01/17/2019 | | 236 | BNC Certificate of Mailing − PDF Document. (Re: 235 Order on Motion to Extend) Notice Date 01/17/2019. (Admin.) (Entered: 01/18/2019) |
| 01/18/2019 | | 237 | Response filed by Creditor Alinas Realty, LLC Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods. (ag) (Weiss, Steven) (Entered: 01/18/2019) |

| | | | |
|---|---|---|---|
| 01/29/2019 | | 238 | Endorsed Order dated 1/29/2019 Re: 216 Motion filed by Trustee Joseph B. Collins to Approve Agreement. GRANTED. NO OBJECTIONS HAVE BEEN FILED. THE HEARING ON THIS MOTION SET FOR JANUARY 31, 2019 IS CANCELED. (pf) (Entered: 01/29/2019) |
| 01/29/2019 | | 239 | Court Certificate of Mailing (Re: 238 Order on Motion to Approve Agreement). (pf) (Entered: 01/29/2019) |
| 01/29/2019 | | 240 | Emergency Motion filed by Debtor R. Susan Woods to Postpone Hearings Scheduled for 1/31/19 [Re: 219 Objection to Claim 2 and 222 Amended Objection to Claim 2] with certificate of service. (pf) (Entered: 01/29/2019) |
| 01/30/2019 | | 241 | Endorsed Order dated 1/30/2019 Re: 240 Emergency Motion filed by Debtor R. Susan Woods to Postpone Hearings Scheduled for 1/31/19 [Re: 219 Objection to Claim 2 and 222 Amended Objection to Claim 2]. GRANTED IN PART AND DENIED IN PART. THE HEARING ON THE OBJECTIONS TO CLAIM ARE CONTINUED TO FEBRUARY 14, 2019 AT 11:00 A.M. IN SPRINGFIELD. THE REQUEST FOR A CONTINUANCE OF THE HEARING ON THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND FOR AN EXTENSION OF TIME TO RESPOND IS DENIED, AS THE COURT HAS ALREADY ACTED ON THE MOTION. SEE DOCKET #238. (pf) (Entered: 01/30/2019) |
| 01/30/2019 | | 242 | Court Certificate of Mailing (Re: 241 Order on Motion to Continue Hearing). (pf) (Entered: 01/30/2019) |
| 01/31/2019 | | 243 | Exhibit *A and Certificate of Service* (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 01/31/2019) |
| 02/04/2019 | | 244 | Supplemental Document: *Proposed Order* with certificate of service (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Attachments: # 1 Certificate of Service) (Collins−Tr, Joseph) (Entered: 02/04/2019) |
| 02/06/2019 | | 245 | Request to be Removed as Counsel filed by Andrea M O'Connor . (O'Connor, Andrea) (Entered: 02/06/2019) |
| 02/06/2019 | | 246 | Endorsed Order dated 2/6/19 Re: 245 Request to be Removed as Counsel filed by Andrea M O'Connor. GRANTED. (ag) (Entered: 02/06/2019) |
| 02/08/2019 | | 247 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, MA. (pf) (Entered: 02/08/2019) |
| 02/08/2019 | | 248 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 225 Notice of Intent to Sell Re: 220 Motion filed by Trustee Joseph B. Collins−Tr for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, MA. (pf) (Entered: 02/08/2019) |
| 02/08/2019 | | 249 | BNC Certificate of Mailing − PDF Document. (Re: 246 Order) Notice Date 02/08/2019. (Admin.) (Entered: 02/09/2019) |
| 02/11/2019 | | 250 | Emergency Motion filed by Debtor R. Susan Woods to Request a Postponement of the Hearings Schedules for 2/14/19 [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim] with certificate of service. (ag) (Entered: 02/11/2019) |

| | | | |
|---|---|---|---|
| 02/11/2019 | | 251 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 250 Emergency Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim] with certificate of service. (Collins−Tr, Joseph) (Entered: 02/11/2019) |
| 02/11/2019 | | 252 | Endorsed Order dated 2/11/2019 Re: 250 Emergency Motion filed by Debtor R. Susan Woods to Request a Postponement of the Hearings Schedules for 2/14/19 Re: 219 Objection to Claim, 220 Motion to Sell, 222 Objection to Claim. GRANTED IN PART AND DENIED IN PART. THE HEARING ON THE OBJECTIONS TO CLAIM [DOCKET #'S 219 AND 222] ARE CONTINUED TO MARCH 21, 2019 AT 10:00 A.M. IN SPRINGFIELD. THE HEARING ON THE TRUSTEE'S MOTION TO SELL [DOCKET #220] WILL GO FORWARD AS SCHEDULED FOR THE REASONS STATED IN THE TRUSTEE'S OPPOSITION [DOCKET #251] AND IN LIGHT OF THE FACT THAT THE DEBTOR WAS ABLE TO FILE TIMELY OBJECTIONS TO THE MOTION TO SELL AND NOTICE OF SALE. (ag) (Entered: 02/11/2019) |
| 02/11/2019 | | 253 | Court Certificate of Mailing Re: 252 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 02/11/2019) |
| 02/12/2019 | | 254 | Request for Claims Register filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/12/2019) |
| 02/13/2019 | | 255 | Supplemental Document: *Revised Proposed Order (clean and redline)* (Re: 220 Motion to Sell) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/13/2019) |
| 02/14/2019 | | 256 | Clerk's Notice of $181.00 Fees Due (lc) (Entered: 02/14/2019) |
| 02/14/2019 | | 257 | Requested Claims Register. (lc) (Entered: 02/14/2019) |
| 02/14/2019 | | | Hearing Held Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 258 | Order dated 2/14/2019 Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. GRANTED; THE DEBTOR'S OBJECTIONS ARE OVERRULED. THE TRUSTEE IS TO FILE A PROPOSED ORDER REFLECTING THE FINDINGS AND CONCLUSIONS REACHED IN OPEN COURT THIS DATE. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 259 | Court Certificate of Mailing (Re: 258 Order on Motion To Sell). (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 260 | Order dated 2/14/19 Re: 220 Motion filed by Trustee Joseph B. Collins for Sale of Property free and clear of liens under Section 363(f) Re: 70 Russell Street, Hadley, Massachusetts. GRANTED. See Order for Full Text. (pf) (Entered: 02/14/2019) |
| 02/14/2019 | | 261 | Court Certificate of Mailing (Re: 260 Order on Motion to Sell). (pf) (Entered: 02/14/2019) |
| 02/15/2019 | | 262 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (RE: 258 Order on Motion To Sell, |

| | | | |
|---|---|---|---|
| | | | [260](#) Order). Appellant Designation due by 3/1/2019. Compiled Records Due by 3/15/2019. Transmission of Designation Due by 3/18/2019. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | [263](#) | Notice of Appeal to District Court Re: [262](#) Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | [264](#) | Motion filed by Debtor R. Susan Woods to Waive Filing Fee for Appeal with certificate of service. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | [265](#) | Initial Transmittal to District Court Re: [262](#) Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | [266](#) | Emergency Motion filed by Trustee Joseph B. Collins−Tr to Compel with certificate of service. (Attachments: # [1](#) Exhibit) (Collins−Tr, Joseph) (Entered: 02/15/2019) |
| 02/15/2019 | | [267](#) | Endorsed Order dated 2/15/2019 Re: [266](#) Emergency Motion filed by Trustee Joseph B. Collins−Tr to Compel. GRANTED. PURSUANT TO 11 U.S.C. 521(a)(3) AND 521(a)(4), THE DEBTOR IS ORDERED TO IMMEDIATELY SURRENDER 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE AND TO IMMEDIATELY DELIVER ALL KEYS TO 70 RUSSELL STREET, HADLEY, MASSACHUSETTS TO THE TRUSTEE. (ag) (Entered: 02/15/2019) |
| 02/15/2019 | | [268](#) | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 6 (McLeod, William) (Entered: 02/15/2019) |
| 02/15/2019 | | [269](#) | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 7 (McLeod, William) (Entered: 02/15/2019) |
| 02/15/2019 | | [270](#) | Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 8 (McLeod, William) (Entered: 02/15/2019) |
| 02/17/2019 | | [271](#) | BNC Certificate of Mailing. (Re: [268](#) Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | [272](#) | BNC Certificate of Mailing. (Re: [269](#) Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | [273](#) | BNC Certificate of Mailing. (Re: [270](#) Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/17/2019 | | [274](#) | BNC Certificate of Mailing − PDF Document. (Re: [267](#) Order on Motion to Compel) Notice Date 02/17/2019. (Admin.) (Entered: 02/18/2019) |
| 02/19/2019 | | [275](#) | Petitioner's Emergency Motion filed by Debtor R. Susan Woods to Vacate ([258](#) Order on Motion To Sell [260](#) Order on Motion to Sell and [267](#) Order on Motion to Compel) with certificate of service. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | [276](#) | |

| | | | |
|---|---|---|---|
| | | | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (Re: 267 Order on Motion to Compel). Appellant Designation due by 3/5/2019. Compiled Records Due by 3/19/2019. Transmission of Designation Due by 3/21/2019. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 277 | Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's 276 Notice of Appeal with certificate of service. (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 278 | Notice of Appeal to District Court (Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 279 | Initial Transmittal to District Court (Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 280 | Court Certificate of Mailing (Re: 278 Notice of Appeal to District Court). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 281 | Endorsed Order dated 2/19/2019 Re: 275 Petitioner's Emergency Motion filed by Debtor R. Susan Woods to Vacate (258 Order on Motion To Sell, 260 Order on Motion to Sell and 267 Order on Motion to Compel). DENIED. IN LIGHT OF THE NOTICES OF APPEAL FILED ON FEBRUARY 15, 2019 [DOCKET #262] AND FEBRUARY 19, 2019 [DOCKET #276], THIS COURT NO LONGER HAS JURISDICTION TO RULE ON THIS MOTION. SEE WHISPERING PINES ESTATES, INC. V. FLASH ISLAND, INC. (IN RE WHISPERING PINES ESTATES, INC.), 369 B.R. 752 (B.A.P. 1ST CIR. 2007). (pf) (Entered: 02/19/2019) |
| 02/19/2019 | | 282 | Court Certificate of Mailing (Re: 281 Order on Motion to Vacate). (pf) (Entered: 02/19/2019) |
| 02/20/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−10321 Re: 262 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 258 Order on Motion To Sell and 260 Order. (sas) (Entered: 02/20/2019) |
| 02/21/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−30023 Re: 276 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 267 Order on Motion to Compel. (sas) (Entered: 02/21/2019) |
| 02/21/2019 | | 283 | Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge with certificate of service. (Collins−Tr, Joseph) (Entered: 02/21/2019) |
| 02/22/2019 | | 284 | Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief with certificate of service. (Collins−Tr, Joseph) (Entered: 02/22/2019) |
| 02/22/2019 | | 285 | Endorsed Order dated 2/22/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief. AN EVIDENTIARY HEARING ON THIS MOTION IS SET FOR FEBRUARY 26, 2019 AT 11:00 A.M. IN SPRINGFIELD. THE MOVANT IS ORDERED TO |

| | | | |
|---|---|---|---|
| | | | SERVE THE MOTION AND NOTICE OF THE HEARING ON THE DEBTOR BY TELEPHONE AND EMAIL AND FILE A CERTIFICATE OF SUCH SERVICE BY 4:30 P.M. TODAY, FEBRUARY 22, 2019. (ag) (Entered: 02/22/2019) |
| 02/22/2019 | | 286 | Court Certificate of Mailing Re: 285 Order To Set Hearing. (ag) (Entered: 02/22/2019) |
| 02/22/2019 | | 287 | Certificate of Service of Notice of Hearing (Re: 284 Motion for Contempt) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/22/2019) |
| 02/22/2019 | | 288 | Response with certificate of service filed by Creditor Alinas Realty, LLC Re: 270 Notice of Claim filed under FRBP 3004 filed by Debtor R. Susan Woods Re: Claim # 8 (Weiss, Steven) (Entered: 02/22/2019) |
| 02/25/2019 | | 289 | Motion filed by Debtor R. Susan Woods to Withdraw [Re: 276 Notice of Appeal and Statement of Election] with certificate of service. (ag). (Entered: 02/25/2019) |
| 02/25/2019 | | 290 | Motion filed by Debtor R. Susan Woods to Withdraw [Re: 262 Notice of Appeal and Statement of Election] with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 291 | Emergency Motion filed by Debtor R. Susan Woods for Consideration of Petitioners Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 292 | Endorsed Order dated 2/25/2019 Re: 264 Motion filed by Debtor R. Susan Woods to Waive Filing Fee for Appeal . GRANTED. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 293 | Endorsed Order dated 2/25/2019 Re: 277 Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's 276 Notice of Appeal. GRANTED. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 294 | Endorsed Order dated 2/25/2019 Re: 289 Motion filed by Debtor R. Susan Woods to Withdraw Re: 276 Notice of Appeal and Statement of Election. DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 295 | Endorsed Order dated 2/25/2019 Re: 290 Motion filed by Debtor R. Susan Woods to Withdraw Re: 262 Notice of Appeal and Statement of Election. DENIED. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023 AND LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS 203.8013, A MOTION TO DISMISS THE APPEAL MUST BE FILED WITH THE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 296 | Court Certificate of Mailing Re: 292 Order on Motion to Waive, 293 Order on Motion to Waive, 294 Order on Motion to Withdraw Document, 295 Order on Motion to Withdraw Document. (ag) (Entered: 02/25/2019) |

| | | | |
|---|---|---|---|
| 02/25/2019 | | 297 | Endorsed Order dated 2/25/2019 Re: 291 Emergency Motion filed by Debtor R. Susan Woods for Consideration of Petitioners Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate. DENIED. SEE ORDERS OF EVEN DATE DENYING THE MOTIONS TO WITHDRAW THE PENDING APPEALS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 298 | Court Certificate of Mailing Re: 297 Order on Motion To Reconsider. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 299 | Affidavit of Joseph B. Collins with certificate of service filed by Trustee Joseph B. Collins−Tr (Attachments: # 1 Certificate of Service) (Collins−Tr, Joseph) (Entered: 02/25/2019) |
| 02/25/2019 | | 300 | Second Emergency Motion filed by Debtor R. Susan Woods For Consideration of Petitioner's Emergency Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate with certificate of service. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 301 | Endorsed Order dated 2/25/2019 Re: 300 Second Emergency Motion filed by Debtor R. Susan Woods For Consideration of Petitioner's Emergency Motion to Vacate Orders Given Renewal of Jurisdiction 281 Order on Motion to Vacate. DENIED. THIS COURT REMAINS WITHOUT JURISDICTION OVER 'PETITIONER'S EMERGENCY MOTION TO VACATE ORDERS' [DOCKET #275] AS THE REFERENCED APPEALS HAVE NOT YET BEEN DISMISSED AND REMAIN PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS. (ag) (Entered: 02/25/2019) |
| 02/25/2019 | | 302 | Court Certificate of Mailing Re: 301 Order on Motion To Reconsider. (ag) (Entered: 02/25/2019) |
| 02/26/2019 | | 303 | Order dated 2/26/2019 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. See Order for Full Text. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | | Hearing Continued to 2/28/2019 at 11:00 AM at Springfield Courtroom − Berkshire Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | 304 | Court Certificate of Mailing Re: 303 Order dated 2/26/2019 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. (sas) (Entered: 02/26/2019) |
| 02/26/2019 | | 305 | Application filed by Trustee Joseph B. Collins−Tr to Employ Verdolino & Lowey, P.C. as Accountant along with certificate of service. (Collins−Tr, Joseph) (Entered: 02/26/2019) |
| 02/27/2019 | | 306 | Status Report *and Request for Sanctions* filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/27/2019) |
| 02/27/2019 | | 307 | Certificate of Service (Re: 306 Status Report) filed by Trustee Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 02/27/2019) |
| 02/28/2019 | | 308 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (RE: 303 Order on Motion for |

28

| | | | |
|---|---|---|---|
| | | | Contempt). Appellant Designation due by 3/14/2019. Compiled Records Due by 3/28/2019. Transmission of Designation Due by 4/1/2019. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 309 | Notice of Appeal to District Court Re: 308 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 310 | Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's Appeal with certificate of service. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 311 | Initial Transmittal to District Court Re: 308 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 312 | Second Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court. See Order for Full Text. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 313 | Court Certificate of Mailing Re: 312 Order. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 314 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor R. Susan Woods (RE: 312 Order). Appellant Designation Due by 3/14/2019. Compiled Records Due by 3/28/2019. Transmission of Designation Due by 4/1/2019. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 315 | Notice of Appeal to District Court Re: 314 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 316 | Motion filed by Debtor R. Susan Woods to Waive Fees with certificate of service. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 317 | Initial Transmittal to District Court Re: 314 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 318 | Endorsed Order dated 2/28/2019 Re: 310 Motion filed by Debtor R. Susan Woods to Waive Fees Associated with Petitioner's Appeal . GRANTED. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 319 | Endorsed Order dated 2/28/2019 Re: 316 Motion filed by Debtor R. Susan Woods to Waive Fees. GRANTED. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 320 | Court Certificate of Mailing Re: 309 Notice of Appeal to District Court, 315 Notice of Appeal to District Court, 318 Order on Motion to Waive, 319 Order on Motion to Waive. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 321 | Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief. See Order for Full Text. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 322 | Court Certificate of Mailing Re: 321 Order. (ag) (Entered: 02/28/2019) |
| 02/28/2019 | | 323 | Exhibit Cover Sheet from hearing held on 02/26/19 Re: 284 Motion of Chapter 7 Trustee for Order Finding R. Susan Woods in Contempt of |

| | | | |
|---|---|---|---|
| | | | Court and for Further Relief. (ag) (Entered: 02/28/2019) |
| 03/01/2019 | | 324 | Notice of Inability to Pay Cost for Ordering Transcript Filed by Debtor R. Susan Woods (Re: 262 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods). (pf) (Entered: 03/01/2019) |
| 03/01/2019 | | 325 | Certification of Posting filed by U.S. Marshall Service (Re: 321 Amended Order dated 2/28/19 Re: 284 Emergency Motion filed by Trustee Joseph B. Collins−Tr For Order Finding R.Susan Woods in Contempt of Court and for Further Relief). (pf) (Entered: 03/07/2019) |
| 03/04/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−30028 Re: 308 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 303 Order on Motion for Contempt. (sas) (Entered: 03/04/2019) |
| 03/05/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−30030 Re: 314 Notice of Appeal and Statement of Election to District filed by Debtor R. Susan Woods Re: 312 Order. (sas) (Entered: 03/05/2019) |
| 03/07/2019 | | 326 | Court Certificate of Mailing (Re: 325 Certification of Posting). (pf) (Entered: 03/07/2019) |
| 03/08/2019 | | 327 | Adversary case 19−03010. Complaint by Susan R. Woods against Joseph B. Collins−Tr . Fee Amount $0.00. Nature of Suit (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). (sas) (Entered: 03/08/2019) |
| 03/08/2019 | | 328 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor R. Susan Woods (RE: 262 Notice of Appeal and Statement of Election). Appellee designation due by 3/22/2019. (pf) (Entered: 03/08/2019) |
| 03/12/2019 | | 329 | Endorsed Order dated 3/12/2019 Re: 283 Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Discharge. GRANTED. THE DEADLINE IS EXTENDED TO MAY 6, 2019. (ag) (Entered: 03/12/2019) |
| 03/12/2019 | | 330 | Notice Of Intent To Abandon Personal Property located at 70 Russell Street, Hadley, MA with certificate of service filed by Trustee Joseph B. Collins (Collins−Tr, Joseph) (Entered: 03/12/2019) |
| 03/12/2019 | | 331 | Trustee's Report of Sale (Collins−Tr, Joseph) (Entered: 03/12/2019) |
| 03/13/2019 | | 332 | An official transcript of hearing (RE: 220 Motion of Chapter 7 Trustee to sell property, free and clear (RE: 70 Russell Street, Hadley, MA); 219 Objection of debtor to claim (no. 2) filed by Alinas Realty, LLC; 222 Second objection of debtor to claim (no. 2) filed by Alinas Realty, LLC)) heard on 02/14/2019 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 04/3/2019 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 06/12/2019. (Cascade Hills Transcription, Inc.) (Entered: 03/13/2019) |

| | | | |
|---|---|---|---|
| 03/13/2019 | | 333 | An official transcript of hearing (RE: 284 Emergency motion of Chapter 7 Trustee for order finding R. Susan Woods in contempt of court and for further relief) heard on 02/26/2019 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 04/3/2019 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 06/12/2019. (Cascade Hills Transcription, Inc.) (Entered: 03/13/2019) |
| 03/13/2019 | | 334 | An official transcript of hearing (RE: 284 Emergency motion of Chapter 7 Trustee for order finding R. Susan Woods in contempt of court and for further relief) heard on 02/28/2019 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 04/3/2019 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 06/12/2019. (Cascade Hills Transcription, Inc.) (Entered: 03/13/2019) |
| 03/14/2019 | | 335 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90−day period. (ADI) (Entered: 03/14/2019) |
| 03/14/2019 | | 336 | BNC Certificate of Mailing − PDF Document. (Re: 329 Order on Motion to Extend) Notice Date 03/14/2019. (Admin.) (Entered: 03/15/2019) |
| 03/14/2019 | | 337 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor R. Susan Woods Re: 308 Notice of Appeal and Statement of Election. Appellee designation due by 3/29/2019. (ag) (Entered: 03/15/2019) |
| 03/14/2019 | | 338 | Statement of Issues Filed by Debtor R. Susan Woods Re: 308 Notice of Appeal and Statement of Election. (ag) (Entered: 03/15/2019) |
| 03/14/2019 | | 339 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor R. Susan Woods Re: 314 Notice of Appeal and Statement of Election. Appellee designation due by 3/28/2019. (ag) (Entered: 03/15/2019) |
| 03/14/2019 | | 340 | Statement of Issues Filed by Debtor R. Susan Woods Re: 314 Notice of Appeal and Statement of Election. (ag) (Entered: 03/15/2019) |
| 03/14/2019 | | 341 | Motion filed by Debtor R. Susan Woods to Consolidate All Three Appeals Re: 262 Notice of Appeal and Statement of Election, 308 Notice of Appeal and Statement of Election, 314 Notice of Appeal and Statement of Election with certificate of service. (ag) (Entered: 03/15/2019) |
| 03/14/2019 | | 342 | Motion filed by Debtor R. Susan Woods to Continue Deadlines, for Both Filings and Hearings, As Necessary, With Request for an Extension of the Deadline for Discovery Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim with certificate of service. (ag) (Entered: 03/15/2019) |

| | | | |
|---|---|---|---|
| 03/15/2019 | | 343 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Joseph B. Collins−Tr (RE: 262 Notice of Appeal and Statement of Election). (Collins−Tr, Joseph) (Entered: 03/15/2019) |
| 03/16/2019 | | 344 | BNC Certificate of Mailing. (Re: 335 Notice of Filing of Official Transcript) Notice Date 03/16/2019. (Admin.) (Entered: 03/17/2019) |
| 03/18/2019 | | 345 | Limited Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 342 Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim] with certificate of service. (Weiss, Steven) (Entered: 03/18/2019) |
| 03/18/2019 | | 346 | Transmittal of Record on Appeal to District Court (Re: 262 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods) (Attachments: # 1 part 2 # 2 part 3 # 3 part 4 # 4 part 5 # 5 part 6 # 6 part 7 # 7 part 8 # 8 part 9 # 9 part 10 # 10 part 11 # 11 part 12 # 12 part 13 # 13 part 14 # 14 appellee part 1 # 15 appellee part 2 # 16 appellee part 3) (pf) (Entered: 03/18/2019) |
| 03/18/2019 | | 347 | Order dated 3/18/2019 Re: 305 Application filed by Trustee Joseph B. Collins−Tr to Employ Verdolino & Lowey, P.C. as Accountant. GRANTED. See Order for Full Text. (pf) (Entered: 03/18/2019) |
| 03/18/2019 | | 348 | Endorsed Order dated 3/18/2019 Re: 341 Motion filed by Debtor R. Susan Woods to Consolidate All Three Appeals Re: 262 Notice of Appeal and Statement of Election, 308 Notice of Appeal and Statement of Election and 314 Notice of Appeal and Statement of Election. DENIED INASMUCH AS A REQUEST TO CONSOLIDATE THE PENDING APPEALS SHOULD BE MADE TO THE DISTRICT COURT. SEE FED. R. BANKR. P. 8003(b)(2). (pf) (Entered: 03/18/2019) |
| 03/18/2019 | | 349 | Court Certificate of Mailing (Re: 348 Order on Motion to Consolidate Appeals). (pf) (Entered: 03/18/2019) |
| 03/19/2019 | | 350 | Certification of Default Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 03/19/2019) |
| 03/19/2019 | | 351 | Transmittal Re: 276 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods. (ag) (Entered: 03/19/2019) |
| 03/19/2019 | | 352 | Endorsed Order dated 3/19/2019 Re: 342 Motion filed by Debtor R. Susan Woods to Continue Deadlines, for Both Filings and Hearings, As Necessary, With Request for an Extension of the Deadline for Discovery Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim. GRANTED. THE HEARINGS OF MARCH 21, 2019 ARE CONTINUED TO APRIL 4, 2019 AT 10:30 A.M. IN SPRINGFIELD. (ag) (Entered: 03/19/2019) |
| 03/19/2019 | | 353 | Court Certificate of Mailing Re: 352 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 03/19/2019) |
| 03/20/2019 | | 354 | Adversary case 19−03012. Complaint by Joseph B. Collins, Trustee against R. Susan Woods. Fee Amount $350. Nature of Suit(41 (Objection / revocation of discharge − 727(c),(d),(e)))(Collins−Tr, Joseph) (Entered: 03/20/2019) |
| 03/20/2019 | | 355 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing − PDF Document. (Re: 347 Order on Application to Employ) Notice Date 03/20/2019. (Admin.) (Entered: 03/21/2019) |
| 03/22/2019 | | 356 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Joseph B. Collins−Tr (RE: 308 Notice of Appeal and Statement of Election). (Collins−Tr, Joseph) (Entered: 03/22/2019) |
| 03/22/2019 | | 357 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Joseph B. Collins−Tr (RE: 314 Notice of Appeal and Statement of Election). (Collins−Tr, Joseph) (Entered: 03/22/2019) |
| 03/28/2019 | | 358 | Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim] with certificate of service. (ag) (Entered: 03/28/2019) |
| 03/28/2019 | | 359 | Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 358 Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim] with certificate of service. (Weiss, Steven) (Entered: 03/28/2019) |
| 04/01/2019 | | 360 | Transmittal of Record on Appeal to District Court (Re: 308 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods) (Attachments: # 1 Appellee part 1 # 2 Appellee part 2 # 3 Appellee part 3 # 4 Appellee part 4). (pf) (Entered: 04/01/2019) |
| 04/01/2019 | | 361 | Transmittal of Record on Appeal to District Court (Re: 314 Notice of Appeal and Statement of Election filed by Debtor R. Susan Woods) (Attachments: # 1 Appellee part 1 # 2 Appellee part 2 # 3 Appellee part 3 # 4 Appellee part 4). (pf) (Entered: 04/01/2019) |
| 04/02/2019 | | 362 | Endorsed Order dated 4/2/2019 Re: 358 Motion filed by Debtor R. Susan Woods to Continue Hearing Re: 19 Miscellaneous Motion, 219 Objection to Claim, 222 Objection to Claim. GRANTED. THE HEARINGS ON THE DEBTOR'S OBJECTIONS TO CLAIM [DOCKET #'S 219, 222] SET FOR APRIL 3, 2019 ARE CONTINUED TO JUNE 6, 2019 AT 10:00 A.M. IN SPRINGFIELD. NO FURTHER CONTINUANCES WILL BE GRANTED. SHOULD THE DEBTOR BE UNABLE TO ATTEND THE HEARING IN PERSON, THE COURT WILL DECIDE THE MATTERS ON THE PAPERS. (ag) (Entered: 04/02/2019) |
| 04/02/2019 | | 363 | Court Certificate of Mailing Re: 362 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 04/02/2019) |
| 04/02/2019 | | 364 | Endorsed Order dated 4/2/19 Re: 330 Notice Of Intent To Abandon Personal Property located at 70 Russell Street, Hadley, MA filed by Trustee Joseph B. Collins. ALLOWED. NO OBJECTIONS HAVE BEEN FILED. (ag) (Entered: 04/02/2019) |
| 04/04/2019 | | 365 | BNC Certificate of Mailing − PDF Document. (Re: 364 Order) Notice Date 04/04/2019. (Admin.) (Entered: 04/05/2019) |
| 05/01/2019 | | 366 | Notice of Change of Creditor Address filed by Debtor R. Susan Woods. (pf) (Entered: 05/01/2019) |
| 06/05/2019 | | 367 | Motion filed by Debtor R. Susan Woods to Vacate the Allowance of (364 Order Re: 330 Notice Of Intent To Abandon Personal Property located at 70 Russell Street, Hadley, MA) with certificate of service. (pf) (Entered: |

33

| | | | |
|---|---|---|---|
| | | | 06/05/2019) |
| 06/05/2019 | | 368 | Objection with certificate of service filed by Debtor R. Susan Woods Re: 237 Response filed by Creditor Alinas Realty, LLC Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC. (ag) (pf) (Entered: 06/05/2019) |
| 06/05/2019 | | 369 | Motion filed by Debtor R. Susan Woods to Continue Hearing [Re: 219 Objection to Claim, 222 Objection to Claim] with certificate of service. (ag) (Entered: 06/05/2019) |
| 06/06/2019 | | 370 | Endorsed Order dated 6/6/2019 Re: 369 Motion filed by Debtor R. Susan Woods to Continue Hearing Re: 219 Objection to Claim, 222 Objection to Claim. DENIED. THE HEARINGS WILL GO FORWARD AS SCHEDULED. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 371 | Court Certificate of Mailing Re: 370 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 372 | Amended Schedule(s) A/B and C (Re: 52 Schedules A−J) filed by Debtor R. Susan Woods. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | | Hearing Held Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 373 | Endorsed Order dated 6/6/19 Re: 219 Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . OVERRULED INASMUCH AS THE DETBOR'S OBJECTION IS BASED ON THE ARGUMENT THAT THE UNDERLYING FORECLOSURE WAS INVALID OR UNLAWFUL. THE COURT IS PROHIBITED BY PRINCIPLES OF RES JUDICATA, COLLATERAL ESTOPPEL, AND THE ROOKER−FELDMAN DOCTRINE FROM DETERMINING THE VALIDITY OF THE FORECLOSURE SALE AND THE CREDITOR'S RIGHT TO PROCEED WITH THE EVICTION PROCEEDING CONDUCTED ON AUGUST 9, 2018. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | | Hearing Held Re: 222 Second Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 374 | Endorsed Order dated 6/6/19 Re: 222 Second Objection to Claim 2 of Claimant Alinas Realty, LLC. with certificate of service filed by Debtor R. Susan Woods . OVERRULED INASMUCH AS THE DETBOR'S OBJECTION IS BASED ON THE ARGUMENT THAT THE UNDERLYING FORECLOSURE WAS INVALID OR UNLAWFUL. THE COURT IS PROHIBITED BY PRINCIPLES OF RES JUDICATA, COLLATERAL ESTOPPEL, AND THE ROOKER−FELDMAN DOCTRINE FROM DETERMINING THE VALIDITY OF THE FORECLOSURE SALE AND THE CREDITOR'S RIGHT TO PROCEED WITH THE EVICTION PROCEEDING CONDUCTED ON AUGUST 9, 2018. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | | Hearing Held and Continued for 9/19/2019 at 10:00 AM at Springfield Courtroom − Berkshire Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. (ag) (Entered: 06/06/2019) |

| | | | |
|---|---|---|---|
| 06/06/2019 | | 375 | Order dated 6/6/2019 Re: 19 Motion filed by Debtor R. Susan Woods for Restitution and Expenses Associated with Restoration to her Home, and her Furnishings, Appliances and Belongings Thereto. CONTINUED TO SEPTEMBER 19, 2019 FOR 10:00AM IN SPRINGFIELD. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 376 | Court's Order of Deficiency Re: 372 Amended Schedules A/B and C filed by Debtor R. Susan Woods. The deadline to cure the deficiency is 6/13/2019 at 04:30 PM. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 377 | Court Certificate of Mailing Re: 376 Court's Order of Deficiency. (ag) (Entered: 06/06/2019) |
| 06/07/2019 | | 378 | Judgment By District Court Judge Casper Re: Appeal on Civil Action Number: 19−10321, Dismissing Re: 262 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 258 Order on Motion To Sell and 260 Order. (sas) (Entered: 06/07/2019) |
| 06/07/2019 | | 379 | Judgment By District Court Judge Casper, Re: Appeal on Civil Action Number: 19−30023, Dismissing Re: 276 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 267 Order on Motion to Compel. (sas) (Entered: 06/07/2019) |
| 06/07/2019 | | 380 | Judgment By District Court Judge Casper, Re: Appeal on Civil Action Number: 19−30028, Dismissing Re: 308 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 303 Order on Motion for Contempt. (sas) (Entered: 06/07/2019) |
| 06/07/2019 | | 381 | Judgment By District Court Judge Casper, Re: Appeal on Civil Action Number: 19−30030, Dismissing Re: 314 Notice of Appeal and Statement of Election to District Court filed by Debtor R. Susan Woods Re: 312 Second Order on Motion for Contempt. (sas) (Entered: 06/07/2019) |
| 06/08/2019 | | 382 | BNC Certificate of Mailing − PDF Document. (Re: 373 Order on Objection to Claim) Notice Date 06/08/2019. (Admin.) (Entered: 06/09/2019) |
| 06/08/2019 | | 383 | BNC Certificate of Mailing − PDF Document. (Re: 374 Order on Objection to Claim) Notice Date 06/08/2019. (Admin.) (Entered: 06/09/2019) |
| 06/08/2019 | | 384 | BNC Certificate of Mailing − PDF Document. (Re: 375 Order on Generic Motion) Notice Date 06/08/2019. (Admin.) (Entered: 06/09/2019) |
| 06/10/2019 | | 385 | Objection with certificate of service filed by Trustee Joseph B. Collins−Tr Re: 367 Motion filed by Debtor R. Susan Woods to Vacate (364 Order) with certificate of service. (Collins−Tr, Joseph) (Entered: 06/10/2019) |
| 06/11/2019 | | 386 | Endorsed Order dated 6/11/2019 Re: 367 Motion filed by Debtor R. Susan Woods to Vacate the Allowance of (364 Order Re: 330 Notice Of Intent To Abandon Personal Property located at 70 Russell Street, Hadley, MA). DENIED. (pf) (Entered: 06/11/2019) |
| 06/11/2019 | | 387 | Court Certificate of Mailing (Re: 386 Order on Motion to Vacate). (pf) (Entered: 06/11/2019) |
| 06/18/2019 | | 388 | Order dated 6/18/19 Re: 372 Amended Schedules A/B and C filed by Debtor R. Susan Woods. THE AMENDED SCHEDULES A/B AND C |

| | | | |
|---|---|---|---|
| | | | FILED BY THE DEBTOR ON JUNE 6, 2019 [DOCKET #372] WILL BE STRICKEN UNLESS, ON OR BEFORE JULY 2, 2019, THE DEBTOR FILES A VERIFIED STATEMENT OR AN UNSWORN DECLARATION REGARDING SCHEDULES AS REQUIRED BY FED. R. BANKR. P.1008 AND IN ACCORDANCE WITH 28 U.S.C. § 1746 (OFFICIAL FORM 106DEC). SEE THIS COURT'S JUNE 6, 2019 ORDER REGARDING DEFICIENT FILING [DOCKET #376]. (ag) (Entered: 06/18/2019) |
| 06/18/2019 | | 389 | Court Certificate of Mailing Re: 388 Order. (ag) (Entered: 06/18/2019) |
| 06/25/2019 | | 390 | Motion filed by Trustee Joseph B. Collins−Tr to Extend Time to Object to Exemptions with certificate of service. (Collins−Tr, Joseph) (Entered: 06/25/2019) |
| 07/02/2019 | | 391 | Motion filed by Debtor R. Susan Woods to Amend Schedule A/B and C [Re: 52 Schedules A−J] with certificate of service. (ag) (Entered: 07/02/2019) |
| 07/08/2019 | | 392 | Request for Notice(s). (webclaimusr) (Entered: 07/08/2019) |
| 07/11/2019 | | 393 | Endorsed Order dated 7/11/19 Re: 372 Amended Schedule(s) A/B and C Re: 52 Schedules A−J filed by Debtor R. Susan Woods. SEE FURTHER AMENDED SCHEDULES AND MOTION TO AMEND FILED JULY 2, 2019. (ag) (Entered: 07/11/2019) |
| 07/13/2019 | | 394 | BNC Certificate of Mailing − PDF Document. (Re: 393 Order) Notice Date 07/13/2019. (Admin.) (Entered: 07/14/2019) |
| 07/15/2019 | | 395 | Endorsed Order dated 7/15/2019 Re: 390 Motion filed by Trustee Joseph B. Collins to Extend Time to Object to Exemptions. GRANTED. THE DEADLINE FOR THE TRUSTEE IS EXTENDED TO AUGUST 9, 2019. (pf) (Entered: 07/15/2019) |
| 07/17/2019 | | 396 | BNC Certificate of Mailing − PDF Document. (Re: 395 Order on Motion to Extend) Notice Date 07/17/2019. (Admin.) (Entered: 07/18/2019) |
| 07/18/2019 | | 397 | Second Objection with certificate of service filed by Creditor Alinas Realty, LLC Re: 391 Motion filed by Debtor R. Susan Woods to Amend Schedules A/B and C [Re: 52 Schedules A−J] with certificate of service. (ZZ−Weiss, Steven) (Entered: 07/18/2019) |
| 07/22/2019 | | 398 | Hearing Scheduled on 8/8/2019 at 10:30 AM at Springfield Courtroom − Berkshire Re: 391 Motion filed by Debtor R. Susan Woods to Amend Schedule A/B and C. (ag) (Entered: 07/22/2019) |
| 07/22/2019 | | 399 | Court Certificate of Mailing (Re: 398 Hearing Scheduled). (ag) (Entered: 07/22/2019) |

**APLDIST, APPEAL, DISMISSED**

## United States Bankruptcy Court
## District of Massachusetts (Springfield)
## Adversary Proceeding #: 19−03010

*Assigned to:* Judge Elizabeth D. Katz                    *Date Filed:* 03/08/19
*Lead BK Case:* 18−30549                                 *Date Dismissed:* 06/06/19
*Lead BK Title:* R. Susan Woods                          *Date Removed From State:* 03/08/19
*Lead BK Chapter:* 7
*Demand:*
  *Nature[s] of Suit:*   02 Other (e.g. other actions that would have been brought in state court if unrelated to
                           bankruptcy)

### Plaintiff
————————————————
**Susan R. Woods**                         represented by **Susan R. Woods**
PO Box 160                                                  PRO SE
Hadley, MA 01035
(413)587−0399
SSN / ITIN: xxx−xx−2811


V.

### Defendant
————————————————
**Joseph B. Collins−Tr**                    represented by **Joseph B. Collins−Tr**
Hendel, Collins & O'Connor, P.C.                            PRO SE
101 State Street
Springfield, MA 01103
413−734−6411

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/08/2019 | | 1 | Adversary case 19−03010. Complaint by Susan R. Woods against Joseph B. Collins−Tr . Fee Amount $0.00. Nature of Suit (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). (sas) (Entered: 03/08/2019) |
| 03/08/2019 | | 2 | Exhibits Re: 1 Complaint filed by Defendant Joseph B. Collins−Tr. (sas) (Entered: 03/08/2019) |
| 03/08/2019 | | 3 | Civil Cover Sheet and Category Sheet filed by Defendant Joseph B. Collins−Tr Re: 1 Complaint filed by Plaintiff Susan R. Woods. (sas) (Entered: 03/08/2019) |
| 03/11/2019 | | 4 | Motion filed by Defendant Joseph B. Collins−Tr to Dismiss Adversary Proceeding (Re: 1 Complaint) with certificate of service. (Collins−Tr, Joseph) (Entered: 03/11/2019) |

| | | | |
|---|---|---|---|
| 03/14/2019 | | 5 | Hearing Scheduled for 4/4/2019 at 10:30 AM at Springfield Courtroom − Berkshire Re: 4 Motion of Defendant to Dismiss Adversary Proceeding (spr) (Entered: 03/14/2019) |
| 03/14/2019 | | 6 | Certificate of Service of Notice of Hearing (Re: 4 Motion to Dismiss Adversary Proceeding) filed by Defendant Joseph B. Collins−Tr (Collins−Tr, Joseph) (Entered: 03/14/2019) |
| 03/16/2019 | | 7 | BNC Certificate of Mailing − Hearing. (Re: 5 Hearing Scheduled) Notice Date 03/16/2019. (Admin.) (Entered: 03/17/2019) |
| 03/28/2019 | | 8 | Motion filed by Plaintiff Susan R. Woods to Continue Hearing [Re: 4 Motion to Dismiss Adversary Proceeding] with certificate of service. (Attachments: # 1 Exhibit) (ag) (Entered: 03/28/2019) |
| 04/02/2019 | | 9 | Endorsed Order dated 4/2/2019 Re: 8 Motion filed by Plaintiff Susan R. Woods to Continue Hearing Re: 4 Motion to Dismiss Adversary Proceeding. GRANTED. THE HEARING ON THE DEFENDANT'S MOTION TO DISMISS [DOCKET #4] SET FOR APRIL 3, 2019 IS CONTINUED TO JUNE 6, 2019 AT 10:00 A.M. IN SPRINGFIELD. THE DEADLINE FOR THE PLAINTIFF TO FILE A RESPONSE TO THE MOTION TO DISMISS IS EXTENDED TO MAY 31, 2019. NO FURTHER CONTINUANCES WILL BE GRANTED. SHOULD THE PLAINTIFF BE UNABLE TO ATTEND THE HEARING IN PERSON, THE COURT WILL DECIDE THE MATTER ON THE PAPERS. (ag) (Entered: 04/02/2019) |
| 04/02/2019 | | 10 | Court Certificate of Mailing Re: 9 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 04/02/2019) |
| 06/05/2019 | | 11 | Request filed by Plaintiff Susan R. Woods for Enlargement of Time to Prosecute the Adversary Proceeding or Otherwise Withdraw it Re: 4 Motion to Dismiss Adversary Proceeding with certificate of service. (ag) (Entered: 06/05/2019) |
| 06/06/2019 | | 12 | Endorsed Order dated 6/6/2019 Re: 11 Request filed by Plaintiff Susan R. Woods for Enlargement of Time to Prosecute the Adversary Proceeding or Otherwise Withdraw it Re: 4 Motion to Dismiss Adversary Proceeding. DENIED INASMUCH AS THE HEARING ON THE DEFENDANT'S MOTION TO DISMISS WILL GO FORWARD AS SCHEDULED. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 13 | Court Certificate of Mailing Re: 12 Order on Motion to Continue/Cancel Hearing. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | | Hearing Held Re: 4 Motion filed by Defendant Joseph B. Collins−Tr to Dismiss Adversary Proceeding Re: 1 Complaint. (ag) (Entered: 06/06/2019) |
| 06/06/2019 | | 14 | Order dated 6/6/2019 Re: 4 Motion filed by Defendant Joseph B. Collins−Tr to Dismiss Adversary Proceeding Re: 1 Complaint. GRANTED FOR THE REASONS STATED IN THE MOTION. (ag) (Entered: 06/06/2019) |
| 06/08/2019 | | 15 | BNC Certificate of Mailing − PDF Document. (Re: 14 Order on Motion to Dismiss Adversary Proceeding) Notice Date 06/08/2019. (Admin.) (Entered: 06/09/2019) |

| | | | |
|---|---|---|---|
| 06/20/2019 | | <u>16</u> | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Plaintiff Susan R. Woods (RE: <u>14</u> Order on Motion to Dismiss Adversary Proceeding). Appellant Designation due by 7/5/2019. Compiled Records Due by 7/18/2019. Transmission of Designation Due by 7/22/2019. (Attachments: # <u>1</u> Appealed Order)(ag) (Entered: 06/20/2019) |
| 06/20/2019 | | <u>17</u> | Motion filed by Plaintiff Susan R. Woods to Waive Fees Associated with Petitioner's Appeal with certificate of service. (ag) (Entered: 06/20/2019) |
| 06/20/2019 | | <u>18</u> | Notice of Appeal to District Court Re: <u>16</u> Notice of Appeal and Statement of Election filed by Plaintiff Susan R. Woods. (ag) (Entered: 06/20/2019) |
| 06/20/2019 | | <u>19</u> | Initial Transmittal to District Court Re: <u>16</u> Notice of Appeal and Statement of Election filed by Plaintiff Susan R. Woods. (ag) (Entered: 06/20/2019) |
| 06/21/2019 | | <u>20</u> | Endorsed Order dated 6/21/2019 Re: <u>17</u> Motion filed by Plaintiff Susan R. Woods to Waive Fees Associated with Petitioner's Appeal. GRANTED. (ag) (Entered: 06/21/2019) |
| 06/21/2019 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 19−11379 Re: <u>16</u> Notice of Appeal and Statement of Election filed by Plaintiff Susan R. Woods. (sas) (Entered: 06/21/2019) |
| 06/23/2019 | | <u>21</u> | BNC Certificate of Mailing − PDF Document. (Re: <u>20</u> Order on Motion to Waive) Notice Date 06/23/2019. (Admin.) (Entered: 06/24/2019) |
| 07/05/2019 | | <u>22</u> | Statement of Issues Filed by Plaintiff Susan R. Woods (Re: <u>16</u> Notice of Appeal and Statement of Election). (pf) (Entered: 07/05/2019) |
| 07/05/2019 | | <u>23</u> | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Plaintiff Susan R. Woods (Re: <u>16</u> Notice of Appeal and Statement of Election). Appellee designation due by 7/19/2019. (pf) (Entered: 07/05/2019) |
| 07/18/2019 | | <u>24</u> | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Defendant Joseph B. Collins−Tr (RE: <u>16</u> Notice of Appeal and Statement of Election). (Collins−Tr, Joseph) (Entered: 07/18/2019) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
|  | **Chapter 7 Bankruptcy**<br>    **Case No. 18-30549 (EDK)** |
| R. Susan Woods<br>    **Plaintiff/Appellant** | **Adversary Proceeding**<br>    **Case No. 19-03010** |
| **v.** | **Related Cases, U. S. District Court:**<br>    **Appeal, Case No. 19-cv-10321-DJC**<br>    **Appeal, Case No. 19-cv-30023-DJC** |
| Joseph Collins, Trustee, Chapter 7<br>    **Defendant/Appellee** | **Appeal, Case No. 19-cv-30028-DJC**<br>    **Case No. 19-cv-30029 MGM**<br>    **Appeal, Case No. 19-cv-30030-DJC** |
|  | **Related Case, Hampshire Superior Court:**<br>    **Case No. 1980CV00040** |

---

### Statement of Issues for the Appeal of the Dismissal of the Adversary Proceeding

1. Did the judge err, in assuming any purchaser of the 70 Russell Street property will have an encumbrance on the property, that the court will wipe clean the encumbrance?

2. Did the judge err, in assuming any purchaser of the 70 Russell Street property will have an encumbrance on the property, that the court will wipe clean the encumbrance even though the encumbrance existed prior to the Release Deed?

3. Did the judge err in ordering a nonexistent deed to have powers it does not have?

4. Did the judge err in planning to issue a Warranty Deed, a Quitclaim Deed, or a Release Deed?

5. Did the timing of the Trustee's acceptance of the Release Deed, which was more than two months after the inception of the bankruptcy, prohibit the judge's plans to issue a Warranty Deed, a Quitclaim Deed, or a Release Deed?

6. Did the judge err in treating the order of sale as if the deed Mr. Collins got was a Quitclaim or a Warranty Deed, which thy are not ?

7. Did the judge recognize the limitations of the Release Deed that Collins got?

8. Did the judge err by not recognizing the trustee's obligation to try to fulfill the intentions of the debtor by way of her listed exemptions as to her intent to exempt the Russell Street property?

9. The limited Proofs of Claim indicate mismanagement of the Woods estate by Mr. Collins. Did the judge err in allowing the sale of the Russell Street property when Ms. Woods identified the claim from Mass DOR as significantly over estimated and in need of revision? (Ms. Woods needs to file tax returns for previous years but her necessary documents have been locked away from her as past of the eviction.)

10. Did the judge err in allowing the sale of the Russell Street property, partially to cover the costs which Ms. Woods objected to in the claim from Alina's Real Estate, LLC, for the costs of wrongfully evicting her?

11. Did the judge err in assuming the deed to the 70 Russell Street property is a claim?

12. Did the judge err in moving to threaten and potentially implement the use of US marshals to evict and jail debtor when the case law only allows the use of marshals as a last resort? (Judge cited cases that included ones where debtors had violated fundamental due process requirements over a ten-year period as legitimization for the threat of the use of marshals within a week of her order).

13. Did the judge err in putting down an order in violation of a province of state law, namely eviction process summary process law, which is settle law in Massachusetts where she has no jurisdiction?

14. Did the judge err in relying on four cases for authority to evict Ms. Woods, none of which where rendered in Massachusetts and therefore addressed Massachusetts' eviction/summary process law requirements?

15. Did the judge err in relying on a decision out of District of Columbia which explicitly states that the DC bankruptcy judge would not have gone forward if it violated DC tenant landlord law? (By reference this authority points to Judge Katz not being able to go forward under Massachusetts tenant landlord law.)

16. Did the judge err in relying upon the bankruptcy stay definition of staying anything that seeks "to obtain" an interest in property when Woods already had this interest in her own property?

17. Did the judge err in relying upon case law that addresses commercial rental property and therefore is clearly inapposite?

18. Did the judge err in relying on a Rhode Island authority that made a clear distinction between leases or possession that already existed that was not presumed to be able to be touched by the bankruptcy estate as opposed to when Woods' possession similarly existed prior to the existence of the bankruptcy estate?

19. While bankruptcy law clearly emphasizes the trustee's obligation to liquidate property to pay debt, did the judge err in not recognizing that the release deed did not evidently provide any asset to the estate and that relying on the sale of such when the only debt's large enough to justify liquidation are a DOR debt that is under dispute and a debt the estate created with pressure tactics to get the existing tenants in the Russell Street property to vacate and sign a contract under unconscionable conditions?

20. Did the court err in permanently worsening debtor's financial position, the opposite of the purpose of bankruptcy court, by ordering the liquidation of the rental property in such a way that the estate will leave Woods with a lump sum payment that will kick her off her only means of income as a disabled person (SSDI) and will kick her off life sustaining health care coverage (MassHealth) when she has a terminal illness?

21. Did the bankruptcy judge err when the fundamental purpose of a bankruptcy stay is to provide time for the debtor to get their financial situation in order by moving as quickly as possible to create a financial outcome that will do the opposite, one moving so quickly that Woods could not keep up with all of the evidence and filings necessary to prove the multiple steps that the trustee was taking were detrimental to the estate and to her, when the estate reverted to her, and taking steps that, given her financial situation, would permanently damage her ability to survive through the next period of years while she is fighting cancer?

22. Did the judge err in Ordering that the Bankruptcy Court retain jurisdiction to construe and enforce the terms of the Order and to hear and determine any case or controversy arising from or relating to the Order within the court's jurisdiction under 28 U.S.C. § 1334 given the obviousness that Woods was occupying the property as a post foreclosure borrower?

23. Did the judge err in allowing the removal of Ms. Woods form her property located at 70 Russell Street in Hadley?

24. Was Ms. Woods' possession of the 70 Russell Street property continuous since she acquired it on or around May 4, 2005?

25. Was Ms. Woods possessory interest in the property unlawfully terminated on or around March 5, 2019?

26. Were Ms. Woods' Americans With Disabilities Act (ADA) rights violated by the termination of her possession/occupancy of the 70 Russell Street property given her complicated health diagnoses along with her dependence on SSDI for income?

4 of 6

27. Did the judges err in failing to recognize Ms. Woods' clear intent to defend her possessory interests in her home located at 70 Russell Street in Hadley, Massachusetts?

28. Did the judges err in allowing the ramming through of the lock out of Ms. Woods by way of Federal Marshals despite Ms. Woods' known attempts to effect a stay against unlawful eviction?

29. Did the judge err in allowing the ramming through of the sale of the property at 70 Russell Street in Hadley by Trustee Collins despite Ms. Woods' known attempts to effect a stay against the sale of the property?

30. Did the judge err in allowing the taking of the property by the Trustee despite a lack of clear and convincing evidence of ownership?

31. Did the judges err with the removal of the matter from the State Superior Court to the Federal District Court, which was improper?

32. Was it proper that filings by Ms. Woods indicating her incapacitation in terms of her physical and mental health due to her cancer condition were not given appropriate consideration in the dismissal of her Adversary Proceeding?

33. Given that a review of the bankruptcy trustee powers shows no authority to spend the estates money to acquire new property, did the judge err in allowing and relying upon trustee's purported purchase from Goldman Sachs?

Petitioner Woods hereby requests the Court's permission to supplement this list as the need arises. She has been suffering with complications from her cancer condition since early March, at which time she became bed ridden for six weeks. Since that time her recovery has been ongoing yet incremental, in that her complete recovery is far from realized, with both physical and mental lethargy compromising her capacity at self representation.

Respectfully submitted,

_____
R. Susan Woods
*pro se*, until further notice
July 4, 2019
PO Box 160
Hadley, MA 01035-0160
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to the listed parties to this action by first class mail.

_____
R. Susan Woods
*pro se*, until further notice
July 4, 2019

Joseph B. Collins, Trustee
Hendel & Collins P.C.
101 State Street
Springfield, MA 01103

Richard King, US Trustee
446 Main Street, 14th Floor
Worcester, MA 01608